# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA, *et al.*,

    *Plaintiffs*,

  v.

AGRI STATS, INC.

    *Defendant.*

Case No.: 0:23-cv-03009-JRT-JFD

# MEMORANDUM OF LAW IN SUPPORT OF AGRI STATS, INC.'S
# <u>MOTION TO STAY DISCOVERY</u>

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

BACKGROUND .................................................................................................. 2

ARGUMENT....................................................................................................... 3

    I.    AGRI STATS' MOTION TO DISMISS HAS SUBSTANTIAL
        GROUNDS.......................................................................................... 4

    II.    AGRI STATS WILL BEAR SIGNIFICANT COSTS AND BURDENS OF
        ANTITRUST DISCOVERY ABSENT A STAY ........................................ 7

    III.    A STAY WILL NOT PREJUDICE PLAINTIFFS WHO ALREADY
        HAVE A MASSIVE DISCOVERY RECORD AT THEIR DISPOSAL ... 10

    IV.    A DISCOVERY STAY WOULD FURTHER THE JUDICIAL
        ECONOMY .......................................................................................... 11

CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*AMC Fabrication, Inc. v. KRD Trucking West, Inc.*,
  No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152 (D. Nev. Oct. 10, 2012) ...............8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. (2007) ...........................................................................................................9

*Berger Levee Dist. v. United States*,
  128 F.3d 679 (8th Cir. 1997) .....................................................................................12

*Camacho v. United States*,
  No. 12cv956 CAB (BGS), 2014 WL 12026059 (S.D. Cal. Aug. 15, 2014) ...................8

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) .................................................................................................5, 6

*Clinton v. Jones*,
  520 U.S. 681 (1997) .....................................................................................................3

*Danger v. Nextep Funding, LLC*,
  No. 18-cv-567 (SRN/LIB), 2019 WL 4917181 (D. Minn. Jan. 22, 2019).......4, 5, 11, 12

*Dufrene v. ConAgra Foods, Inc.*,
  No. 15-cv-3796 (WMW/LIB), 2016 WL 10651947 (D. Minn. Apr. 7, 2016)...........4, 11

*Fair Isaac Corp. v. Experian Info. Sols. Inc.*,
  645 F. Supp. 2d 734 (D. Minn. 2009) ...........................................................................6

*Frable v. Synchrony Bank*,
  215 F. Supp. 3d 818 (D. Minn. 2016) ...........................................................................3

*FTC v. Qualcomm Inc.*,
  969 F.3d 974 (9th Cir. 2020) ........................................................................................6

*Gonzalez v. Thaler*,
  565 U.S. 134, 141 (2012) ...........................................................................................12

*In re Broiler Chicken Antitrust Litig.*,
  1:16-cv-8637 (N.D. Ill.) ("*Broilers*") .......................................................................*passim*

*In re Broiler Chicken Antitrust Litig.*,
  No. 1:16-cv-8637, 2023 WL 7220170
  (N.D. Ill. June 30, 2023, amended Nov. 2, 2023) .............................................................7

*In re CenturyLink Sales Practices & Sec. Litig.*,
  No. 17-2795 (MJD/KMM), 2018 WL 2122869 (D. Minn. May 8, 2018) ......................4

*In re Graphics Processing Units Antitrust Litig.*,
  No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007)...........................9

*In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*,
  No. 08-1905 (RHK/JSM), 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009), *aff'd*, 623
  F.3d 1200 (8th Cir. 2010) ..............................................................................................4

*In re Pork Antitrust Litig.*,
  1:18-cv-1776 (D. Minn.) ("*Pork*") ...................................................................1, 2, 10, 11

*In re Pork Antitrust Litig.*,
  No. 18-cv-1776 (JRT/HB), 2019 WL 480518 (D. Minn. Feb. 7, 2019) ...............2, 9, 10

*In re Turkey Antitrust Litig.*,
  1:19-cv-8318 (N.D. Ill.) ("*Turkey*") ...............................................................1, 2, 10, 11

*In re Wholesale Grocery Prod. Antitrust Litig.*,
  No. 09-MD-2090 (ADM/AJB), 2010 WL 11469883 (D. Minn. Mar. 3, 2010)..............9

*Kellogg v. Watts Guerra*,
  No. 18-1082 (DWF/BRT), 2018 WL 3432048 (D. Minn. July 16, 2018) ................4, 11

*Lujan v. Defs.enders of Wildlife*,
  504 U.S. 555 (1992) .......................................................................................................5

*New York v. Facebook, Inc.*,
  549 F. Supp. 3d 6, 46 (D.D.C. 2021), *aff'd sub nom. New York v. Meta Platforms, Inc.*,
  66 F.4th 288 (D.C. Cir. 2023) .....................................................................................5, 6

*Oticon A/S v. GN Resound A/S*,
  No. 15-cv-2066 (PJS/HB), 2015 WL 5752429 (D. Minn. Aug. 5, 2015).................7, 11

*Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Ass'n*,
  814 F.2d 358 (7th Cir. 1987) .............................................................................7

*Riehm v. Engelking*,
  No. 06-293 (JRT/RLE), 2006 WL 2085404 (D. Minn. July 25, 2006)...........................7

*Steger v. Franco, Inc.*,
  228 F.3d 889 (8th Cir. 2000) ..............................................................................5

*VData, LLC v. Aetna, Inc.*,
  No. 06-1701 JNE/SRN, 2006 WL 3392889 (D. Minn. Nov. 21, 2006)...........................8

*Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.*,
  No. 15-cv-4378 (PJS/HB), 2016 WL 6892108 (D. Minn. July 29, 2016) ......................8

*Zenith Radio Corp. v. Hazeltine Rsch., Inc.*,
  395 U.S. 100 (1969) .........................................................................................6

**Statutes:**

15 U.S.C. § 4 .....................................................................................................6

15 U.S.C. § 26 ...................................................................................................6

**Rules:**

Fed. R. Civ. P. 12(b)(1) ......................................................................................1

Fed. R. Civ. P. 12(b)(6) ......................................................................................1

Local Rule 7.1(b)...............................................................................................3

Local Rule 26.1..................................................................................................3

## INTRODUCTION

Absent a stay, Agri Stats, Inc. ("Agri Stats"), a small benchmarking company based in Fort Wayne, Indiana, will be subject to burdensome discovery on three antitrust claims, two over which this Court lacks subject matter jurisdiction and a third that is identical to a claim that Agri Stats already litigated for over seven years—and defeated. Plaintiffs already have more than 30 million documents, over 600 deposition transcripts, and terabytes of structured data all relating to the claims purportedly asserted in the Second Amended Complaint (the "Complaint") from three private class actions. *In re Broiler Chicken Antitrust Litig.*, 1:16-cv-8637 (N.D. Ill.) ("*Broilers*"); *In re Pork Antitrust Litig.*, 1:18-cv-1776 (D. Minn.) ("*Pork*"); *In re Turkey Antitrust Litig.*, 1:19-cv-8318 (N.D. Ill.) ("*Turkey*"). They do not lack for discovery materials, and much of what they seek is information that they already have.

Agri Stats has moved to dismiss the Complaint ("Motion to Dismiss") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF No. 77. That motion is not a run-of the-mill request to dismiss. It raises fundamental questions going to the power of this Court to adjudicate Plaintiffs' putative pork and turkey claims. Discovery should not proceed at all on those claims until this Court has resolved those issues. The remaining claim related to broiler chicken has already been decided in Agri Stats' favor by another Article III judge. Agri Stats therefore respectfully requests an order staying discovery during the pendency of Agri Stats' Motion to Dismiss.

A stay will not prejudice Plaintiffs. It is likely to be brief, as Agri Stats' Motion to Dismiss is fully briefed and set to be argued on April 5, 2024. If the Motion to Dismiss is

granted, discovery will be unnecessary.  Even a grant in part will eliminate the need for substantial discovery.  Setting aside the propriety of any discovery when a subject matter jurisdiction challenge is pending, Plaintiffs cannot credibly argue that any discovery is necessary before a ruling is issued.  Plaintiffs waited over *thirteen years* after the United States first investigated Agri Stats to bring this lawsuit and already have access to a massive discovery record from their pre-suit investigation, which includes the materials from the *Broilers*, *Pork*, and *Turkey* class action and the additional documents and data Agri Stats produced in response to the Civil Investigative Demands ("CIDs") that the United States issued throughout the last year.

Agri Stats is not requesting that all activity in this matter halt.  Rather, it seeks the same relief here that Magistrate Judge Bowbeer granted at the outset of *Pork*.  *See In re Pork Antitrust Litig.*, No. 18-cv-1776 (JRT/HB), 2019 WL 480518, at *4 (D. Minn. Feb. 7, 2019).  Her order stayed the most disruptive and costly aspects of discovery pending the disposition of defendants' motions to dismiss, but the parties continued threshold tasks, such as serving Rule 26(a) disclosures and negotiating a proposed confidentiality order and electronically stored information ("ESI") protocol.  *Id.*  That approach strikes the appropriate balance and shields Agri Stats—and this Court—from unnecessary burdens while the Court addresses the weighty issues Agri Stats' Motion to Dismiss presents.  Agri Stats respectfully requests this Court order such a limited stay.

## BACKGROUND

Since this action commenced, Plaintiffs have sought to supplement the massive discovery record—which consists of more than 30 million documents, 600 deposition

transcripts, and terabytes of data—accumulated during their pre-suit investigation. Agri Stats has repeatedly advised Plaintiffs that discovery in this action would be premature before the Court ruled on its Motion to Dismiss. Yet, on February 5, 2024, Plaintiffs formally requested a Rule 26(f) conference be scheduled for February 20, 2024. *See* Ex. 1, Letter from M. Sosnowsky to J. Bernick, dated February 5, 2024. Local Rule 26.1 required Agri Stats to attend. *See* Local Rule 26.1 (mandating a party's attendance at a Rule 26(f) conference when "the request is made in writing at least 14 days before the requested date for the conference"). At that conference, Plaintiffs unilaterally declared that discovery had now begun, and three days later—before this Court issued a scheduling order providing for discovery—served Rule 34 requests for production on Agri Stats. *See* Ex. 2, Pls.' First Set of Requests for Produc. to Agri Stats, dated February 23, 2024. Like the Court, Agri Stats too was "surprised" that Plaintiffs served discovery requests under these circumstances. *See* ECF No. 98. Agri Stats was left with no option but to, pursuant to Local Rule 7.1(b), inform the Court that it intended to request a stay of discovery and request that the Court set a hearing on the instant motion. See Ex. 3, Correspondence with Chambers, dated March 5, 2024. The Court set a hearing on this motion for April 3, 2024—two days before Judge Tunheim is set to hear argument on Agri Stats' Motion to Dismiss and Agri Stats' motion to transfer venue (ECF No. 42). *See* ECF No. 98

## **ARGUMENT**

This Court has "broad discretion" to stay discovery. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016). Discovery stays are appropriate when (1) a pending motion would resolve all or

substantially all of the case "appears to have substantial grounds"; (2) the moving party would suffer hardship or inequity if the matter is not stayed; (3) the non-moving party would suffer little prejudice as a result of the stay; and (4) the stay would conserve of judicial resources. *See Kellogg v. Watts Guerra, LLP*, No. 18-1082 (DWF/BRT), 2018 WL 3432048, at *1 (D. Minn. July 16, 2018); *In re CenturyLink Sales Practices & Sec. Litig.*, No. 17-2795 (MJD/KMM), 2018 WL 2122869, at *1 (D. Minn. May 8, 2018); *Dufrene v. ConAgra Foods, Inc.*, No. 15-cv-3796 (WMW/LIB), 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016). Each factor weighs in favor of a limited discovery stay.

## I.   AGRI STATS' MOTION TO DISMISS HAS SUBSTANTIAL GROUNDS

Courts routinely stay discovery during the pendency of a motion to dismiss that, as here, "would dispose of all or substantially all of the case" and "appears to have substantial grounds." *In re CenturyLink*, 2018 WL 2122869, at *1; *see also Danger v. Nextep Funding, LLC*, No. 18-cv-567 (SRN/LIB), 2019 WL 4917181, at *3 (D. Minn. Jan. 22, 2019) (to demonstrate substantial grounds, a movant "must show more than a mere possibility that the motion will result in a decision in its favor," but need not show "a greater than fifty percent probability"). Pleading is not a technicality. "A plaintiff must adequately plead a claim *before* obtaining discovery, not the other way around." *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, No. 08-1905 (RHK/JSM), 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009), *aff'd*, 623 F.3d 1200 (8th Cir. 2010) (emphasis added). That maxim carries particular force when subject matter jurisdiction is in question.

4

The Complaint has three counts—one for each of Agri Stats' respective broiler chicken, pork, and turkey benchmarking services. A "peek" at the merits of Agri Stats' motion reveals flaws that doom Plaintiffs' Complaint. *See Danger*, 2019 WL 4917181, at *3.

*First*, the putative pork and turkey counts assert no case or controversy under Article III of the Constitution and must be dismissed for lack of subject matter jurisdiction. *See* ECF No. 79 at 8-13; *see also Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) ("Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies."). Agri Stats has not produced a pork or turkey report for nearly five years and cannot unilaterally restart them because it lacks the necessary data and customers to do so. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013) (A party may not rely on "speculation about the unfettered choices made by independent actors not before the court" to establish a judiciable controversy.) (quotations omitted). Plaintiffs have not alleged and cannot show that Agri Stats can imminently revive its long-defunct pork and turkey reports. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992); *see also New York v. Facebook, Inc.*, 549 F. Supp. 3d 6, 46 (D.D.C. 2021), *aff'd sub nom. New York v. Meta Platforms, Inc.*, 66 F.4th 288 (D.C. Cir. 2023) (requiring plaintiffs to "plead[] risk that such [anticompetitive] scheme will imminently recur"). Nor can they plausibly allege that the hypothetical pork and turkey reports will harm future competition. The Complaint does not allege what hypothetical future pork and turkey reports would look like, what data elements they would contain, how hypothetical future customers might use them, the market conditions under which they will be used, or how that use might impact

5

competition.  *See Clapper*, 568 U.S. at 409 (reaffirming that the alleged "'threatened injury must be certainly impending to constitute injury in fact,' and that '[a]llegations of possible future injury' are not sufficient").  Article III demands more.  The Court lacks subject matter jurisdiction over Plaintiffs' pork and turkey claims.

*Second*, and for the similar reasons, even assuming a case or controversy exists, Plaintiffs failed to allege facts warranting prospective relief under section 4 of the Sherman Act, 15 U.S.C. § 4, or section 16 of the Clayton Act, 15 U.S.C. § 26.  *See* ECF No. 79 at 13-15.  Both statutes require Plaintiffs to demonstrate a "significant threat of injury from *an impending violation* of the antitrust laws" to obtain injunctive relief.  *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 130 (1969) (emphasis added); *see also  FTC v. Qualcomm Inc.*, 969 F.3d 974, 1005 (9th Cir. 2020) (dismissing injunctive claim related to conduct that was terminated "two years before the FTC filed its action"); *Facebook*, 549 F. Supp. 3d at 30 (D.D.C. 2021) (dismissing injunctive claim because conduct ceased two years before lawsuit).  Here, there are no pork or turkey reports for the Court to enjoin, and there have not been any for almost five years.

*Third*, the Plaintiff States are treated as private parties when seeking to enforce federal antitrust law, *see Facebook*, 549 F. Supp. 3d at 38, and must plead an antitrust injury to their respective interests to obtain injunctive relief.  *See Fair Isaac Corp. v. Experian Info. Sols. Inc.*, 645 F. Supp. 2d 734, 754 (D. Minn. 2009).  They failed to do so. *See* ECF No. 79 at 15-16.

*Fourth*, Plaintiffs' only live claim, which relates to Agri Stats' broiler chicken reports, is identical to the information exchange claim on which the Northern District of

6

Illinois granted summary judgment to Agri Stats on in *Broilers*. *See In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-8637, 2023 WL 7220170 (N.D. Ill. June 30, 2023, amended Nov. 2, 2023) (Durkin, J.).  Before Plaintiffs subject the Court and Agri Stats to a replay of the seven years of litigation that led to Judge Durkin's decision in *Broilers*, the doctrine of *stare decisis* requires Plaintiffs to allege how the instant claim differs from the one Judge Durkin rejected.  *See Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Ass'n*, 814 F.2d 358, 367-68 (7th Cir. 1987) (Easterbrook, J.).  Because Plaintiffs have not done so (and cannot do so), their chicken claim should likewise be dismissed.  *See* ECF No. 79 at 16-28.

Accordingly, Agri Stats' Motion to Dismiss includes substantial grounds to dismiss Plaintiffs' Complaint with prejudice.

## II.   AGRI STATS WILL BEAR SIGNIFICANT COSTS AND BURDENS OF ANTITRUST DISCOVERY ABSENT A STAY

A discovery stay is particularly warranted here.  The Court's ruling on Agri Stats' Motion to Dismiss may significantly "narrow the issues in this case and obviate the need for some discovery," if not dispense with the case entirely.  *See Riehm v. Engelking*, No. 06-293 (JRT/RLE), 2006 WL 2085404, at *1-2 (D. Minn. July 25, 2006) (Tunheim, J.) (affirming order staying discovery); *see also Oticon A/S v. GN Resound* A/S, No. 15-cv-2066 (PJS/HB), 2015 WL 5752429, at *5 (D. Minn. Aug. 5, 2015) (noting that stays are "particularly appropriate where discovery has not started, as a stay would likely conserve discovery resources because it would potentially enable the parties to focus their discovery

efforts on a narrower set of issues") (quotations omitted) (quoting *VData, LLC v. Aetna, Inc.*, No. 06-1701 JNE/SRN, 2006 WL 3392889, at *8 (D. Minn. Nov. 21, 2006)).

By way of example, Agri Stats believes that the Court must dismiss Plaintiffs' claims related to the pork and turkey benchmarking reports—which Agri Stats has not generated for nearly five years—for want of subject matter jurisdiction. The power of merits discovery, like the power to declare the law generally, exists only when a court has subject matter jurisdiction. Absent a stay of discovery, Agri Stats would be forced to bear substantial and unnecessary discovery burdens related to claims for which there is no case or controversy. *See* Initial Scheduling Order and Order for Partial Stay Pending Ruling on Mot. to Dismiss at 1-3, No. 21-CV-2554 (PJS/HB) (D. Minn. Apr. 15, 2022), ECF No. 53 (staying discovery in light of the "significant" issues raised in defendants' motion to dismiss regarding the Court's subject matter jurisdiction) (Bowbeer, M.J.) (copy attached as Ex. 4); *Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.*, No. 15-cv-4378 (PJS/HB), 2016 WL 6892108, at *4 (D. Minn. July 29, 2016) (granting discovery stay during pendency of motion challenging subject matter jurisdiction); *Camacho v. United States*, No. 12cv956 CAB (BGS), 2014 WL 12026059, at *5 (S.D. Cal. Aug. 15, 2014) (finding good cause to stay discovery until defendants' motion to dismiss for lack of subject matter jurisdiction was decided); *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012) ("[A] pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved").

Moreover, discovery in antitrust cases is notoriously costly and burdensome. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (discussing the unusually high cost and extensive scope of discovery in antitrust cases). The discovery record in *Broilers* alone totaled 150 million pages of documents, over 450 depositions, and thousands of pages of expert reports. *See* ECF No. 44 at 3. Agri Stats, a small business with approximately 70 employees, should not be subjected to another round of onerous antitrust discovery regarding the exact same information exchange claim that Judge Durkin rejected in *Broilers* before the Court permits that claim to proceed. *See Twombly*, 550 U.S. at 563 n.8 ("*[B]efore* proceeding to discovery, a complaint must allege facts suggestive of illegal conduct.") (emphasis added). So this is not the typical matter. Here, Plaintiffs' broilers claim has already been adjudicated and found wanting.

The Court should, as Magistrate Judge Bowbeer ordered in *Pork*, issue a stay that defers the time-consuming, disruptive, and costly undertakings inherent to antitrust discovery (including identifying, collecting, reviewing, and producing documents and data) during the pendency of Agri Stats' Motion to Dismiss. *See In re Pork Antitrust Litig.*, 2019 WL 480518, at *4; *see also In re Wholesale Grocery Prod. Antitrust Litig.*, No. 09-MD-2090 (ADM/AJB), 2010 WL 11469883, at *3 (D. Minn. Mar. 3, 2010) ("[T]his Court declines to open the flood gates of discovery prior to Plaintiffs satisfying their initial burden of pleading a cause of action upon which relief can be granted."); *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *4-6 (N.D. Cal. July 24, 2007) (staying discovery and stating that "to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*" given the burdens

peculiar to antitrust discovery).  That measured approach strikes the appropriate balance in light of Agri Stats' agreement with Plaintiffs to serve Rule 26(a) disclosures, negotiate a proposed confidentiality order, and negotiate a proposed ESI protocol—all of which will provide the foundation for the parties to proceed with discovery expeditiously should Plaintiffs' claims survive dismissal.  Indeed, Magistrate Judge Bowbeer concluded, after full briefing by the parties, hearing argument by counsel, and two subsequent status conferences on this issue, that the same discovery stay requested here "deferre[ed] a significant burden of discovery that might ultimately prove unnecessary," while also "moderating unfairness or prejudice [to Plaintiffs]."  *See In re Pork Antitrust Litig.*, 2019 WL 480518, at *4.

### III.    A STAY WILL NOT PREJUDICE PLAINTIFFS WHO ALREADY HAVE A MASSIVE DISCOVERY RECORD AT THEIR DISPOSAL

The stay Agri Stats requests will not prejudice Plaintiffs.  They waited over thirteen years after the United States opened its initial investigation into Agri Stats to bring this lawsuit.  Agri Stats' Motion to Dismiss is fully briefed and scheduled to be argued in just over two weeks, and Plaintiffs already have access to a massive discovery record as a result of the United States' pre-suit investigation.  Agri Stats produced millions of rows of data and over one million documents across nearly 10 years to Plaintiffs in response to the CIDs issued by the United States.  Further, Plaintiffs requested and received the full discovery records from *Broilers*, *Pork*, and *Turkey*—which encompasses more than 30 million documents, terabytes of data, and over 600 fact witness deposition transcripts.  The discovery Plaintiffs have propounded in this case largely duplicates what Agri Stats has

10

already produced in during the pre-suit investigation or in *Broilers*, *Pork,* and *Turkey*.  *See* Ex. 2, Pls.' First Set of Requests for Produc. to Agri Stats, dated February 23, 2024.  Again, this case differs from the ordinary fare; Plaintiffs have a massive record preparation for further proceedings should the Complaint survive.  *See Oticon A/S*, 2015 WL 5752429, at *2 ("[N]ot all delay is necessarily unduly prejudicial and here any cost of the delay is likely offset by the gains to be achieved.").

As discussed above, Agri Stats has agreed to complete threshold discovery tasks while its Motion to Dismiss is pending.  By serving Rule 26(a) disclosures and negotiating a proposed protective order and ESI protocol, the Parties will be ready to proceed should any of Plaintiffs' claims survive dismissal.

## IV.   A DISCOVERY STAY WOULD FURTHER THE JUDICIAL ECONOMY

A limited discovery stay also shields the Court from unnecessary expense of judicial resources.  *See Dufrene*, 2016 WL 10651947, at *4 (concluding the balance of the equities and "in particular the conservation of resources" weighed in favor of a limited stay pending the resolution of the motion to dismiss).  When a motion to dismiss "has the potential to resolve all of the issues to which the currently pending discovery is relevant, this factor weighs in favor of granting the requested stay." *Id.*  A grant of Agri Stats' motion would eliminate any need for discovery, *see* Ex. 2, Pls.' First Set of Requests for Produc. to Agri Stats, dated February 23, 2024, and spare the Court any obligation to manage the case.  *See Danger*, 2019 WL 4917181, at *4; *cf. Kellogg*, 2018 WL 3432048, at *2 (granting motion to stay pending transfer decision).

Moreover, absent a stay, the Court would necessarily need to resolve the pending subject matter jurisdiction questions before addressing the merits of any future discovery disputes on the putative pork and turkey counts.  *See Danger*, 2019 WL 4917181, at *5; *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); *Berger Levee Dist. v. United States*, 128 F.3d 679, 680 (8th Cir. 1997) ("the court must dismiss the action" if at any time it determines it lacks subject matter jurisdiction).  This issue is currently pending before Judge Tunheim, which in itself "weighs heavily in favor of granting the requested stay," "because permitting discovery to proceed . . . could lead to the duplicative waste of judicial resources."  *See Danger*, 2019 WL 4917181, at *5.

Finally, Agri Stats has a pending motion to transfer this matter to the Northern District of Illinois, or in the alternative, to the Northern District of Indiana, which Judge Tunheim will also hear on April 5, 2024.  Should that motion be granted, another judge will oversee the case.  That court will be the proper forum to manage the case and address any discovery issues.  The pendency of that motion, therefore, also counsels a stay.

## <u>CONCLUSION</u>

For the foregoing reasons, Agri Stats respectfully requests that the Court issue a limited stay of discovery while its Motion to Dismiss is pending.

Dated: March 20, 2024

Respectfully submitted,

*/s/ Peter H. Walsh*

Peter H Walsh (MN# 0388672)
HOGAN LOVELLS US LLP
80 South 8th Street Ste 1225
Minneapolis, MN 55402
Tel: (612) 402-3017
Fax: (612) 339-5167
Email: peter.walsh@hoganlovells.com

William L. Monts III (Pro Hac Vice)
Justin W. Bernick (Pro Hac Vice)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Defendant Agri Stats, Inc.*

13