## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,
STATE OF MINNESOTA,
STATE OF CALIFORNIA,
STATE OF NORTH CAROLINA,
STATE OF TENNESSEE,
STATE OF TEXAS, and
STATE OF UTAH,

                *Plaintiffs*,

        v.

AGRI STATS, INC.,

                *Defendant.*

No. 0:23-CV-03009-JRT-JFD

## PROTECTIVE ORDER

In the interests of (1) ensuring efficient and prompt resolution of this Action; (2) facilitating discovery by the Parties litigating this Action; and (3) protecting Confidential Information and Highly Confidential Information from improper disclosure or use, the Parties stipulate to the provisions set forth below. Unless otherwise specified, days will be computed according to Fed. R. Civ. P. 6(a). The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1) and all applicable District of Minnesota Local Rules, ORDERS as follows:

### A.    Definitions

1.    "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.      "Confidential Information" means the portions of any Litigation Materials or Pre-Protective Order Materials that contain confidential or proprietary business, personal, product or financial content belonging to the producing party, trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G).

3.      "Defendant" refers to Agri Stats, Inc. and its subsidiaries, successors, and assigns. For the avoidance of doubt, the term "Defendant" includes Express Markets, Inc. ("EMI").

4.      "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

5.      "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

6.      "Highly Confidential Information" means any Confidential Information the disclosure of which the Protected Person reasonably believes would cause substantial injury to the Protected Person's current commercial or financial interests, including current trade secrets; current margin, cost, or pricing information; current non-public contract terms and sales, marketing, and negotiation strategies; projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; proprietary software, systems, or processes; and forward-looking financial, marketing, or strategic business planning information, which, if disclosed, could cause current competitive harm or reasonably threaten any party's current commercial interests.

2

7.      "*In re Broiler Chicken Antitrust Litigation*" means the litigation *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-8637, filed in the United States District Court for the Northern District of Illinois and all cases that have been consolidated with it for pretrial proceedings.

8.      "*In re Pork Antitrust Litigation*" means the multi-district litigation *In re Pork Antitrust Litigation*, No. 18-cv-1776, filed in the United States District Court for the District of Minnesota and all cases that have been consolidated with it for pretrial proceedings.

9.      "*In re Turkey Antitrust Litigation*" means the multi-district litigation *In re Turkey Antitrust Litigation*, No. 19-cv-8318, filed in the United States District Court for the Northern District of Illinois and all cases that have been consolidated with it for pretrial proceedings.

10.      "Litigation Materials" means non-privileged documents, testimony, or other materials that, after the entry of this Order, (a) any Party produces or provides to another Party in connection with and during the pendency of this Action; or (b) any non-Party produces or provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action.

11.      "Outside Counsel" means the law firm(s) representing the Defendant in this Action whose attorneys have filed notices of appearance, including any attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or

independent contractors retained by the Defendant that such law firm(s) assign(s) to this Action.

12.     "Party" means the United States, Plaintiff States, or the Defendant in this Action. "Parties" means collectively the United States, Plaintiff States, and the Defendant in this Action.

13.     "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

14.     "Plaintiffs" refer to the United States and Plaintiff States.

15.     "Plaintiff States" means the states of California, Minnesota, North Carolina, Tennessee, Texas, and Utah and any other state that joins as a plaintiff in this Action.

16.     "Plaintiffs' Counsel" means the United States Department of Justice and counsel for the Plaintiff States.

17.     "Pre-Protective Order Materials" means non-privileged documents, testimony, or other materials to be produced in this Action that, prior to the entry of this Order (a) any non-Party Protected Person provided to the United States or Plaintiff States, either voluntarily or under compulsory process; (b) the United States or Plaintiff States provided to any non-Party prior to the entry of this Order; or (c) the Defendant, or affiliated person or entity, provided to the United States or Plaintiff States prior to the entry of this Order.

18.     "Products of Discovery Materials" means documents, testimony, or other materials that were produced by any Person in *In re Broiler Chicken Antitrust Litigation*,

4

*In re Pork Antitrust Litigation*, and *In re Turkey Antitrust Litigation* that are in the custody and control of any of the Parties at the time this Order is entered.

19.     "Protected Person" means any Person (including a Party) that has provided Pre-Protective Order Materials or that provides Litigation Materials.

**B.     <ins>Notice to Non-Party Protected Persons of the Terms of this Order</ins>**

20.     Plaintiffs in the possession of Pre-Protective Order Materials, other than Products of Discovery Materials, must send by email or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided such Pre-Protective Order Materials to that Plaintiff. Such notice will advise each non-Party Protected Person that all such Pre-Protective Order Materials will be designated as "Highly Confidential" pursuant to Paragraph 23 of this Order.

21.     Plaintiffs in the possession of Products of Discovery Materials will provide notice by email or overnight delivery to each non-Party Protected Person that originally produced such Products of Discovery Materials in the underlying litigation prior to any Plaintiff producing such Products of Discovery Materials. Such notice will advise each non-Party Protected Person that all such Products of Discovery Materials provided by a non-Party Protected Person will be designated as "Confidential" or "Highly Confidential" pursuant to Paragraph 23 of this Order.

22.     Whenever discovery is sought from a non-Party in this Action, a copy of this Order must accompany the discovery request or subpoena. To the extent a Party sent

a discovery request to a non-Party after the filing of the Complaint but prior to the entry of this Order by the Court, that Party must send a copy of this Order to the non-Party within two business days of entry of this Order.

### C.    Designation of Confidential Information or Highly Confidential Information in Pre-Protective Order Materials

23.    Parties will have twenty-one (21) days after receiving a copy of this Order to designate any Confidential Information or Highly Confidential Information contained in the Pre-Protective Order Materials, other than Products of Discovery Materials. By so designating, the Party (and counsel, if any) represents to the Court that it in good faith believes that the information constitutes Confidential Information as defined in Paragraph 2 of this Order or Highly Confidential Information as defined in Paragraph 6 of this Order. To the extent Defendant has already designated Pre-Protective Order Materials as "Confidential" or "Highly Confidential," Plaintiffs agree that such documents will be treated as such under this Protective Order unless the Party changes the designation in writing.

24.    Pre-Protective Order Materials produced by Non-Party Protected Persons, other than Products of Discovery Materials, will automatically be designated as "Highly Confidential" under this Order. Parties may challenge the designation of automatically designated Pre-Protective Order Materials under the same procedure provided in Section E.

25.    All Products of Discovery Materials that have been designated as "Confidential" or "Highly Confidential" pursuant to the protective orders in *In re Broiler*

6

*Chicken Antitrust Litigation*, *In re Pork Antitrust Litigation*, and *In re Turkey Antitrust Litigation* at the time they were submitted to the United States will automatically be treated as having been designated as "Confidential" or "Highly Confidential" respectively under this Protective Order for the purposes of this Action and this Order. Parties may challenge the designation of Products of Discovery Materials under the same procedure provided in Section E.

### D.   Designation of Confidential Information or Highly Confidential Information in Litigation Materials

26.     The following procedures govern the process for all Protected Persons to designate as Confidential Information or Highly Confidential Information any Litigation Materials, including but not limited to information provided in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 or 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45. Any designation of Confidential Information or Highly Confidential Information in Litigation Materials constitutes a representation to the Court that the Protected Person (and counsel, if any) believes in good faith that the Litigation Materials so designated constitute Confidential Information or Highly Confidential Information.

27.     Counsel for the United States, Plaintiff States, and the Defendant to be notified of confidentiality designations are as follows:

**For Plaintiff the United States**:

Mark Sosnowsky (Mark.Sosnowsky@usdoj.gov)
Peter Nelson (Peter.Nelson@usdoj.gov)
Silvia Dominguez-Reese (Silvia.Dominguez-Reese2@usdoj.gov)

U.S. Department of Justice
450 Fifth Street NW, Suite 8700
Washington, DC 20530

**For Plaintiff State Minnesota**:

Katherine A. Moerke (Katherine.Moerke@ag.state.mn.us)
Minnesota Attorney General's Office
445 Minnesota Street, Suite 1400
St. Paul, MN 55101

**For Plaintiff State California**:

Robert McNary (Robert.McNary@doj.ca.gov)
Nicole Gordon (Nicole.Gordon@doj.ca.gov)
Office of the Attorney General
California Department of Justice
300 S. Spring Street
Los Angeles, California 90013

**For Plaintiff State North Carolina**:

Jonathan Marx (jmarx@ncdoj.gov)
Office of the Attorney General
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27603

**For Plaintiff State Tennessee**:

J. Tate Ball (Tate.Ball@ag.tn.gov)
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202

**For Plaintiff State Texas**:

William Shieber (William.Shieber@oag.texas.gov)
Trevor Young (Trevor.Young@oag.texas.gov)
Luke Woodward (Luke.Woodward@oag.texas.gov)
Texas Office of the Attorney General
300 West 15th Street

8

Austin, TX 79701

**For Plaintiff State Utah**:

Marie W.L. Martin (mwmartin@agutah.gov)
Utah Office of the Attorney General
350 N. State Street, Suite 230
Salt Lake City, UT 84114

**For Defendant Agri Stats, Inc.**:

William L. Monts, III (william.monts@hoganlovells.com)
Justin W. Bernick (justin.bernick@hoganlovells.com)
Liam E. Phibbs (liam.phibbs@hoganlovells.com)
Hogan Lovells US LLP
555 Thirteenth Street NW
Washington, DC 20004

28.    <u>Testimony</u>. All transcripts of depositions taken in this Action will be treated as Highly Confidential Information in their entirety for 30 days after the date when a complete copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). No later than the thirtieth day after the transcript is delivered to the party being deposed or a party seeking to designate material as confidential, whichever is later, a party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated Confidential Information or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential Information or Highly Confidential Information in the lower left-hand corner of each designated page. When a Party questions

9

a deponent about a document or information that has been designated by a non-Party Protected Person as containing Confidential Information or Highly Confidential Information , and no representative of that non-Party Protected Person is present during the questioning, the Party asking the questions must send relevant portions of the transcript containing the non-Party Protected Person's Confidential Information or Highly Confidential Information to that non-Party Protected Person (or their counsel) within 7 days of receipt of a complete transcript. The non-Party Protected Person shall have 21 days from receipt of such notice to serve a Notice of Designation to all parties of record designating any portions of the transcript as Confidential Information or Highly Confidential Information.

29. <u>Hard-Copy Documents and Information</u>. A Protected Person that designates any document that it produces in this Action as containing Confidential Information must stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility. If the document is not designated in its entirety as Confidential Information, the Protected Person must stamp or label only the pages that contain Confidential Information. Likewise, a Protected Person that designates any document that it produces in this Action as Highly Confidential Information must stamp or otherwise mark each page containing Highly Confidential Information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility. If the entire document is not Highly Confidential

10

Information, the Protected Person must stamp or label only those pages that contain Highly Confidential Information.

30.    <u>Electronic Documents and Information</u>. Where a Protected Person produces in this Action documents or information in electronic format, Confidential Information or Highly Confidential Information contained in those electronic documents or information must be designated by the Protected Person by (a) stamping or otherwise marking each page or image that contains Confidential Information or Highly Confidential Information with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility; (b) appending to the file names or designators associated with the electronic document or information an indication of whether the electronic document or information contains Confidential Information or Highly Confidential Information, or (c) any other reasonable method for appropriately designating Confidential Information or Highly Confidential Information produced in electronic format, including by making designations in reasonably accessible metadata associated with the electronic documents or information.

31.    Any Protected Person that inadvertently fails to designate Confidential Information or Highly Confidential Information will not be deemed to have waived a future claim of confidentiality concerning such documents or information if they are later designated as Confidential Information or Highly Confidential Information according to the terms of this Order. If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential Information or Highly Confidential

Information any Pre-Protective Order Materials or Litigation Materials previously produced in this Action, it may designate such Pre-Protective Order Materials or Litigation Materials by notifying the Parties in writing. The Parties must thereafter treat the Pre-Protective Order Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order. No prior disclosure of such newly designated Confidential Information or Highly Confidential Information will violate this Order and no further remedial action is required.

32.     In light of the Court's order dated October 18, 2023, ECF No. 29, nothing in this Order should be read or construed to require the United States or Plaintiff States to make any redactions to any documents filed with the Court in this Action prior to the entry of this Order.

**E.     Challenges to Designations of Confidential Information or Highly Confidential Information**

33.     Any Party who objects to any designation of Confidential Information or Highly Confidential Information may at any time provide a written notice to the Protected Person who made the designation and to all Parties stating with particularity the grounds for the objection. All materials objected to must continue to be treated as Confidential Information or Highly Confidential Information pending resolution of the dispute either by agreement between the Protected Person and the objecting Party or by the Court.

34.     If the objecting Party and the Protected Person cannot reach agreement on an objection to a confidentiality designation within seven days of the Party's written notice of the objection, within 14 days of the Party's written notice the Protected Person may

address the dispute to this Court by filing a motion in accordance with this Court's Local Rule 7.1 seeking an order upholding the designation(s). The Protected Person bears the burden of persuading the Court that the material is Confidential Information or Highly Confidential Information. If the Protected Person fails to move the Court within the time provided by this Paragraph 34, or if the Court finds the designation of Confidential Information or Highly Confidential Information to have been inappropriate, the challenged designation is rescinded. The Parties thereafter will not be required to treat the information as Confidential Information or Highly Confidential Information under this Order.

35.     This Order does not preclude or prejudice a Protected Person or an objecting Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

### F.     Disclosure of Confidential Information or Highly Confidential Information

36.     Confidential Information may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including law

clerks, court reporters, and stenographic or clerical personnel;

(b) counsel for the United States, including any attorneys, paralegals, other professional personnel (including support and IT staff), and agents or independent contractors retained by the United States to assist in this Action whose functions require access to the information;

13

(c) counsel for Plaintiff States, including any attorneys, paralegals, other professional personnel (including support and IT staff), and agents or independent contractors retained by any Plaintiff State to assist in this Action whose functions require access to the information;

(d) the Defendant's Outside Counsel in this Action, including any attorneys, paralegals, other professional personnel (including support and IT staff), and agents or independent contractors retained by Defendant to assist in this Action whose functions require access to the information;

(e) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A;

(f) any mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(g) any author, addressee, or recipient of any document or information if they previously had lawful access to the document or information, and any counsel representing that person;

(h) any Person whom counsel for any Party believes in good faith previously received or had lawful access to the document or information, and any counsel representing that person, unless the person attests that he or she did not receive or have previous access to the document or information;

14

(i) any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(j) outside trial consultants (including, but not limited to, graphics consultants) retained by a Party to assist that Party in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A;

(k) employees or former employees of the Defendant during or in preparation for deposition or trial testimony, but only to the extent counsel has a good-faith basis for believing the employee or former employee has personal knowledge of the Confidential Information being disclosed.

37.     Highly Confidential Information may be disclosed only to the persons set forth in Paragraph 36 (a)-(j).

38.     Counsel for the Party making a disclosure to a Person identified in Paragraph 36, subparagraphs (e), (i), or (j), of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached in Appendix A for a period of at least one year following the final resolution of this Action.

39.     Each Person identified in Paragraphs 36 or 37 of this Order to whom information designated as Confidential Information or Highly Confidential Information is

15

disclosed must not disclose that Confidential Information or Highly Confidential Information to any other Person, except as otherwise provided by this Order.

40.      Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Confidential Information or Highly Confidential Information;

(b) prevents disclosure of Confidential Information or Highly Confidential Information with the consent of the Protected Person that designated the material as Confidential Information or Highly Confidential Information;

(c) prevents disclosure by a Party of Confidential Information or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt in connection with this Action; (iii) previously produced, disclosed, or provided to that Party voluntarily and not under compulsory process and without an obligation of confidentiality and not by inadvertence or mistake; or (iv) that is required by a court order; or

(d) prevents Plaintiffs' retention, use, or disclosure of Confidential Information or Highly Confidential Information outside the context of this Action (i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; (iii) in the course of any other legal proceeding in which a Plaintiff is a party; or (iv) for the purpose of securing compliance with a Final Judgment in this Action.

(e) prohibits Defendant's Outside Counsel from relying upon its examination or knowledge of Confidential Information or Highly Confidential

16

Information for the purpose of rendering legal advice regarding this Action to an individual employed by Defendant who is authorized to make decisions concerning the litigation of this Action (the "Client"), provided however that (a) the Client first executes an Agreement Concerning Confidentiality in the form attached in Appendix A; and (b) Outside Counsel does not in the course of rendering such legal advice disclose the contents of any Confidential Information or Highly Confidential information to the Client unless the Client is otherwise authorized to receive it under Paragraph 36(j).

41.     In the event of a disclosure of any Confidential Information or Highly Confidential Information to any Person not authorized to receive disclosure under this Order, the Party responsible for having made the disclosure must within two business days of learning of such disclosure (a) notify the designating party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person execute the certification contained in Exhibit A to this Order. Nothing contained herein shall limit the right of the designating party to seek relief against the party responsible for such disclosure.

### G.     Use of Information Designated as Confidential Information or Highly Confidential in This Action

42.     Except as provided in Paragraph 40 of this Order, all Confidential Information and Highly Confidential Information produced by a Party or a non-Party

Protected Person as part of this Action may be used solely for the conduct of this Action and must not be used for any business, commercial, competitive, personal, or other purpose.

43.    By entering this Order and limiting the disclosure of Confidential Information or Highly Confidential to this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Person that becomes subject to a motion to disclose Confidential Information or Highly Confidential Information protected by this Order in another case must promptly notify the Party or non-Party Protected Person that designated the Confidential Information or Highly Confidential Information of the motion so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed.

44.    <u>Court Filings.</u> The parties will follow all applicable Federal and Local Rules, including Local Rule 5.6, when filing with the Court materials containing Confidential Information or Highly Confidential Information. Filing a Protected Person's Confidential Information or Highly Confidential Information under seal does not constitute agreement by the filing Party that the information is properly designated, and nothing in this Paragraph 44 shall be construed to prevent a Party from later challenging the confidentiality designation of information that was previously filed under seal.

45.    <u>Trial</u>. Procedures concerning the disclosure at trial of documents and information designated as Confidential Information or Highly Confidential Information

will be governed by a separate court order. The Parties will meet and confer and submit a recommended order outlining those procedures no later than 30 days prior to the Pre-Trial Conference.

### H.    Claims of Privilege and Redactions

46.    Except as provided otherwise below, for any document withheld in its entirety or produced but redacted for privilege, the producing Party will produce privilege logs in MS Excel format or any other format that permits electronic sorting and searching. All privilege logs will be served within 30 days after Substantial Completion of Document Productions as reflected in any order or amended order by the Court.

47.    The following categories of documents do not need to be contained on a producing Party's privilege log.

> a.    Any communications exclusively between Defendant and its outside counsel (or an agent of outside counsel other than the Party), any non-testifying experts in connection with litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4) or any applicable stipulation or order of the Court governing expert discovery, testifying experts in connection with litigation.

> b.    Any privileged materials or work product created by or specifically at the direction of (i) Agri Stats' outside counsel or an agent of outside counsel other than the Party, (ii) any non-testifying experts in connection with litigation, or (iii) with respect to information protected by Fed. R. Civ. P.

26(b)(4) or any applicable stipulation or order of the Court governing expert discovery, testifying experts in connection with litigation.

c.   Any communication exclusively between and among Plaintiffs' Counsel (or any agents or persons employed by Plaintiffs' Counsel), or between and among Plaintiffs' Counsel and any non-testifying experts in connection with litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4) or any applicable stipulation or order of the Court governing expert discovery, testifying experts in connection with litigation;

d.   Any privileged materials or work product created by or specifically at the direction of (i) Plaintiffs' Counsel or an agent of Plaintiffs' Counsel, (ii) any non-testifying expert(s) in connection with litigation, or (iii) with respect to information protected by Fed. R. Civ. P.26(b)(4) or any applicable stipulation or order of the Court governing expert discovery, testifying experts in connection with litigation.[1]

48.   To the extent applicable, each Party's privilege log only needs to provide objective metadata (to the extent it is reasonably available and does not reflect privileged or protected information), as well as an indication of all privilege(s) or protection(s) being

---

[1] The Parties reserve the right to request (and agree to meet and confer in good faith in connection with any such request) further exemptions or the ability to use categorical privilege logs in connection with specific requests for production (provided that any such requests are made no later than 30 days before privilege logs are due). In addition, nothing in this order precludes any party from moving, upon a showing of good cause, to modify these exclusions with respect to specific requests for production.

asserted, and a short description of the document justifying the privilege asserted. Objective metadata includes the following (as applicable):

    a.  A sequential or unique privilege log identifier for each entry that makes clear the familial relationship of documents, i.e., parent/child.

    b.  Custodian

    c.  DuplicateCustodian, CustodianOther or

    d.  CustodianAll (if applicable)

    e.  File Name

    f.  Email Subject

    g.  Author

    h.  From

    i.  To

    j.  CC

    k.  BCC

    l.  Date Sent

    m.  Date Received

    n.  Date Created

49.    In addition, electronic documents that are produced to the receiving Party with any redaction shall be identified as such in an additional field in the privilege log.

50.    A Party must identify all attorneys or legal representatives acting primarily in a legal capacity through use of the suffix "Esq." or by providing a searchable spreadsheet

list of all attorneys or legal representatives whose identities appear on the privilege log and promptly updating the list, if needed.

51.     With respect to the "Email Subject" or "File Name" field, the producing Party may substitute a description of the document where the contents of these fields may reveal privileged information. In the privilege log(s) and in the metadata found in the load file produced by the producing Party, the producing Party shall identify each instance in which it has modified the content of the "Email Subject" or "File Name" field (e.g., "[metadata redacted/altered to protect privilege].").

52.     If any member of a produced document family is withheld on grounds of privilege or work-product protection, the producing Party must produce a Bates-stamped placeholder slipsheet that identifies the withheld document as privileged and must identify the document in the privilege log by the Bates number on the placeholder slipsheet.

53.     Following the receipt of a privilege/redaction log, a requesting Party may identify, in writing (by Bates/unique identified number), the particular documents that it believes require further explanation. The producing Party shall endeavor to respond to such a request within 7 days. If a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the matter may be brought to the Court.

54.     If a document contains both privileged and non-privileged material, the non-privileged material must be produced, either by (a) separately producing a copy of the non-privileged material embedded in the Document, or (b) producing a copy of the entire

document with the privileged portion(s) redacted. All redactions must be narrowly applied so the Receiving Party can discern to the maximum extent practicable the basis for the privilege asserted within the Document and to view all non-privileged material.

55.     Redactions based on relevance, responsiveness, or confidentiality are disallowed. Nothing in this Protective Order prevents any Party from redacting personal data and personally identifying numbers or sensitive information from produced documents, consistent with the requirements under Federal Rule of Civil Procedure 5.2 and Local Rules. The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents.

56.     If a document is produced with redactions, the redactions must not obscure any header information (e.g. from, to, subject, sent date) of any emails or other document reflected in the document, except to the extent that information is privileged.

57.     A Party who, pursuant to a request under Federal Rule of Civil Procedure 34 or a non-party, pursuant to a request under Federal Rule of Civil Procedure 45, reproduces documents from other matters, may produce privilege logs relating to that production in the manner they were produced in such other matters, so long as the privilege logs in the other matters comply with the Federal Rule of Civil Procedure 26(b)(5)(A). The producing Party must reproduce these logs in Excel format upon request.

58.     Should a receiving Party, in good faith, have reason to believe a particular entry on a metadata-generated privilege log is responsive and does not reflect privileged discoverable information, the receiving Party may request, and the producing Party will

not unreasonably refuse to provide, more information about the basis of the asserted privilege in compliance with Fed. R. Civ. P. 26(b)(5).

### I.      Limitations on Waiver of Privilege

59.      This Order is entered, *inter alia*, pursuant to Federal Rule of Evidence 502(d). If a party or non-party that produces or otherwise discloses information in connection with this Litigation (the "Producing Party") thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding. The Parties stipulate that by entering this Protective Order, the Court shall provide the maximum protection allowed by Rule 502(d).

60.      Any Producing Party may request, in writing, the return of any Disclosed Protected Information by identifying it and stating the basis for withholding such material or information from production. The Producing Party must also provide a privilege log explaining the basis for the assertion of the privilege within three business days of asserting a clawback.

61.      To the extent a party believes a clawback made prior to a scheduled deposition impacts that deposition, the parties will meet and confer and a party may seek guidance from the Court if the meet and confer does not reach a successful resolution.

62.     Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of Disclosed Protected Information.

a.  If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more parties, the receiving parties shall within ten business days of receipt of written notice (i) return, sequester, or destroy the specific information and all copies thereof; and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned, sequestered, or destroyed.

b.  If the Parties disagree regarding the assertion of privilege, the Parties agree to meet and confer regarding the claim of privilege. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, they may bring the issue to the Court.

c.  The parties may stipulate to extend the time periods set forth in sub-paragraph (a).

d.  Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

e.  The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this

paragraph shall limit the right of any party to petition the Court for an in-camera review of the Disclosed Protected Information.

63.     Where a party agrees to or is ordered to destroy a clawed back document, the party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete other copies of the clawed back document to the extent feasible. To the extent that it is not technologically feasible for a receiving party to destroy a clawed back document (for example, if the clawed back document is part of a production provided on read-only production media such that the clawed back document cannot be destroyed without destroying the entire production media), the parties will meet and confer as to an acceptable alternative approach.

64.     Without waiving the ability to challenge a clawback a party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**J.     Procedures Upon Termination of This Action**

65.     The obligations imposed by this Order will survive the termination of this Action unless the Court, which will retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.

66.     Except as otherwise provided in Paragraphs 67 and 68 of this Order, within 90 calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received information designated as Confidential

Information or Highly Confidential Information must make a good faith effort to (a) return that material and all copies to the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it or (b) destroy or delete all such Confidential Information or Highly Confidential Information. All Confidential Information and Highly Confidential Information returned to the Parties or their counsel by the Court also must be disposed of in accordance with this Paragraph 66.

67.     Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and trial transcripts, trial exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing information designated as Confidential Information or Highly Confidential Information except pursuant to Court order or an agreement with the Protected Person that produced the Confidential Information or Highly Confidential Information or as otherwise permitted by this Order.

68.     Expert witnesses for the Parties will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product, provided such expert witnesses have executed Appendix A to this Order and do not disclose the portions of those materials containing Confidential Information or Highly Confidential Information except pursuant to a court order or with the consent of the Protected Person that produced the Confidential Information or Highly Confidential Information or as otherwise permitted by this Order.

69.     Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received information designated as Confidential Information or Highly Confidential Information must certify compliance with Paragraph 66 of this Order in writing to the Party or Protected Person that produced the Confidential Information or Highly Confidential Information.

### K.     Right to Seek Modification

70.     Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking further or additional protections for any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain materials not be produced at all or are not admissible evidence in this Action or in any other proceeding.

### L.     The Privacy Act

71.     Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

### M.     Persons Bound by This Order

72.     This Order is binding on all Protected Persons, and their attorneys, successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which the Parties have control.

28

N.    **Jurisdiction**

73.    Nothing herein shall be construed as determination by the Court, or as a consent or waiver by any party, or parent or affiliate of any party, that such party, or parent or affiliate of a party, is subject to jurisdiction in this Court or that discovery as to such party, or parent or affiliate of a party, shall proceed pursuant to the Federal Rules of Civil Procedure.

**SO ORDERED:**

**Dated: June 28, 2024**                    *s/ John F. Docherty*
                                         JOHN F. DOCHERTY
                                         United States Magistrate Judge

29

**APPENDIX A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA, et al.,

*Plaintiffs*,

v.

AGRI STATS, INC.,

*Defendant.*

No. 0:23-CV-03009-JRT-JFD

---

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed by _____ as _____.

I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Minnesota solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____        _____
SIGNATURE                                              DATE