UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA et al, | Case No. 23-CV-3009 (JRT/JFD) |
| Plaintiffs, | |
| v. | |
| AGRI STATS, INC., | ORDER ON MOTION TO COMPEL |
| Defendant. | |

---

This matter is before the Court on Plaintiffs' Motion to Compel Agri Stats to Respond to Plaintiffs' First Set of Interrogatories. (Dkt. No. 141.) The Court heard oral argument on the Motion on November 6, 2024. Justin Bernick and Liam Phibbs argued on behalf of Agri Stats, while Mark Sosnowsky argued for the United States. (Hr'g Mins., Dkt. No. 156 (listing all appearances of counsel).) After hearing oral argument and studying the parties' briefs, the Court respectfully **denies the motion without prejudice.** The Court does so because a recent production by AgriStats means the present circumstances are materially different from the circumstances when the motion was filed.

The United States filed this motion on October 23, 2024 seeking a court order compelling supplemental production from Agri Stats on several discovery requests. Agri Stats then produced a substantial number of documents—over 2,000 pages—on October 30. As both the United States and Agri Stats stated in the hearing, the parties did not meet and confer on the contentions in the motion after Agri Stats provided its supplemental productions, and the United States felt that the supplemental production rendered at least

part of its Motion moot. Additionally, the parties struggled to provide consistent and understandable argument to the Court regarding the existence, accessibility, and non-duplicity of certain "weekly reports" produced by Agri Stats and sought by Plaintiffs.

These two issues (the adequacy of the supplemental production in satisfying Plaintiffs' discovery requests and the nature and importance of the "weekly reports") require an additional meet and confer session between the parties before they are ripe for determination by the Court. **The parties are ordered to meet and confer on these topics within 14 days of the date of this Order. If, after that meet and confer session, disputes persist, Plaintiffs may file an amended Motion to Compel this information.**

One issue presented to the Court in the hearing was ripe for determination. In their 10th interrogatory, Plaintiffs seek "all Persons the Company has contacted concerning the Department of Justice's investigation concerning the Company or this Action since October 1, 2022, including all Processors, Customers, other industry participants, and all government agencies or representatives" as well as "the date of each contact, the contact information for the Person contacted, and the employee or representative of the Company involved in the contact." Agri Stats's primary hesitation in providing this information was the burden it perceived in identifying this information for every conceivable person spoken to about the investigation. In the hearing, counsel for the United States suggested that Agri Stats could send an email to its employees asking them to self-report contacts they have had in the relevant time period in which they discussed the investigation. The Court agrees that this is a workable solution that dramatically decreases the burden on Agri Stats while providing the Plaintiffs with the relevant information they seek in Interrogatory #10.

The Court orders Agri Stats to send an email to all of its employees requiring employees to provide any and all information requested in Plaintiffs' Interrogatory #10 about which employees have knowledge within 30 days and to provide the responses it receives to Plaintiffs.

Dated: November 7, 2024               *s/ John F. Docherty*
                                                                                                 JOHN F. DOCHERTY
                                                                                                 United States Magistrate Judge