# EXHIBIT 5



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

450 5th Street NW
Washington, DC 20001

October 23, 2024

VIA EMAIL

Holden Steinhauer
Hogan Lovells LLP
555 Thirteenth Street NW
Washington, D.C. 20004
Holden.Steinhauer@HoganLovells.com

Re:   *United States, et al. v. Agri Stats, Inc.*, No. 0:23-cv-03009-JRT-JFD (D. Minn.)

Holden,

We write in response to your October 9, 2024 letter concerning the United States' responses and objections to Agri Stats' first set of interrogatories.

*First*, in response to Interrogatory 1, the United States provided a list of more than 380 third parties contacted by the Antitrust Division in connection with the investigation that preceded and led to the filing of this litigation. We also provided a contact person for each such third party. The United States intends to supplement this list in short order to identify third parties contacted by the Antitrust Division between the filing of the initial complaint in this Action and June 30, 2024. In addition, we have produced or will produce shortly all nonprivileged emails that we have been able to identify through a reasonable search from the inception of the Antitrust Division's investigation of Agri Stats through June 30, 2024 between the Antitrust Division and any third party related to this litigation or the investigation that preceded and led to the filing of this litigation. It is unduly burdensome to require the Antitrust Division to provide a "detailed description" of oral communications with third parties, which would require us to disclose recollections and mental impressions of attorneys protected by various privileges and the attorney work product doctrine. Consistent with the Federal Rules of Civil Procedure, Agri Stats may seek discovery directly from any of the third parties identified by the Antitrust Division, many of whom are customers of Agri Stats and other industry participants with whom Agri Stats regularly interacts in the ordinary course of business. We do not have the ability to compile a list of all third-party communications made in connection with the Antitrust Division's 2010 investigation of Agri Stats, but, as we indicated in our written response and in multiple meet-and-confers, we have produced to Agri Stats every nonprivileged document from the 2010 investigative file. To the extent any records exist of third-party communications during that investigation, they will be included in our production. Finally, to the extent any written third-party communications responsive to Interrogatory 1 are privileged, those communications will be reflected on a privilege log the United States will

provide unless they fall into the categories of communications that we are not required to log pursuant to Paragraph 47 of the Protective Order.

The United States' substantive response to this interrogatory contrasts starkly with Agri Stats' outright refusal to respond to Plaintiffs' Interrogatory 10, which requests that Agri Stats "[i]dentify all Persons the Company has contacted concerning the Department of Justice's investigation concerning the Company or this Action since October 1, 2022." As a reminder, Agri Stats refused to identify any third parties in response to this request and asserted a number of objections, including that the interrogatory is "overbroad and unduly burdensome because it calls for information that is not relevant to any party's claims or defenses" and that it purportedly "seek[s] information protected by the attorney-client privilege and/or the work-product doctrine." Notably, Plaintiffs' Interrogatory 10 is considerably less burdensome or invasive than Agri Stats' Interrogatory 1, because we did not seek "detailed description[s]" of the contents of Agri Stats' third-party communications—instead, we limited our request to "the date of each contact, the contact information for the Person contacted, and the employee or representative of the Company involved in the contact." We disagree with Agri Stats' objections to our Interrogatory 10 and do not accept Agri Stats' refusal to respond, for the reasons we have provided in separate correspondence with you.

*Second*, we did not identify the "rationale" for the statement in Interrogatory 2 because, as we explained in our objections, that would require disclosing attorney work product and information protected by the deliberative process privilege. We did provide a description of the factual basis in our response that we do not believe requires supplementation. Moreover, as we have explained to you and to the Court, we do not see how a statement made during closing arguments in another litigation in which Agri Stats was not a party is relevant in this litigation.

*Third*, Plaintiffs' request for relief is not limited to enjoining the two data fields identified as examples in our interrogatory responses (nor are those the only two fields that are objectionable). Plaintiffs disagree with the assumption that an appropriate remedy in this litigation would be limited to particular data fields in Agri Stats reports. As we explained in the Parties' Updated Rule 26(f) Report, Dkt. 121, Plaintiffs seek an injunction permanently enjoining Agri Stats and EMI from facilitating the exchange of sensitive information and from continuing to engage in the anticompetitive practices described in the Second Amended Complaint or practices with the same purpose and effect as the challenged practices. Until we have received additional discovery, we cannot know all of Agri Stats' relevant business practices, including what information it collects and distributes not only through reports, but also over the internet and through in-person reviews. Moreover, until there has been "a full exploration of facts," *United States v. Ward Baking Co.*, 376 U.S. 327, 330 (1964), we cannot make any more specific statement about the nature of an appropriate remedy. *See, e.g.*, *United States v. U.S. Gypsum Co.*, 340 U.S. 76, 88-89 (1950) (proper remedy extends to "the proven means by which the evil was accomplished" and "practices connected with acts actually found to be illegal," including "[a]cts entirely proper when viewed alone"). We therefore stand on our response and objection that this interrogatory seeks premature expert discovery.

*Finally*, with respect to Interrogatory 8, the United States produced to Agri Stats more than 350 responsive, non-privileged documents from the Division's closed file from the 2010 investigation of Agri Stats and has produced more than 8,400 documents from the investigative file of the investigation that preceded and led to the filing of this litigation.

We are not providing information about the Antitrust Division's *decision* to close the 2010 investigation of Agri Stats or our *decision* to open the investigation that preceded and led to the filing of this litigation, because that information—including any weighing of facts that informed those decisions—is protected attorney work product and prohibited from disclosure by the attorney-client and deliberative process privileges, among others.

      We believe this should resolve the questions you posed concerning the United States' responses to Agri Stats' interrogatories but are willing to meet and confer if you have any further questions.

      Sincerely,

/s/ Peter A. Nelson
Peter A. Nelson
Trial Attorney
U.S. Department of Justice
Antitrust Division

cc:  All counsel of record