# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF MINNESOTA, STATE OF CALIFORNIA, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF TEXAS, and STATE OF UTAH,<br><br>*Plaintiffs*,<br><br>v.<br><br>AGRI STATS, INC.,<br><br>*Defendant.* | No. 0:23-CV-03009-JRT-JFD |

## ORDER ON STIPULATION REGARDING EXPERT DISCLOSURES

Pursuant to Federal Rules of Civil Procedure 26(f) and 29, the Parties have stipulated to the following regarding the scope of expert disclosures in this Action.

1. Definitions

    1.1     "Action" means the action filed in this Court under the caption *United States, et al. v. Agri Stats, Inc.,* 23-cv-03009-JRT-JFD.

    1.2     "Counsel" means, as applied to outside counsel, counsel retained by a Party or Parties in connection with the Action. As applied to in-house counsel, "Counsel" means any attorney employed by a Party acting primarily in a legal capacity for that Party. As applied to the Plaintiffs, "Counsel" means (a) any attorney employed by the Antitrust Division of the U.S. Department of Justice, and (b) any attorney employed by the

1

Attorney General's Office of a Plaintiff State. As applied to all Parties, Counsel also includes any paralegals, economists, financial analysts, statisticians, and clerical and administrative personnel employed by Agri Stats, Inc., outside counsel for Agri Stats, Inc., the Attorney General's Office of a Plaintiff State, or the Antitrust Division of the U.S. Department of Justice, provided that such employees are assigned to work on the Action.

1.3     "Defendant" means Agri Stats, Inc., including all its employees, agents, and representatives.

1.4     "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

1.5     "Expert" means a Testifying Expert or a Non-Testifying Expert.

1.6     "Non-Testifying Expert" means a Person retained by a Party specifically for purposes of the Action to assist that Party in the prosecution or defense of the Action, and who is not required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). "Non-Testifying Expert" includes employees of a Non-Testifying Expert. "Non-Testifying Expert" does not include employees of a Party.

1.7     "Party" means any Plaintiff or Defendant in the Action. "Parties" collectively means Plaintiffs and Defendant in the Action.

1.8     "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

1.9     "Plaintiffs" means the United States of America and the Plaintiff States.

1.10    "Plaintiff States" means the States of Minnesota, California, North

Carolina, Tennessee, Texas, and Utah, and any other state that joins the Action.

1.11 "Testifying Expert" means an individual retained by a Party specifically for purposes of the Action to assist that Party in the prosecution or defense of the Action, and who is required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). "Testifying Expert" does not include employees of a Party.

2. <u>Discovery of Parties' Experts</u>.  The Parties may not serve subpoenas or discovery requests (for depositions or Documents) on any Testifying Expert or Non-Testifying Expert. A Party proffering a Testifying Expert must: (a) produce all materials and information required under this Stipulation and to the extent not modified by this Stipulation, the Federal Rules of Civil Procedure for such Testifying Expert, and (b) upon request, make such Testifying Expert available to be deposed consistent with the Court's scheduling order(s).

3. <u>Expert Materials to be Disclosed</u>.  Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified by this paragraph.

    (a) Neither side must disclose the following Documents or information:

        (i) any Documents, communications, or work product not relied upon by the Expert in forming any opinions in his or her final report;

        (ii) the Expert's notes, except for notes of interviews participated in or conducted by the Expert, if the Expert relied upon such notes in forming any opinions in his or her final report;

        (iii) drafts of Expert reports, affidavits, or declarations; and

3

      (iv)    data formulations, data runs, data analyses, or any database-related operations not relied upon by the Expert in forming any opinions in his or her final report.

(b) The Parties agree that the following materials must be disclosed by email on the date[s] specified under the applicable Scheduling Order:

      (i)    all final reports;

      (ii)    a list by Bates number of all Documents relied upon by the Testifying Expert(s) in forming any opinions in his or her final reports;

      (iii)    a list of all publications authored by the Testifying Expert in the previous 10 years; and

      (iv)    a list of all other cases in which, during the previous 4 years, the Testifying Expert testified at trial or by deposition, including tribunal and case number.

(c) The Parties agree that the following materials must be produced electronically within 24 hours after each final report is served:

      (i)    copies of any materials relied upon by the Testifying Expert not previously produced that are not readily available publicly;

      (ii)    copies of all publications authored by the expert in the previous 10 years that are not readily available publicly; and

      (iii)    for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to replicate the calculations from the initial ("raw") data

        files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations.

4. <u>Expert Testimony</u>. Expert testimony must comply with the requirements of Federal Rule of Civil Procedure 26(b)(4), except as modified by this paragraph.

    (a)    Neither side must disclose in expert testimony at trial or deposition the following information:

        i)    any communications with Counsel or an agent or employee of Counsel not relied upon by the Expert in forming any opinions in his or her final report;

        ii)    any communications between the Expert and any persons assisting the Expert not relied upon by the Expert in forming any opinions in his or her final report;

        iii)    Any communications between Testifying Experts and Non-Testifying Experts not relied upon by the Expert in forming any opinions in his or her final report; and

        iv)    Any communications between Testifying Experts not relied upon by the Expert in forming any opinions in his or her final report.

    (b)    For the avoidance of doubt, nothing in this stipulation prevents an Expert from being examined by an opposing Party in deposition or trial regarding

5

facts, analyses, or data not relied upon by the Expert in forming any opinions in his or her final report, including facts, analyses, or data inconsistent with such opinions.

**SO ORDERED.**

Dated: April 4, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge