UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF MINNESOTA, STATE OF CALIFORNIA, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF TEXAS, and STATE OF UTAH, <br><br>     *Plaintiffs*, <br><br>v. <br><br>AGRI STATS, INC., <br><br>     *Defendant.* | No. 0:23-CV-03009-JRT-JFD <br><br> **PUBLIC REDACTED VERSION** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
AGRI STATS' MOTION TO RECUSE**

The Court should not recuse itself from this action because of the purported conflict of a law clerk who has not worked for the Court on this case and never will. "[C]ases are decided by judges, not law clerks." *O'Bannon v. Union Pac. R.R. Co.*, 169 F.3d 1088, 1091–92 (8th Cir. 1999). Agri Stats concedes that the Court does not personally have a real or perceived conflict, and the law clerk in question has not worked for the Court on this case at all. That should be the end of the matter. *See, e.g.*, *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (denying motion to recuse based on alleged bias of a clerk because "[t]he mere presence of [a law clerk] in the chambers of the district court judge does not give rise to a reasonable question of impartiality").

In its recusal motion, Agri Stats ignores these dispositive flaws. ████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████. Such conjecture is far "too remote, speculative, and contingent" to warrant recusal. *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1362 (8th Cir. 1996). "Judges have an obligation to litigants and their colleagues not to remove themselves needlessly . . . because a change of umpire in mid-contest may require a great deal of work to be redone . . . and facilitate judge-shopping." *In re Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1229 (7th Cir. 1988) (citation omitted). Plaintiffs respectfully submit that the Court should deny Agri Stats' motion.

## LEGAL STANDARD

"'A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise.'" *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (quoting *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 664 (8th Cir.2003)). The applicable statute, section 455(a), provides for recusal when a court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Even assuming that a law clerk's purported conflict can sometimes be imputed to a judge, *see In re Doe*, 640 F.3d 869, 871 (8th Cir. 2011); *but see O'Bannon*, 169 F.3d at 1091–92, recusal can only be warranted if the Court's "impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *United States v. Ruff*, 472 F.3d 1044, 1046 (8th Cir.

2007) (citation omitted). Courts apply an "objective standard of reasonableness," *United States v. Delorme*, 964 F.3d 678, 681 (8th Cir. 2020), which does not depend on the perspective of "a hypersensitive or unduly suspicious person," *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990) (cited with approval in *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 601 F. Supp. 2d 1120, 1128 (D. Minn. 2009)). In addition, "a claim for judicial recusal under section 455 'will not be considered unless timely made.'" *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 790 (8th Cir. 2009) (citations omitted).

When the law does not require recusal, a judge is obliged not to step aside needlessly. *Sw. Bell Tel. Co. v. F.C.C.*, 153 F.3d 520, 523 (8th Cir. 1998); *see also Holloway v. United States*, 960 F.2d 1348, 1350 (8th Cir. 1992) (stating that "judges have an affirmative duty . . . not to disqualify themselves unnecessarily"). Even where an actual conflict arises in one case, such circumstances would not require recusal in a related case where no grounds for recusal exist in that other matter. *See In re RFC & Rescap Liquidating Tr. Litig.*, 2016 WL 7177706, at *2 (D. Minn. Dec. 8, 2016) (discussing a judge's recusal in some, but not all, consolidated cases).

## ARGUMENT

### I. THE COURT'S IMPARTIALITY IN THIS LITIGATION CANNOT REASONABLY BE QUESTIONED.

On the merits, no reasonable observer could fairly question the Court's impartiality in this matter based on the assertions in Agri Stats' motion. The law clerk at the center of Agri Stats' motion has not worked for the Court on this case, and there is no reason to believe the law clerk ever will. Because the law clerk has not participated in this litigation,

3

no reasonable observer could believe the Court is conflicted. The Court can deny Agri Stats' motion without proceeding further. *See, e.g.*, *Martinez*, 446 F.3d at 883 (affirming denial of recusal motion where prosecutor became law clerk for judge but did not participate in the matter); *Ruff*, 472 F.3d at 1046-47 (same); *United States v. Robinson*, 809 F.3d 991, 999 (8th Cir. 2016) (affirming denial of recusal motion when allegedly conflicted law clerk did not work on case); *Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 613 (8th Cir. 2003) (same).

Nonetheless, Agri Stats argues that this law clerk's purported conflict in another case should be imputed to the Court in this case. Agri Stats' flawed reasoning rests on a series of highly attenuated and speculative inferences that fall far short of the burden of proof required for a recusal motion:

1. The *Pork*[1] Plaintiffs served expert reports at the class certification stage of that litigation. Those expert reports contained regressions about pork prices. Defendants filed *Daubert* motions challenging those regressions. The Court denied those motions *without* assistance from the law clerk at the center of the recusal motion.

2. Two years later, the *Pork* Plaintiffs served expert reports at the merits stage of that litigation. These expert reports were similar to reports the *Pork* Plaintiffs served two years earlier at the class certification stage and contained similar regressions. Defendants again filed *Daubert* motions challenging these

---

[1] *In re Pork Antitrust Litig.*, No. 18-cv-1776-JRT-JFD (D. Minn.) ("*Pork*").

4

regressions. Plaintiffs also filed *Daubert* motions challenging Defendants' experts.

3. The Court denied both Plaintiffs' and Defendants' *Daubert* motions with reasoning mirroring his prior denials of Defendants' *Daubert* motions at the class certification stage two years earlier (prior to the law clerk's hiring). Notwithstanding that the Court's rulings (a) mirror its prior rulings on the same issues, (b) concluded that these issues went to the weight of the testimony and still could be considered at trial, and (c) affected Plaintiffs and Defendants equally, Agri Stats insists that ██████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████.

4. Plaintiffs in this matter served an opening expert report that also contains regressions about pork prices.

5. Agri Stats may someday file a *Daubert* motion in this case resembling the *Pork* Defendants' *Daubert* motions.

6. ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████████████████. Therefore, the Court must recuse itself.

Agri Stats offers no case requiring recusal under such an attenuated chain of reasoning. To the contrary, Agri Stats relies on cases that support *denying* its motion. For

5

example, in *In re Medtronic* (cited at Mot. at 13-14),[2] Plaintiffs moved for recusal arguing that the judge's son had a financial interest in the case because one of the parties was a client of the son. 601 F. Supp. 2d at 1132. The court concluded that the recusal motion was not only pretextual but "would push the Court down a slippery slope that could require recusal in many situations well beyond the carefully crafted parameters of Section 455." *Id*. "Adopting that logic" of conflicts based on attenuated connections "would cripple the bench and eviscerate the Court's ability to perform its key function: the administration of justice." *Id*.

In *Doe v. Cabrera* (cited at Mot. at 14), the court screened a law clerk from working on matters in which Zuckerman Spaeder appeared as counsel because the law clerk's father was a partner at the firm, and the firm represented the law clerk in a "personal matter." 134 F. Supp. 3d 439, 442 (D.D.C 2015). The law clerk performed "ministerial" work on a Zuckerman Spaeder matter due to the unavailability of the court's other law clerk. *Id.* at 451–52. After the court issued rulings favorable to Zuckerman Spaeder's client, the law clerk texted her friend at Zuckerman Spaeder saying that the friend "owed" her a "beer" because of the decision, implying that she influenced the outcome. *Id.* at 444. The court held that recusal was not necessary and emphasized that "the judge cannot be made an easy victim of the clerk's follies or perceived faults," and "[i]f a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified." *Id.* at 446 (quoting *In re*

---

[2] Mem. in Supp. of Def's Mot. to Recuse. ECF No. 339 ("Mot.").

*San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 409, 412 n. 5 (D.P.R. 1989); *Hunt v. Am. Bank & Tr. Co. of Baton Rouge*, 783 F. 2d 1011, 1016 (11th Cir. 1986)).

The connection in this case is still more tenuous where there is not even a suggestion that the clerk in question worked on this matter for the Court. The best Agri Stats can do is argue that the Court must recuse itself in advance of a future, hypothetical *Daubert* motion that may touch on similar subject matter as the *Daubert* motion in *Pork*. But this "'unsupported, irrational, [and] highly tenuous speculation'" does not establish "proof of partiality." *In re Medtronic*, 601 F. Supp. 2d at 1125–26 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)); *see also In re Nat'l Union Fire Ins.*, 839 F.2d at 1229–30 (explaining that challenges to impartiality cannot be based on purported conflicts that are tangential and indirect).

## II. AGRI STATS' MOTION IS UNTIMELY.

The timing of Agri Stats' recusal motion, coming after an adverse decision in another case, shows that the motion is a belated "tactical move made by a party who fears a looming adverse decision." *In re Kan. Pub.*, 85 F.3d at 1365. For a recusal motion to be timely, a party must "raise a claim 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" *United States v. Rubashkin*, 655 F.3d 849, 858 (8th Cir. 2011) (quoting *Fletcher,* 323 F.3d at 664 (8th Cir. 2003)). The timeliness requirement helps ensure that recusal motions do not become "an additional arrow in the quiver of advocates in the face of [anticipated] adverse rulings." *In re Kan. Pub.*, 85 F.3d at 1360 (citation omitted). Applying this standard, the Eighth Circuit has deemed untimely a recusal motion filed after an unfavorable decision, *Rabushka, ex rel.*

7

*U.S. v. Crane Co.*, 122 F.3d 559, 566 (8th Cir. 1997) (summary judgment), or "nearly six months" after the initial awareness of a potential conflict, *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 904 (8th Cir. 2009). *See also Tri-State Fin., LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008) (citing *In re Kan. Pub.*, 85 F.3d at 1360–61, for the proposition that timeliness is measured from the "initial awareness of a potential conflict"); *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1209 (8th Cir. 2010) (applying "due diligence" standard).

Much like in these cases, Agri Stats waited many months, until an adverse decision, to bring a recusal motion despite "obtaining knowledge of facts demonstrating the basis for" the purported claim. *Rubashkin*, 655 F.3d at 858. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Agri Stats then waited until after an unfavorable summary judgment in the *Pork* MDL to file the recusal motion in *Pork*—nearly six months after its initial letter—and followed that with a recusal motion in this case shortly thereafter. But Agri Stats does not explain what changed in this case since Agri Stats sent its letter about the clerk to the Court in December; the clerk is no more involved in this case now than he was then. Thus, even if the Court were to credit Agri Stats' argument that a hypothetical conflict might arise from the clerk's work on other cases, it follows that Agri Stats was obliged to raise the issue in December and Agri Stats' motion is now untimely.

8

### III.  ABSENT A WELL-FOUNDED BASIS FOR RECUSAL IN THIS CASE, THE COURT HAS A DUTY TO KEEP IT.

As demonstrated above, Agri Stats' motion hinges primarily on a series of purported events occurring in a different matter, none of which warrants recusal in this case.[3] When the law does not require recusal, a judge is obliged not to step aside needlessly. *Sw. Bell*, 153 F.3d at 523; *see also Holloway*, 960 F.2d at 1350 (stating that judges have an affirmative duty not to disqualify themselves unnecessarily); *Purdy v. Wilkins*, 2021 WL 3088731, at *2 (D. Minn. July 22, 2021) (explaining that where recusal is not required, "it is arguably prohibited"); *Fredin v. Middlecamp*, 2020 WL 7418967, at *2 (D. Minn. Dec. 18, 2020) (same); *Munt v. Roy*, 2018 WL 11190698, at *2 (D. Minn. May 3, 2018) (same).

Replacing judges may undermine efficiency and impact the fairness of matters where the trial judge has presided over pretrial disputes. *In re RFC*, 2016 WL 7177706, at *7 (Tunheim, J.). Here, the parties have completed fact discovery and are poised to go to trial in only a few months. Recusal would delay resolution of this important enforcement matter. *See id.*

Courts also have a strong interest in preventing judge-shopping. *See In re Nat'l Union Fire Ins.*, 839 F.2d at 1229; *see also In re RFC*, 2016 WL 7177706 at *6. Yet Agri Stats openly acknowledges that its motion is spurred by the fact that this Court ruled against

---

[3] Agri Stats also complains that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Agri Stats' selective quotation of the transcript omits ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

it on summary judgment and found that there is sufficient evidence to allow the claims against Agri Stats to proceed to a jury. *See* Mot. at 3 ("That *Pork* summary judgment decision cited the experts whom Agri Stats challenged in its *Daubert* motion *174 times* and labeled Agri Stats 'highly suspicious.' . . . . In stark contrast, the *Broilers* court, upon considering the same evidence, found no triable issue and even granted Agri Stats summary judgment."). Regardless of how the Court rules in any other case, recusal in this case, where there are no grounds for doing so, would only reward Agri Stats' purely tactical motion.

This is not to suggest that Agri Stats' argument for recusal in *Pork* has any merit; it does not.[4] *First*, the *Pork* Defendants' motion ignores that the Court considered similar *Daubert* motions regarding the same experts at the class certification stage—before the law clerk at issue was employed by the Court—and denied them. *See generally In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967 (D. Minn. 2023). The Court's *Daubert* decision is entirely consistent with the Court's earlier decision regarding the same issues. Indeed, the Court addressed and rejected the exact same criticisms of the same expert's regressions in March of 2023 that Agri Stats and its declarant, Dr. Nguyen, make now. *Id.*

The *Pork* Defendants argued at length that the regressions in the *Pork* Plaintiffs' class certification expert reports failed to account for the Great Recession and hog prices. *See, e.g.*, Def.'s Mot. to Exclude Expert Testimony of Dr. Russell Mangum at 13-18, *Pork* (Aug. 24, 2022), ECF No. 1450. But in March of 2023, the Court rejected these arguments:

---

[4] Plaintiffs offer these observations only to the extent that the Court deems its decision on recusal in *Pork* to have any relevance to the recusal motion here. As explained above, Plaintiffs submit that recusal here is inappropriate regardless of any decision in *Pork*.

"Defendants identify a swath of lawful factors that they contend the experts erred in not distinguishing from conspiratorial conduct, such as the role of nondefendant hog producers, pig imports, the circovirus vaccine, government action to reduce hog supply and stabilize pork prices, overseas pork suppliers, overseas demand, and currency exchange rates." *In re Pork Antitrust Litig.*, 665 F. Supp. 3d at 991. The Court concluded that "the experts' failure to account for each and every possible supply and demand variable is not grounds for excluding their testimony." *Id.* at 991–92 (citing *Maitland v. Univ. of Minn.*, 155 F.3d 1013, 1017 (8th Cir. 1998)). No reasonable person could conclude that the Court reaching the same conclusion about the same criticism of the same regression analyses two years later with different clerks could indicate bias.

*Second*, although Agri Stats and a subset of the *Pork* Defendants claim the Court's summary judgment and *Daubert* decisions are tainted by pro-plaintiff bias, those decisions were decidedly mixed for both Plaintiffs and Defendants. The Court granted summary judgment to Defendant Hormel and denied Plaintiffs' motion for summary judgment. *See Pork* Amended Summary Judgment Order at 124–129, 201–204, ECF No. 2929. In addition to denying Defendants' *Daubert* motions, the Court *also* denied Plaintiffs' *Daubert* motions. *See Pork Daubert* Order, ECF No. 2928.

*Third*, neither the *Pork* Defendants nor their counsel are unanimous in their belief that the Court should recuse itself. Hormel did not seek recusal, as it was granted summary judgment. JBS also has not joined Defendants' motion. *See Pork*, ECF No. 2961. Armed

11

with these facts, no "average person on the street" could reasonably conclude that the Court's impartiality can be legitimately questioned.[5]

## CONCLUSION

Recusal motions are not to be considered lightly. The moving party carries a heavy burden of proof and where that burden is not met, the judge is obliged to continue presiding over the matter. Here, Agri Stats has not made even a colorable showing that the Court's impartiality can be questioned. Accordingly, the motion should be denied.

Dated: May 23, 2025

Respectfully,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

LISA KIRKPATRICK
Acting United States Attorney
Attorney for the United States Acting Under Authority Conferred by
28 U.S.C. § 515

/s/ Liles H. Repp
LILES H. REPP
Attorney ID No. 0400692
Assistant United States Attorney
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: (612) 664-5600
Fax: (612) 664-5788
Liles.Repp@usdoj.gov

---

[5] Agri Stats' Fifth Amendment argument should be rejected for the same reasons that its arguments under 28 U.S.C. § 455 should be rejected. The Fifth Amendment's standard for recusal is significantly more burdensome than section 455's. *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 888–90 (2009). Because Agri Stats does not meet section 455's standard, it does not meet the Fifth Amendment's standard.

*/s/* Mark H.M. Sosnowsky
MARK H.M. SOSNOWSKY (*Pro Hac Vice*)
EUN HA KIM
Senior Trial Counsel

WILLIAM M. FRIEDMAN (*Pro Hac Vice*)
JAMES H. CONGDON (*Pro Hac Vice*)
SILVIA J. DOMINGUEZ-REESE (*Pro Hac Vice*)
PETER A. NELSON (*Pro Hac Vice*)
GARRETT WINDLE (*Pro Hac Vice*)
Trial Attorneys

United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Telephone: (202) 812-4723
Facsimile: (202) 307-5802
Mark.Sosnowsky@usdoj.gov
Eun-Ha.Kim@usdoj.gov
William.Friedman2@usdoj.gov
James.Congdon@usdoj.gov
Silvia.Dominguez-Reese2@usdoj.gov
Peter.Nelson@usdoj.gov
Garrett.Windle@usdoj.gov

*Attorneys for United States of America*

**FOR PLAINTIFF STATE OF MINNESOTA:**

KEITH ELLISON
Attorney General of Minnesota

*/s/* Katherine A. Moerke
JAMES CANADAY (No. 030234X)
Deputy Attorney General
KATHERINE A. MOERKE (No. 0312277)
ELIZABETH ODETTE (No. 0340698)
SARAH DOKTORI (No. 0403060)
Assistant Attorneys General
445 Minnesota Street, Suite 1400

St. Paul, Minnesota 55101-2130
james.canaday@ag.state.mn.us
Telephone: (651) 757-1421
katherine.moerke@ag.state.mn.us
Telephone: (651) 757-1288
elizabeth.odette@ag.state.mn.us
Telephone: (651) 728-7208
sarah.doktori@ag.state.mn.us
Telephone: (651) 583-6694

*Attorneys for State of Minnesota and Local Counsel for States of California, North Carolina, Tennessee, Texas, and Utah*

**FOR PLAINTIFF STATE OF CALIFORNIA:**

ROB BONTA
Attorney General of California

*/s/ Quyen Toland*
QUYEN TOLAND (*Pro Hac Vice*)
Deputy Attorney General
NICOLE GORDON (*Pro Hac Vice*)
Deputy Attorney General
MICHAEL JORGENSON (*Pro Hac Vice*)
Supervising Deputy Attorney General
PAULA BLIZZARD (*Pro Hac Vice*)
Senior Assistant Attorney General
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA  94102
Telephone: 415.510.3534
E-mail:  Quyen.Toland@doj.ca.gov

*Attorneys for State of California*

**FOR PLAINTIFF STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General of North Carolina

14

*/s/ Kunal J. Choksi*
Kunal Janak Choksi
Senior Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6032
E-Mail: kchoksi@ncdoj.gov

*Attorney for State of North Carolina*

**FOR PLAINTIFF STATE OF TENNESSEE:**

JONATHAN SKRMETTI
Attorney General of Tennessee

*/s/* Daniel Lynch
ETHAN BOWERS (*Pro Hac Vice*)
Senior Assistant Attorney General
DANIEL LYNCH (*Pro Hac Vice*)
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Ethan.Bowers@ag.tn.gov
Daniel.Lynch@ag.tn.gov

Telephone: (615) 741-8091

*Attorneys for State of Tennessee*

**FOR PLAINTIFF STATE OF TEXAS:**

KEN PAXTON
Attorney General of Texas

*/s/* William Shieber
BRENT WEBSTER
First Assistant Attorney General
RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation
WILLIAM SHIEBER (*Pro Hac Vice*)
Senior Staff Attorney, Antitrust Division
PAIGE ETHERINGTON (*Pro Hac Vice*)
Assistant Attorney General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
Telephone: (512) 463-1710
William.Shieber@oag.texas.gov

*Attorneys for State of Texas*

**FOR PLAINTIFF STATE OF UTAH:**

DEREK E. BROWN
Attorney General of Utah

*/s/* Matthew Michaloski
MATTHEW MICHALOSKI (*Pro Hac Vice*)
Assistant Attorney General
MARIE W.L. MARTIN (*Pro Hac Vice*)
Deputy Division Director
Utah Office of the Attorney General
350 N. State Street, Suite 230
Salt Lake City, UT 84114
Telephone: (801) 366-0375
Fax: (801) 366-0378
mmichaloski@agutah.gov
mwmartin@agutah.gov

*Attorneys for State of Utah*