**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF CALIFORNIA; STATE OF NORTH CAROLINA; STATE OF TENNESSEE; STATE OF MINNESOTA; STATE OF TEXAS; and STATE OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>AGRI STATS, INC.,<br><br>Defendant. | Civil No. 23-3009 (JRT/JFD)<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER** |

Adam Kinkley, Anna Wang, Chase Pritchett, Eun-Ha Kim, Griffin S. Kenny, James H. Congdon, John M. Briggs, Kate M. Riggs, Kyle Bright, Lowell Stern, Mark Henry Michael Sosnowsky, Peter A. Nelson, and William Friedman, **DEPARTMENT OF JUSTICE**, 450 Fifth Street Northwest, Washington, DC 20530; Ann M. Bildtsen and Liles Harvey Repp, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Anthony Epifanio Maneiro and Matthew Gold, **DEPARTMENT OF JUSTICE**, 209 South LaSalle Street, Suite 600, Chicago, IL 60604; Maia Sara Lichtenstein, **DEPARTMENT OF JUSTICE**, 201 Varick Street, Suite 1006, New York, NY 10014; Silvia Dominguez-Reese, **DEPARTMENT OF JUSTICE**, 1425 New York Avenue, 5066 Nya, Washington, DC 20005, for Plaintiff United States of America.

Elizabeth R. Odette, James W. Canaday, Katherine Moerke, and Sarah Doktori, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 600, Saint Paul, MN 55101; Jamie L. Miller, Michael Wayne Jorgenson, Nicole Gordon, Paula L. Blizzard, and Quyen Toland, **OFFICE OF THE CALIFORNIA ATTORNEY GENERAL**, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102; William Friedman, **DEPARTMENT OF JUSTICE**, 450 Fifth Street Northwest, Washington, DC 20530, for Plaintiff State of California.

Elizabeth R. Odette, James W. Canaday, Katherine Moerke, and Sarah Doktori, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 600, Saint Paul, MN 55101; Kunal Choksi, **NORTH CAROLINA DEPARTMENT OF JUSTICE**, 114 West Edenton Street, Raleigh, NC 27603; William Friedman, **DEPARTMENT OF JUSTICE**, 450 Fifth Street Northwest, Washington, DC 20530, for Plaintiff State of North Carolina.

Elizabeth R. Odette, James W. Canaday, Katherine Moerke, and Sarah Doktori, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 600, Saint Paul, MN 55101; Daniel Lynch and Scott Ethan Bowers, **TENNESSEE ATTORNEY GENERAL'S OFFICE**, P.O. Box 20207, Nashville, TN 37202; William Friedman, **DEPARTMENT OF JUSTICE**, 450 Fifth Street Northwest, Washington, DC 20530, for Plaintiff State of Tennessee.

Elizabeth R. Odette, James W. Canaday, Katherine Moerke, and Sarah Doktori, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 600, Saint Paul, MN 55101; William Friedman, **DEPARTMENT OF JUSTICE**, 450 Fifth Street Northwest, Washington, DC 20530, for Plaintiff State of Minnesota.

Katherine Moerke, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 600, Saint Paul, MN 55101; Obinna Iloani, Paige Etherington, and William Shieber, **TEXAS OFFICE OF THE ATTORNEY GENERAL**, 300 West Fifteenth Street, Seventh Floor, Austin, TX 78701; William Friedman, **DEPARTMENT OF JUSTICE**, 450 Fifth Street Northwest, Washington, DC 20530, for Plaintiff State of Texas.

Katherine Moerke, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 600, Saint Paul, MN 55101; Marie W. L. Martin, **UTAH OFFICE OF THE ATTORNEY GENERAL**, 350 North State Street, Salt Lake City, UT 84114; Matthew Alan Michaloski, **UTAH OFFICE OF THE ATTORNEY GENERAL**, 160 East 300 South, Fifth Floor, P.O. Box 140830, Salt Lake City, UT 84114; William Friedman, **DEPARTMENT OF JUSTICE**, 450 Fifth Street Northwest, Washington, DC 20530, for Plaintiff State of Utah.

Peter H. Walsh, **HOGAN LOVELLS US LLP**, 80 South Eighth Street, Suite 1225, Minneapolis, MN 55402; Justin Bernick, Liam Phibbs, Olga Fleysh, and William Leitzsey Monts, III, **HOGAN LOVELLS US LLP**, 555 Thirteenth Street Northwest, Washington, DC 20004, for Defendant.

The United States and six individual states (collectively, "Plaintiffs") brought this antitrust action against Defendant Agri Stats, Inc. ("Agri Stats") alleging an information-exchange conspiracy with major U.S. broiler chicken, pork, and turkey processors. The Court denied Agri Stats' motion to transfer and alternative motion to dismiss. The case progressed to discovery, which created the dispute now before the Court. Agri Stats filed a motion to compel a response to an interrogatory, which Magistrate Judge John F. Docherty denied. Agri Stats appeals that denial. Because the Magistrate Judge did not clearly err, the Court will affirm the Magistrate Judge's order denying Agri Stats' motion to compel a response to Agri Stats' Interrogatory No. 5.

## BACKGROUND

The Court described the underlying factual and procedural background of Plaintiffs' claims in its order denying Agri Stats' motion to transfer and motion to dismiss. *United States v. Agri Stats, Inc.*, No. 23-3009, 2024 WL 2728450, at *1–2 (D. Minn. May 28, 2024). Here, the Court will only summarize the background relevant to the instant appeal of Agri Stats' motion to compel.

Agri Stats operates a subscription and consulting service for major meat processors. *Id.* at *1. Rudimentarily, Agri Stats' subscription service collects data from its

subscribers, compiles that data into reports, and distributes those reports to subscribers. *Id.* Agri Stats also advises subscribers on how to use those reports. *Id.*

Agri Stats reports are central to the underlying conspiracy claims and thus central to discovery. Agri Stats served its first set of interrogatories on Plaintiffs on August 1, 2024, which included the following Interrogatory No. 5:

> Identify each specific data field or column in any Agri Stats or EMI reports that you contend contain competitively sensitive information, the disclosure of which you contend has resulted or will result in harm to competition or consumers.

(Decl. of Justin W. Bernick ("Bernick Decl.") ¶ 3, Ex. 1 at 8,[1] Jan. 23, 2025, Docket No. 190.) Plaintiffs responded to Interrogatory No. 5 with roughly two pages of explanation. (*Id.* ¶ 4, Sealed Ex. 2 at 13–15.) In their explanation, Plaintiffs made objections to the interrogatory and explained that their claims surrounding the sharing of competitively sensitive information do not rest only on certain data fields in Agri Stats reports but rather allege that the information can be used in conjunction with other Agri Stats information. (*Id.* at 13.) Plaintiffs also provided two examples of how the Agri Stats data could be used. (*Id.* at 13–15.) Plaintiffs concluded their response by arguing that the interrogatory seeks premature expert discovery analyzing the specific data points in Agri Stats reports. (*Id.* at 15.)

---

[1] All page number citations refer to ECF pagination.

The parties met and conferred on several occasions regarding Interrogatory No. 5. (Bernick Decl. ¶¶ 5–11, Exs. 3–9.)  Both parties rested on their initial positions—Plaintiffs refused to provide any additional examples of data fields they considered to share competitively sensitive information, and Agri Stats continued to demand that information.  (*Id.*)

Unable to reach an informal resolution, Agri Stats filed a motion to compel a response to Interrogatory No. 5.  (Mot. Compel, Jan. 23, 2025, Docket No. 182.)  The Magistrate Judge held a hearing and subsequently denied Agri Stats' motion to compel, concluding that "Plaintiffs' original response to Agri Stats' Interrogatory No. 5 [was] adequately responsive."  *United States v. Agri Stats, Inc.*, No. 23-3009, 2025 WL 553615, at *1 (D. Minn. Feb. 19, 2025).

Agri Stats appeals the Magistrate Judge's order.  (Appeal/Obj. Magistrate Judge Decision, Mar. 5, 2025, Docket No. 274.)

## DISCUSSION

### I.    STANDARD OF REVIEW

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act.  28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2). The standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential.  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).  The Court will reverse such an order only if it is clearly erroneous or contrary to law.  *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn.

LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation omitted).

## II.    ANALYSIS

The Magistrate Judge denied Agri Stats' motion to compel because he determined that Plaintiffs' original interrogatory answer was adequately responsive. Agri Stats argues that the Magistrate Judge clearly erred for several reasons, but none of Agri Stats' arguments demonstrate clear error.

First, Agri Stats argues that Plaintiffs had a duty to supplement their response when they became aware of additional data fields that allegedly contain competitively sensitive information and that the Magistrate Judge's failure to consider this violation constitutes clear error. Rule 26(e) of the Federal Rules of Civil Procedure requires a party to supplement interrogatory responses if "the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A). But Plaintiffs have maintained that their claims do not rest on specific data fields but rather the unique combination of Agri Stats information and services. The Magistrate Judge considered that position and did not find the original answer to Interrogatory No. 5 to be

-6-

inadequate. Further, the Magistrate Judge specifically addressed Agri Stats' perceived harm without a supplemental response, namely the inability to conduct adequate discovery and the issue of fair notice of the allegedly violative conduct, and found no harm to Agri Stats. While the Magistrate Judge may not have used the specific words of Rule 26, the hearing transcript certainly shows that he considered the obligation to supplement and found it unnecessary. That analysis does not constitute clear error.

Second, Agri Stats argues that the Magistrate Judge sua sponte amended the interrogatory and then provided an answer on behalf of Plaintiffs.[2] In reality, though, the Magistrate Judge asked clarifying questions based on his understanding of the parties' arguments from the briefing. Then, he reached the conclusion that Plaintiffs' original answer was sufficient. No amended response was proffered or accepted; the original response stands. The Magistrate Judge did not clearly error by asking the parties clarifying questions at oral argument.

Third, Agri Stats argues that the Magistrate Judge's order is contrary to law because he found Plaintiffs' response sufficient despite the fact that the data was described as "problematic" as opposed to "competitively sensitive." True, the Magistrate Judge used the term problematic in the hearing and in his order, but Plaintiffs did not use

---

[2] Agri Stats seems to take the position that the answer the Magistrate Judge provided on behalf of the United States would not apply to the other Plaintiff States. Because there exists no amended interrogatory or answer, the original response to Interrogatory No. 5, which the Plaintiff States incorporated by reference, remains for all Plaintiffs.

that term in their interrogatory response.  Indeed, Plaintiffs mirrored the "competitively sensitive" language from the interrogatory.  So, the Magistrate Judge's use of the word problematic has no bearing on whether Plaintiffs' original response was sufficient, and accordingly, does not constitute clear error.

Fourth, Agri Stats argues that the Magistrate Judge erred when he failed to require Plaintiffs to memorialize their amended answer in writing.  Rule 33(b) requires that each interrogatory be "answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  But the Magistrate Judge found Plaintiffs' original answer sufficiently responsive.  So, there was no amended answer and Rule 33(b) was satisfied by Plaintiffs' original answer.  The Magistrate Judge did not clearly err by not requiring that Plaintiffs put a non-existent amended answer in writing.

While Agri Stats may not have gotten the response it desired from Plaintiffs, the Magistrate Judge did not clearly err in determining that Plaintiffs' original response to Interrogatory No. 5 was adequate.  Agri Stats' arguments misconstrue Plaintiffs' claims, Plaintiffs' interrogatory response, and the Magistrate Judge's order.  Plaintiffs' claims, as pleaded, allege that the information in Agri Stats reports in conjunction with its other services constitute the sharing of competitively sensitive information among competitors. (2nd Am. Compl. ¶ 28, Nov. 15, 2023, Docket No. 50.)  As much as Agri Stats would like to place the anticompetitive allegations on the shoulders of one specific data field, the explicit text of Plaintiffs' claims contradicts Agri Stats' theory.  Plaintiffs clarified the

nature of their claims in their response to Agri Stats' interrogatory. And Plaintiffs informed Agri Stats that it was essentially impossible to provide a list of data fields that constituted competitively sensitive data because it required specific analysis on how the data was being used. The Magistrate Judge found Plaintiffs' original response sufficient. The Court agrees and will affirm the Magistrate Judge's order denying Agri Stats' motion to compel.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Appeal/Objection of Magistrate Judge Decision [Docket No. 274] is **OVERRULED**, and the Magistrate Judge's Order on Motion to Compel [Docket No. 222] is **AFFIRMED**.


DATED: June 3, 2025
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM
                                        United States District Judge