# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA, *et al.*,

    *Plaintiffs*,

v.

AGRI STATS, INC.,

    *Defendant*.

Case No.: 0:23-cv-03009-JRT-JFD

**DEFENDANT AGRI STATS' OPPOSITION TO PLAINTIFFS'
MOTION FOR A STAY OF LITIGATION IN LIGHT OF UNITED STATES
<u>GOVERNMENT LAPSE OF APPROPRIATIONS</u>**

Plaintiff the United States of America's (the "Government") motion ("Motion") seeks an indefinite stay of this case because Congress has failed to appropriate funds for the Department of Justice. The Government's request comes after Agri Stats has endured nearly a decade of litigation threatening the company's survival. Agri Stats has explained to this Court repeatedly that it needs timely resolution of the litigation, which is why an aggressive case schedule exists. Agri Stats recognizes the circumstances in which the Government finds itself, but the specific stay it seeks is unnecessary and would prejudice Agri Stats. The Government asks only to stay deadlines for opposition and reply briefs related to motions that *already have been filed*. Such a stay would give the Government a tactical advantage by giving it extra time to prepare its opposition to Agri Stats' summary judgment motion and its reply memorandum in support of its own motion to exclude certain opinions of Agri Stats' expert. As lamentable as the shutdown may be, its practical operation should not burden litigants whom the Government has sued. The pending motions may well decide the existence of this case, and the Government should complete the briefing so that there is no delay in their resolution. This is particularly true given that there are six additional plaintiffs—Minnesota, California, North Carolina, Tennessee, Texas and Utah—that are more than capable of completing the briefing on these motions, and there is no argument by the United States that they lack the resources necessary to do so. The Court should deny Plaintiffs' Motion subject to revisiting the issue after briefing on the pending motions is complete

## BACKGROUND

As noted in its Memorandum of Law in support of summary judgment, Agri Stats has been the subject of government investigations and private litigation for 15 years, Dkt. No. 394 at 6–7, spending significant sums to comply with onerous Civil Investigative Demands and defending itself in several class action lawsuits that could bankrupt the company. *After* Agri Stats won summary judgment on the same information-exchange theory the Government asserts here on the *only* protein for which Agri Stats continues to offer benchmarking services, the Government filed this case.

Agri Stats has repeatedly told both the Government and Court that it wants a speedy resolution of the litigation pending against the company. Dkt. No. 254 at 19 ("Agri Stats has been litigating for years and simply wants to get to trial on the date that it bargained for"). This Court has consistently maintained deadlines that would finish dispositive motions by the end of this year. Agri Stats filed its motion for summary judgment two weeks ago. Dkt. Nos. 392–99. The Government's opposition is due in *one week*. Resolution of that motion will decide whether any claims remain for trial. Dkt. No. 394 at 28. Also pending are motions filed by both *all Plaintiffs* and Agri Stats seeking to exclude certain expert testimony. Dkt. Nos. 370, 400. Resolution of these motions will significantly affect the outcome of these proceedings, including the scope of any trial, should one be necessary.

The Government proposes only to stay deadlines for Opposition and Reply briefs on the pending summary judgment motion and motions to exclude expert testimony (the "Pending Motions"). Dkt. Nos. 370. 392, and 400. In response to the Government's

2

request for consent to this Motion, Agri Stats informed the Government that it "would be open to a compromise that allows the parties to fully brief the pending motions, but believe it would be inappropriate and prejudicial to halt briefing on pending motions midstream, especially given that six of the plaintiffs are not shut down." Bernick Decl. Ex. 1. Neither the Government's request for consent nor its motion explains why it cannot complete briefing on the pending motions, particularly given that six sovereign states are also plaintiffs here and have asserted the same claims.

## LEGAL STANDARD

Motions to stay lie "within a district court's broad discretion when doing so is appropriate to control its docket." *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1007 (D. Minn. 2018). "[F]actors relevant to a district court's determination . . . include docket control, conservation of judicial resources, and facilitation of the just determination of cases pending before the court." *Id.* A court must "'weigh competing interests' including potential prejudice or hardship to either party, as well as judicial economy," and "the party seeking the stay 'must make out a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay will cause damage to someone else." *Gould v. Farmers Ins. Exchange*, 326 F.R.D. 530, 531 (E.D. Mo. 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

## ARGUMENT

The Government's requested stay should be denied for several reasons.

*First*, denial is the most efficient outcome for *all parties* while ensuring the timely administration of justice. Under the current schedule the pending motions will be fully

3

briefed by October 22, 2025. The Government suffers no prejudice completing its opposition brief on the summary judgment motion, which is undoubtedly now well underway. To do otherwise would prejudice Agri Stats by effectively granting the Government additional time to oppose the motion.

*Second*, absent from the Government's Motion is any argument that it lacks the resources to complete the briefing on the pending motions. Notably, the Government made a similar motion to stay today in another pending major antitrust case, *see United States, et al. v. Live Nation Entertainment, et al.*, No. 1:24-cv-3973-AS (S.D.N.Y), Dkt. No. 651, and the Court promptly denied the motion because the Government has the resources to proceed. *Id.* Dkt. No. 652. Similarly, the Government moved to stay the ongoing remedies trial in another significant antitrust case, *United States, et al. v. Google LLC*, but there as well, its motion to stay proceedings was denied. No. 1:23-cv-108-LMB (E.D. Va.), Dkt. No. 1781. So too here—the Government has not argued that it could not complete the briefing on schedule if the requested stay is denied. In fact, the Government concedes the opposite—that "the Government will continue to proceed on the current schedule and will continue to work in accord with all current deadlines" if the requested stay is denied. Dkt. No. 410 ¶ 4.

*Third*, not only does the Government still have the resources to proceed, so do the other six Plaintiffs. Six sovereign states have joined this case. While, as the Motion notes, "Department of Justice attorneys and employees are prohibited from working," Dkt. No. 410 ¶ 4, nothing stops the attorneys and employees of the six states from doing so. The Government does not address this issue, nor explain why the Department of Justice's lack

4

of resources has any effect on the resources available to Minnesota, California, North Carolina, Tennessee, Texas and Utah to complete briefing on these outstanding motions. *All* plaintiffs must oppose Agri Stats' summary judgment motion, and *all* plaintiffs moved to exclude certain opinions of Agri Stats' expert. If the Government cannot complete the briefing on the pending motion, the other Plaintiffs can do so.

*Fourth*, not only do the Government and six other Plaintiffs have the *resources* to complete briefing on the pending motions, they also have the *legal obligation* to do so under the statute cited in their Motion should their requested stay be denied. *See, e.g.*, *Kornitzky Grp., LLC v. Elwell*, 312 F.3d 637, 638–39 (D.C. Cir. 2019) (Srinivasan, J., concurring) (if a court denies a motion to stay "and adheres to its existing schedule," 31 U.S.C. § 1342 requires that "the Government will comply with the court's order," because such an order "constitute[s] express legal authorization for the activity to continue within the meaning of § 1342"); *see also id.* ("when federal appropriations lapsed in 2013 . . . the court received Government motions to stay oral argument in at least sixteen cases" and "every one of these motions was denied"); *Air Transport Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019) (per curiam) (denying motion for stay of the briefing schedule based on lapse of appropriations).

*Fifth*, granting a stay would prejudice Agri Stats. A stay would give the Government and the other plaintiffs an effective unilateral extension—of indefinite duration—to oppose Agri Stats' summary judgment motion or reply in support of their motion to exclude certain expert opinions. A stay would then hamstring Agri Stats unfairly by holding it to a 14-day deadline on the reply memorandum in support of its summary judgment motion. And a

5

CASE 0:23-cv-03009-JRT-JFD   Doc. 414   Filed 10/01/25   Page 7 of 8

stay would delay indefinitely resolution of the dispositive motions, which would then have a knock-on effect on this litigation generally, the overhang of which is causing serious ongoing harm to Agri Stats and its operations.

*Finally*, as Agri Stats made clear to the Government, it is willing to accommodate the issues that the funding uncertainty has caused. Agri Stats acknowledges that the Government has often led this litigation and would likely take a lead role were there a trial. But those considerations need not delay completion of the briefing that the Government seeks to stay. This Court may, and should, order completion of the briefing on the pending motions. The funding uncertainty may resolve itself in the intervening time, and if not, then the Court may revisit the issue of whether a stay is necessary as to further case deadlines without prejudice to any party.

## CONCLUSION

For the foregoing reasons, Agri Stats requests that the Court deny the Government's Motion to For a Stay of Litigation in light of United States Government Lapse of Appropriations, or in the alternative to impose any stay after the pending motions are fully briefed on the current schedule.

Dated: October 1, 2025

Respectfully submitted,

*/s/ Justin W. Bernick*
Justin W. Bernick
William L. Monts III
Liam E. Phibbs
Holden A. Steinhauer
**HOGAN LOVELLS US LLP**
555 13th Street, NW

6

Washington, DC 20004
(202) 537-5600
justin.bernick@hoganlovells.com
william.monts@hoganlovells.com
liam.phibbs@hoganlovells.com
holden.steinhauer@hoganlovells.com

Peter H. Walsh
**HOGAN LOVELLS US LLP**
80 South 8th Street, Ste. 1225
Minneapolis, MN 55402
(612) 402-3017
peter.walsh@hoganlovells.com

*Counsel for Defendant Agri Stats, Inc.*