## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA et al, <br><br> Plaintiffs, <br><br> v. <br><br> AGRI STATS, INC., <br><br> Defendant. | Case No. 23-CV-3009 (JRT/JFD) <br><br> **ORDER ON MOTION TO STAY** |

This matter is before the Court on the United States' Motion to Stay Litigation (Dkt. No. 410). The Motion is prompted by a lapse in appropriations, commonly called a government shutdown, which suspended funding for the United States Department of Justice as of the end of the day on September 30, 2025. Counsel for the United States has represented that "Department of Justice attorneys and employees are prohibited from working" on this case until funding is restored to the Department, pursuant to 31 U.S.C. § 1342. (Mot. ¶ 2, Dkt. No. 410.) The United States seeks an indefinite pause, with the litigation schedule to restart upon the resumption of Congressional appropriation of funds to the Department.

"The Court has the inherent power to stay proceedings of an action to control its docket, to conserve judicial resources, and to ensure that each matter is handled 'with economy of time and effort for itself, for counsel, and for litigants.'" *Hudock v. LG Elecs. U.S.A., Inc.*, No. CV 16-1220 (JRT/KMM), 2020 WL 5849204, at *1 (D. Minn. Oct. 1,

2020) (quoting *4Brava, LLC v. Sachs*, No. 15-CIV-2744 (JRT/DTS), 2018 WL 2254568, at *2 (D. Minn. May 17, 2018)). The Court will weigh the competing interests of the parties, including the hardship or inequity a party may suffer if a stay is granted or denied. *Id*.

Agri Stats objects to a stay, characterizing the Motion as an attempt to gain "a tactical advantage by giving [the United States] extra time to prepare its opposition to Agri Stats' summary judgment motion and its reply memorandum in support of its own motion to exclude certain opinions of Agri Stats' expert." (Def.'s Mem in Opp. 2, Dkt. No. 414.) While the Court recognizes the inconvenience of the lapse in appropriations to all parties, it finds that a stay is necessary to preserve the interests of justice and judicial economy and that the prejudice Agri Stats fears can be mitigated without denying the Motion.

Agri Stats points to two cases from other district courts who have denied similar motions this week, in the wake of the lapse in appropriations for the Department of Justice: *United States, et al. v. Live Nation Entertainment, et al.*, No. 1:24-cv-3973-AS (S.D.N.Y) and *United States, et al. v. Google LLC*, No. 1:23-cv-108-LMB (E.D. Va.). In *Live Nation Entertainment*, the court denied the motion from the bench in a virtual hearing for which no transcript is available. *See Live Nation Entertainment, et al.*, No. 1:24-cv-3973-AS (S.D.N.Y) (Dkt. No. 652). The motion in *Google* was similarly denied from the bench without detailed reasoning, but the context of that motion makes it clearly distinguishable from the motion in this case. The motion in *Google* was made on day 9 of a trial on

2

remedies in that case. *See Google*, No. 1:23-cv-108-LMB (E.D. Va.) (Dkt. No. 1781). It was reasonable to deny a stay when the request came mid-trial.

Here, the parties are in the midst of briefing dispositive motions to be heard by Judge Tunheim, the District Judge assigned to this case. A hearing on those motions has not yet been noticed for a specific date, and without a hearing date, there is nothing for a stay to delay, beyond briefing deadlines. The United States requests the following deadline changes:

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Plaintiffs' Opposition to Defendant's Motion for Summary Judgment | October 8, 2025 | 7 days after the Court lifts the stay |
| Defendant's Opposition to Plaintiffs' *Daubert* Motion | October 8, 2025 | 7 days after the Court lifts the stay |
| Defendant's Reply in Support of its Motion for Summary Judgment | October 22, 2025 | 14 days after the Court lifts the stay |
| Plaintiffs' Reply in Support of its *Daubert* Motion | October 22, 2025 | 14 days after the Court lifts the stay |

Agri Stats's chief argument is that granting this motion would unfairly give Plaintiffs more time to work on the briefing it has coming due, but that argument is unconvincing given the law governing lapses in appropriations. The Department of Justice is asking for a stay because it cannot work on the case during a shutdown. By granting the stay, the Court is putting work on this case by the United States on pause, making it a violation of 31 U.S.C. § 1342 (and now, an order of this Court) for Department of Justice and other federal government executive branch employees to work on this case at all. Accordingly, the prejudice Agri Stats alleges simply cannot materialize. On the other hand,

3

denial of this motion could require Department of Justice employees to work on this case without pay, in the hopes of receiving back pay after new appropriations are passed into law.

The Court grants the United States' Motion, with two minor adjustments. First, this stay will lift automatically upon the effective date of any restoration of appropriations for the Department of Justice, to prevent delay that would result from a letter notifying the Court of such restoration and an order lifting the stay. The lapse in appropriations is being extensively covered in the press and the re-opening of the government will be well known without the need to wait for the formality of a letter from the Justice Department. Second, while the Court believes that entering this stay order means, under the law applicable to working during a lapse in appropriations, that DOJ attorneys may not work on these briefs, to eliminate any possibility of Agri Stats suffering prejudice the Court will order that attorneys for the federal government and members of their staffs may not work on this case or other matters relating to Agri Stats during the stay.

## CONCLUSION

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The United States' Motion to Stay Litigation (Dkt. No. 410) is **GRANTED**;
2. This matter is **STAYED as described above**;
3. The stay in this matter will be lifted automatically upon the resumption of funding for DOJ;

4. Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment is due **7 days after Department appropriations are restored**;

5. Defendant's Memorandum in Opposition to Plaintiffs' *Daubert* Motion is due **7 days after Department appropriations are restored;**

6. Defendant's Reply in Support of its Motion for Summary Judgment is due **14 days after Department appropriations are restored**; and

7. Plaintiffs' Reply in Support of its *Daubert* Motion is due **14 days after Department appropriations are restored.**

Date: October 3, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

5