

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

December 2, 2025

The Honorable John R. Tunheim
United States District Court
300 South Fourth Street
Minneapolis, MN 55415
tunheim_chambers@mnd.uscourts.gov

Re: *United States et al. v. Agri Stats, Inc.*, No. 23-cv-03009-JRT-JFD

Dear Judge Tunheim:

With permission from the Court, Plaintiffs in the above-captioned case ("Government Plaintiffs") write regarding the trial schedule in the related case *In re Pork Antitrust Litig.*, No. 18-cv-1776-JRT-JFD, and respectfully request that the *United States v. Agri Stats* case be considered for the May 4, 2026 trial date the Court has set in *In re Pork*.

Government Plaintiffs have reviewed the transcript of this Court's November 4, 2025 status conference in *In re Pork* during which the Court suggested that "a consultation with the Department of Justice is probably necessary" and that the parties in *Agri Stats* should be "at the table as well to coordinate." Nov. 5, 2025 Hr'g Tr. at 30:12-19. Government Plaintiffs are aware that the Court issued an order on November 19, 2025 setting a May 4, 2026 trial in *In re Pork* and that the parties to that litigation filed a joint submission on December 1, 2025 regarding a proposed pretrial schedule. *In re Pork*, ECF Nos. 3216 and 3223.

Government Plaintiffs agree with the Court's November 4 suggestion and respectfully request to be included in trial scheduling discussions so the Court may consider how the schedule for this government enforcement action may relate to any private action. *See, e.g.*, *Texas v. Penguin Grp. (USA) Inc.*, 2013 WL 1759567, at *2 (S.D.N.Y. Apr. 24, 2013) (discussing need to consider how government enforcement actions may influence private actions when considering case schedules); *In re Elec. Books Antitrust Litig.*, 2014 WL 1642813, at *3 (S.D.N.Y. Apr. 24, 2014) (recognizing priority of federal enforcement actions).

Government Plaintiffs look forward to discussing their request for a May 2026 trial date with the Court during the December 12 status conference scheduled in *Agri Stats*. As a preview, Government Plaintiffs believe scheduling a trial in *Agri Stats* before any trial in *In re Pork* is practical and necessary for multiple reasons.

1

*First*, there is a strong public policy interest in urgent resolution of government antitrust enforcement actions. Section 4 of the Sherman Act instructs that "in antitrust actions commenced by the Government, 'the court shall proceed, as soon as may be, to the hearing and determination of the case.'" *Penguin Grp. (USA) Inc.*, 2013 WL 1759567, at *2 (quoting 15 U.S.C. § 4). With this language, Congress expressed "a clear public policy" favoring "prompt resolution of Government antitrust claims to provide expeditious relief to the public." *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 145 (D. Del. 1999) (discussing 28 U.S.C. § 1407(g)); *United States v. Google LLC*, 661 F. Supp. 3d 480, 490 (E.D. Va. 2023). The Court recognized this principle in its May 17, 2024 order denying Agri Stats' motion for a stay:

> The United States, unlike private plaintiffs who seek damages, has the responsibility of protecting the public from anticompetitive behavior by seeking speedy injunctive relief when it finds a violation of antitrust law. . . . 15 U.S.C. § 4 makes it the "duty of the several United States attorneys, in their respective districts, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations" of the Sherman Act. The federal courts, for their part, are expected to "proceed, as soon as may be, to the hearing and determination" of these cases and maintain the power to issue just orders to prevent unlawful conduct during the pendency of the suit. 15 U.S.C. § 4. Congress recognizes "the primacy of antitrust enforcement actions brought by the United States, and that such actions are of special urgency and serve a different purpose than private damages suits because they seek to enjoin ongoing anticompetitive conduct."

ECF No. 117 at 14 (quoting *Dentsply*, 190 F.R.D. at 144–45).

*Second*, resolution of Government Plaintiffs' claims in *Agri Stats* is particularly urgent because Agri Stats' conduct in the broiler chicken market is ongoing. Americans are suffering from high protein prices—a pressing issue affecting the public and recognized at all levels of the government—and resolution of Government Plaintiffs' claims against Agri Stats is critical to address this issue. Private plaintiffs' claims will not address any of Agri Stats' ongoing conduct in the broiler chicken market.

*Third*, proceeding to trial first in *Agri Stats* presents at least two potential efficiencies:

(1) Although this enforcement action involves three proteins, this action presents only a single theory of liability against a single defendant and involves no damages considerations, which means it will be a "streamlined trial" with a "narrower focus" than the *In re Pork* trials. *See In re Elec. Books*, 2014 WL 1642813, at *4; *Dentsply*, 190 F.R.D. at 145.

(2) 15 U.S.C. § 16(a) makes a judgment in favor of the government available for use in a private suit as *prima facie* evidence for injured competitors or customers, which may reduce the scope of evidence necessary in subsequent private *In re Pork* trials and "promotes judicial efficiency by fostering settlement." *Dentsply*, 190 F.R.D. at 145 (citing 15 U.S.C. § 16(a)).

Further, private plaintiffs in *In re Pork* are primarily interested in recovering damages for injuries already suffered. Any delay caused by moving the *Agri Stats* trial ahead of the private litigations would have no impact on that relief.

*Fourth*, Agri Stats will not be prejudiced, as Agri Stats has repeatedly—and as recently as in Agri Stats' opposition to Plaintiffs' motion to stay in early October 2025—insisted that Agri Stats is interested in a quick trial in the government enforcement suit. *See, e.g.*, ECF No. 169 at 3 ("Agri Stats has consistently told Plaintiffs that it wants this case tried in 2025 if the Court's schedule permits."); ECF No. 254 at 19 ("Agri Stats has been litigating for years and simply wants to get to trial on the date that it bargained for, instead of waiting . . . to vindicate its rights."); ECF No. 414 at 1 ("Agri Stats has explained to this Court repeatedly that it needs timely resolution of the litigation, which is why an aggressive case schedule exists."); *id.* at 2 ("Agri Stats has repeatedly told both the Government and Court that it wants a speedy resolution of the litigation pending against the company.").

*Finally*, Agri Stats has expressed the belief that it has a Seventh Amendment right to have the liability issues that overlap between *Agri Stats* and *In re Pork* tried to a jury. But this argument has been squarely rejected by the Supreme Court in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 335–36 (1979). An equitable determination can have collateral-estoppel effect in a subsequent legal action without violating the Seventh Amendment. *Id.*; *see* 15 U.S.C. § 16.

Government Plaintiffs will be prepared to discuss this matter during the December 12 status conference scheduled in *Agri Stats* and would welcome the opportunity to make a written submission at the Court's convenience, including in advance of that hearing. Government Plaintiffs intend to communicate with the parties in *In re Pork* to determine if the various parties can come to agreement on the most efficient sequencing of the trials.

           Respectfully,

           */s/ Mark H.M. Sosnowsky*
           Mark H.M. Sosnowsky
           Senior Litigation Counsel
           United States Department of Justice,
           Antitrust Division
           450 Fifth Street, NW, Suite 8000
           Washington, DC 20530
           Mark.Sosnowsky@usdoj.gov
           Telephone: (202) 812-4723

           *Counsel for Plaintiff United States of America*

           */s/ Katherine A. Moerke*
           Katherine A. Moerke
           Assistant Attorney General
           Minnesota Office of the Attorney General

445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2130
katherine.moerke@ag.state.mn.us
Telephone: (651) 757-1288

*Counsel for State of Minnesota and*
*Local Counsel for States of California,*
*North Carolina, Tennessee, Texas, and Utah*

cc: All counsel of record