**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA, STATE OF
CALIFORNIA, STATE OF NORTH
CAROLINA, STATE OF TENNESSEE, STATE
OF MINNESOTA, STATE OF TEXAS, and
STATE OF UTAH,

                              Plaintiffs,

v.

AGRI STATS, INC.,

                              Defendant.

Civil No. 23-3009 (JRT/JFD)

**MEMORANDUM OPINION &
ORDER DENYING AGRI STATS
INC.'S MOTION TO RECUSE**

---

The United States and six individual states bring this antitrust action against

Defendant Agri Stats, Inc. for an alleged information-exchange conspiracy with major U.S.

broiler chicken, pork, and turkey processors.  Agri Stats has filed a motion to recuse,

arguing that a law clerk who worked on *In re Pork Antitrust Litigation*, Civil No. 18-1776

(D. Minn), had a conflict; that the conflict should be imputed to the judge in that case;

and that the conflict extends to this case because it is related.  Agri Stats' motion to recuse

will be denied because the Court has found that the law clerk had no conflict in *Pork*; even

if the law clerk had a conflict, it would not be imputed to the judge; and, finally, no alleged

conflict extends to this case.

First, the Court has already determined in *Pork* that neither recusal nor vacatur are

required or warranted under 28 U.S.C. § 455(a) or under the Due Process Clause.  *In re*

*Pork Antitrust Litig.*, Civil No. 18-1776, 2025 WL 2840997 (D. Minn. Oct. 7, 2025), *pet. writ.*

*mandamus denied sub nom. In re: Agri Stats, Inc., et al*, No. 25-3091, (8th Cir. Nov. 21,

2025). The Court concluded that the law clerk's work on the *Pork* matter was within the

ethical guidelines. *Id.* at *4–5.

Second, even if the law clerk had been found to have a bias or conflict of interest

in that case—which the Court did not find—disqualification and recusal would **not** be

necessary because a reasonable observer who was fully informed of the facts based on

the record would not question the judge's impartiality. *Id.* at *5–6.

Nevertheless, Agri Stats argues that an "appearance of impropriety" exists in this

separate case because the Court failed "to screen a clerk from assisting the Court with

expert issues [in *Pork*] that overlap with [this matter.]" (Agri Stats' Mem. Supp. Mot.

Recuse at 17-18, May 2, 2025, Docket No. 339.) Agri Stats suggests that if future decisions

by the Court in this case "overlap" with aspects of the Court's rulings in *Pork*, it would

create an "appearance of impropriety." (*See id.*)

The Court rejects this assertion for a number of reasons. As an initial matter, the

law clerk in question did no work for the Court with respect to this case, and has

completed their term as a law clerk with the Court. *See United States v. Martinez*, 446

F.3d 878, 883 (8th Cir. 2006) ("The mere presence of [a law clerk with a conflict] in the

chambers of the district court judge does not give rise to a reasonable question of

impartiality.")

Moreover, "[b]oth bench and bar recognize . . . that judges, not law clerks, make the decisions." *In re Allied-Signal, Inc.,* 891 F.2d 967, 971 (1st Cir. 1989). Accepting Agri Stats' argument that a law clerk who is no longer with the Court could affect the outcome of motions that have not yet been decided would suggest otherwise. "[C]ases are decided by judges, not law clerks," and the relevant motions in this matter will accordingly be decided in due course by the Court based on the judge's discretion and reasoned judgment. *O'Bannon v. Union Pac. R. Co.,* 169 F.3d 1088, 1091–92 (8th Cir. 1999).

It is true that a judge should disqualify himself in any proceeding in which his impartiality might reasonably be questioned "by the average person on the street who knows all the relevant facts of a case." *Martinez*, 446 F.3d at 883 (citation omitted); *see also* 8 U.S.C. § 455(a).[1] However, "recusal must be limited to truly extraordinary cases where . . . the judge's views have become 'so extreme as to display clear inability to render fair judgment[.]'" *Cobell v. Kempthorne*, 455 F.3d 317, 332 (D.C. Cir. 2006) (quoting *Liteky v. United States,* 510 U.S. 540, 551 (1994).

The Court concludes that an average person knowing all the facts here (which are more fully outlined in *Pork*, 2025 WL 2840997) would not question the Court's impartiality. Such a person is more likely to find that the "big picture reveals . . . an

---

[1] *See also* Commentary to Canon 2 of the CODE OF CONDUCT FOR UNITED STATES JUDGES ("An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired.")

experienced district judge who is attempting to efficiently resolve" multiple complex cases, and that the current motion is "a tactical move made by a party who fears a looming adverse decision . . . ." *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1365 (8th Cir. 1996)

Agri Stats' motion to recuse will accordingly be denied.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Agri Stats, Inc.'s Motion to Recuse [Docket No. 337] is **DENIED**.

DATED:  December 4, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge