

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

December 10, 2025

The Honorable John R. Tunheim
United States District Judge
United States District Court for the District of Minnesota
300 South Fourth Street
Minneapolis, MN 55414

**Re: *United States, et al. v. Agri Stats, Inc.*, No. 23-cv-3009-JRT-JFD**

Dear Judge Tunheim:

Agri Stats submits this letter in response to the Government Plaintiffs December 2, 2025, letter in the above-referenced matter and in anticipation of the December 12, 2025, status conference.

Government Plaintiffs ask the Court to reconsider its decision to set a May 4, 2026, trial date in *In re Pork Antitrust Litigation*, C.A. No. 18-cv-1776-JRT-JFD (D. Minn.) ("*Pork*") and instead permit Government Plaintiffs to "leapfrog" the *Pork* plaintiffs and take the May 4 trial date.[1] The Court should reject Government Plaintiffs' request.

As a threshold matter, Government Plaintiffs' case is not nearly trial ready. Agri Stats' summary judgment motion will finally be fully briefed on December 11, and the Court will need time to consider it. The motion is not merely a "do over" of the summary judgment briefing in *Pork*. It raises new issues and will significantly narrow—if not eliminate entirely—the need for trial in this matter. This case seeks to enjoin Agri Stats' conduct in three putative protein markets, even though Agri Stats has not offered reports in two of them for *six years*. Agri Stats cannot restart these programs on its own, and there is no evidence that Agri Stats can obtain the data or customers needed to revive them. As such, this Court lacks subject matter jurisdiction over the pork and turkey claims because there is no case or controversy, and, in any event, there is no conduct to enjoin.

---

[1] Agri Stats does not read Government Plaintiffs' position as requesting to *join* the May 4 *Pork* trial, which would be inappropriate for a variety of reasons, including the fact that Government Plaintiffs only have sued Agri Stats, not the other *Pork* defendants, and the Government Plaintiffs bring claims for turkey and broiler chicken that cannot be tried alongside the *Pork* claims without substantial prejudice to those other *Pork* defendants.

1

This case, therefore, is a broiler chicken action, a subject matter that has not previously been before this Court. Government Plaintiffs have no fact or expert evidence showing that Agri Stats' broiler chicken reports substantially harmed competition either by increasing price or reducing output. In addition, both Agri Stats and Government Plaintiffs filed *Daubert* motions seeking to exclude portions of the parties' respective expert opinions. Briefing on all the pending motions will be complete on December 11, and Agri Stats looks forward to being heard on those motions. Their resolution is necessary to determine what, if any, claims proceed to trial.

In stark contrast, in *Pork*, the Court already has decided all *Daubert* and summary judgment motions (with the exception of Triumph's pending motion for reconsideration), as well as motions seeking to certify the Court's summary judgment for appeal. The Court has noted that *Pork* "has been pending for more than seven years and is now ready for trial. Further delays would not only harm Plaintiffs by again halting trial preparation but would be contrary to the public's interest in the prompt and efficient administration of justice." ECF No. 3219. The Court set a May 4, 2026, trial date for *Pork* for some combination of the claims of Consumer Indirect Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, and Direct Action Plaintiffs. ECF No. 3216. Relying on these rulings, the *Pork* parties have begun trial preparation, including submission of a detailed pretrial schedule. ECF No. 3223. Government Plaintiffs' case is nowhere near *Pork* in terms of trial readiness.

Under these circumstances, allowing *Pork* to languish for months while Government Plaintiffs catch up would be extraordinarily inefficient. But there are numerous other reasons why Government Plaintiffs' case should not—and cannot—proceed first.

**First**, while Agri Stats does not dispute the public interest in antitrust enforcement, the Government Plaintiffs' argument that its case against Agri Stats is so "urgent" that it must skip ahead of cases brought by actual pork buyers *five years earlier* to save those same consumers from "high protein prices" strains credulity. The Government first investigated Agri Stats in 2010. Government Plaintiffs sat on their hands for *thirteen years* and did nothing until Agri Stats prevailed in *In re Broiler Chicken Antitrust Litigation*, C.A. No. 16-cv-8637 (N.D. Ill.) ("*Broilers*") and until four years *after* Agri Stats' pork and turkey reports ceased. To be sure, Agri Stats *does* seek prompt resolution of the claims against the company. In fact, Agri Stats sought to resolve this case under the Court's Expedited Trial procedures, but Government Plaintiffs refused to do so. ECF 97 at 3. And just two months ago, Government Plaintiffs asked the Court to stay their own case when, by their own admission, there was a statutory basis for their case to proceed during the shutdown. ECF No. 410 at 1 (invoking 31 U.S.C § 1342 which permits cases to proceed with court order). Other Government enforcement actions did proceed, but not this one. *See, e.g., United States v. Live Nation Entertainment, Inc.,* ECF No. 652, 1:24-cv-03973-AS (S.D.N.Y. Oct. 1, 2025) (minute order denying motion to stay); *United States v. Google*, 1:20-cv-03010-APM (D.D.C. Oct. 2, 2025) (same). Now, having foregone prior opportunities to *accelerate* their own case, Government Plaintiffs seek to *hold back* the earlier-filed *Pork* cases that are already trial ready. Under such circumstances, Government Plaintiffs' request to delay trial of private claims filed five years earlier under the guise of the public interest in antitrust enforcement is disingenuous.

2

***Second***, as the Court recognized by ensuring that the indirect purchaser classes and direct-action plaintiffs are trial ready by May 4, there is significant efficiency in an early trial that binds as many plaintiffs and defendants as possible. Government Plaintiffs sued only Agri Stats, and therefore resolution of their case, assuming Government Plaintiffs prevailed, would bind only Agri Stats. 15 U.S.C. § 16(a), cited by Government Plaintiffs, only makes a judgment in an enforcement action *prima facie* evidence against the particular defendant in the enforcement action. *Id.* ("A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence *against such defendant* in any action or proceeding brought by any other party *against such defendant.*") (emphasis added). Unlikely as a trial of the Government Plaintiffs' pork claims may be, the Court subsequently would still have to try *Pork* for every defendant other than Agri Stats and likely must try those cases separately. This would not only render a May 4 Government trial ineffective in advancing resolution of the cases on this Court's docket but would potentially spawn an unnecessary additional trial. Presumably, a similar lack of value in a trial involving Agri Stats alone is why the Court declined to order the Direct Purchaser Plaintiff class to proceed to trial on May 4. Eliminating the urgency of a *Pork* trial would inevitably delay resolution of the claims against the other *Pork* defendants through either trial or settlement, with no corresponding benefit.

***Third***, because a Government trial would not bind the *Pork* defendants, there is a significant risk of inconsistent outcomes should the Court reach a conclusion in the Government bench trial that is different than the conclusion reached by the jury in *Pork*. This risk of divergent decisions between the judge and jury—as well as a substantial risk to Agri Stats' Constitutional rights, discussed below—only can be avoided if the *Pork* case proceeds first.

***Fourth***, Government Plaintiffs argue that their trial will be more "streamlined" and that Agri Stats would not be prejudiced by a midstream reversal of the trial plan. Not so. Agri Stats faces a significant burden in preparing for a *Pork* trial limited to a single protein. But the entire *Pork* record is part of the record in Government Plaintiffs' case, along with the entire records in *Broilers* and *Turkey*, plus the additional discovery record compiled in the case—over a decade of discovery with millions of documents, hundreds of depositions, and terabytes of data that are so massive Agri Stats cannot even afford the cost of storing it. Government Plaintiffs' pork and turkey claims should be dismissed. But if they are not dismissed, Government Plaintiffs' trial would be a three-ring circus with a record perhaps more massive than any antitrust case in history. And if they *are* dismissed, a broilers-only Government trial would most efficiently proceed (if at all) once this Court can take into account the Seventh Circuit's pending decision on the *Broilers* appeal. And a broilers-only Government trial would resolve nothing for the *Pork* case that Government Plaintiffs seek to delay. Shifting gears to prepare for such a trial unquestionably prejudices Agri Stats since it will result in further delay and unnecessary burden with no corresponding benefit.

***Fifth***, in addition to being inefficient, deliberately delaying a *jury* trial so that a *bench* trial in a case filed *five years later* may resolve the common issue of Agri Stats' liability would violate Agri Stats' Seventh Amendment rights. No court has ever done such a thing, and this court should not be the first. Government Plaintiffs cite *Parklane Hosiery Co. v. Shore*, but that case merely holds that an "equitable determination can have collateral-estoppel effect in a *subsequent* legal action"—a proposition confirmed by 15 U.S.C. § 16(a) that Agri Stats does not dispute. 439 U.S. 322, 335

3

(1979) (emphasis added). Nothing in *Parklane Hosiery* permits Government Plaintiffs or the Court to *manufacture* collateral estoppel—and thereby deprive Agri Stats of its jury trial right—by staying the trial in a *prior* legal action so the subsequent *equitable* action can resolve liability first.

No court has endorsed Government Plaintiffs' manufactured collateral estoppel approach, but courts have certainly rejected it. For example, in *Abbott GMBH & Co., KG v. Centocor Ortho Biotech, Inc.*, the court recognized that, in *Parklane Hosiery*, "the fact that the equitable action was resolved first was a matter of chance rather than the result of considered judicial discretion." 870 F. Supp. 2d 206, 226 (D. Mass. 2012). As the *Abbott* court noted, the equitable and legal claims at issue in *Parklane Hosiery* were "assigned to different judges." *Id.* at 225. In contrast, when the equitable and legal cases are before the same judge and "it is *within this Court's discretion* to hold the [jury] trial before, after, or concurrently with its [equitable] determination," the Seventh Amendment dictates that the court's discretion "must, wherever possible, be exercised to preserve jury trial." *Id.* (citing *Beacon Theatres, Inc. v. Westover, et al.,* 359 U.S. 500, 510 (1959)). The court held that "the factfinder's function should, if reasonably possible, be performed by a jury," reasoning that "it would be odd if this Court could cut off one party's right to a jury simply by the discretionary manner in which it consolidates and manages [the legal and equitable] actions." *Id.*; *compare Lytle v. Household Mfg., Inc.,* 494 U.S. 545, 552 (1990) ("It would be anomalous to hold that a district court may not deprive a litigant of his right to a jury trial by resolving an equitable claim before a jury hears a legal claim raising common issues, but that a court may accomplish the same result by erroneously dismissing the legal claim.").

Government Plaintiffs rely predominantly on the e-books cases to support their argument that their case should go first but there, unlike here, the defendant "knowingly and intentionally waived a jury determination of liability on the States' claims." *Texas v. Penguin Grp. (USA) Inc.,* No. 11 MD 2293 DLC, 2013 WL 1759567, at *7 (S.D.N.Y. Apr. 24, 2013). Nothing Government Plaintiffs cite permits them to skip the line and get a bench trial ahead of a jury trial in a case filed five years earlier on common liability issues.

Again, Agri Stats shares the Court's goal of proceeding with speed and efficiency. Unfortunately, Government Plaintiffs have undercut that common goal by waiting to bring suit and rejecting opportunities to accelerate their case. Their case is not trial ready, suffers from infirmities that must be resolved on summary judgment, and should proceed to trial—if at all—once the earlier-filed *Pork* case is resolved.

Sincerely,

*/s/ Justin W. Bernick*

Justin W. Bernick
Partner
Hogan Lovells US LLP
justin.bernick@hoganlovells.com
(202) 637-5485