January 16, 2026

The Honorable John R. Tunheim
United States District Court
300 South Fourth Street
Minneapolis, MN 55415
tunheim_chambers@mnd.uscourts.gov

          Re: *United States et al. v. Agri Stats, Inc.*, No. 23-cv-03009-JRT-JFD

Dear Judge Tunheim:

    The parties submit this joint letter seeking the Court's guidance to resolve a dispute about the proper interpretation of the Court's December 16, 2025 Notice & Order, which states, "The parties should prepare for *United States v. Agri Stats* to be tried first unless the Court finds a barrier to such a result in resolving the upcoming motions." ECF 450 at 2. The parties' respective positions are stated below.

    **Plaintiffs' Position**

    Plaintiffs believe the Court's December 16 order plainly directed the parties to prepare for trial so that this case can proceed on May 4. Accordingly, Plaintiffs provided Agri Stats with a draft pretrial schedule on December 22, 2025 along with a request to meet and confer, and further requested to meet and confer about a pretrial schedule on January 5, 2026, and January 6, 2026. It was not until this week that Agri Stats told Plaintiffs for the first time that Agri Stats interpreted the December 16 order to mean that no schedule needs to be negotiated until the Court resolves the pending summary judgment and *Daubert* motions, as well as Agri Stats' Seventh Amendment argument.

    The establishment of a schedule now ensures that the Court retains the option to have this case proceed to trial on May 4, while Agri Stats' proposed delay puts the Court's ordered trial date at risk. This fact appears to be contemplated by the order, which states that the "parties **should prepare** for *United States v. Agri Stats* to be tried first unless the Court finds a barrier to such a result in resolving the upcoming motions." ECF 450 at 2 (emphasis added). Plaintiffs understood the order as instructing the parties to begin preparing for trial now so that this case can proceed first, while acknowledging that the Court may in the future decide on a different result.[1]

---

[1] Agri Stats' position that it cannot prepare for trial while summary judgment is pending is belied by the fact that cases regularly prepare for trial even while summary judgment or other dispositive motions are pending. *See, e.g.*, *United States v. Live Nation Entertainment, Inc.*, 1:24-cv-3973-AS (S.D.N.Y.), ECF 602 (scheduling order contemplating summary judgment briefing completed on Dec. 22, 2025 and a final pre-

1

Given the time that has already passed, Plaintiffs ask that the Court adopt the attached schedule provided to Agri Stats on December 22, 2025 (with only the first few dates modified to reflect the time lapsed since Plaintiffs first sent the proposal to Agri Stats). *See* Plaintiffs' Attachment A. This schedule largely tracks the deadlines negotiated in *In re Pork* while attempting to avoid Agri Stats having deadlines for both cases on the same day. Immediate adoption of this schedule would not prevent the Court from modifying it later should the Court determine that this trial will not proceed on May 4.

Plaintiffs provided Agri Stats with a draft scheduling order for discussion nearly four weeks ago and believe that further negotiations about an appropriate schedule will only delay these proceedings. Agri Stats had ample time to engage in negotiations over a schedule or promptly alert Plaintiffs that it did not read the Court's order as requiring the parties to prepare for trial. It did neither. Nevertheless, if the Court determines that it will provide additional time for negotiations, Plaintiffs ask that the Court provide a date certain (within three business days of its decision) by which the parties must provide a mutually agreed upon schedule or competing proposals.

**Defendant's Position**

Agri Stats did not understand the Court's December 16, 2025, Order to require the parties to agree upon a pretrial case schedule at this time—a step the Order indicated would be premature until resolution of Agri Stats' summary judgment and Seventh Amendment arguments. *See* Dkt. No. 450.

The Court set a trial date in *Pork* for May 4, 2026. *See In re Pork Antitrust Litigation,* No. 18-cv-1776-JRT-JFD, Dkt. No. 3216 (D. Minn. Nov. 19, 2025). The Court further ordered the parties in *Pork* to "meet and confer and . . . provide a joint submission regarding a proposed pretrial schedule." *Id.* After the parties in *Pork* submitted a proposed pretrial schedule, Government Plaintiffs argued that their case should be tried before *Pork*. Dkt. No. 436 at 2. Agri Stats raised a number of objections to the Government Plaintiffs' request, including that it would violate Agri Stats' Seventh Amendment jury-trial rights. *See* Dkt. No. 439. Following a December 12, 2025, status conference, the Court requested briefing on the Seventh Amendment issue. Dkt. No. 450 at 2. The Court advised that only after considering this "additional briefing" and resolving Agri Stats' pending motion for summary judgment, would it "make a final determination on whether *United States v. Agri Stats* should be set for trial on May 4, 2026." *Id.*

Against this backdrop, Agri Stats understood the Court's statement that "[t]he parties should prepare for *United States v. Agri Stats* to be tried first **<u>unless</u> the Court finds**

---

trial conference to include a Joint Pretrial Order and other pre-trial submissions on February 13, 2026).

2

***a barrier to such a result in resolving the upcoming motions***" was contingent on the Court's rulings on the summary judgment and Seventh Amendment issues—not ordering the parties to submit a pretrial schedule at this time. *Id.* (emphasis added). The Court did not order Agri Stats and Government Plaintiffs to meet and confer on a pretrial schedule, in contrast to the Court's order in *Pork*. *Id.*; *cf. Pork* Dkt. No. 3216 at 3. Agri Stats therefore viewed the Government Plaintiffs' outreach concerning a pretrial schedule as premature and something that the Court might take up at the January 13, 2026, hearing, as necessary. Only when Government Plaintiffs raised the issue *following* the January 13, 2026, hearing did Agri Stats understand that Government Plaintiffs believed the Court had *ordered* the parties to agree upon a pretrial schedule.

It would be inefficient for the parties to begin pretrial preparations prior to resolution of the summary judgment and Seventh Amendment issues, since the Court's decision could significantly alter the fact and expert evidence necessary at trial, or even eliminate the need for trial entirely. Moreover, requiring a small company like Agri Stats to prepare for four trials against four different sets of potential plaintiffs simultaneously would unfairly and severely prejudice Agri Stats' ability to defend itself against the pending claims and raise significant due process concerns. *Cf.* Dkt. No. 460 at 5–6. Just for example, plaintiffs in *Pork* have served Agri Stats with nearly 1,000 requests for admission under the pretrial schedule adopted by the Court. Adding the Government Plaintiffs' claims to the mix would implicate two additional proteins with correspondingly massive discovery records. Imposing that burden on top of Agri Stats' trial preparation in *Pork* would be inefficient and highly prejudicial. Indeed, as the Court recognized, "unless" Government Plaintiffs' equitable claims survive summary judgment and can, consistent with the Seventh Amendment, proceed ahead of the legal claims at issue in *Pork*, the May 4, 2026, trial date presumably will be for the *Pork* case.

However, if the Court did intend for Agri Stats and the Government Plaintiffs to meet and confer regarding a pretrial schedule, Agri Stats is of course willing to do so. Agri Stats objects to the entry of the Government Plaintiffs' unilaterally proposed schedule.

Respectfully,

| | |
|---|---|
| */s/ Mark H.M. Sosnowsky* | */s/ Justin W. Bernick* |
| Mark H.M. Sosnowsky | Justin W. Bernick |
| Senior Litigation Counsel | Partner |
| Antitrust Division | Hogan Lovells US LLP |
| United States Department of Justice | 555 Thirteen Street, N.W. |
| 450 Fifth Street, NW, Suite 8000 | Washington, D.C. 20004 |
| Washington, DC 20530 | Justin.bernick@hoganlovells.com |
| Mark.Sosnowsky@usdoj.gov | (202) 637-5385 |
| Telephone: (202) 812-4723 | |
| | |
| *Counsel for Plaintiff United States of America* | *Counsel for Defendant Agri Stats, Inc.* |

 */s/ Katherine A. Moerke*
Katherine A. Moerke
Assistant Attorney General
Minnesota Office of the Att'y General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
katherine.moerke@ag.state.mn.us
Telephone: (651) 728-7174

*Counsel for State of Minnesota and
Local Counsel for States of California, North
Carolina, Tennessee, Texas, and Utah*