February 4, 2026

The Honorable John R. Tunheim
United States District Court
300 South Fourth Street
Minneapolis, MN 55415
tunheim_chambers@mnd.uscourts.gov

       Re: *United States et al. v. Agri Stats, Inc.*, No. 23-cv-03009-JRT-JFD

Dear Judge Tunheim:

       Pursuant to the Court's order requiring the parties to "submit a proposed [pretrial] schedule to the Court," ECF 471, the parties submit this joint letter outlining their competing proposals (which are attached as Exhibit A). The parties have met and conferred and have agreed to some aspects of a pretrial schedule. However, some disputes as to the schedule remain. The parties' respective positions regarding those disputes are stated below.

    **Plaintiffs' Position**

       In accordance with the Court's orders, Plaintiffs seek to prepare this case for trial beginning on May 4. Plaintiffs' proposed schedule puts the parties on track for a May 4 trial date by beginning trial preparations now, without further delay. Plaintiffs' proposal largely tracks the sequencing of pretrial tasks that Agri Stats agreed to (and the Court entered) in *In re Pork*, and Plaintiffs' proposal provides meaningful time for the parties to work together to resolve any pretrial disputes should they arise.

       Agri Stats, by contrast, attempts to push off certain pretrial tasks for as long as possible, including by continuing to seek the ability not to prepare for trial *at all* until the Court rules on summary judgment and *Daubert* motions. *See* Ex. A at n.1. That position is both contrary to this Court's previous orders and unnecessary. Parties prepare for trial while summary judgment is pending all the time, and Agri Stats should not seek to impose a false deadline on the Court. Agri Stats' proposal is more likely to result in unnecessary disputes before the Court and potentially puts the May 4 trial date at risk.

       For instance, Plaintiffs propose exchanging witness lists for potential live witnesses on February 20, 2026, while Agri Stats seeks to wait until March 6, 2026 (or later, as Agri Stats continues to seek the ability to delay all deadlines until after the Court rules on summary judgment). An earlier exchange gives the parties more information about which witnesses will be appearing live and which witnesses will appear by designation and provides the parties sufficient time to schedule and take any depositions that may need to take place (for example, if a party puts a witness on the list who was not previously

disclosed and/or deposed in this action). Agri Stats has *already* exchanged witness lists with the plaintiffs in *In re Pork* and should not need until March to provide a similar list here.[1]

Plaintiffs also seek to exchange exhibit lists on February 27, 2026, while Agri Stats seeks to delay that exchange until March 13, 2026 at the earliest.[2] But Agri Stats has also refused to engage with Plaintiffs on a stipulation for authenticating documents, instead telling Plaintiffs that this can only be done on a document-by-document basis *after* the exchange of exhibit lists. And Agri Stats has already confirmed it will not stipulate to the authenticity of any documents produced by third parties. Taken together, these positions have the potential to prejudice Plaintiffs and burden the Court with myriad authenticity disputes. If Agri Stats will not work with Plaintiffs on the front end to resolve potential authenticity disputes, that only reinforces the need to exchange exhibit lists *sooner* rather than later, because the parties may need to obtain authentication certifications, take third-party depositions, and potentially call additional live third-party witnesses at trial to authenticate documents.

Finally, Plaintiffs request a short status conference at the Court's convenience to discuss the pretrial schedule and other trial-related logistics, including an order authorizing nationwide service of trial subpoenas pursuant to 15 U.S.C. § 23. In addition, Plaintiffs believe all parties (and relevant non-parties) would benefit from the Court's guidance concerning the following issues: (i) the use of deposition designations in lieu of live witness testimony for certain witnesses; (ii) whether deposition designations should be read or played by video at trial or submitted into evidence on paper; (iii) an orderly process for addressing confidentiality issues; (iv) authentication of documents produced by non-parties; and (v) any other relevant logistical information that will ensure an efficient trial in this matter. Plaintiffs will meet and confer with Agri Stats in advance of any conference on these issues.

**Defendant's Position**

Agri Stats' proposal also allows the parties to be trial ready by May 4. However, unlike the Government's proposal, Agri Stats' proposal attempts to allow sufficient time for the parties to account for the Court's rulings on the *Daubert*, summary judgment, and Seventh Amendment issues when identifying witnesses, exhibits, deposition designations, and limine motions. For example, it would be extremely inefficient—and is unnecessary—

---

[1] In addition, because final witness lists are not due to the Court until April 20, 2026 (as required by Local Rule 39.1), there is plenty of time for the parties to revise their witness lists, if necessary, based on any rulings by the Court on pending motions.

[2] As with its witness list, Agri Stats will have submitted its exhibit list in *Pork* by the date of Plaintiffs' proposed exchange. *See* Ex. A (identifying exchange of exhibit lists in *Pork* on February 16, 2026).

for the parties to attempt to identify trial witnesses a mere two weeks from now on the Government's proposed February 20 deadline when the parties do not know what (if any) claims or proteins will proceed to trial.

The Court informed the parties that it will resolve the pending *Daubert*, summary judgment, and Seventh Amendment issues quickly and previously indicated that by March 4, 2026, it would provide additional guidance on which plaintiffs will proceed to trial on May 4, 2026. *In re Pork Antitrust Litigation*, ECF 3216. Because these critical issues therefore likely will be resolved by or before March 4, 2026, Agri Stats simply proposes pushing back certain of the Government's earliest proposed dates by approximately ***two weeks*** to minimize inefficiency and unnecessary burden on the parties—a truly inconsequential delay given the course of this litigation. Agri Stats' proposal would allow the parties to take into account the Court's anticipated rulings by March 4 and still prepare for a May 4, 2026, trial date.

Courts routinely recognize the efficiency of sequencing pretrial tasks in the manner proposed by Agri Stats, particularly in complex cases where dispositive motions may significantly narrow the issues for trial or obviate the need for trial altogether. In fact, this Court in the *Pork* case explicitly did not require the parties to engage on the exchange of exhibit lists or address any authenticity and admissibility concerns related to those exhibits until *after* its ruling on summary judgment despite *Pork* plaintiffs' insistence otherwise. Agri Stats' proposal is entirely consistent with that approach.

Agri Stats' proposed dates for exchanging witness and exhibit lists—March 6, 2026, and March 13, 2026, respectively—are reasonable and provide ample time for both parties to prepare for trial. Plaintiffs' suggestion that earlier exchanges are necessary is not supported by any specific showing of prejudice, nor do Plaintiffs identify any unique circumstances in this case that would warrant deviation from the standard practice of sequencing these exchanges after the resolution of dispositive motions.

Moreover, this case addresses claims related to broiler chicken and turkey in addition to pork, which makes the burden of preparation exponentially greater than simply preparing for the *Pork* trial. The fact that Agri Stats must identify witnesses and exhibits for *Pork* has no bearing on the identification of witnesses for these other proteins currently at issue in the Government's case. To be clear, the burden of preparing for multiple *Pork* trials alone is already extreme given Agri Stats' limited resources. There is no reason to compound that burden on Agri Stats by requiring preparation of witness lists, exhibit lists, and deposition designations before the Court even decides what trial is even happening on May 4, 2026.

With respect to document authentication, it would waste the time and resources of the parties to discuss authentication of documents before the parties even determine which documents might be used at trial. It is far more efficient to address admissibility and

authentication after the parties exchange exhibit lists, which will significantly narrow (if not eliminate entirely) any areas of dispute. The discovery record in this matter—spanning years of litigation and multiple proteins—is truly massive, particularly as to third-parties. Agri Stats simply cannot enter into a blanket stipulation as to the authenticity of all such materials under the Federal Rules of Evidence without even knowing what those materials are or who produced them.

Agri Stats does not oppose Plaintiffs' request for a status conference to address pretrial logistics, including the use of deposition designations, the manner of presenting deposition testimony, confidentiality procedures, and the authentication of third-party documents—although the Government did not even raise this issue with Agri Stats until an shortly before the arbitrary deadline it set for this submission. Agri Stats believes that the parties should meet and confer regarding these issues to reach an agreement prior to any such conference.

Agri Stats respectfully requests that the Court adopt its proposed pretrial schedule, which balances the need for efficient trial preparation with the interests of judicial economy and fairness to all parties.

Respectfully,

| | |
|---|---|
| */s/ Mark H.M. Sosnowsky* | */s/ Justin W. Bernick* |
| Mark H.M. Sosnowsky | Justin W. Bernick |
| Senior Litigation Counsel | Partner |
| Antitrust Division | Hogan Lovells US LLP |
| United States Department of Justice | 555 Thirteen Street, N.W. |
| 450 Fifth Street, NW, Suite 8000 | Washington, D.C. 20004 |
| Washington, DC 20530 | Justin.bernick@hoganlovells.com |
| Mark.Sosnowsky@usdoj.gov | (202) 637-5385 |
| Telephone: (202) 812-4723 | |
| | |
| *Counsel for Plaintiff United States of America* | *Counsel for Defendant Agri Stats, Inc.* |

 */s/ Katherine A. Moerke*
Katherine A. Moerke
Assistant Attorney General
Minnesota Office of the Att'y General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
katherine.moerke@ag.state.mn.us
Telephone: (651) 728-7174

*Counsel for State of Minnesota and*
*Local Counsel for States of California, North*
*Carolina, Tennessee, Texas, and Utah*