# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF CALIFORNIA; STATE OF NORTH CAROLINA; STATE OF TENNESSEE; STATE OF MINNESOTA; STATE OF TEXAS; and STATE OF UTAH, | Civil No. 23-3009 (JRT/JFD) |
| Plaintiffs, | **MEMORANDUM OPINION & ORDER REGARDING PRE-TRIAL PROCEDURES AND SCHEDULE** |
| v. | |
| AGRI STATS, INC., | |
| Defendant. | |

The United States and six individual states bring this antitrust action against Defendant Agri Stats, Inc. for an alleged information-exchange conspiracy with major U.S. broiler chicken, pork, and turkey processors. The case is scheduled for a bench trial, beginning on May 4, 2026. On February 4, 2026, in response to the Court's order, the parties submitted a joint letter including an outline of their competing proposals for a pretrial schedule. (Docket No. 472.) At a status conference on February 27, 2026, both parties indicated they were aligned on using the dates proposed by Agri Stats in the February 4 proposal. (Tr. of Feb. 27, 2026 Status Conference at 4–5, March 1, 2026, Docket No. 488.) In addition, the parties agreed to provide proposed findings of fact and conclusions of law seven days prior to the trial date. (*Id.* at 21.) The Court will, therefore, adopt the parties' proposed schedule with the modifications shown in Appendix A.

The parties agree that the Court should authorize nationwide service of process pursuant to 15 U.S.C. § 23. The Court will do so. The parties disagree, however, on whether deposition testimony should be allowed if the witness that provided that testimony is also called by either party live at trial. (Joint Letter, March 3, 2026, Docket No. 497.) The Court will reserve decision on this issue until the parties move for service of trial subpoenas following the exchange of witness lists. At that time the Court will be better able to determine if there is actual disagreement over service of a subpoena on any individual witness and, if so, how the testimony should be presented.

The Court would also like to remind the parties that the Court has requested that they meet and confer and inform the Court how many hours they believe are necessary for their case.

Counsel for all parties are further encouraged to confer prior to trial to:

(A) Stipulate to all uncontested facts and matters not in controversy.

(B) Stipulate as to which exhibits may be received without objection prior to trial.

(C) Discuss settlement. The Courtroom Deputy shall be advised as to the probability of settlement.

Finally, please note: the courtroom is fully equipped with a digital document camera and video screens for the Judge, witness stand, court reporter, law clerk, attorney tables, and the public. All exhibits are to be displayed using the document camera, which includes annotation features. An evidence cart is also provided which includes audio and

video players and laptop connectors.  **The Court will not allow enlargements of exhibits, charts, or summaries, including but not limited to foam core boards, and does not allow the use of any video projectors or screens without prior approval**.  Realtime court reporting is available to attorneys by prior arrangement with the court reporter, Rachel Braun at 612-664-5108.  Attorneys may utilize video presentation, such as PowerPoint, during opening statements and closing arguments with prior approval of the Court. Training on the use of the courtroom technology is free, and **the Judge requires that all attorneys involved in the litigation of a case complete at least an overview on use of the courtroom technology**.  Please contact the Judicial Assistant/Courtroom Deputy, Karen Moldenhauer, at Tunheim_Chambers@mnd.uscourts.gov to schedule training times prior to your trial date.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. The Court will, therefore, adopt the schedule proposed by the parties as reproduced in Appendix A of this Order.  The parties are also directed to refer to Local Rule 39, a copy of which is attached.

2. Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties are permitted, pursuant to 15 U.S.C. § 23, to

issue trial subpoenas that may run into any other district requiring witnesses to

attend this Court.


DATED: March 6, 2026                           _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                               United States District Judge

**APPENDIX A**

| Event | Date |
|---|---|
| Parties exchange preliminary witness lists (live witnesses) | Friday, March 6, 2026 |
| Partes exchange proposed exhibit lists | Friday, March 13, 2026 |
| Parties exchange deposition designations | Friday, March 13, 2026 |
| Parties exchange objections to exhibits lists | Wednesday, March 25, 2026 |
| Parties exchange objections to deposition designations, and deposition counter-designations | Wednesday, March 25, 2026 |
| Parties exchange initial drafts of joint filings required by LR 39.1, including:<br>• Revised/final witness lists<br>• Revised/final exhibit lists and objections thereto<br>• Final deposition designations, counter-designations, and objections thereto<br>• Final stipulations and/or statements of uncontested facts | Monday, April 6, 2026 |
| Motions in limine filed | Friday, April 10, 2026 |
| Oppositions to motions in limine filed | Friday, April 17, 2026 |

| Event | Date |
|---|---|
| Deadline for parties to file and serve and electronically file pre-trial filings pursuant to LR 39.1, including:<br>• A statement of the case indicating the facts which the party intends to prove and indicating any unresolved substantive, evidentiary, and procedural issues.  The statement shall include the citation and discussion of authority upon which the party relies for its positions on the unresolved issues.  Counsel shall indicate the estimated length of time for the entire trial.<br>• A list of all exhibits to be used as evidence at trial.[1]  The exhibits shall be listed, as much as possible, in the sequence they will be offered. The list shall indicate the exhibits the parties agree are admissible. For the exhibits not so agreed upon, the list shall indicate the grounds for objection. Only exhibits so listed shall be offered into evidence at trial, except for good cause shown.  The original exhibits are NOT to be submitted with the pretrial papers.<br>• A list of the names and addresses of all prospective witnesses, together with a short statement of the substance of the testimony of each witness. Only witnesses so listed shall be permitted to testify except for good cause shown.<br>• A list of depositions to be offered into evidence in lieu of live testimony. The list shall designate those specific parts of the deposition to be offered at trial. Only depositions so listed shall be offered into evidence at trial except for good cause shown. | Monday, April 20, 2026 |
| Pre-Trial Conference (to include arguments on motions in limine) | Friday, April 24, 2026 |
| Deadline for parties to file and serve and electronically file:<br>• Proposed finding of fact and conclusions of law | Monday, April 27, 2026 |
| Deadline for parties to exchange any exhibits, demonstratives, or testimony to be used in Opening Statements | Wednesday, April 29, 2026 |

| Event | Date |
|---|---|
| Deadline for parties to object to any exhibits, demonstratives or testimony to be used in Opening Statements | Friday, May 1, 2026 |
| Trial begins | Monday, May 4, 2026 |

---

1 For exhibits, the following procedure must be followed:
- A. Counsel shall, no later than April 20, 2026, mark all exhibits for identification in the sequence in which they will be offered. The case number must be on each exhibit. Plaintiff shall mark its first exhibit P#1. Defendant shall mark its first exhibit D#1. Only exhibits so marked shall be offered into evidence at trial, except for good cause shown.
- B. Counsel shall, no later than April 20, 2026, make available for examination (and if requested, copying by all counsel) all exhibits which will be offered into evidence at trial. Only exhibits so made available shall be offered into evidence at trial, except for good cause shown.

United States District Court
# DISTRICT OF MINNESOTA

## LR 39.1  PREPARATION FOR TRIAL IN CIVIL CASES

**(a)    Trial Date.**  Each judge regularly places a group of civil cases on a trial calendar and sets the date that a trial will begin in one of those cases (the "trial date"). At least 21 days before the trial date, the judge must notify the parties of a case's placement on the trial calendar.  Cases on the trial calendar may be tried in any order, in front of any judge.

**(b)    Trial-Related Documents.**  Unless the court orders otherwise, each party must submit or make available the following documents:

*(1)    Before Any Trial.*

(A)    Initial Pretrial Documents.  At least 14 days before the trial date, each party must file and serve the following documents:

(i)    Trial Brief.

(ii)    Exhibit List.  Parties must use an exhibit-list form that is substantially the same as the exhibit-list form available from the clerk.  Parties must mark each exhibit with the offering party's role (and, if necessary, the offering party's name), a unique arabic numeral identifying the exhibit, and the case number.  For example:

- Pltf. 1, 08-CV-1234

- Deft. 1, 08-CV-1234

- Pltf. Smith 1, 08-CV-1234

(iii)    Witness List.  A party's witness list must briefly summarize each witness's expected testimony.

(iv)    List of Deposition Testimony.  A party must designate the specific parts of a deposition to be offered at trial, except that a party need not designate specific parts of a deposition that may be offered only to impeach testimony given at trial.

(v)    Motions in Limine.

(B)    Exhibits.  At least 14 days before the trial date, the parties must make exhibits available to one another for examination and copying.

(C)    Deposition Objections.  At least 7 days before the trial date, a party who objects to deposition testimony designated by another party for introduction at trial must file and serve a list of objections.

*(2)    Before a Jury Trial.*  In a jury trial, each party must also file and serve the following documents at least 14 days before the trial date:

(A)    Proposed Voir Dire Questions.

(B)    Proposed Jury Instructions.

(i)    In General.  Each proposed jury instruction must be numbered, must begin on a separate page, and must identify the supporting legal authority.

(ii)    Patent Cases.  In a case that involves a claim that arises under the patent laws, if a proposed jury instruction is based on model jury instructions that the parties agreed to use under LR 16.6(c), the proposed instruction must show how it differs from the model instruction.

(C)    Proposed Verdict Form.

*(3)    Before a Bench Trial.*  In a bench trial, each party must also file and serve proposed findings of fact and conclusions of law at least 14 days before the trial date.

[Adopted effective February 1, 1991; amended November 1, 1996; amended May 17, 2004, amended February 9, 2006; amended December 1, 2009; amended May 14, 2013]

**2013 Advisory Committee's Note to LR 39.1**

The language of LR 39.1 has been amended in accordance with the restyling process described in the 2012 Advisory Committee's Preface on Stylistic Amendments.

The provision relating to the submission of exhibit lists, now LR 39.1(b)(1)(A)(ii), has been revised to permit parties to submit their exhibit lists either on a form available from the clerk or on a form substantially the same as the clerk's form.

Former LR 39.1(c), related to sanctions for failure to comply with LR 39.1, was deleted as a needless cross-reference to LR 1.3, which applies of its own force.

**2005 Advisory Committee's Note to LR 39.1(b)(2)(B)(ii)**

**In general**.  Paragraph (b)(2)(B)(ii) set outs a suggested practice in which the jury instructions of both parties relating to the scope, validity, enforcement, or unenforceability of patents is based on a single, common set of standard jury instructions.  The handling of jury instructions has proven to require significant resources from both the parties and the Court.  The instructions can be lengthy and detailed.  In addition, the traditional process, by which the parties construct their proposed instructions in isolation from each other, presents inherent inefficiencies.  It tends to cause the parties to suggest differing instructions even where they do not disagree over substance.  In addition, it makes it difficult to identify the substantive points that the parties actually dispute.  The problems are especially acute in cases relating to patents.

The suggestion in paragraph (b)(2)(B)(ii) addresses these problems by encouraging the parties to present their proposed suggestions as additions to or deletions from a common set of standard instructions.  Under this practice, the instructions proposed by the parties will agree unless at least one party takes the affirmative step of proposing a modification of the standard language.  Presumably this will occur only where the party considers the matter to be worth addressing.  As a result, aspects of the instructions over which the parties do not disagree, and which the parties consider routine, will be proposed in unmodified form in such a manner as to make the lack of dispute clear.  Accordingly, the areas of true disagreement will be plainly visible.  In this way, the paragraph should reduce the time and cost, for both the parties and the Court, of attending to jury instructions.

Various other districts have promulgated local rules that require or encourage the parties' proposed instructions to be related to a common set of standard instructions.  The suggestion in paragraph (b)(2)(B)(ii) is similar to the more lenient of these rules.

**Two-stage procedure; default standard instructions**.  Paragraph (b)(2)(B)(ii) operates in connection with paragraph (c) of Local Rule 16.6.  Under the two paragraphs, the parties are to consult regarding the selection of a particular set of pattern jury instructions as part of the final pretrial conference.  The Rule contemplates that the parties will, in most cases, be able to agree on a particular set of pattern jury instructions.  In the event that they are unable to agree, however, the parties should expect that the Court may, on its own initiative, impose a set of common instructions on them.

**Scope of requirement; included cases vs. included instructions**.  The suggestion in paragraph (b)(2)(B)(ii), and the related requirement to confer under paragraph (c) of Local Rule 16.6, are intended to apply to cases relatively broadly.  Cases that are included under the Rule are any that involve a claim or defense relating to patents.  This includes, but is not limited to, cases that include claims for patent infringement and/or declarations for patent non-infringement or invalidity.  It also includes cases in which the claims may not "arise under" the law of patents strictly, but in which the claim or defense draws upon or involves a patent more tangentially.  Examples of this latter type of case include, for example, claims for breach of contract, where the contract terms at issue refer to patents or patentable subject matter, or claims for violation of antitrust law where the accused conduct involves the use of a patent or patent rights.

At the same time, the suggestion in paragraph (b)(2)(B)(ii) actually to submit instructions in terms of additions and/or deletions from a standard text is narrower.  It applies only to those instructions, in an included case, that relate to the scope, validity, enforcement, or unenforceability of a patent.  This is less than all the issues that may exist in an included case, and it is contemplated that, under the usual circumstances, only some of the instructions in an included case will be of the type that the Rule suggests be presented as additions and/or deletions.  Instructions not included in the suggestion can be presented in any acceptable manner.

**Freedom to propose particular instructions; consistency with Fed. R. Civ. P. 51**.  Under the practice suggested in paragraph (b)(2)(B)(ii), all parties retain the freedom to propose whatever instructions they choose.  The practice does not restrict the substance of what the parties must propose; rather, it addresses only the form.  The paragraph contemplates that parties who disagree with a particular standard instruction have the freedom to alter it if necessary to lay out the text of the instruction that they wish to propose.  In this way, paragraph (b)(2)(B)(ii) is fully consistent with the parties' general freedom to present jury instructions, as set out for example in Fed. R. Civ. P. 51.

United States District Court
# DISTRICT OF MINNESOTA

## LR 39.2  CONDUCT OF TRIALS AND HEARINGS

**(a)**    **Addressing the Court and Examining Witnesses.**

(1)    When addressing the court, counsel must stand and speak clearly and audibly from the counsel table or the lectern.  Counsel must not approach the bench for private communications except at the judge's request or with the judge's permission.

(2)    Ordinarily, counsel must examine a witness from the lectern.  But counsel may, if necessary, approach the witness or the court reporter's table to present or examine an exhibit.

(3)    Unless the court orders otherwise, only one attorney for each party may examine a witness or present argument to the court with respect to a motion or other matter.

**(b)**    **Examining Jurors.**

*(1)    In General.*  Unless the court orders otherwise, the court will conduct voir dire examination of jurors.  A party may submit proposed voir dire questions to the court.

*(2)    Peremptory Challenges.*

(A)    When Exercised.  No party may exercise a peremptory challenge until a full panel has been called, sworn, and qualified.

(B)    Ordinary Civil Cases.  In an ordinary civil case, the defendant and plaintiff will take turns — in that order — exercising their peremptory challenges by striking one juror each until each party has exhausted or waived its peremptory challenges.

(C)    Civil Cases with Third-Party Defendants.  In a civil case involving a third-party defendant, the defendant, the third-party defendant, and the plaintiff will take turns — in that order — by striking one juror each until each party has exhausted or waived its peremptory challenges.

(D)    Criminal Cases.  In a normal criminal case with a panel of 28 jurors, the parties will exercise peremptory challenges as follows:

- 3 by defendant;

- 2 by the government;

- 3 by defendant;

- 2 by the government;

- 2 by defendant;

- 1 by the government;

- 2 by defendant; and

- 1 by the government.

**(c)** **Opening Statements and Final Arguments**

*(1)*   *Opening Statements.*

(A)   In General.  Unless the court orders otherwise, an opening statement must not exceed one hour.

(B)   Civil Cases.  After a jury has been selected and before evidence is presented, a party may make an opening statement that summarizes generally what the party expects to prove.  If the party with the burden of proof wishes to make an opening statement, that party makes the first opening statement.  Unless the court orders otherwise, a party may not make an opening statement after evidence has been presented.

(C)   Criminal Cases.  The defendant in a criminal case may make an opening statement either:

(i)   after the jury has been selected and before any evidence is presented; or

(ii)   after the prosecution rests.

*(2)*   *Final Arguments.*

(A)   In General.  Unless the court orders otherwise, a final argument must not exceed one hour.

(B)   Civil Cases.  Each party may make a final argument.  The party without the burden of proof on a claim makes its final argument first, with no opportunity for rebuttal.

(C)    Criminal Cases.  The government makes its final argument first.  The defendant makes his or her final argument next.  The government may make a brief rebuttal, to which the defendant may not respond.

[Adopted effective February 1, 1991; amended May 14, 2013]

**2013 Advisory Committee's Note to LR 39.2**

The language of LR 39.2 has been amended in accordance with the restyling process described in the 2012 Advisory Committee's Preface on Stylistic Amendments.

The title of the rule has been revised to eliminate an inconsistency between the previous rule's title and its text.  Specifically, former LR 39.2(a)(3) referred to "the presentation of a motion or other matter," which would seem to refer to hearings other than trials, but the rule's title was "Conduct of Trials." The rule's new title clarifies that LR 39.2's non-trial-specific provisions apply to hearings as well as trials. To be consistent with the time limit imposed for final arguments, LR 39.2(c)(1) imposes a time limit of one hour for opening statements.

○AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

### DISTRICT OF

### EXHIBIT AND WITNESS LIST

V.

Case Number:

| PRESIDING JUDGE | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|
| TRIAL DATE (S) | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187A (Rev. 7/87)    **EXHIBIT AND WITNESS LIST – CONTINUATION**

| | | | | | VS. | | CASE NO. |
|---|---|---|---|---|---|---|---|

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Page _____ of _____ Pages