**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA et al,

               Plaintiffs,

v.

AGRI STATS, INC.,

               Defendant.

Case No. 23-CV-3009 (JRT/JFD)

**ORDER ON MOTION FOR**
**FURTHER CONSIDERATION**

This matter is before the Court on non-party FarmSTAND's Motion for Further Consideration of the Court's Orders granting the parties' Joint Motions Regarding Continued Sealing at Dkt Nos. 474, 475, and 476 ("JMCS"), issued February 9, 2026 (Dkt. No. 490). The motion is opposed, at least in part, by all the parties and by third parties whose data is subject to the JMCS. (*See* Resp., Dkt. 510 (Agri Stats); Resp., Dkt. No. 511 (Plaintiffs); Resp., Dkt. No. 515 (Third Parties).) The Court took the motion under advisement on March 19, 2026 when FarmSTAND's Reply (Dkt. No. 532) was filed and now denies the motion because D. Minn. Local Rule 5.6(f) does not allow FarmSTAND to file the motion or the Court to grant the relief FarmSTAND seeks.

FarmSTAND seeks further consideration of the Court's orders pursuant to D. Minn. LR 5.6(f), which states, in relevant part, "Within 21 days after entry of a magistrate judge's order *denying* continued sealing in response to a motion under LR 5.6(d)(4) or LR 5.6(e)(3), a party or nonparty may file a motion for further consideration by the magistrate judge." (emphasis added). By its plain text, the Rule bars FarmSTAND's motion because

1

it provides a mechanism for further consideration only when "a magistrate judge's order *den[ies]* continued sealing." D. Minn. LR 5.6(f) (emphasis added). It provides no such mechanism for further consideration of orders *granting* continued sealing. The orders FarmSTAND asks the Court to revisit each granted their subject motions.

If the District of Minnesota's Advisory Committee sought to provide non-parties the ability to challenge an order granting a JMCS, it knew how to do so. The Rules are replete with examples of such procedural mechanisms. *See, e.g.,* D. Minn. LR 5.6(g) (discussing a magistrate judge's order *disposing of a motion*); 72.2(a)(3)(B) (allowing review of a magistrate judge's *determination* of the issue of the futility of a motion to amend). That LR 5.6(f) only provides a mechanism for review of an order *denying* a JMCS when general language around motion disposition is used throughout the Rules (and even in the following subdivision) shows that the Advisory Committee intended to allow further reconsideration only where the original JMCS was denied.

This outcome aligns with the goals of recent amendments to the Rule, as stated by the 2024 Advisory Committee Note. On subdivision (f), the Committee wrote that the objective of the Rule was to promote finality in decisions regarding continued sealing, while "balancing the interests of the parties and concerned nonparties." The 2026 Advisory Committee Note states that "nothing in this rule … is intended to abrogate the rights of nonparties that may exist under court rules, the common law, and/or the First Amendment to access court filings by filing an *appropriate* motion …" 2026 Advisory Committee Note to LR 5.6 (emphasis added). The objective recited by the 2024 Committee Note aligns with the 2026 Note and the caselaw on public disclosure of confidential documents used in

2

litigation. The motion brought by FarmSTAND is not the "appropriate motion" identified by the 2026 Committee Note because the Rule itself does not allow for a Motion for Further Consideration of an order granting a JMCS.

Even if this motion were procedurally proper, the Court concludes that there is no reason for further consideration of the subject orders. A determination on sealing such documents turns on a balancing of the public's right to access judicial records with the "salutary interests served by maintaining confidentiality of the information sought to be sealed." *FurnitureDealer.net, Inc. v. Amazon.com, Inc.*, 2020 WL 6324157 (JRT/HB), at *2 (D. Minn. Oct. 19, 2020) (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). The Court balances those interests every time it orders continued sealing, even though it may not provide extensive written analysis on that balance, and the same is true here. The Court sees no reason why the determinations made on that balance in the challenged orders should be revisited, even if the rule allowed further consideration of granted orders.

Accordingly, FarmSTAND's Motion for Further Consideration is **DENIED**.


Date: April 2, 2026

s/ *John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

3