**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA et al,

               Plaintiffs,

v.

AGRI STATS, INC.,

               Defendant.

Case No. 23-CV-3009 (JRT/JFD)

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Depose Defendant's Inadequately Disclosed Trial Witnesses (Dkt. No. 545). Plaintiffs accuse Agri Stats of gamesmanship by dumping large numbers of names on them, making it difficult or impossible for the United States to distinguish trial witnesses from other names on the list. (Pls.' Mem. in Supp. 3, Dkt. No. 547.) This accusation is unfounded, as, for the most part, Agri Stats complied with the requirements of Fed. R. Civ. P. 26(a)(1) and the District Court's Order regarding the disclosure of trial witnesses (Order Regarding Pre-Trial Procedures and Schedule 5, Dkt. No. 505). Neither the Rules nor the District Court's order required either party to inform the other side of the individuals it planned to call as trial witnesses until March 6, 2026. Nevertheless, there are three witnesses, two on Agri Stats's witness list and one on the Plaintiffs' witness list, that the Court finds were not adequately disclosed pursuant to Fed. R. Civ. P. 26(a). (*See* Pls.' Mem in Supp. 3–4 n. 3, Dkt. No.

1

547.) The parties may take the remote video depositions of each of these individuals, Ed Fryer, Dave Weaber, and Gary Redner, each to last no longer than three hours.[1]

Plaintiffs claim that Agri Stats listed eight people as trial witnesses who were not adequately disclosed beforehand, depriving them of the opportunity to obtain deposition testimony from those people before trial. (*See* Pls.' Mem. in Supp. 2, Dkt. No. 547.) Agri Stats argues that Plaintiffs have not shown good cause to reopen discovery under Fed. R. Civ. P. 16(b)(4) or the stricter standard imposed by D. Minn. LR 16.3, which requires "extraordinary circumstances" for a motion to modify a deadline after the deadline has passed.

At issue here are two universes of information. The first, larger universe is information required under Fed. R. Civ. P. 26(a)(1)(A), which requires the disclosure of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). The second, much smaller universe is the list of individuals whom a party may call as a witness at trial. The universe of potential trial witnesses consists entirely of individuals who should have been disclosed as people with discoverable information, but not every person with discoverable information can feasibly be called as a witness at trial. The list of individuals with

---

[1] This is not the relief Agri Stats has requested as to Mr. Redner. Agri Stats has filed a Motion in Limine seeking to exclude Mr. Redner from testifying at trial as a remedy for the Plaintiffs' violation of Rule 26(a). (*See* Dkt. no. 644.) The Court includes Mr. Redner in this order because a rule violation committed by both parties should be remedied in the same way. Here, the Court finds that the appropriate remedy would be to allow for the improperly disclosed witnesses to be deposed, rather than excluded.

discoverable information required by Rule 26(a) is a tool used to manage and facilitate the discovery process, while the pre-trial witness list is designed to prevent surprise at trial.

Here, these two lists were served nearly a year apart, with the parties providing supplemental Rule 26(a)(1) disclosures in March of 2025, before the close of discovery. (Def.'s Mem. in Opp. 2–3, Dkt. No. 650.) Plaintiffs' list consisted of over 50 entities that likely had discoverable information, and Agri Stats's list disclosed nearly 700 individuals deposed in the private MDLs, each of its own employees, and a list of its subscribers. (*Id*.) Neither party objected to the other's Rule 26(a) disclosures. In March of 2026, the parties exchanged initial trial witness lists, as ordered by the District Court in preparation for trial, set to begin at the beginning of April. Plaintiffs' witness list included one person not disclosed in their March 2025 disclosures, and Agri Stats's list included two people not disclosed in their March 2025 disclosures. (*See* Pls.' Mem in Supp. 3–4 n. 3, Dkt. No. 547.)

Agri Stats's list also included six individuals whom Plaintiffs claim were "insufficiently or inaccurately identified in the disclosures…" (*Id*. at 4.) The Court finds this characterization inappropriate because each was disclosed in March of 2025, as Plaintiffs concede. (*Id*. ("Mr. Reap appeared on the organizational chart referenced in Agri Stats' supplemental disclosures;" "[Messrs. Sandbothe, Bollman, and Vandiver] were buried in Agri Stats' spreadsheet of 668 'Deponents' served two weeks before the close of fact discovery;" "Mr. Mullins was also buried in the late list of hundreds of 'Deponents;'" "Agri Stats identified Mr. Adcock in its supplemental disclosure…").) In their brief, Plaintiffs consistently characterize the March 2025 disclosures as both late and over-inclusive, but the Court declines to entertain these arguments because any objections to

those disclosures themselves are untimely. The breadth and timeliness of those disclosures were known to Plaintiffs at the time the disclosures were served, a year ago. Plaintiffs do not seem to have taken issue with them until filing this motion.

Given the vast amount of discovery already available to the parties, the time available until trial, and the fact that six of the eight witnesses subject to this motion were properly disclosed under Fed. R. Civ. P. 26(a)(1), the Court denies Plaintiffs' motion as to Messrs. Reap, Sandbothe, Bollman, Vandiver, Mullins, and Adcock. However, the Court grants the motion as to Ed Fryer (or Fryar, as the case may be)[2] and Dave Weaber. These individuals were not properly identified in Agri Stats's Rule 26(a)(1) disclosures. Further, to fulfill Rule 1's mandate that the Rules be "administered … to secure the just, speedy, and inexpensive determination" of this case, Agri Stats may depose Gary Redner, a person similarly not appearing in Plaintiffs' Rule 26(a)(1) disclosures but on Plaintiffs' trial witness list. Depositions ordered herein will be taken remotely and will last no longer than three hours each.

**SO ORDERED.**

Date: April 15, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

---

[2] Filings in this case have used both spellings for this person's last name.