**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA et al,

                Plaintiffs,

v.

AGRI STATS, INC.,

                Defendant.

Case No. 23-CV-3009 (JRT/JFD)

**ORDER**

---

This matter is before the Court on Plaintiff's Motion to Take a Limited Rule 30(b)(6) Deposition of Agri Stats on New Settlement Agreements (Dkt. No. 694). Plaintiffs ask the Court to authorize, less than two weeks before trial begins, a corporate representative deposition of Agri Stats regarding settlements that Agri Stats entered in three related private multidistrict litigations, one in this District (*In re Pork Antitrust Litig.*, 18-CV-1776-JRT-JFD ("Pork") and two in the Northern District of Illinois (*In re Broiler Chicken Antitrust Litig.*, 16-CV-8637 ("Broilers") and *In re Turkey Antitrust Litig.*, 19-CV-8318 ("Turkey")). Because the Court finds that Plaintiff's motion is untimely and procedurally improper, the motion is denied.

As a preliminary matter, the Court assumes without concluding that the settlements themselves are within the scope of discovery set out in Fed. R. Civ. P. 26(b)(1). Because Agri Stats apparently seeks to enter the settlements as evidence, doing so waives any otherwise applicable privilege Agri Stats may assert. The settlements are facially relevant because the factual allegations in this case are similar to those made in the private MDLs,

and production of the settlements is proportional to the needs of the case because they are being offered by Agri Stats, the party most likely to experience some hypothetical burden. None of the settlements that Agri Stats seeks to admit have received final approval by the relevant courts, but each has a pending motion for approval. (*See Pork* at Dkt. No. 3339; *Broilers* at Dkt. No. 8313; *Turkey* at Dkt. No. 1772.) The motions in *Broilers* and *Turkey* have received preliminary approval. (*See Broilers* at Dkt. No. 8332; *Turkey* at Dkt. No. 1792.) Each motion for approval was filed on March 31, 2026. The Court makes no determination on the admissibility of these settlement agreements at trial. The only question before the Court on this motion is whether Plaintiffs are entitled to an eleventh-hour corporate representative deposition of Agri Stats on the settlements discussed above. The motion is untimely and does not comply with the Local Rules of this District, and the Court denies Plaintiffs' motion on both grounds independently.

## I.    <u>Timeliness</u>

Plaintiffs knew about the settlements when they were filed in the MDLs on March 31, 2026. They raised the possibility of filing this motion at the April 10, 2026 Status Conference with the District Judge and actually filed the motion almost a week later on April 16, 2026. Trial in this case is set to begin on May 4, 2026. Where a motion such as this one is made so close to the beginning of trial, context is important.  Here, the motion was made less than three weeks from trial, giving the Court and Plaintiff's opponents very little time to respond. The motion also came much later than the Court anticipated, given Plaintiffs' discussion of the motion at the Friday, April 10 Status Conference. While Plaintiffs said that they did not expect to file the motion that day, the Court expected to

receive it early the next week. It was not filed until that Thursday, April 16, which would have required a response by Thursday, April 23 under the typical response timeline in this District and leaving only six business days before trial for the Court to issue an order, Agri Stats to prepare a deponent, and the deposition to be taken.

Further, there is no reason immediately apparent to the Court why this motion could not have been filed as early as April 8, 2026. On that day, and assumedly before that, the parties had discussed the contents of the Joint Letter filed in preparation for the April 10 Status Conference, which directly contemplates that Agri Stats was going to point to the settlements to "significantly narrow the scope of the case." (*See* Joint Letter 2, Dkt. No. 575.) At the earliest, this motion could have been filed on April 8, assuming the parties had adequately met and conferred on the issue. At the latest, it should have been filed on April 14, two business days after Plaintiff's indication that the motion was imminent and the claimed Meet and Confer on this issue. While a couple of days is generally not outcome determinative for a discovery motion, on a timeline as tight as this one it makes a difference.

## II.    Failure to Adequately Meet & Confer

The Court also concludes that the motion should be denied because Plaintiffs failed to adequately meet and confer with Agri Stats before filing the motion. Under Local Rule 7.1, a moving party "must, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion" and file a statement with the Court saying "whether the parties agree on the resolution of all or part of the motion." L.R. 7.1(a)(1) (emphasis added). The Meet and Confer requirement of L.R. 7.1 is not merely a

hoop through which litigants must jump before litigating their dispute. It is a key litigation management tool that preserves valuable court resources and prevents unnecessary motions practice. As this Court's practice pointers state:

> The meet-and-confer requirement of the Local Rules is intended to lead to a meaningful, pre-motion-filing exchange of views between the parties to a lawsuit, and, if possible, to a full or partial resolution of the matter(s) that are the subject of a contemplated motion. Neither a desultory, pro forma conversation, nor letterwriting or email campaigns satisfy the letter—or the spirit—of the meet-and-confer requirement of the Local Rules.

*Magistrate Judge John F. Docherty Practice Pointers and Preferences*, https://www.mnd.uscourts.gov/sites/mnd/files/JFD.pdf.

Here, Plaintiffs filed a meet-and-confer statement in support of their motion. (Dkt. No. 697.) The statement provides that: "Plaintiffs certify that they met and conferred with Defendant Agri Stats, Inc. by telephone on April 10, 2026 regarding the contents of Plaintiffs' Motion and sent a follow-up email on April 15, 2026. Agri Stats has not yet provided its position." (*Id.*) This statement does not tell the whole story. Plaintiffs did not provide a list of proposed topics for the deposition, as required by Fed. R. Civ. P. 30(b)(6), until 10:49 P.M. on April 15. (*See* Bernick Decl., Ex. 1, Dkt. No. 722-1.) The motion was filed roughly 24 hours later at 10:42 P.M. on April 16.[1] Though the parties may have met and conferred on April 10, that conference cannot support the motion here because the proposed topics for a Rule 30(b)(6) deposition are the core subject matter of the motion.

---

[1] The specific time a document is filed on the docket is provided through the CM/ECF system.

4

Without the proposed topics, the parties could not have engaged in "a good-faith effort to resolve the issues raised by the motion." L.R. 7.1(a)(1).

The meet and confer requirement is important, and the Court takes it seriously. This motion could be denied solely on the grounds that the meet and confer requirement was not satisfied. The motion is also untimely, however, and the Court denies the motion on both grounds.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion (Dkt. No. 694) is **DENIED**.

Date: April 22, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge