**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,
STATE OF MINNESOTA,
STATE OF CALIFORNIA,
STATE OF NORTH CAROLINA,
STATE OF TENNESSEE,
STATE OF TEXAS, and
STATE OF UTAH,

          *Plaintiffs*,

      v.

AGRI STATS, INC.,

          *Defendant.*

No. 0:23-CV-03009-JRT-JFD

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE
UNTIMELY-DISCLOSED EXPERT TESTIMONY OF DR. TRAM NGUYEN**

The new proffered opinions in Dr. Tram Nguyen's "supplemental" expert report provided to Plaintiffs last week on Friday, April 17, 2026 and any testimony based on those newly-disclosed opinions should be excluded pursuant to Federal Rules of Civil Procedure 16 and 37. Agri Stats served this expert report *less than two weeks before* the start of trial and *nearly 10 months after* Agri Stats received the rebuttal report from Plaintiffs' expert, Professor Marc Rysman, to which Dr. Nguyen's supplemental report responds. Agri Stats has provided no valid justification—indeed, no justification at all—for its untimely disclosure.

## BACKGROUND

Agri Stats' untimely supplemental expert report, Nelson Decl. Ex. 1, purports to respond to Professor Rysman's rebuttal expert report. Nelson Decl. Ex. 2. As required by Paragraph 5 of the Amended Pretrial Scheduling Order, ECF No. 353, Plaintiffs served Professor Rysman's rebuttal report on Agri Stats on the court-imposed deadline of June 26, 2025. Nelson Decl. ¶ 3. At the time, Agri Stats did not state that it would seek to file a supplemental expert report responding to Professor Rysman's rebuttal report. *Id.* ¶ 4.

The parties then proceeded to expert discovery, which was completed by the court-imposed deadline of July 17, 2025. *See* ECF No. 353 ¶ 6. Agri Stats deposed Professor Rysman on July 11, 2025, and Plaintiffs deposed Dr. Nguyen on July 15, 2025—nearly three weeks after Plaintiffs served Professor Rysman's rebuttal report. Nelson Decl. ¶ 5. At the time of her deposition, Dr. Nguyen had reviewed Professor Rysman's rebuttal report but had not been asked by Agri Stats to do any work in response. Nelson Decl. Ex. 3, Nguyen Dep. at 302:16-20; 8:10-19.

At no time did Agri Stats request additional time to analyze and respond to Professor Rysman's rebuttal report. Nelson Decl. ¶ 4.  Instead, on August 7, 2025, Agri Stats moved to exclude and to strike Professor Rysman's testimony, including the turkey price regression analysis in Professor Rysman's rebuttal report. *See* ECF No. 374 at 26-28 (arguing that the Court should exclude or strike the turkey analysis in Professor Rysman's rebuttal report). The Court denied Agri Stats' motion on February 24, 2026. ECF No. 477 at 12-13. There, the Court rejected Agri Stats' claim that Professor Rysman's turkey analysis in his reply report was improper rebuttal and further reasoned that, in any event,

any violation would be harmless and Agri Stats did not articulate any prejudice. ECF No. 477 at 13.

On April 17, 2026, Agri Stats served Plaintiffs with Dr. Nguyen's supplemental expert report. Nelson Decl. ¶ 6. Agri Stats served the report nine months after the court-mandated close of expert discovery and nearly ten months after the deadline for serving rebuttal expert reports.[1] *See* ECF No. 353 ¶¶ 5-6. Agri Stats provided no justification for the untimely report and made no effort to work with Plaintiffs to minimize the resulting prejudice. *Id.* ¶ 7.

## LEGAL STANDARD

The Eighth Circuit has recognized that the "failure to disclose in a timely manner is equivalent to failure to disclose," and that parties must produce required expert disclosures "within deadlines set by the court or risk sanctions under Rules 16 and 37." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). Exclusion of evidence is an appropriate sanction for violation of a scheduling order's deadlines "[u]nless the failure to meet a deadline was either harmless or substantially justified." *Firefighters' Inst.*, 220 F.3d at 902.

Rule 16 of the Federal Rules of Civil Procedure "permits the district court to set deadlines for the disclosure of evidence and to impose sanctions on a party for failing to meet a deadline." *Firefighters' Inst. for Racial Equality ex rel. Anderson v. City of St.*

---

[1] Section VI of Dr. Nguyen's supplemental report responds only to analysis in Professor Rysman's *initial* report. *See* Nelson Decl. Ex. 1 at 13-14. Plaintiffs served Professor Rysman's initial report on Agri Stats on April 17, 2025—exactly one year before Agri Stats served Dr. Nguyen's supplemental report on April 17, 2026. Nelson Decl. ¶ 3.

*Louis*, 220 F.3d 898, 902 (8th Cir. 2000). Specifically, Rule 16(f) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37, in turn, provides that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Rule 37(c)(1) holds that exclusion is the proper remedy when a party fails to supplement expert disclosures as required by Rule 26(e)(2), unless the failure is either "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

When determining whether a violation is substantially justified or harmless under Rule 37(c), district courts consider four factors: "1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at Trial, or on a Motion; and, 4) the availability of a continuance to cure such prejudice." *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F. Supp. 2d 788, 795-96 (D. Minn. 2000) (citing *Citizens Bank of Batesville, Ark. v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994)). "[A] critical consideration [is] the prevention of unfair surprise." *Id.* at 795 (citing *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995)).

## ARGUMENT

Agri Stats' untimely disclosure of Dr. Nguyen's supplemental opinions, more than nine months after the deadline for making such a disclosure, is neither substantially

justified nor harmless. Agri Stats never requested to reopen discovery and has provided no explanation or justification for the timing of the disclosure. There are also no changed circumstances that could possibly justify Agri Stats' extraordinarily late disclosure. Agri Stats could have sought leave to serve a supplemental report at any time after Plaintiffs served Professor Rysman's rebuttal report. Instead, it tried—and failed—to move to exclude Professor Rysman's second turkey regression. Accordingly, Plaintiffs did not know—and had no reason to know—that Agri Stats would serve a supplemental report responding to Professor Rysman's rebuttal report, much less that Agri Stats would do so just days before the start of trial. With trial fast approaching, Plaintiffs have little time to consider the report with Professor Rysman, and with expert discovery long closed, Plaintiffs are unable to depose Dr. Nguyen about her newly disclosed opinions. As a result, Plaintiffs would be prejudiced by the introduction of Dr. Nguyen's new testimony.

Finally, a continuance to accommodate this late disclosure would be improper, as the parties have already undertaken considerable effort to prepare for a May 4 trial, and the Court has already denied Agri Stats' request to move the trial start date back. A continuance now would simply reward Agri Stats' unjustified belated disclosure. Accordingly, the Court should exclude testimony from Dr. Nguyen about any opinions disclosed in her supplemental report, including any opinions about Professor Rysman's rebuttal report. *See Barclay v. NordicTrack, Inc.*, 2024 WL 1697941, at *3 (D. Minn. Mar. 18, 2024) (excluding class-certification expert reports submitted nearly six months after deadline and months after expert depositions and initial class certification briefing); *Transclean*, 101 F.

Supp. 2d at 796 (granting motion to strike supplemental expert report submitted eighteen months after deadline and less than a month before trial).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Exclude Untimely-Disclosed Expert Testimony of Dr. Tram Nguyen.

Dated: April 22, 2026

Respectfully,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

DANIEL N. ROSEN
United States Attorney
Attorney for the United States Acting Under
Authority Conferred by
28 U.S.C. § 515

*/s/* Mark H.M. Sosnowsky
MARK H.M. SOSNOWSKY (*Pro Hac Vice*)
KATE M. RIGGS (*Pro Hac Vice*)
JAMES H. CONGDON (*Pro Hac Vice*)
WILLIAM M. FRIEDMAN (*Pro Hac Vice*)
RACHEL S. HANSEN (*Pro Hac Vice*)
GRIFFIN S. KENNY (*Pro Hac Vice*)
STEVEN KRAMER (*Pro Hac Vice*)
PETER A. NELSON (*Pro Hac Vice*)
DAVID M. TESLICKO *(Pro Hac Vice)*
ANNA WANG (*Pro Hac Vice*)

United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Telephone: (202) 812-4723
Facsimile: (202) 307-5802
Mark.Sosnowsky@usdoj.gov

6

Kate.Riggs@usdoj.gov
James.Congdon@usdoj.gov
William.Friedman2@usdoj.gov
Rachel.Hansen@usdoj.gov
Griffin.Kenny@usdoj.gov
Steven.Kramer@usdoj.gov
Peter.Nelson@usdoj.gov
David.Teslicko@usdoj.gov
Anna.Wang@usdoj.gov

*Attorneys for United States of America*


**FOR PLAINTIFF STATE OF MINNESOTA:**

KEITH ELLISON
Attorney General of Minnesota

*/s/* Katherine A. Moerke
JAMES CANADAY (No. 030234X)
Deputy Attorney General
KATHERINE A. MOERKE (No. 0312277)
ELIZABETH ODETTE (No. 0340698)
SARAH DOKTORI (No. 0403060)
Assistant Attorneys General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
james.canaday@ag.state.mn.us
Telephone: (651) 757-1421
katherine.moerke@ag.state.mn.us
Telephone: (651) 757-1288
elizabeth.odette@ag.state.mn.us
Telephone: (651) 728-7208
sarah.doktori@ag.state.mn.us
Telephone: (651) 583-6694

*Attorneys for State of Minnesota and Local Counsel for States of California, North Carolina, Tennessee, Texas, and Utah*


**FOR PLAINTIFF STATE OF**

7

**CALIFORNIA:**

ROB BONTA
Attorney General of California

/s/ Michael Jorgenson
NICOLE GORDON (*Pro Hac Vice*)
Deputy Attorney General
MICHAEL JORGENSON (*Pro Hac Vice*)
Supervising Deputy Attorney General
PAULA BLIZZARD (*Pro Hac Vice*)
Senior Assistant Attorney General
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA  94102
Telephone: 415.510.3534
E-mail:  Michael.Jorgenson@doj.ca.gov

*Attorneys for State of California*

**FOR PLAINTIFF STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General of North Carolina

/s/ Kunal Choksi
KUNAL CHOKSI (Pro Hac Vice)
Senior Deputy Attorney General
Francisco Benzoni (Pro Hac Vice)
Special Deputy Attorney General
114 W. Edenton Street
Raleigh, NC 27603
Telephone: (919) 716-8611
kchoksi@ncdoj.gov
fbenzoni@ncdoj.gov

*Attorneys for State of North Carolina*

**FOR PLAINTIFF STATE OF TENNESSEE:**

8

JONATHAN SKRMETTI
Attorney General of Tennessee

*/s/* Daniel Lynch
ETHAN BOWERS (*Pro Hac Vice*)
Senior Assistant Attorney General
DANIEL LYNCH (*Pro Hac Vice*)
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Ethan.Bowers@ag.tn.gov
Daniel.Lynch@ag.tn.gov
Telephone: (615) 741-8091

*Attorneys for State of Tennessee*

**FOR PLAINTIFF STATE OF TEXAS:**

KEN PAXTON
Attorney General of Texas

*/s/* William Shieber
BRENT WEBSTER
First Assistant Attorney General
RALPH MOLINA
Deputy First Assistant Attorney General
AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation
WILLIAM SHIEBER (*Pro Hac Vice*)
Senior Staff Attorney, Antitrust Division
PAIGE ETHERINGTON (*Pro Hac Vice*)
Assistant Attorney General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
Telephone: (512) 463-1710
William.Shieber@oag.texas.gov

*Attorneys for State of Texas*

9

**FOR PLAINTIFF STATE OF UTAH:**

DEREK E. BROWN
Attorney General of Utah

*/s/* Matthew Michaloski
MATTHEW MICHALOSKI (*Pro Hac Vice*)
Assistant Attorney General
MARIE W.L. MARTIN (*Pro Hac Vice*)
Deputy Division Director
Utah Office of the Attorney General
P.O. Box 140811
160 E. 300 South
Salt Lake City, UT  84114
Telephone: (801) 366-0375
Fax: (801) 366-0378
mmichaloski@agutah.gov
mwmartin@agutah.gov

*Attorneys for State of Utah*