**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No.: 0:23-cv-03009-JRT-JFD |
| AGRI STATS, INC., | |
| *Defendant*. | |

**DEFENDANT AGRI STATS, INC.'S OPPOSITION TO GOVERNMENT
PLAINTIFFS' MOTION TO EXCLUDE DR. NGUYEN'S EXPERT TESTIMONY**

Government Plaintiffs seek to inflict a breathtaking double standard: they want to rely on Professor Marc Rysman's belatedly disclosed turkey regression analysis at trial while barring Agri Stats from challenging it.  That is not how fair trials work.  The "exclusion of evidence is a harsh penalty and should be used sparingly." *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 645 (8th Cir. 2022) (internal marks and citation omitted).  Their motion to exclude Dr. Tram Nguyen's supplemental report should be denied.  *See* Dkt. No. 728.

Professor Rysman provided his initial turkey regression in April 2025.  Dr. Nguyen, Agri Stats' expert economist, dedicated considerable time and resources demonstrating that model was flawed and unreliable.  Rather than respond to those critiques, Professor Rysman scrapped his initial regression, *swapped its underlying data for a different set*, and generated a brand-new model for use during Government Plaintiffs' case-in-chief.

1

Professor Rysman disclosed that "second turkey regression," Dkt. No. 729 at 5, only at the deadline for "rebuttal . . . written report[s]."  Dkt. No. 353 at 2.

In August 2025, Agri Stats moved to strike Professor Rysman's new turkey model as improper rebuttal and otherwise untimely.  *See* Dkt. No. 374.  Among other things, Agri Stats argued that Dr. Nguyen had no opportunity to review or rebut the turkey analysis Government Plaintiffs now intended to rely on at trial before the expert discovery deadline. *Id.* at 28.

Government shutdowns and litigation of weighty collateral issues postponed the Court's resolution of Agri Stats' motion until February 24, 2026.  Dkt. No. 477.  Although the Court observed Professor Rysman "could have . . . performed and included" his new model "in the initial report," it found any violation of the discovery disclosure rules was "harmless" and therefore did not warrant excluding the new analysis.  *Id.* at 13.  The same day, the Court set trial for May 4, 2026.  Dkt. No. 478.  In the intervening weeks since that decision, Dr. Nguyen prepared her rebuttal to Professor Rysman's new turkey analysis.  To avoid any claimed surprise at trial, Agri Stats provided Dr. Nguyen's supplemental report on April 17, 2026.  As Government Plaintiffs concede, that supplemental report could not have been issued before the expert discovery cut-off because Professor Rysman's "rebuttal" was sent after the buzzer on Dr. Nguyen's time.  Dkt. No. 729 at 5.

Allowing Government Plaintiffs to rely on Professor Rysman's new turkey regression analysis, on the one hand, while preventing Dr. Nguyen from challenging that opinion, on the other, would work severe, intractable prejudice on Agri Stats.  It would decidedly place a thumb on the scale in favor of Government and conflict with "the central

truth-seeking function of the trial." *Villarreal v. Texas*, 146 S. Ct. 756, 760 (2026); *cf.*
*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (guarantee of due process requires an
opportunity to be heard "in a meaningful manner").  The analysis Government Plaintiffs
hope to insulate from scrutiny bears on a central issue: whether Agri Stats' benchmarking
reports and services will cause higher prices or lower production in the putative turkey
market in the future.  Dkt. No. 714 at 4; *cf. Wegener v. Johnson*, 527 F.3d 687, 692 (8th
Cir. 2008) (courts must consider "the importance of the information or testimony" before
excluding evidence).  Professor Rysman's new turkey analysis will be a key part of
Government Plaintiffs' case-in-chief.  *See* Dkt. No. 715.  In fact, it is fair to say that the
Government Plaintiffs have no turkey case at all without it.  Agri Stats had no opportunity
to rebut that opinion during discovery. *Cf. Wegener*, 527 F.3d at 692 (courts must consider
"the reason for noncompliance" with a scheduling deadline before excluding evidence).
Simply put, the Court permitted Professor Rysman's new turkey regression to be offered
at trial—and it should not now bar Dr. Nguyen from challenging it.

Moreover, Government Plaintiffs have not "clearly and specifically articulate[d]
why [they] would be prejudiced" by Dr. Nguyen's supplemental opinion.  Dkt. No. 477 at
13.  There is ample time for any needed preparation: Dr. Nguyen will not testify at trial for
over a month, and no trial is scheduled for the week of May 11, 2026. *See, e.g.*, *Baumann
v. Am. Fam. Mut. Ins. Co.*, 278 F.R.D. 614, 616 (D. Colo. 2012) (finding that "20 days is
ample time" to "fully prepare" for a pretrial expert deposition).  In April alone, Government
Plaintiffs requested a total of nine pretrial depositions.  Dkt. Nos. 545, 696.  Judge Docherty
allowed them to take two.  Dkt. Nos. 688, 727.  Agri Stats would not oppose a limited

pretrial deposition of Dr. Nguyen solely on her supplemental report and related materials. And because Agri Stats no longer intends to call either witness for which Judge Docherty permitted pretrial depositions, alleviating the need for those depositions, Government Plaintiffs face no incremental burden.

**CONCLUSION**

Agri Stats respectfully requests that the Court deny Government Plaintiffs' motion to exclude Dr. Nguyen's supplemental expert report.  *See* Dkt. No. 728.

Dated: April 23, 2026

Respectfully submitted,

*/s/ Justin W. Bernick*
Justin W. Bernick
William L. Monts III
Liam E. Phibbs
**HOGAN LOVELLS US LLP**
555 13th Street, NW
Washington, DC 20004
(202) 537-5600
justin.bernick@hoganlovells.com
william.monts@hoganlovells.com
liam.phibbs@hoganlovells.com

Peter H. Walsh
**HOGAN LOVELLS US LLP**
80 South 8th Street, Ste. 1225
Minneapolis, MN 55402
(612) 402-3017
peter.walsh@hoganlovells.com

*Counsel for Defendant Agri Stats, Inc.*