**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,
STATE OF MINNESOTA,
STATE OF CALIFORNIA,
STATE OF NORTH CAROLINA,
STATE OF TENNESSEE,
STATE OF TEXAS, and
STATE OF UTAH,

                 *Plaintiffs*,

         v.

AGRI STATS, INC.,

                 *Defendant.*

No. 0:23-CV-03009-JRT-JFD

## [PROPOSED] AMENDED PRETRIAL ORDER

Plaintiff United States of America, and the State of Minnesota, State of California, State of North Carolina, State of Tennessee, State of Texas, and State of Utah ("Plaintiff States"; and collectively with the United States, "Plaintiffs"), and Agri Stats, Inc. ("Defendant"; and collectively with Plaintiffs, the "parties"), hereby jointly submit this proposed Final Pretrial Order pursuant to Federal Rule of Civil Procedure 26(a)(3), Local Rule 39.1 of the United States District Court for the District of Minnesota, the Court's Scheduling and Case Management Order (ECF No. 505), and the Court's guidance during the April 10, 2026 pretrial conference. A final pretrial conference has been scheduled for May 15, 2026.

1

## I.    Facts

1.    The parties will submit a joint statement of uncontested facts and their respective Proposed Findings of Fact and Conclusions of Law on May 11, 2026.

## II.    Trial

2.    A bench trial in the above-entitled action will commence on May 18, 2026 and continue until trial concludes, following the daily schedule provided by the Court.

3.    The total trial time is no more than 80 hours, inclusive of opening presentations, both parties' cases, and Plaintiffs' rebuttal case (if required). Each party will have up to 40 hours. The parties agree to use a chess clock at trial to track time used by each party.

## III.    Witnesses and Deposition Designations

4.    Plaintiffs may provisionally submit deposition testimony in their case-in-chief for witnesses named on Agri Stats' witness list. If Agri Stats calls the witness live, then Plaintiffs will cross-examine the witness rather than use the deposition designations and will be permitted to ask questions beyond the scope of Agri Stats' direct examination. For witnesses Agri Stats does not call live, the deposition designations, counter-designations, and objections will be moved into evidence—either by playing the depositions in Plaintiffs' rebuttal case or submitting them to the Court—subject to any ruling from the Court on any objections.

5.    For witnesses not included in the provisional designations described above, the parties may offer into evidence deposition testimony of any witness named on either side's final witness list if neither side calls the witness to testify live at trial. To the extent

a party determines that it will not call a witness named on its final witness list, if for that witness the parties have not previously exchanged affirmative designations, counter-designations, and objections, the parties must meet and confer as soon as practicable upon learning that the witness will not be called live to agree upon a schedule for exchanging designations and resolving any disputes before the end of trial.

6. No later than 7:00 p.m. CT on May 15, 2026, Plaintiffs must provide Agri Stats with (a) the expected order of witnesses they intend to call in their case-in-chief and (b) their good-faith, best estimate of the date Plaintiffs expect to rest their case-in-chief. Thereafter, Plaintiffs must provide Agri Stats with the list and order of witnesses to be presented no later than 7:00 p.m. CT two days[1] before each day of trial. Plaintiffs must also provide notice to Agri Stats of the date Plaintiffs expect to rest their case-in-chief by 7:00 p.m. CT three days before the expected date.

7. Upon receiving notice of the date on which Plaintiffs expect to rest their case-in-chief, Agri Stats must, by 7:00 p.m. CT the following day, provide Plaintiffs with (a) the expected order of witnesses it intends to call in its case and (b) its good-faith, best estimate of the date Agri Stats expects to rest its case. Thereafter Agri Stats must provide Plaintiffs with the list and order of witnesses to be presented no later than 7:00 p.m. CT two days before each day of trial. Agri Stats must also provide notice to Plaintiffs of the date Agri Stats expects to rest its case by 7:00 p.m. CT two days before the expected date. The parties

---

[1] "Days" refers to calendar days, not business days.

3

must meet and confer thereafter on the witnesses Plaintiffs expect to call during their rebuttal case.

8.    For the convenience of witnesses, and for efficiency, any fact witness who is testifying live and would be called by both sides will testify only once and will be questioned then by both sides. Accordingly, a party conducting a cross-examination will be permitted to ask questions beyond the scope of the direct examination for witnesses on that party's final witness list.

9.    With the exception of two Agri Stats corporate representatives, all fact witnesses will be required to remain outside the courtroom unless testifying, until they are excused. Fact witnesses cannot discuss the substance of their testimony with counsel after having been sworn in to testify until they are excused.

10.    Expert witnesses cannot discuss the substance of their testimony while under cross-examination.

11.    The Parties may offer deposition testimony into evidence either by playing the testimony at trial or submitting the designations to the Court, subject to the Court's ruling on any objections, and acknowledging the Court's preferences as stated at the April 10, 2026 hearing.  Nothing in this Final Pretrial Order precludes a party from seeking leave of court to resolve a dispute over the application or interpretation of this Final Pretrial Order.

## IV.    Exhibits

12.    The parties agree there are no pending disputes on objections to exhibits for the Court to address on May 15, 2026.

13. By May 11, 2026, the parties must exchange with each other and submit to the Court a hard drive containing electronic versions of all trial exhibits (stamped with the trial exhibit number) included on their respective exhibit lists.

14. Exhibits to be used or offered into evidence for impeachment or to refresh recollection need not be included on the list of trial exhibits or disclosed in advance of being used or offered at trial. Exhibits to be used or offered into evidence during Plaintiffs' rebuttal case, if any, need not be included on the list of trial exhibits but must be exchanged pursuant to Paragraph 16.

15. For any exhibits not objected to or where all objections have been resolved, either through agreement or by the Court, the party introducing those exhibits may move the Court for admission of those exhibits before opening statements on the morning of May 18, 2026 or on any day thereafter, without need of any supporting witness. The exhibits included in any such motion must be listed by exhibit number.

16. By 7:00 p.m. CT two days before each day of trial, each party must provide (a) the opposing party with a list of exhibits that the party expects may be used during that trial day during the direct examination of any in-person witness and (b) notice to any nonparty or nonparties whose confidential documents may be used. By 7:00 p.m. CT the following day, (i) the parties (and any affected nonparties) must meet and confer and seek to resolve any objections and confidentiality concerns regarding the disclosed list of exhibits, and (ii) the party (and any affected nonparties) asserting that any document should remain confidential must provide redacted and red-boxed versions of those documents to all parties. Any remaining disputes over confidentiality must be raised with the Court as

appropriate before trial resumes on the day of their anticipated use. The Court will resolve any outstanding objections to an exhibit when a party seeks to use that exhibit with a witness (either live or by deposition). To the extent a party identifies an exhibit to counsel for a party or nonparty for purposes of compliance with this paragraph, counsel must not use that disclosure to prepare the witness for testimony based on that disclosure.

17.     Any exhibit, once admitted, may be used by any party to the extent that use is consistent with the Federal Rules of Evidence.

18.     Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised concerning the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.

19.     The Parties will work together in good faith to resolve disputes concerning authenticity and admissibility of exhibits in advance of trial.

## V.     Illustrative Aids and Rule 1006 Summary Exhibits

20.     Any party intending to use any FRE 107 illustrative aids or FRE 1006 summary exhibits during opening statements or during any examination of a non-adverse witness at trial must provide color representations to the other side's counsel no later than 9:00 a.m. one day before any such exhibit may be introduced or used at trial. Any objections to illustrative aids or FRE 1006 summary exhibits or any requests to seal from public view certain information must be made by 6:00 p.m. that same day, and the parties must promptly meet and confer regarding any objections or confidentiality requests that same evening. If any of the illustrative aids or FRE 1006 summary exhibits change after the deadline, the

party intending to use the aid or exhibit will promptly notify the opposing side of the change(s). Any remaining disputes over illustrative aids or FRE 1006 summary exhibits must be raised with the Court as appropriate before trial resumes on the day of their anticipated use.

## VI.   Use of Confidential Materials at Trial

21.   The Court has established a pretrial procedure for addressing motions to keep exhibits and deposition testimony under seal. ECF No. 523. The parties have agreed that any remaining disputes over confidentiality will be addressed pursuant to the process described in Section IV.

22.   During trial, the parties should make a good-faith attempt to conduct their examinations in a manner that minimizes any need for closure of the courtroom. Documents with confidentiality designations approved by the Court will be displayed to the gallery in redacted form, but during examination unredacted copies will be made available to the Court, counsel, and the witness (unless the witness is not permitted to view the unredacted content, in which case the witness will only have access to the document in redacted form).

23.   If it is impossible to conduct an examination in this manner, the parties will advise the Court and permit the party or nonparty whose confidential information is at issue an opportunity to move the Court to close the courtroom during the use of confidential information. A party or nonparty may move to close the courtroom during trial if they believe exceptional circumstances justify it. If there is a motion to close the courtroom, the burden is on the moving party or nonparty to establish the need to do so.

7

24.     If any closing of the courtroom is required, the attorney conducting the examination must save all questions addressing confidential material until the end of the examination, and opposing counsel must begin their cross examination with those issues so that the courtroom can promptly be reopened.

25.     In a closed courtroom session, the only individuals that should be present aside from Court personnel are counsel for Plaintiffs, counsel for Agri Stats, the witness, and counsel for the nonparty whose Confidential Information is implicated by the witness's testimony; all others (with the exception of support staff for Plaintiffs, Agri Stats, and the nonparty, if applicable) will be excluded.

## VII.     Post-Trial Briefing and Closing Schedule

26.     The parties will be prepared to discuss a schedule for post-trial briefing and closing arguments during the final pretrial conference on May 15, 2026.

Dated: April __, 2026

_____
Hon. John R. Tunheim
United States District Judge