UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,
STATE OF MINNESOTA,
STATE OF CALIFORNIA,
STATE OF NORTH CAROLINA,
STATE OF TENNESSEE,
STATE OF TEXAS, and
STATE OF UTAH,

　　　　　　　　　*Plaintiffs*,

　　　　　v.

AGRI STATS, INC.,

　　　　　　　　　*Defendant.*

No. 0:23-CV-03009-JRT-JFD

## CORRECTED STIPULATION AND ORDER

It is hereby stipulated by and between the undersigned parties, subject to approval

and entry of this Order by the Court, as follows.

## I.　JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over the

parties to it. Venue for this action is proper in the United States District Court for the

District of Minnesota.

## II.　COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.　The proposed Final Judgment filed with this Stipulation and Order, or any

amended proposed Final Judgment agreed upon in writing by Plaintiffs and Defendant,

1

may be filed with and entered by the Court as the Final Judgment, upon the motion of the United States or upon the Court's own motion, after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or any other proceeding, as long as the United States has not withdrawn its consent. The United States may withdraw its consent at any time before the entry of the Final Judgment by serving notice on Defendant and by filing that notice with the Court. If there is a conflict between the terms of this Stipulation and the proposed Final Judgment, the terms of the proposed Final Judgment control.

B.     From the date of the signing of this Stipulation and Order until the Final Judgment is entered by the Court, or until expiration of time for all appeals of any ruling declining entry of the proposed Final Judgment, Defendant agrees to abide by and comply with all of the terms and provisions of the proposed Final Judgment, except that with respect to sections IV.A.2, IV.B, VI.A, VI.C, and VI.D of the proposed Final Judgment, Defendant agrees to be fully in compliance within 90 days of the entry of the Stipulation and Order.

C.     From the date on which the Court enters this Stipulation and Order, Plaintiffs will have the full rights and enforcement powers set forth in the proposed Final Judgment as if the proposed Final Judgment were in full force and effect as a final order of the Court, and Section XII of the proposed Final Judgment will also apply to violations of this Stipulation and Order, including as relates to the dates of required compliance described in Paragraph II.B of this Stipulation and Order.

D.      Defendant represents that the actions it is required to perform pursuant to the proposed Final Judgment can and will be performed and that Defendant will not later raise a claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any provision of the proposed Final Judgment or this Stipulation and Order.

E.      Defendant agrees to arrange, at its expense, publication of the newspaper notice required by the APPA, which will be drafted by the United States in its sole discretion. The publication must be arranged as quickly as possible and, in any event, no later than three business days after Defendant's receipt of (1) the text of the notice from the United States and (2) the identity of the newspapers within which the publication must be made. Defendant must promptly send to the United States (1) confirmation that publication of the newspaper notice have been arranged and (2) the certification of the publication prepared by the newspapers within which the notice was published.

F.      Any person who wishes to submit to the United States written comments regarding the proposed Final Judgment should do so within 60 calendar days beginning with the first day of the publication of the newspaper notice required by APPA or the publication of the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* as required by APPA, whichever is later.

G.      This Stipulation and Order applies with equal force and effect to any amended proposed Final Judgment agreed upon in writing by Plaintiffs and Defendant and filed with the Court.

3

H.      This Stipulation and Order, including the proposed Final Judgment filed with this Stipulation and Order or any amended proposed Final Judgment agreed upon in writing by Plaintiffs and Defendant, constitutes the final, complete, and exclusive agreement and understanding between Plaintiffs and Defendant with respect to the settlement of the claims expressly stated in the Complaint filed in this above-captioned case, and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.

## III.    MONETARY PAYMENT TO THE STATES

Agri Stats will pay to the States of Minnesota, California, North Carolina, Tennessee, Texas, and Utah (collectively the "State Plaintiffs") a monetary payment in the amount of $350,000 paid 60 days after the proposed Final Judgment is filed with the Court. Such monetary payment will be made via electronic deposit(s) per instructions from the State Plaintiffs to be provided by the State of Minnesota to Agri Stats and held in escrow. The monetary payment shall be released to the State Plaintiffs once the Final Judgment is entered and the time has expired for any appeal of the Final Judgment. Otherwise, the monetary payment shall be returned to Agri Stats. Such monetary payment is provided for the purposes of settlement only and will be apportioned among the State Plaintiffs at the sole discretion of the State Plaintiffs as may be agreed upon among them. The monetary payment may be used for any one or more of the following purposes, by the State Plaintiffs' Attorneys General as they, in their sole discretion, see fit:

4

1. antitrust or consumer protection law enforcement, including fees and expenses;

2. for deposit into a state antitrust or consumer protection account (e.g., revolving account, trust account), for use in accordance with the state laws governing that account;

3. for deposit into a fund exclusively dedicated to assisting state attorneys general to enforce the antitrust laws by defraying the costs of (a) experts, economists, and consultants in multistate antitrust investigations and litigation, (b) training or continuing education in antitrust for attorneys in state attorney general offices, or (c) information management systems used in multistate antitrust investigations and litigation; or

4. for any other purpose as the attorneys general deem appropriate, consistent with, or required by, the various states' laws.

## IV.    DURATION OF OBLIGATIONS

In the event that (1) the United States has withdrawn its consent, as provided in Paragraph II.A of this Stipulation and Order; (2) Plaintiffs voluntarily dismiss the Complaint in this matter; or (3) the Court declines to enter the proposed Final Judgment, the time has expired for all appeals of any ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, Defendant is released from all further obligations under this Stipulation and Order, including the terms of the proposed Final

5

Judgment as imposed through this Stipulation and Order, and the making of this Stipulation and Order will be without prejudice to any party in this or any other proceeding.

Dated: May 15, 2026

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

DANIEL N. ROSEN
United States Attorney
District of Minnesota
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

*/s/ Mark H.M. Sosnowsky*
MARK H.M. SOSNOWSKY (*Pro Hac Vice)*
KATE M. RIGGS (*Pro Hac Vice*)
JAMES H. CONGDON (*Pro Hac Vice)*
WILLIAM M. FRIEDMAN (*Pro Hac Vice*)
PETER A. NELSON (*Pro Hac Vice*)

United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Telephone: (202) 812-4723
Facsimile: (202) 307-5802
Mark.Sosnowsky@usdoj.gov
Kate.Riggs@usdoj.gov
James.Congdon@usdoj.gov
William.Friedman2@usdoj.gov
Peter.Nelson@usdoj.gov

**FOR DEFENDANT AGRI STATS, INC.:**

*/s/ Justin W. Bernick*
Peter H Walsh (MN# 0388672)
Hogan Lovells US LLP
80 South 8th Street Ste 1225
Minneapolis, MN 55402
Tel: (612) 402-3017
Fax: (612) 339-5167
peter.walsh@hoganlovells.com

William L. Monts III
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Defendant*
*Agri Stats, Inc.*

6

*Attorneys for United States of America*

**FOR PLAINTIFF STATE OF MINNESOTA:**

KEITH ELLISON
Attorney General of Minnesota

*/s/ Katherine A. Moerke*
JAMES CANADAY (No. 030234X)
Deputy Attorney General
KATHERINE A. MOERKE (No. 0312277)
ELIZABETH ODETTE (No. 0340698)
SARAH DOKTORI (No. 0403060)
Assistant Attorneys General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
james.canaday@ag.state.mn.us
Telephone: (651) 757-1421
katherine.moerke@ag.state.mn.us
Telephone: (651) 757-1288
elizabeth.odette@ag.state.mn.us
Telephone: (651) 728-7208
sarah.doktori@ag.state.mn.us
Telephone: (651) 583-6694

*Attorneys for State of Minnesota and Local Counsel for States of California, North Carolina, Tennessee, Texas, and Utah*

**FOR PLAINTIFF STATE OF CALIFORNIA:**

ROB BONTA
Attorney General of California

*/s/ Michael Jorgenson*
PAULA BLIZZARD (*Pro Hac Vice*)

7

Senior Assistant Attorney General
MICHAEL JORGENSON (*Pro Hac Vice*)
Supervising Deputy Attorney General
CASEY KOVARIK (*Pro Hac Vice*)
Deputy Attorney General
California Attorney General's Office
Antitrust Section
300 South Spring St.
Los Angeles, CA 90013
Telephone: 415.510.3534
E-mail:  Michael.Jorgenson@doj.ca.gov

*Attorneys for State of California*

**FOR PLAINTIFF STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General of North Carolina

/s/ *Kunal Choksi*
KUNAL CHOKSI (*Pro Hac Vice*)
Senior Deputy Attorney General
FRANCISCO BENZONI (*Pro Hac Vice*)
Special Deputy Attorney General
CHARLES G. WHITE, II (*Pro Hac Vice*)
Assistant Attorney General
114 W. Edenton Street
Raleigh, NC 27603
Telephone: (919) 716-8611
kchoksi@ncdoj.gov
fbenzoni@ncdoj.gov
cwhite@ncdoj.gov

*Attorneys for State of North Carolina*

**FOR PLAINTIFF STATE OF TENNESSEE:**

JONATHAN SKRMETTI
Attorney General of Tennessee

8

*/s/ Daniel Lynch*
ETHAN BOWERS (*Pro Hac Vice*)
Senior Assistant Attorney General
DANIEL LYNCH (*Pro Hac Vice*)
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Ethan.Bowers@ag.tn.gov
Daniel.Lynch@ag.tn.gov

Telephone: (615) 741-8091

*Attorneys for State of Tennessee*


**FOR PLAINTIFF STATE OF TEXAS:**

KEN PAXTON
Attorney General of Texas

*/s/ William Shieber*
BRENT WEBSTER
First Assistant Attorney General
RALPH MOLINA
Deputy First Assistant Attorney General
AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation
WILLIAM SHIEBER (*Pro Hac Vice*)
Senior Staff Attorney, Antitrust Division
PAIGE ETHERINGTON (*Pro Hac Vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General, State of Texas
300 West 15th Street, 7th Floor
Austin, Texas 78701
Telephone: (512) 463-1710
William.Shieber@oag.texas.gov

*Attorneys for State of Texas*

**FOR PLAINTIFF STATE OF UTAH:**

DEREK E. BROWN
Attorney General of Utah

*/s/ Matthew Michaloski*
MATTHEW MICHALOSKI (*Pro Hac Vice*)
Assistant Attorney General
MARIE W.L. MARTIN (*Pro Hac Vice*)
Division Director
Utah Office of the Attorney General
P.O. Box 140811
160 E. 300 South
Salt Lake City, UT  84114
Telephone: (801) 366-0375
Fax: (801) 366-0378
mmichaloski@agutah.gov
mwmartin@agutah.gov

*Attorneys for State of Utah*

## **ORDER**

IT IS SO ORDERED by the Court, this __18th__ day of __May,__ 2026.


_____
The Honorable John R. Tunheim
United States District Judge