# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | Court File No. 18-cv-1776 (JRT/JFD) |
| This Document Relates To: *The Actions of Certain DAPs and The Commonwealth of Puerto Rico* | **EXHIBIT 10 TO DECLARATION OF JESSICA J. NELSON** |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | No. 0:18-cv-01776-JRT-JFD<br><br>**DEFENDANT HORMEL FOODS CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Hormel Foods Corporation ("Hormel Foods" or the "Company") hereby provides objections and responses to Plaintiffs' September 16, 2022 Notice of Deposition of Hormel Foods Corporation Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Rule 30(b)(6) Notice").

### OBJECTIONS APPLICABLE TO ALL SUBJECT MATTER AREAS

1. Hormel Foods objects to the Subject Matter Areas set forth in the Rule 30(b)(6) Notice to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege held by Hormel Foods. Hormel Foods reserves the right to assert a specific privilege objection to a specific Subject Matter Area if it believes it seeks protected information. The Company does not waive any privileges by agreeing to provide testimony as set forth herein. Any inadvertent disclosure of privileged information before or during the deposition is not intended as a waiver of the applicable privilege, protection, or immunity.

2. Hormel Foods objects to the definition of "You," "Your," or "Defendant" to the extent that the definition purports to incorporate affiliates, subsidiaries, divisions, and related companies which are not involved in Hormel Foods' procurement and slaughter of hogs, its production and sales of the Pork products reflected in the transactional data the Company produced

further objects to this Subject Matter Area as overly broad to the extent it is not limited to the Relevant Time Period. Hormel Foods also objects to the lack of particularity and specificity of the Subject Matter Area, as Hormel Foods cannot reasonably prepare a witness to testify about specific details of all analyses, budgets, forecasts, projections, business plans, or strategic plans prepared during the Relevant Time Period. Notwithstanding and subject to the foregoing objections, Hormel Foods will be prepared to provide the Company's management-level knowledge regarding its strategic planning related to the Pork products at issue in this litigation.

16.  Your monitoring of Pork prices and Pork supply in the domestic market.

**RESPONSE:** Hormel Foods objects to this Subject Matter Area as vague and overly broad to the extent that it seeks testimony about unidentified facts. Hormel Foods further objects to the Subject Matter Area as vague with respect to undefined terms "prices" and "supply." Hormel Foods also objects to this Subject Matter Area as overly broad to the extent it is not limited to the Relevant Time Period. Notwithstanding and subject to the foregoing objections, Hormel Foods will be prepared to provide the Company's management-level knowledge regarding its efforts to monitor USDA reports regarding Pork.

17.  The existence and language of Your written policies and/or codes of conduct concerning: communications with competitors or their employees; participation in industry trade groups, conferences, or meetings; hiring employees, officers, or directors or former employees, officers, or directors of competitors; appointing employees, officers or directors or former employees, officers, or directors to Your Board of Directors; and compliance with, or training related to, the antitrust laws (including certification and frequency of such training). This Topic includes when and how the language of such written policies were changed.

**RESPONSE:** Hormel Foods objects to this Subject Matter Area as seeking information protected by the attorney-client privilege and work-product doctrine. Hormel Foods further objects to this Subject Matter Area as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks information unrelated to Plaintiffs' claims. Notwithstanding and subject to the foregoing objections, Hormel Foods states that the Company maintained its Antitrust

11

Policy & Guidelines throughout the Relevant Time Period and that it has produced all versions of that policy in effect during the Relevant Time Period that were able to be located through a reasonable search. Hormel Foods will not provide Rule 30(b)(6) testimony for this Subject Matter Area.

18.   Your relationship with AgStar, including any communications with AgStar, any meetings with AgStar, and any financial relationship between You and AgStar.

**RESPONSE:** Hormel Foods objects to this Subject Matter Area as vague with respect to the undefined term "relationship." Notwithstanding and subject to the foregoing objection, Hormel Foods will be prepared to provide the Company's management-level knowledge regarding its relationship with AgStar, if any, during the Relevant Time Period.

19.   Your relationship with Rabobank, including any communications with Rabobank, any meetings with Rabobank, and any financial relationship between You and Rabobank.

**RESPONSE:** Hormel Foods objects to this Subject Matter Area as vague with respect to the undefined term "relationship." Notwithstanding and subject to the foregoing objection, Hormel Foods will be prepared to provide the Company's management-level knowledge regarding its relationship with Rabobank, if any, during the Relevant Time Period.

20.   Any government investigation or inquiry involving or related to competition in the Pork industry for which You were asked to or did provide information or documents.

**RESPONSE:** Hormel Foods objects to this Subject Matter Area as overly broad to the extent it is not limited to the Relevant Time Period. Hormel Foods further objects to this Subject Matter Area as vague with respect to the undefined phrase "government investigation or inquiry." Hormel Foods also objects to the extent that the Subject Matter Area seeks information that is not in the Company's possession, custody, or control. Notwithstanding and subject to the foregoing objections, Hormel Foods will be prepared to provide the Company's management-level

12

management-level knowledge regarding Hormel Foods' participation in the USDA's mandatory price reporting program.

Date: September 21, 2022

/s/ Craig S. Coleman

Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com

Jonathan Todt
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street
Suite 1100
Washington, DC 20005
Telephone: (202) 230-5000
Facsimile: (202) 842-8465
jonathan.todt@faegredrinker.com

Jacob D. Bylund
Stephanie Koltookian
Robert C. Gallup (#0399100)
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue
33rd Floor
Des Moines, IA 50309
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
jacob.bylund@faegredrinker.com
stephanie.koltookian@faegredrinker.com
robert.gallup@faegredrinker.com

John Yi
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
john.yi@faegredrinker.com

*Counsel for Defendants Hormel Foods Corporation and Hormel Foods, LLC*