**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | Court File No. 18-cv-1776 (JRT/JFD) |
| This Document Relates To: *The Actions of Certain DAPs and The Commonwealth of Puerto Rico* | **EXHIBIT 12 TO DECLARATION OF JESSICA J. NELSON** |

| | |
|---|---|
| **From:** | Sam Randall |
| **Sent:** | Wednesday, September 14, 2022 9:40 AM |
| **To:** | Smith, Chris; 'Bourne, Joseph C.'; Spung, James |
| **Cc:** | Chapin, Aaron; Jacob, Tessa; Spung, James; Husgen, Jason; Wall, Amanda; Cook, Tanner; Zimmerman, Sarah; Legal Support Team - Law - OMA; 'Shiftan, Benjamin E.'; 'Clark, Brian D.'; 'Shana Scarlett'; 'riop@hbsslaw.com'; 'bfinley@cuneolaw.com'; 'saldridge@barrettlawgroup.com'; 'kbates@hausfeld.com'; 'MatthewMcCahill; Michael Ponzoli; 'Breanna Van Engelen'; 'Swartzberg, Neil J.'; 'Raak, Amber M.'; 'Schindler, Elizabeth A.' |
| **Subject:** | RE: Pork: Triumph 30(b)(6) Deposition |

**[EXTERNAL EMAIL]**

Chris –

Provided that Triumph produces a witness prepared to offer testimony on the topics below as they relate to the day-to-day operations at Triumph, the summary below works for Plaintiffs. For example, and without having a debate about what is sufficiently high level, with respect to the topics related to the marketing agreement, we would expect the witness to offer Triumph's understand about how that agreement impacts its day-to-day operations from a production, reporting, and revenue standpoint.

Our understanding is that the deposition would occur on September 23 (the day after the England (30(b)(1) depo) and that Mr. England will be the 30(b)(6) representative.

Please confirm.

Thanks,

Sam

**From:** Smith, Chris <Chris.Smith@huschblackwell.com>
**Sent:** Tuesday, September 6, 2022 9:22 PM
**To:** Sam Randall <srandall@knpa.com>; 'Bourne, Joseph C.' <jcbourne@locklaw.com>; Spung, James <James.Spung@huschblackwell.com>
**Cc:** Chapin, Aaron <Aaron.Chapin@huschblackwell.com>; Jacob, Tessa <Tessa.Jacob@huschblackwell.com>; Spung, James <James.Spung@huschblackwell.com>; Husgen, Jason <Jason.Husgen@huschblackwell.com>; Wall, Amanda <Amanda.Wall@huschblackwell.com>; Cook, Tanner <Tanner.Cook@huschblackwell.com>; Zimmerman, Sarah <Sarah.Zimmerman@huschblackwell.com>; Legal Support Team - Law - OMA <LegalSupportTeam-Law-OMA@huschblackwell.com>; 'Shiftan, Benjamin E.' <bshiftan@pswlaw.com>; 'Clark, Brian D.' <bdclark@locklaw.com>; 'Shana Scarlett'

<shanas@hbsslaw.com>; 'riop@hbsslaw.com' <riop@hbsslaw.com>; 'bfinley@cuneolaw.com' <bfinley@cuneolaw.com>; 'saldridge@barrettlawgroup.com' <saldridge@barrettlawgroup.com>; 'kbates@hausfeld.com' <kbates@hausfeld.com>; MatthewMcCahill <mmccahill@kaplanfox.com>; Michael Ponzoli <mponzoli@knpa.com>; 'Breanna Van Engelen' <breannav@hbsslaw.com>; 'Swartzberg, Neil J.' <nswartzberg@pswlaw.com>; 'Raak, Amber M.' <amraak@locklaw.com>; 'Schindler, Elizabeth A.' <easchindler@locklaw.com>; Smith, Chris <Chris.Smith@huschblackwell.com>
**Subject:** RE: Pork: Triumph 30(b)(6) Deposition

Triumph 30(b)(6) Topics

Thank you for the recent discussion on Plaintiffs' 30(b)(6) topics.  It was a productive call.  As explained, Triumph Foods, LLC  ("Triumph Foods") is the defendant in this case and our client.  Any 30(b)(6) testimony will be limited to Triumph Foods.  Unless otherwise agreed, we understand the relevant period to be January 1, 2008 through June 30, 2018.   With this in mind, below is our understanding of expected and anticipated testimony:

Topic 1:  **Organizational Structure:**  We will provide a witness, likely Triumph Foods' CEO, to provide high-level (management level) testimony on Triumph Foods.

Topic 2:  **Manner of Accounting for Costs of Pork**:  We will provide high-level testimony on the systems and mechanisms Triumph Foods has used to track its costs to produce pork.  Triumph has produced detailed reporting on these issues and it is our understanding that you are not expecting testimony into any such reporting at a detail level. If plaintiffs are expecting such testimony, please provide specifics so that we can prepare a witness accordingly.

Topic 3:  **Manner in which you maintain or track contracts:**  Triumph will provide high-level testimony on the systems and mechanisms it uses to track contracting and approve contracting terms.  Again, Triumph has produced records reflecting these terms and it is our understanding that you are not expecting testimony at a contract level.  If plaintiffs are expecting such testimony, please provide specifics so that we can prepare a witness accordingly.

Topic 4:  **Sales to and purchases from any competitor of hogs or Pork**:  Triumph will provide high-level testimony on the factors that go into such sales or purchases generally, if any.

Topic 5:  **Pricing and cost composition of any value added product containing pork**:   Triumph cannot testify as to what third-parties might do.  As for Triumph, Triumph does not sell or further process pork.  Triumph will produce a witness prepared to offer high-level testimony on the types of products it does produce, and its role as a pork processor.

Topic 6:  **The prices received by you for Pork**:   Topic 6 gets into nuances of pork pricing and sales.  Triumph has contracted with Seaboard Foods to manages sales of pork produced at Triumph's packing facility.  Triumph can provide its high-level understanding of what it expects Seaboard to do with respect to such sales, but any detail on the sales process and considerations relating to such sales would come from Seaboard.

Topic 7:  **Agreements between Triumph and Seaboard:**   Triumph will offer high-level testimony on the operational relationship between Triumph and Seaboard, but will not offer any legal opinions as to the meaning of any contract terms.

Topic 8:  **Prices paid for hogs and other inputs**:  Triumph has produced its hog acquisition data and is prepared to offer high-level testimony generally on its systems and mechanisms for acquiring hogs.  If specific testimony is sought, please identify within that data and provide clarification.

Topic 9:  **Volume of hogs slaughtered**:   Triumph has produced data on its slaughter records and operational volumes.  Triumph is prepared to offer high-level testimony on this topic. If specific testimony is sought, please identify within that data and provide clarification.

Topic 10:  **Volume of hogs purchased**:  Triumph has produced data on its purchase records and operational volumes.  Triumph is prepared to offer high-level testimony on this topic. If specific testimony is sought, please identify within that data and provide clarification.

Topics 11-12:  **Contractual agreements with any hog growers that had an ownership interest in you including … liquidation of hogs or sows by these growers**:  Triumph cannot testify as to independent operations and decisions of hog growers, but is prepared to offer high-level testimony about the operational aspects of its contractual supply agreements with growers.

Topic 13:  **Volume of hogs available for slaughter at facilities owned by you:**   As explained, Triumph purchases all hogs slaughtered at its single packing facility in St. Joseph, Missouri.  With the exception of occasional issues with hogs delivered, 100% hogs delivered, and purchased and available for slaughter are slaughtered.  Triumph is prepared to offer testimony to this effect.

Topic 14:  **Plans, strategies, and execution of any question, merger, or joint venture with another hog producing or Pork producing entity**:  Triumph is prepared to offer high-level testimony about its relationship with Seaboard, including the joint investments in Seaboard Triumph Foods and Daily's Premium Meats, which is what we understand this request to be seeking.

Topic 15: **Participation in any industry conferences, meetings or summits**:  Triumph employees attended and/or participated in very few industry groups or meetings.  Individuals who would have attended, and would have knowledge of attendance, have or will be deposed.  If plaintiffs have a specific question about a specific conference not addressed, please advise and Triumph will attempt to prepare a witness to speak to that.

Topic 16:  See response to Topic 15.

Topic 17:  **Efforts to collect and analyze information about competitors' plans that would affect their production of pork:**  As discussed, it is unclear what exactly this request is seeking. As we understand it, Plaintiffs are looking for high-level testimony on Triumph's efforts to monitor packer competition.  Two CEOs have already addressed this in depositions and Triumph's current CEO will be prepared to offer additional testimony on this issue as well.

Topic 18:  **Analysis, budgets, forecasts, etc., with respect to Triumph's volume or production and pricing of pork**:   As explained, Triumph does not price pork produced by its facility.  Triumph is prepared to offer high-level testimony on its systems and mechanisms for analyzing, budgeting, or forecasting its processing volume and/or production of processed pork.

Topic 19:  **Triumph's monitoring of pork prices in the domestic market:**  As discussed, Triumph does not price or sell pork. Any monitoring of the market done by Triumph would be done at a high-level.  Triumph is prepared to offer high-level testimony on what it does to monitor market conditions.

Topic 20:  **Compliance policies and training:**  Triumph is prepared to offer high-level testimony authenticating applicable policies**,** which have been produced and addressed at previous depositions.  Triumph will not offer legal opinion, or disclose interpretations of those policies provided by counsel as that would invoke attorney-client privilege.  Based on our discussions, we understand that Plaintiffs are not seeking privileged material.

Topic 21:  **Your relationship with AgStar:**  Triumph is prepared to offer high-level testimony on its financial relationship with AgStar, if any.

Topic 22:  **Your relationship with Rabobank**:  Triumph is prepared to offer high-level testimony on its financial relationship with Rabobank, if any.

Topics 23-24:  Topics 23 and 24 appear to seek discovery on discovery. We believe these topics as worded implicate attorney client privilege, work-product, and are unduly burdensome and not proportional to the needs of this case because they seek discovery on discovery without good cause. Triumph will not be offering testimony on these topics. As discussed, questions about the discovery process itself may be directed to Triumph's counsel.

Topic 25:  **Any government investigation for which you were asked to or did provide information or documents**:  Absent further discussion and explanation, Triumph does not intend to prepare a witness on this topic.

Topic 26:  **The operating capacity of each of your plants and capacity utilization by month of each.**  Triumph will prepare a witness to provide high-level testimony on its plant operation and utilization including utilization maximization strategies implemented throughout the relevant time period.

Topic 27:  **USDA reporting**:   Triumph will offer high-level testimony on the fact that it did participate in mandatory USDA reporting.  If plaintiffs have a more specific expectation of a specific report, please provide that report.

**Christopher A. Smith**
**Partner**
Direct: 314-480-1836
Chris.Smith@huschblackwell.com