# EXHIBIT 1

```
 1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF MINNESOTA
 2
     ---------------------------------------------------------------
 3                                    )
     In Re:  Pork Antitrust            )  File No. 18-cv-1776
 4   Litigation                        )         (JRT/JFD)
                                       )
 5                                     )
                                       )
 6                                     )  Zoom Video Conference
                                       )  St. Paul, Minnesota
 7                                     )  Wednesday, October 5, 2022
                                       )  4:03 p.m.
 8                                     )
     ---------------------------------------------------------------
 9
                  BEFORE THE HONORABLE JOHN F. DOCHERTY
10          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
                          (MOTIONS HEARING)
11
     APPEARANCES:
12
     For Direct Purchaser        PEARSON, SIMON & WARSHAW LLP CA
13   Plaintiffs:                 BY:  BOBBY POUYA
                                 15165 Ventura Boulevard, #400
14                               Sherman Oaks, California 91403

15   For Commercial and          BARRETT LAW GROUP P.A.
     Institutional Indirect      BY:  STERLING ALDRIDGE
16   Purchaser Plaintiffs:       404 Court Square North
                                 Box 927
17                               Lexington, Mississippi 39095

18                               CUNEO GILBERT & LaDUCA LLP
                                 BY:  A. BLAINE FINLEY
19                               4725 Wisconsin Avenue NW, #200
                                 Washington, D.C. 20016
20
     For Consumer Indirect       GUSTAFSON GLUEK PLLC
21   Purchaser Plaintiffs:       BY:  MICHELLE J. LOOBY
                                 120 South Sixth Street, #2600
22                               Minneapolis, Minnesota 55402

23                               HAGENS BERMAN SOBOL SHAPIRO LLP
                                 BY:  SHANA E. SCARLETT
24                               715 Hearst Avenue, #202
                                 Berkeley, California 94710
25
```

1        MS. ABERG:  Yeah.  And now, of course, turning to
2   burden.  You know, we would contend that even if these
3   products are marginally relevant, the need for the data is
4   outweighed by the high burdens of production.  Probably not
5   too much to say about this.  We've submitted --
6        THE COURT:  No.  I think plenty has been said.
7        MS. ABERG:  Okay.
8        THE COURT:  This can be short.
9        MS. ABERG:  Yes.
10       THE COURT:  Okay.
11       MS. ABERG:  So, yeah, we submitted declarations.
12  I'm happy to provide details about any of, any of the
13  specifics that we've put in there, but, suffice it to say,
14  data production very burdensome.  It would be burdensome to
15  collect the additional data that is sought.  And,
16  accordingly, and especially given the low level of
17  relevance, we don't think that that burden is justified.
18       And just as one final point, I want to address
19  this refrain that DAPs cannot be bound by discovery
20  agreements that they weren't involved in negotiating.  We --
21  our position, first of all, is that it should not be
22  presumed that DAPs get to come in and negotiate all their
23  own discovery agreements in this case.
24       Judge Tunheim acknowledged as recently as
25  yesterday in his order that DAPs are not necessarily

1    entitled to additional requests.  In his order that he
2    issued yesterday he stated that the court would, quote, not
3    assume that additional structured data requests or new
4    proposed search terms will necessarily be deemed
5    proportional to the needs of the case.
6              And then, finally, we contend that DAPs' interests
7    were promoted and protected in the negotiated product scope
8    agreements that were reached in April of 2021 by able class
9    counsel.
10             THE COURT:  All right.  Thank you very much.
11             Mr. Eddy, let's go back to you.  And confining
12   yourself to points that Ms. Aberg made, rebuttal.
13             MR. EDDY:  Your Honor, you will not see my firm
14   listed on any of the exhibits that the defendants put
15   forward.  There was confusion in the spring of this year.
16   And once we learned of this agreement to exclude, we acted
17   promptly.  The defendants are essentially saying we waived
18   our right to these data.  That's simply untrue.  Once we
19   learned --
20             THE COURT:  Well, let's, let's break that down a
21   little bit.  I mean, after you finished on your direct
22   remarks, Mr. Ahern had some things he wanted to say; and the
23   first thing he said was, you know, contrary to what you've
24   heard, I was in the room when this was negotiated.
25   Mr. Ahern and you are both lawyers representing the direct

1  purchaser plaintiffs or direct action DAPs.  And, I mean, I
2  don't wish to sound flippant, but do you guys talk to each
3  other?  I mean, how could you have been surprised that this
4  had been negotiated?
5              MR. EDDY:  We understood we have -- we got their
6  data.  And Mr. Ahern even admitted his views were not in the
7  agreement.  When we got their data, we saw inconsistent
8  results.  Clemens Corporation produced all their data.  So
9  we had to ask our consultants, were all these data excluded
10 or were they produced?  And it varied.  And that's -- that
11 caused us to, you know, make sure we were correct in our
12 approach on this.  We didn't want to go file a motion to
13 compel on one and then another one on another company.  The
14 bottom line is even Mr. Ahern doesn't represent my clients.
15 His clients don't buy offal and rendering products.
16             And let me say --
17             THE COURT:  I'm not making that point.  What my
18 point is, is that Mr. Ahern has, in my view, put himself out
19 there as a percipient witness to this agreement, and both
20 Mr. Ahern and you are representing DAPs.  And that's, I
21 think, all I need to say and also all I can say, because I
22 think that's as far as the evidence goes.
23             MR. EDDY:  The reality is, Your Honor, we asked
24 Mr. Ahern, once we started to see gaps, what happened, what
25 was going on.  And he said, I never reached a deal.  And

```
1    right?
2            MR. EDDY:  Thank you, Your Honor.
3            MS. ABERG:  Thank you, Your Honor.
4            THE COURT:  Thank you.  Thank you all very much.
5    Have a good evening.
6            MR. AHERN:  Thank you, Your Honor.
7            (Court adjourned at 4:55 p.m., 10-05-2022.)
8                            *  *  *
9            I, Renee A. Rogge, certify that the foregoing is a
10   correct transcript from the record of proceedings in the
11   above-entitled matter.
12                   Certified by:  /s/Renee A. Rogge
                                    Renee A. Rogge, RMR-CRR
13
```