# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST LITIGATION

This Document Relates To:
ALL ACTIONS

Civil No. 18-1776 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER OVERRULING CERTAIN DIRECT ACTION PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DATED NOVEMBER 16, 2022**

Certain Direct Action Plaintiffs[1] ("Moving DAPs") in this case filed a motion to compel production of Defendants' sales data for four categories of pork products not included in other discovery requests. The Magistrate Judge denied the motion to compel, finding that the requested sales data's relevance was outweighed by the DAPs' untimeliness in bringing the motion and proportionality concerns. The Court now considers Moving DAPs' objection to the Magistrate Judge Order. Because the Court finds that the Magistrate Judge's decision was not clearly erroneous or contrary to law, it will overrule the objection.

---

[1] These DAPs are comprised of Compass Group USA, Inc., Conagra Brands, Inc., Howard B. Samuels solely as Trustee for the estate of Central Grocers, Inc., Nestlé USA, Inc., Nestlé Purina PetCare Company, Amory Investments LLC, and Sysco Corporation. (Mot. Compel at 1 n.1, Sept. 20, 2022, Docket No. 1493.)

**BACKGROUND**

I. **MOTION TO COMPEL**

In October 2021, Moving DAPs served a request for Hormel Foods Corporation; Hormel Foods LLC; JBS USA, INC.; Smithfield Foods, Inc.; Tyson Foods, Inc.; and Tyson Fresh Means, Inc. (collectively, the "Defendants")[2] to produce structured sales data for four categories of pork products (the "requested data").[3]  (Mot. Compel at 1, Sept. 20, 2022, Docket No. 1493.)   Moving DAPs argue that this information is necessary to assess the impact and harm that DAPs suffered because of the alleged conspiracy.  (Mem. Supp. Mot. Compel at 2, Sept. 20, 2022, Docket No. 1495.)

The deadline for the parties to produce substantial sales data was September 1, 2021, and the parties agreed that Defendants would produce "any additional structured data" requested by the DAPs by December 1, 2021.  (Order on Stipulation Regarding Pretrial Scheduling Order, Nov. 12, 2020, Docket No. 532; Joint Statement at 3, Dec. 10, 2021, Docket No. 1046.)  But Defendants asserted that the requested data was outside

---

[2] Defendants Clemens Food Group and Seaboard Foods have produced the sought-after sales data and thus are excluded from this list of Defendants.  (Mem. Supp. Mot. Compel at 1–2, Sept. 20, 2022, Docket No. 1495.)

[3] Specifically, Moving DAPs sought Defendants' sales data related to (1) hot dogs and various types of franks that include pork and non-pork meat; (2) multi-ingredient products such as pepperoni, breakfast burritos, sausage tots, or sausage rolls; (3) offal products, which are products removed from the carcass during processing such as fat, heats, and other organs; and (4) renderings and by-products such as blood meal and bone meal. (Mem. Supp. Mot. Compel at 2, Sept. 20, 2022, Docket No. 1495.)

the agreed-upon scope of Defendants' sales data, which the parties had extensively negotiated for several months, and thus did not provide it by the December 1, 2021 deadline.[4] (Mem. Opp. Mot. Compel at 2, Sept. 29, 2022, Docket No. 1521.)

In September 2022—almost a full year after they requested the data and just a couple of weeks before the close of fact discovery—the Moving DAPs filed a motion to compel. (Mot. Compel.) Defendants opposed the motion as untimely, only marginally relevant, disproportionate, unduly burdensome, and prejudicial. (Mem. Opp. Mot. Compel at 2–3.) The parties presented their arguments to the Magistrate Judge on October 5, 2022. (*See generally* Tr. Mot. Hr'g, Oct. 9, 2022, Docket No. 1529.)

## II. MAGISTRATE JUDGE'S ORDER

After considering the parties' positions, the Magistrate Judge issued an Order on November 16, 2022, denying the Moving DAPs' motion to compel. (Order, Nov. 16, 2022, Docket No. 1608.) The Magistrate Judge denied the motion because, although the requested data was marginally relevant, it was untimely and disproportionate. (*Id.* at 9, 12–13.) The Magistrate Judge found that the motion to compel was untimely because the Moving DAPs were on notice that structured data production deadlines applied to them and were advised via August 2021 emails that the requested data they sought would

---

[4] It should be noted that the Moving DAPs were not party to this earlier agreement, but this is not dispositive because Moving DAPs had notice that they would be subject to previous agreements and orders in this action.

be excluded from Defendants' productions. (*Id.* at 10.) The Magistrate Judge concluded that the scheduling order would need to be modified if the motion to compel were granted, and the Moving DAPs failed to show good cause to modify the scheduling order as required by Federal Rule of Civil Procedure 16(b)(4). (*Id.* at 10–11.)

### III. PROCEDURAL HISTORY

The Moving DAPs filed this timely objection to the Magistrate Judge's Order pursuant to Local Rule 72.2. (Objs. Magistrate Judge Order, Nov. 30, 2022, Docket No. 1650.) They contend that the Order contains findings that are clearly erroneous and contrary to law. (*Id.* at 1.) Specifically, the Moving DAPs argue that the Magistrate Judge wrongly concluded that their motion was untimely. (*Id.* at 2.) They further assert that some Defendants did not satisfy their burden to show that the discovery request was unreasonably and disproportionately burdensome and Moving DAPs do not already have access to the data. (*Id.* at 5, 8.) Moving DAPs also believe the Magistrate Judge erred in failing to discuss a similar order from the *In re Broiler Chickens Antitrust Litigation* case. (*Id.* at 7.) Defendants oppose the Moving DAPs' objections. (Defs.' Response Objs., Dec. 14, 2022, Docket No. 1679.)

### DISCUSSION

### I. STANDARD OF REVIEW

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Skukh v. Seagate Tech., LLC*, 295

F.R.D. 228, 235 (D. Minn. 2013); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). Reversal is only appropriate if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must be "left with the definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (internal citations omitted). "[T]he district court has inherent power to review the final decision of its magistrates." *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir. 1975).

## II. ANALYSIS

### A. Timeliness

The Magistrate Judge's finding that the motion was untimely was not clearly erroneous or contrary to law. The deadline for parties to substantially complete document and structured data productions was September 1, 2021,[5] with final document production wrapping up in December 2021. Defendant Smithfield emailed the DAPs discovery materials in March 2021, and the correspondence clearly indicates the requested data would be excluded from the structured sales data production. (Resp. Opp. Mot. Compel, Ex. 14, at 4, Sept. 29, 2022, Docket No. 1522-14.) Defendant Smithfield

---

[5] Though the Moving DAPs argue that this deadline only applied to the Defendants, the pretrial scheduling order suggests it applies to all parties. (Order on Stipulation Regarding Pretrial Scheduling Order, Nov. 12, 2020, Docket No. 532.)

sent similar correspondence in April 2021. (Resp. Opp. Mot. Compel, Ex. 15, at 4, Sept. 29, 2022, Docket No. 1522-15.)

Accordingly, the DAPs had notice that Defendants would not produce the requested sales data well before the September 1, 2021 deadline for substantial structure data production, let alone the December 1, 2021 deadline for additional structured data production. Nevertheless, the Moving DAPs waited until September 2022—just a couple of weeks before the close of fact discovery—to file their motion to compel. Though the motion to compel was filed before the deadline for filing nondispositive motions, the Magistrate Judge's finding that this was nevertheless untimely was not clearly erroneous.

Further, the Magistrate Judge's finding that the motion was untimely was also not contrary to law. Federal Rule of Civil Procedure 16(b)(4) requires good cause and the judge's consent to modify a schedule. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (internal citations omitted). Although the good cause analysis emphasizes diligence, "there is not a clear test for when a party is not diligent enough to establish good cause[,]" and the district court retains broad discretion. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019).

Here, the Magistrate Judge determined that the pretrial scheduling order may need to be modified to accommodate the motion to compel because the deadlines for

discussions about and production of structured data would need to be extended. The Moving DAPs failed to show good cause to amend the scheduling order to allow for additional document production, and the record does not indicate that they were diligent in bringing the motion to compel.[6] Therefore, the Magistrate Judge did not err in finding that the motion was untimely and denying it as such.[7]

B. **Relevance and Proportionality**

Likewise, the Magistrate Judge's findings on relevance and proportionality are not clearly erroneous or contrary to law. The Magistrate Judge believes that the sought data may be "somewhat relevant" because some of the Moving DAPs purchased significant quantities of such pork products. (Order at 11–12.) However, the Magistrate Judge concluded that such relevance was outweighed by proportionality concerns. (*Id.* at 12-13.)

---

[6] Although the Moving DAPs argue that the pretrial scheduling order would not have needed to be amended if the Defendants had agreed to the data production when the Moving DAPs originally asked for it, the record indicates that they asked for the data in October 2021 and Moving DAPs could have filed their motion to compel before the end of document production in December 2021. (*See* Moving DAPs' Ex. A at 16–18, Sept. 20, 2022, Docket No. 1496-1.) However, they did not file the motion to compel until well after the December 2021 deadline for document production. The pretrial scheduling order would likely to be amended to reopen discussions on the requested data production.

[7] The Moving DAPs also assert that the Magistrate Judge erred in relying on *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020), for the contention that "[t]he primary measure of good cause is the movant's diligence in attempting to meet deadlines." However, even if *Ellingsworth* is not analogous to the present motion to compel, the Magistrate Judge's reliance on it is not dispositive here because the resulting Order is not contrary to law.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain evidence if it is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id.*, advisory committee's notes to 2015 amendment. "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (citation omitted). Rule 26 requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citation omitted). The court may consider affidavits, other forms of evidence, and common sense in conducting its analysis. *Vallejo*, 903 F.3d at 743-44.

Here, the Moving DAPs admit that Defendants submitted two affidavits that demonstrate the requested discovery is unduly burdensome, but they contend that the Magistrate Judge nevertheless erred because Defendants JBS and Smithfield provided no affidavits or other evidence specific to them. But the Magistrate Judge did not err in this regard. Common sense suggests that if the discovery request is unduly burdensome to some Defendants, it would likely also be burdensome to Defendants JBS and Smithfield. *See id.* at 744 (finding that the district court did not err in ruling a discovery request disproportionate, even though the party did not provide affidavits or other specific

evidence that the request was burdensome, because the court had sufficient information to decide based on common sense). Given the large amount of discovery already conducted in this case, and the two affidavits Defendants submitted in this matter, the Magistrate Judge had sufficient information to make a decision.

Further, the Moving DAPs have failed to show that the Magistrate Judge committed clear error in his consideration of the parties' relative access to the requested data. The Magistrate Judge explained that "Moving DAPs are just as likely to have the purchase records for the excluded products as Defendants are to have the sales records," which favors Defendants. (Order at 12.) The Moving DAPs contend that this was clear error because, as they explained at the motion to compel hearing, they do not have as robust of records as Defendants. However, this does not amount to clear error because Moving DAPs have not explained why their data is insufficient.

In sum, the Magistrate Judge considered access to relevant information, burden and expense of producing the relevant data, delay, party resources, and the amount in controversy in determining that the discovery request was not proportional. The Magistrate Judge's resulting Order that the requested data is unduly burdensome is not clearly erroneous or contrary to law.

C. *Broiler Chickens'* **Order**

Lastly, the Magistrate Judge did not commit clear error in failing to address an order from *In re Broiler Chicken Antitrust Litigation*, a case currently pending in the Northern District of Illinois. The Magistrate Judge need not specifically address each and

evidence that the request was burdensome, because the court had sufficient information to decide based on common sense). Given the large amount of discovery already conducted in this case, and the two affidavits Defendants submitted in this matter, the Magistrate Judge had sufficient information to make a decision.

Further, the Moving DAPs have failed to show that the Magistrate Judge committed clear error in his consideration of the parties' relative access to the requested data. The Magistrate Judge explained that "Moving DAPs are just as likely to have the purchase records for the excluded products as Defendants are to have the sales records," which favors Defendants. (Order at 12.) The Moving DAPs contend that this was clear error because, as they explained at the motion to compel hearing, they do not have as robust of records as Defendants. However, this does not amount to clear error because Moving DAPs have not explained why their data is insufficient.

In sum, the Magistrate Judge considered access to relevant information, burden and expense of producing the relevant data, delay, party resources, and the amount in controversy in determining that the discovery request was not proportional. The Magistrate Judge's resulting Order that the requested data is unduly burdensome is not clearly erroneous or contrary to law.

C. *Broiler Chickens'* **Order**

Lastly, the Magistrate Judge did not commit clear error in failing to address an order from *In re Broiler Chicken Antitrust Litigation*, a case currently pending in the Northern District of Illinois. The Magistrate Judge need not specifically address each and

every argument raised by a party. *See generally United States v. Barron*, 557 F.3d 866, 868 (8th Cir. 2009). The parties discussed *Broilers* in the motion to compel hearing, and the Magistrate Judge took those arguments under advisement. (Tr. Mot. Hr'g 35:2-21, 37:24-25.) The Magistrate Judge did not commit clear error or act contrary to law in failing to explicitly address the *Broilers* case in the Order.

## CONCLUSION

Because the Magistrate Judge did not commit clear error or act contrary to law in the denial of the Moving DAPs' motion to compel, the Court will overrule their objection.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Moving DAPs' Objections to the Magistrate Judge's Order Dated November 16, 2022 Denying Motion to Compel [Docket No. 1650] is **OVERRULED**.

DATED: January 3, 2023　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge