## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | Court File No. 18-cv-1776 (JRT/JFD) |
| This Document Relates To:<br><br>*Commonwealth of Puerto Rico v. Agri Stats, et al.*, No. 19-cv-2723 (JRT/JFD)<br><br>*Sysco Corporation v. Agri Stats Inc., et al.*, No. 21-cv-1374 (JRT/JFD)<br><br>*Amory Investments LLC v. Agri Stats, Inc.*, et al., No: 21-cv-1697 (JRT/JFD) | **JBS USA'S RESPONSE TO CERTAIN DAPS' AND THE COMMONWEALTH OF PUERTO RICO'S OBJECTIONS TO MAGISTRATE'S DECEMBER 9, 2022 ORDER DENYING MOTION TO COMPEL** |

Pursuant to Local Rule 72.2(a)(2), JBS USA Food Company ("JBS USA") respectfully submits its response to the Objections (Dkt. 1689) filed by Sysco Corporation, Amory Investments LLC, and the Commonwealth of Puerto Rico (collectively, "Moving DAPs") to Magistrate Judge Docherty's December 9, 2022 Order (Dkt. 1680).

Moving DAPs fail to identify anything clearly erroneous or contrary to law. Their objections reinforce the soundness of the ruling, based on Moving DAPs' failure to: (1) meet the nondispositive motion deadline in Pretrial Order No. 1 or (2) meet-and-confer through personal contact regarding the Motion prior to filing it. The Court should sustain the order.

## BACKGROUND

### A. DAPs Served Rule 30(b)(6) Topics and Proceeded With the Deposition

Moving DAPs never conferred with JBS USA regarding their motion to compel testimony on the two disputed topics.  Direct Action Plaintiffs ("DAPs") sent a *draft* Rule 30(b)(6) notice to JBS USA in July 2022,[1] (DAP Obj. Ex. 3), and counsel discussed the draft notice generally during a call on August 12, 2022 (Obj. at 2).  JBS USA maintains that the two disputed topics were *not* specifically discussed during that call.  12/09/2022 Hr'g Tr. 18:18-23.  Moving DAPs only contend that there was "meet-and-confer about the entire draft notice," but never specifically contend the two topics were discussed, or outline the substance of any such discussion.  Obj. at 2.  Regardless, and as discussed further below, it is undisputed that the two topics were never discussed again before the September 27, 2022 deposition of JBS USA's corporate witness or before Moving DAPs filed their Motion.

DAPs did not serve a formal Rule 30(b)(6) notice on JBS USA until September 14, 2022, which included the two disputed topics (Topics 20 and 23).  DAP Ex. A.  JBS USA served its Responses and Objections on September 20, 2022, objecting to the disputed topics, among other reasons, as unduly burdensome, disproportionate to the needs of the case, and calling for privileged information and conclusions of law.  DAP Ex. B at 13-14.

---

[1]  The notice was served by not only Moving DAPs, but also multiple other DAPs that did not join the Motion.

After receiving JBS USA's objections, DAPs "request[ed] a meet and confer regarding [JBS USA's] objections and responses to *Topics 15, 16 and 24*"—topics not at issue in the Motion. DAP Ex. D at 4 (emphasis added). JBS USA made itself available for a meet-and-confer call the next day, September 22, 2022. *Id.* During that call, the parties only discussed the three topics identified by DAPs (Topics 15, 16 and 24). DAPs never raised Topics 20 and 23 during that call. Rather, they emailed later that day that they would "plan to file a motion to compel on those topics assuming JBS maintains its objections and its refusal to provide a corporate designee on them." DAP Ex. D at 2.[2] JBS USA served amended objections and responses on September 23, 2022, maintaining its objections to Topics 20 and 23. DAP Ex. E at 14-15. DAPs deposed JBS USA's corporate witness for nearly a full day on September 27, 2022. JBS Ex. 1.[3]

### B. Moving DAPs Did Not Raise the Disputed Topics in Required Court Submissions or Meet and Confer on the Motion

Following the deposition, Moving DAPs remained silent regarding their desire to seek further testimony from JBS USA on Topics 20 and 23 for nearly two months, despite the Court's order to disclose unresolved discovery issues and promptly meet and confer to attempt to resolve them. Specifically, the Court issued Pretrial Order No. 1 on October 4, 2022, setting the close of fact discovery for October 31, 2022, and directing the parties to "*notify the Court as soon as practicable if they anticipate that any part of discovery cannot*

---

[2] Moving DAPs' exhibits filed in support of their Motion at Dkt. 1596-1 to 1596-6 are referred to herein as "DAP Ex."

[3] The exhibits filed by JBS USA in Opposition to the Motion at Dkt. 1657 to 1657-8 are referred to herein as "JBS Ex."

*be completed by this deadline*." *See* Dkt. 1525 at 3, 5 (emphasis added). The Order also required the parties to meet and confer to resolve or narrow any disagreements. *Id.* at 10. Finally, the Order directed the parties to submit "[a]n overview of the status of discovery in all related cases to date" and "[a]n overview of the status of any motions, orders, or other events of import in all related cases to date." *Id.* at 11.

In response, the parties submitted a joint report, stating that the "Parties have completed the substantial majority of the depositions they intend to take in this action" and specifically identified all the remaining depositions expected to take place after the close of fact discovery. Dkt. 1542 at 2. The parties also provided an overview of all contemplated discovery motion practice. *Id.* at 5-7 (noting forthcoming motion on letter rogatory to facilitate a deposition). Moving DAPs did not raise the prospect of additional 30(b)(6) testimony or motion practice against JBS USA in the report. Nor did they raise that possibility during the October Case Management Conference, where the parties discussed the status of pending and forthcoming depositions and motions. 10/17/2022 CMC Tr., Dkt. 1561 at 10:19-12:14, 15:18-18:3.

Continuing their silence, Moving DAPs made no mention of seeking additional testimony from JBS USA when the parties filed a Stipulation and Proposed Order on November 3, 2022, which sought the Court's permission to take certain depositions after the close of fact discovery. Dkts. 1576, 1577. Because Moving DAPs did not raise the possibility of another JBS USA 30(b)(6) deposition, the Court's order did not allow for such discovery following the fact-discovery cutoff. Dkt. 1582.

Discovery closed and the non-dispositive motion deadline passed on October 31, 2022.  Dkt. 1525 at 3, 10.  Moving DAPs did not file their Motion until November 14, 2022.  Dkt. 1593.  Before bringing the Motion, Moving DAPs made no attempt to meet and confer with JBS USA.  Only three of the 20 DAPs with claims remaining against JBS USA joined the Motion.  *Id.*  After JBS USA noted this in its opposition to the Motion (Dkt. 1654 at 14), none of those remaining DAPs sought to voice their support for the Motion before or during oral argument.  Nonetheless, additional DAPs filed a joinder in Moving DAPs' objections on December 29, 2022.  Dkt. 1709.

Although other Defendants took a similar position in response to 30(b)(6) topics regarding antitrust-compliance policies, neither Moving DAPs or any other DAPs have filed motions to compel against other Defendants on such topics.  *See, e.g.*, JBS Ex. 10 at 11-12 ("Hormel Foods will not provide Rule 30(b)(6) testimony for this Subject Matter Area"); JBS Ex. 11 at 22 ("Seaboard will not designate a 30(b)(6) witness on this topic").

## ARGUMENT

## I.   THE MOTION WAS UNTIMELY

The Magistrate Judge's finding that the Motion was untimely, because Moving DAPs filed it after the expiration of the non-dispositive motion deadline, is neither clearly erroneous nor contrary to law.  *See* LR 72.2(a)(3).  The "standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Shukh v. Seagate Tech*., *LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013).  Moving DAPs do not dispute that the Court's most recent scheduling order, Pretrial Order No. 1, set both the fact-discovery cutoff and non-dispositive motion deadline for October 31,

2022.  Dkt. 1525 at 10.  They also cannot dispute that their Motion was not filed until two weeks after that deadline.  Rather, Moving DAPs object to Judge Docherty's ruling by contending that (1) Pretrial Order No. 1 only applies to DAP cases, (2) this Court must have made a mistake in Pretrial Order No. 1, and (3) therefore it was clearly erroneous and contrary to law for Judge Docherty to apply the deadline set by Pretrial Order No. 1 rather than the deadline set in an earlier order issued on September 9, 2022 (Dkt. 1488).  Obj. at 7-9.  The Court should overrule the objections and sustain Judge Docherty's order, for several reasons.

*First*, Moving DAPs' suggestion that Pretrial Order No. 1 only applies to DAP cases is false.  The order itself is clear that it applies to *all* cases, including the class cases and other cases that predated the MDL:

- The caption states: "This document relates to: ALL CASES."

- The first paragraph provides that "the following schedule shall govern *these proceedings.*"

- The second paragraph states that the order applies to all cases, including "*all related actions originally filed in the Court*."

- The order (page three) sets an October 31, 2022 fact-discovery cutoff "*for all cases and parties*—whether commenced before or after entry of this Order".

- The discovery limits on page five of the order specifically reference "*each Plaintiff Class* (DPPs, CIIPPs, and IIPs)" in addition to the DAPs.

- The order set a case management conference to be attended by all parties and required all parties to submit a pre-conference report.

- Where deadlines or requirements are specific to DAPs, the order specifically references the "MDL DAPs," but the non-dispositive motion provision (page 10) does not contain that limiting reference: "All non-dispositive motions and supporting documents … must be filed and served on or before ***October 31, 2022***. This includes motions relating to fact discovery and motions to amend this Scheduling Order."

- The next paragraph states: "All non-dispositive motions and supporting documents that relate to discovery pertaining to *class certification* experts must be filed as soon as possible after a good faith attempt to resolve the disputes," making plain that the order applies to class cases.

*Second,* as Judge Docherty correctly held, Pretrial Order No. 1 controls because it was issued *after* the September 9 Order, and therefore superseded the earlier order. 12/09/2022 Hr'g Tr. 9:16-18, 12:20-13:3.  A pretrial scheduling order "controls the course of the action unless the court modifies it."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting Fed. R. Civ. P. 16(d)).  Further, a court's pretrial order "'supersedes all previous pleadings and controls the subsequent course of action unless modified by a subsequent order.'" *Klingenberg v. Vulcan Ladder USA, LLC*, 936 F.3d 824, 830 (8th Cir. 2019) (quoting *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 499 (8th Cir. 2004)).  Thus, it was not clearly erroneous or contrary to law for Judge Docherty to apply the controlling pretrial order.

*Third,* Moving DAPs never sought clarification of or relief from Pretrial Order No. 1's non-dispositive motion deadline.  The order states: "This schedule may be modified either upon formal motion or stipulation," and that the order governs "unless superseded or modified by *subsequent* Order."  Dkt. 1525 at 1 (emphasis added).  While the parties may have referenced the deadline set by the September 9 Order in certain submissions, that does not change the fact that the Pretrial Order controls.  Moreover, the parties never sought to formally move the non-dispositive motion deadline to November 14, 2022, and tellingly, no other party (aside from Moving DAPs) has attempted to file a non-dispositive motion after October 31, 2022.  Even if the Court "inadvertently overlooked the September 9 Order" (Obj. at 8) in setting the case schedule, as Moving DAPs suggest, it was Moving DAPs' responsibility to seek modification of Pretrial Order No. 1.  Judge Docherty did not err in requiring compliance with the Court's scheduling order.

*Finally*, even apart from Pretrial Order No. 1, Moving DAPs' motion was untimely because of their delay in bringing it and their failure to disclose the dispute when ordered to do so.  Courts have considerable discretion to deny motions to compel as untimely to promote the "interests of dispatch and fairness," even when the moving parties have technically complied with applicable motion deadlines.  *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1044 (S.D. Iowa 2010); *see also Aardwolf Indus., LLC v. Abaco Machs. USA, Inc.*, 2017 WL 4769431, at *1-2 (C.D. Cal. July 10, 2017) (denying as untimely a motion to compel filed more than a month before discovery cutoff, noting that plaintiff did nothing for months before seeking "last minute … discovery relief").

8

Indeed, the Court ordered early in this case that "[t]he parties must *promptly* bring disputes to the Court" when they are not able "to resolve those disputes through a diligent, good faith meet-and-confer process." 1/26/21 Pretrial Scheduling Order, Dkt. 658 at 9 (emphasis added). The Court underscored the importance of diligence in bringing motions, stating that "*simply because this Scheduling Order establishes a deadline for filing a particular type of non-dispositive motion does not mean the Court will automatically deem any motion brought by that deadline to have been timely filed*." *Id.* (emphasis added). The Court considers "whether the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines … and whether it appears that with the exercise of diligence, the motion could have been brought sooner." *Id.* at 9-10.

Moving DAPs were anything but diligent in bringing their motion. They went forward with the deposition of JBS USA's corporate witness without even meeting and conferring on the two specific disputed topics. They then sat silent for several weeks, even after the Court ordered the parties to meet and confer to attempt to resolve outstanding discovery disputes and to "notify the Court as soon as practicable" of any part of discovery that may occur after the fact discovery cutoff. Pretrial Order No. 1, Dkt. 1525 at 5, 10. They further failed to raise the issue in the parties' various submissions ordered by the Court or the October Case Management Conference where the parties updated the Court on upcoming discovery and motion practice. *See* Dkts. 1542, 1576; 10/17/2022 CMC Tr., Dkt. 1561. Instead, they waited for the fact discovery and non-dispositive motion deadlines to pass, filing their Motion nearly two months after JBS USA's corporate witness was

deposed.  Given these circumstances, Judge Docherty was well within his discretion to deny the Motion as untimely.

## II.  MOVING DAPS NEVER MET AND CONFERRED ON THE MOTION

Judge Docherty's denial of the Motion based on Moving DAPs' failure to adhere to the Court's meet-and-confer requirement was also not clearly erroneous or contrary to law. Moving DAPs brought their Motion without *ever* meeting and conferring with JBS USA on the two specific deposition topics at issue in the Motion.  Moving DAPs attempt to skirt around this fact, but do not directly dispute it in their Objections.  Instead, they argue that they satisfied "the letter and spirit" of their meet-and-confer obligation through (1) a call with JBS USA to discuss their draft deposition notice back in August, before they served the formal Rule 30(b)(6) deposition notice and before JBS USA served its objections, and (2) a September 22 email to JBS USA threatening motion practice.  Obj. at 11-13.  The Court should overrule the objections and sustain the well-reasoned ruling.

Judge Docherty found the parties' August call on the draft notice insufficient because it was held prior to service of the formal Rule 30(b)(6) deposition notice and JBS USA's responses and objections, and the parties never specifically discussed the issues covered by the Motion (i.e., the possibility of DAPs seeking to compel testimony on Topics 20 and 23).  As Judge Docherty explained:

> There simply was not a meet-and-confer on these two topics following the [serving] of the 30(b)(6) notice, and I cannot find that a pre-30(b)(6) notice discussion back in August serves as a meet-and-confer for a motion that is then filed in October.

12/09/2022 Hr'g Tr. 32:2-6.   Judge Docherty found it significant that the August conversation was not a meet-and-confer on Moving DAPs' *Motion* because, when parties meet and confer on an actual motion to be filed, it allows the parties to focus and "come to grips with the real issues that are in dispute."   12/09/2022 Hr'g Tr. 31:20-32:6; *id.* 29:23-30:5 (noting that meeting and conferring on an actual motion rather than a draft notice, "is a distinction with a difference, because when one has the concrete motion in front of a person, lawyers are able to talk about the actual motion….").[4]  Moving DAPs *never* had a telephone conversation to meet and confer with JBS USA regarding their Motion.

Similarly, Judge Docherty properly found that Moving DAPs' September 22 email did not fulfill the requirement because "the Court does not consider emailing and letter writing to be a form of meet-and-confer."   12/09/2022 Hr'g Tr. 7:10-12.   Judge Docherty's finding is consistent with Pretrial Order No. 1, which states: "Parties must attempt to confer through personal contact (in person, by telephone, or by video conference), rather than solely through written correspondence or email."   Dkt. 1525 at 10; *see also* Judge Docherty's Practice Pointers ("Neither a desultory, pro forma conversation, nor letter-

---

[4]   The cases cited by Moving DAPs in their Objections (Obj. at 11-12), which were not presented to Judge Docherty, are inapposite because they do not address a party's failure to meet and confer on the specific issues raised in the discovery motion.  *See Townsend Bros. Ag Enters., LLC v. C.H. Robinson Co.*, 2020 WL 13560166, at *3 (D. Minn. Apr. 27 2020) (denying joint motion for temporary stay of deadlines where parties' meet-and-confer established good cause); *Chestnut v. Kincaid*, 2022 WL 597056 (D. Md. Feb. 28, 2022) (denying plaintiffs' request that defendants produce 30(b)(6) representative with no discussion of meet-and-confer); *Smith v. BNSF Railway Co.*, 2018 WL 11436420 (D. Colo. March 28, 2018) (addressing motion to amend scheduling order; no discussion of meet-and-confer).

writing or email campaigns satisfy the letter—or the spirit—of the meet-and-confer requirement of the Local Rules."). The Court should not countenance Moving DAPs' effort to undermine these important requirements.

DAPs claim they should not have been expected to hold a telephone conference with JBS USA on their Motion because, in their view, it would have served no purpose given JBS USA's written objections on the disputed topics. Obj. at 13. That is incorrect. The parties had a productive meet-and-confer call on September 22 regarding other topics raised by the DAPs (but not the topics at issue in the Motion), which led to some agreement on other topics. If Moving DAPs had conferred with JBS USA on their anticipated Motion, the parties could have explored:

- why DAPs felt the Rule 30(b)(1) deposition testimony obtained from JBS USA witnesses on the disputed topics was insufficient[5];

- why only three DAPs were seeking a motion to compel;

- why these same (and other) DAPs agreed to other Defendants not providing a corporate witness on the same types of topics[6]; and

- JBS USA's concerns regarding burden and the disputed topics' seeking of privileged information and legal conclusions.[7]

---

[5] *See* JBS Opp. at 8 (Dkt. 1654).

[6] *See* JBS Exs. 10-12.

[7] *See* JBS Opp. at 14-18.

The Court's pre-motion meet-and-confer requirement serves an important purpose in resolving and narrowing disputes.  12/09/2022 Hr'g Tr. 31:20-32:6.  Moving DAPs failed to comply with this requirement and the Magistrate Judge's ruling should stand accordingly.  *See Laughlin v. Stuart*, 2021 WL 1589546, at *6 (D. Minn. April 22, 2021) (denying motion to compel where moving party failed to meet and confer); *Stai v. Deshane*, 2016 WL 11031224, at *4 (D. Minn. Jan. 22, 2016) (same); *Struzyk v. Prudential Ins. Co. of America*, 2003 WL 21302966, at *2-3 (D. Minn. May 16, 2003) (affirming magistrate judge's denial of motion to compel based on failure to meet and confer).

## III.   THE DISCOVERY SOUGHT IS DISPROPORTIONATE

Contrary to Moving DAPs' contention (Obj. at 13), the Magistrate Judge's ruling was also based on proportionality.  12/09/2022 Hr'g Tr. 32:7-22.  Judge Docherty recognized that the testimony sought was not proportionate to the needs of the case because of "evidence that [the testimony is] not really all that important."  *Id.* 13:16-19.  Specifically, Judge Docherty pointed to the fact that only three of 20 DAPs eligible to bring the Motion decided to join.  *Id.* 32:10-16.  The fact that several DAPs later joined the objections to Judge Docherty's Order (Dkt. 1709) does not change the fact that they neglected to join the Motion in the first place, nor does it make Judge Docherty's findings erroneous:

> I cannot, at the end of it all, escape the conclusion that I expressed earlier, which is when people are busy, as these lawyers have been, they choose to work on the things that are most important. And, therefore, it is telling to me that a number of DAPs have not joined in this motion that could have, notwithstanding that yes, they will benefit from it.

12/09/2022 Hr'g Tr. 32:10-16. Judge Docherty also found it significant to the "proportionality analysis" that "the motion was not preceded by a meet-and-confer, was not brought up at a case management conference, was not part of the November 3rd stipulation, [and] was really not grappled with at the deposition itself…." *Id.* 32:16-22. Moving DAPs have not explained why these additional findings are clearly erroneous or contrary to law.

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in JBS USA's opposition to the Motion (Dkt. 1654), the Court should overrule Moving DAPs' objections and sustain Judge Docherty's December 9, 2022 Order.

Dated:  January 6, 2023

**SPENCER FANE LLP**

By: */s/ Jessica J. Nelson*
    Donald G. Heeman, #286023
    Jessica J. Nelson, #347358
    Randi J. Winter, #391354
    100 South Fifth Street, Suite 2500
    Minneapolis, MN  55402
    Telephone:  (612) 268-7000
    Facsimile:  (612) 268-7001
    dheeman@spencerfane.com
    jnelson@spencerfane.com
    rwinter@spencerfane.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
Heather Christenson (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com
heatherchristenson@quinnemanuel.com

*Attorneys for Defendant JBS USA Food Company*