**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

IN RE PORK ANTITRUST LITIGATION

Civil No. 18-1776 (JRT/JFD)

This Document Relates To:

ALL ACTIONS

**MEMORANDUM OPINION AND ORDER OVERRULING CERTAIN PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 9, 2022 ORDER**

Certain Plaintiffs[1] ("Moving Plaintiffs") in this case filed a motion to compel Defendant JBS USA Food Company ("JBS") to provide testimony on certain topics. The Magistrate Judge denied the motion to compel orally at the end of the hearing, finding that the motion was untimely, disproportionate, and that the parties had failed to meet and confer on the matter. The Cout now considers Moving Plaintiffs' objection to the

---

[1] The Motion to Compel was filed by the Direct Action Plaintiffs Sysco Corporation and Amory Investments LLC, and the Commonwealth of Puerto Rico, all of which objected to the Magistrate Judge's corresponding decision. (Mot. Compel, Nov. 14, 2022, Docket No. 1593; Objs. Magistrate's Dec. 9, 2022 Order, Dec. 23, 2022, Docket No. 1689.) Direct Action Plaintiffs McDonald's Corporation; Aramark Food and Support Services Group, Inc.; Target Corporation; Quality Supply Chain Co-Op, Inc.; Sherwood Food Distributors, L.L.C.; Harvest Meat Company, Inc.; Western Boxed Meat Distributors, Inc.; Hamilton Meat, LLC; Jetro Holdings, LLC; BJ's Wholesale Club, Inc.; Kraft Heinz Foods Company; Dollar General Corporation; Raley's; Compass Group USA, Inc.; Conagra Brands, Inc.; Howard B. Samuels, solely as Chapter 7 Trustee of the estate of Central Grocers, Inc.; Nestlé USA, Inc.; and Nestlé Purina PetCare Co. have since joined Sysco Corporation and Amory Investments LLC's objection. (Certain Direct Action Pls.' Joinder in Moving Pls.' Obj. Magistrate's Dec. 9, 2022 Order, Dec. 29, 2022, Docket No. 1709.)

Magistrate Judge's decision. Because the Cout finds that the Magistrate Judge's decision was not clearly erroneous or contrary to law, it will overrule the objection.

## BACKGROUND

### I. MOTION TO COMPEL

Plaintiffs in this action served JBS with Notice of a Federal Rule of Civil Procedure 30(b)(6) Deposition on September 14, 2022. (Decl. Michael S. Mitchell ("Mitchell Decl."), Ex. A, at 2, Nov. 14, 2022, Docket No. 1596-1.) Among other topics, the Notice indicated that JBS should provide a corporate representative to speak to its policies and codes of conduct related to antitrust laws (Topic 20) and corresponding written policies (Topic 23). (Mitchell Decl., Ex. A, at 11.) JBS objected to the topics on various grounds and indicated that it would not provide a corporate designee to testify on those topics. (Mitchell Decl., Ex. B, at 13–14, Nov. 14, 2022, Docket No. 1596-2.)

The parties met and conferred by telephone on September 22, 2022, regarding topics for the 30(b)(6) deposition, but did not discuss Topics 20 and 23. (Mitchell Decl., Ex. D, at 4, Nov. 14, 2022, Docket No. 1596-4.) After the call, Moving Plaintiffs informed JBS that they planned to file a motion to compel "assuming JBS maintains its objections and its refusal to provide a corporate designee" for those topics. (*Id.* at 2.) JBS did not respond, other than to reassert that it would not provide a corporate designee on either topic. (Mitchell Decl., Ex. E, at 14–15, Nov. 14, 2022, Docket No. 1596-5.)

Accordingly, Moving Plaintiffs filed a motion to compel JBS to provide testimony for Topics 20 and 23 on November 14, 2022, which JBS opposed. (Mot. Compel, Nov. 14,

2022, Docket No. 1593; Opp. Mot. Compel, Dec. 2, 2022, Docket No. 1654.) Magistrate Judge John Docherty held a hearing on the motion on December 9, 2022. (*See generally* Hr'g Tr., Dec. 15, 2022, Docket No. 1680.) At the end of the hearing, Judge Docherty orally denied the Moving Plaintiffs' motion to compel. (*Id.* at 29:14–16.)

Judge Docherty considered the motion's untimeliness in making his decision. (*Id.* 29:17–31:18.) Though the deadline for nondispositive motions was originally November 14, 2022, an order from the Court moved that deadline up to October 31, 2022. (*Id.* 31:12–18.) Therefore, Judge Docherty determined the Moving Plaintiffs were untimely in filing their motion to compel on November 14. Judge Docherty also considered the parties' failure to meet and confer on the matter. (*Id.* 31:19–32:6.) Lastly, Judge Docherty briefly mentioned proportionality and noted that the fact that other Direct Action Plaintiffs had not joined the motion suggests that the motion to compel was not proportional to the needs of the case. (*Id.* 32:7–22.)

II. **PROCEDURAL HISTORY**

The Moving Plaintiffs filed an objection to the Magistrate Judge's decision on December 23, 2022. (Objs. Magistrate's Dec. 9, 2022 Order, Dec. 23, 2022, Docket No. 1689.) Moving Plaintiffs argue that Judge Docherty's order was clearly erroneous and contrary to law because the motion to compel was timely, satisfied the meet and confer requirement, and was proportional to the needs of the case. (*See generally id.*) Certain other Direct Action Plaintiffs then joined the Moving Plaintiffs' objection to Judge

Docherty's order, specifically to refute Judge Docherty's suggestion that the motion to compel was disproportionate since they had not previously joined. (Certain Direct Action Pls.' Joinder in Moving Pls.' Obj. Magistrate's Dec. 9, 2022 Order, Dec. 29, 2022, Docket No. 1709.) JBS urges the Court to sustain Judge Docherty's order. (Resp. Objs. Magistrate's Dec. 9, 2022 Order Den. Mot. Compel, Jan. 6, 2023, Docket No. 1728.)

## DISCUSSION

### I. STANDARD OF REVIEW

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Skukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). Reversal is only appropriate if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must be "left with the definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (internal citations omitted). "[T]he district court has inherent power to review the final decision of its magistrates." *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir. 1975).

### II. ANALYSIS

#### A. Timeliness

First, the Magistrate Judge did not err in finding the Moving Plaintiffs' motion to compel untimely. Though the parties had stipulated to extend the deadline for fact

discovery and filing nondispositive motions until November 14, 2022, and the Magistrate Judge had extended the deadline accordingly, the Court modified that scheduling order in Pretrial Order No. 1. (Order Am. Pretrial Sched. Order, Sept. 9, 2022, Docket No. 1488; Pretrial Order No. 1 at 3, 10–11, Oct. 4, 2022, Docket No. 1525.)

The Moving Plaintiffs argue that Pretrial Order No. 1 only applied to the actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, but not to actions that were initiated in this Court. But the plain language of Pretrial Order No. 1 clearly demonstrates this is untrue. The case caption indicates that it relates to "ALL CASES;" the very first sentence states, "the following schedule shall govern these proceedings;" and the Order makes clear that the October 31, 2022 deadline applies to "all cases and parties—whether commenced before or after entry of this Order." (Pretrial Order No. 1 at 1, 3.) Pretrial Order No. 1 affirmatively states that it shall "govern all actions transferred to this Court," but that statement does not limit it to only those transferred here. (*Id.* at 1.) Rather, that statement clarifies for the parties that it does in fact apply to newly transferred Direct Action Plaintiffs.

Because Pretrial Order No. 1 moved the deadline for **all** parties to complete fact discovery and file nondispositive motions up to October 31, 2022, Judge Docherty did not commit clear error in finding the November 14 motion to compel untimely.

B.  **Meet and Confer**

Second, the Moving Plaintiffs argue that the Magistrate Judge erred in finding that they did not complete the meet and confer requirement. Pretrial Order No. 1 requires all

parties to complete a meet and confer before filing a non-dispositive motion. (*Id.* at 10.) The meet and confer requirement is also outlined in Local Rule 7.1. L.R. 7.1(a).

The Magistrate Judge did not err in finding that the Moving Plaintiffs failed to satisfy the meet and confer requirement because, though they did meet and confer, they did not discuss the two discovery matters in dispute: Topics 20 and 23. Though they addressed other issues related to the 30(b)(6) deposition of JBS, they explicitly left Topics 20 and 23 out of their discussion. The parties sent a couple of drafts back and forth of the 30(b)(6) notice, but those do not satisfy the meet and confer element because Pretrial Order No. 1 requires that the meet and confer occur through personal contact (in person, by telephone, or by video conference), rather than solely through written correspondence or email. (Pretrial Order No. 1 at 10.) Moreover, this personal contact requirement was not satisfied as to Topics 20 and 23 after the Plaintiffs filed the Notice of the 30(b)(6) deposition.

The Magistrate Judge considered the communication that occurred between the parties and rightly determined that it did not constitute a meet and confer. (Hr'g Tr. 32:2–6.) Though the parties did indeed meet, they did not discuss the topics at issue for this motion to compel. Accordingly, the Court will find that the Magistrate Judge did not commit clear error in finding the meet and confer requirement unsatisfied.

### C. Proportionality

Lastly, Moving Plaintiffs object to the Magistrate Judge's order denying their motion to compel because Topics 20 and 23 are proportional to the needs of the case.

Judge Docherty generally suggests that Topics 20 and 23 must not be important because they were not preceded by a meet and confer, discussed at a case management conference, part of any stipulation, or addressed at the actual deposition. (*See* Hr'g Tr. 32:7–22.) In essence, the Magistrate Judge appropriately considered the greater context of the case. The Magistrate Judge also noted that the fact that approximately twenty Direct Action Plaintiffs did not join the motion is likely "evidence that it's not really all that important, and if it's not really all that important, that would factor into, of course, a proportionality analysis." (*Id.* 13:10–19.) It is not dispositive that several Direct Action Plaintiffs later joined the Moving Plaintiffs, as they did not join until over a month after the motion to compel was filed. The Court cannot conclude that the Magistrate Judge committed clear error in finding the sought after discovery disproportionate to the needs of the case.

## CONCLUSION

The Magistrate Judge did not commit clear error in denying the motion to compel because it was untimely, disproportionate, and the parties failed to meet and confer on the topic. The Court will therefore overrule the Moving Plaintiffs' objections to the Magistrate Judge's denial of their motion to compel.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Certain DAP's and the Commonwealth of Puerto Ricos' Objections to Magistrate's December 9, 2022 Order Denying Motion to Compel [Docket No. 1689] are **OVERRULED**.

DATED: January 17, 2023
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM
                                        United States District Judge