# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | Case No. 0:18-cv-01776-JRT-JFD |
| This Document Relates To:<br><br>ALL ACTIONS BROUGHT BY DIRECT ACTION PLAINTIFFS | JURY TRIAL DEMANDED |

## CLEMENS' ANSWER TO DIRECT ACTION PLAINTIFFS' CONSOLIDATED COMPLAINT

Clemens[1] is a family-owned corporation headquartered in Hatfield, Pennsylvania. Direct Action Plaintiffs' ("Plaintiffs'") Consolidated Complaint ("the Complaint") alleges that seven pork producers, along with their alleged co-conspirators, all agreed to and engaged in anticompetitive supply cuts through benchmarking services offered by Agri Stats, Inc. (collectively with pork producers Defendants, "Defendants"). Plaintiffs are wrong. The crux of Plaintiffs' theory is that, during the relevant time period from January 2008 to 2018, Defendants coordinated and limited their production by closing operations, consolidating complexes, and reducing output. Not so for Clemens, which took precisely the opposite track, doubling its capacity by opening a new processing plant in Coldwater, Michigan in 2017.

Clemens answers and sets forth its affirmative defenses to Plaintiffs' Complaint as follows. It denies each and every allegation in the Complaint except as expressly admitted below.

---

[1] The Clemens Defendants in this action are Clemens Food Group, LLC and The Clemens Family Corporation (collectively, "Clemens").

# I.    INTRODUCTION

**Answer:** The Introduction contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.  To the extent a response is required, Clemens denies such characterizations and/or conclusions, denies that Plaintiffs have grounds to bring any of the causes of action described therein, and denies the remaining allegations in the Introduction. [2]

# II.    CHART OF DIRECT ACTION PLAINTIFFS, DEFENDANTS AND CAUSES OF ACTION

**Answer:** Section II contains no factual assertions to which a response is required.  Section II further contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required.  To the extent a response is required, Clemens denies such characterizations and/or conclusions, and denies that Plaintiffs have grounds to bring any of the causes of action described therein.

# III.    NATURE OF ACTION

## ANSWERS

1.    Clemens denies the conspiracy alleged in the Complaint and denies each allegation in Paragraph 1.

2.    Clemens admits that certain Defendants, including Clemens, are suppliers of pork, but is without information sufficient to form a belief as to the precise percentage of Pork sold by other Defendants and third-parties alleged in the second sentence, and on this basis denies the allegations in this sentence.  To the extent the allegations in Paragraph 2 relate to other Defendants

---

[2]    The headings and titles in Plaintiffs' Complaint are not factual allegations to which a response is required.  To the extent that a response is deemed required, Clemens denies any allegations in Plaintiff's headings and titles.  All footnotes are omitted and any response to a footnote is included in the Answer to the relevant Paragraph of the Complaint.  To the extent any further response is deemed required, Clemens denies any allegation in a footnote.

and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 2.

3.     Clemens denies the conspiracy alleged in the Complaint. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 3 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 3.

4.     Clemens denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 4 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens further notes that the definition of "pork" in footnote four of the Complaint is imprecise, and therefore any of Plaintiffs' allegations regarding "pork" are ambiguous and Clemens on that basis denies them unless otherwise explicitly admitted. Clemens denies the remaining allegations in Paragraph 4.

5.     Clemens denies the conspiracy alleged in the Complaint. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in

Paragraph 5 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 6.

7.      Clemens denies the conspiracy alleged in the Complaint. Clemens admits that it is a member of certain pork-industry trade associations. To the extent the allegations in paragraph 7 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 7.

8.      Clemens denies the conspiracy alleged in the Complaint. Clemens admits that Agri stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 8 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 8.

9.      Clemens denies the conspiracy alleged in the Complaint. Clemens admits that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.

To the extent the remaining allegations in Paragraph 9 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 9.

10. Clemens denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 10 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 10.

11. Clemens denies the conspiracy alleged in Paragraph 11 and therefore denies the allegations in Paragraph 11. To the extent the allegations in Paragraph 11 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 11.

12. To the extent the allegations in Paragraph 12 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 12.

13. Paragraph 13 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Clemens denies such characterizations and/or conclusions. Clemens denies the remaining allegations in Paragraph 13.

14. To the extent the allegations in Paragraph 14 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 14.

15. Clemens denies the allegations in Paragraph 15 as they relate to Clemens; to the extent the allegations in Paragraph 15 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. Clemens denies the remaining allegations in Paragraph 15.

16. Paragraph 16 contains Plaintiffs' characterization of their claims, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 16 and states that Plaintiffs cannot maintain a claim for a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and are not entitled to relief.

17. Paragraph 17 contains Plaintiffs' characterization of their claims, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 17 and states that Plaintiffs cannot maintain a claim for a violation of the Packers and Stockyards Act (Count II) and are not entitled to relief.

## IV. JURISDICTION AND VENUE

18. Paragraph 18 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required, Clemens admits that Plaintiffs purport to bring this action under the Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, and Section 308 of the Packers and Stockyards Act, 7 U.S.C. § 209, but denies that Plaintiffs can maintain any claims or are entitled to any relief. Clemens denies the remaining allegations in Paragraph 18.

19. Paragraph 19 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required, Clemens denies the allegations in Paragraph 19.

20. Paragraph 20 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 20.

21. Paragraph 21 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is required, Clemens denies the allegations in Paragraph 21.

22. Paragraph 22 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is required, Clemens otherwise denies the allegations in Paragraph 22.

## V. PARTIES

23. To the extent the allegations in Paragraph 23 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 23 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 23.

24. To the extent the allegations in Paragraph 24 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 24 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal

conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 24.

25. To the extent the allegations in Paragraph 25 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 25 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 25.

26. To the extent the allegations in Paragraph 26 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 26 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 26.

27. To the extent the allegations in Paragraph 27 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 27 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 27.

28. To the extent the allegations in Paragraph 28 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 28 contains Plaintiffs' characterization

of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 28.

29. To the extent the allegations in Paragraph 29 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 29 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 29.

30. To the extent the allegations in Paragraph 30 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 30 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 30.

31. To the extent the allegations in Paragraph 31 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 31 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 31.

32. To the extent the allegations in Paragraph 32 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and

therefore denies these allegations. To the extent Paragraph 32 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 32.

33. To the extent the allegations in Paragraph 33 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 33 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 33.

34. To the extent the allegations in Paragraph 34 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 34 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 34.

35. To the extent the allegations in Paragraph 35 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 35 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.  To the extent Paragraph 36 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required.  Clemens denies the remaining allegations in Paragraph 36.

37.     To the extent the allegations in Paragraph 37 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.  To the extent Paragraph 37 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required.  Clemens denies the remaining allegations in Paragraph 37.

38.     To the extent the allegations in Paragraph 38 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.  To the extent Paragraph 38 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required.  Clemens denies the remaining allegations in Paragraph 38.

39.     To the extent the allegations in Paragraph 39 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.  To the extent Paragraph 39 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal

conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 39.

40. To the extent the allegations in Paragraph 40 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 40 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 40.

41. To the extent the allegations in Paragraph 41 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 41 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 41.

42. To the extent the allegations in Paragraph 42 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 42 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 42.

43. To the extent the allegations in Paragraph 43 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 43 contains Plaintiffs' characterization

of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 43.

44.     To the extent the allegations in Paragraph 44 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 44 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 44.

45.     To the extent the allegations in Paragraph 45 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 45 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 45.

46.     To the extent the allegations in Paragraph 46 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 46 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 46.

47.     To the extent the allegations in Paragraph 47 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and

therefore denies these allegations. To the extent Paragraph 47 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 47.

48.     To the extent the allegations in Paragraph 48 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 48 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 48.

49.     To the extent the allegations in Paragraph 49 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 49 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 49.

50.     To the extent the allegations in Paragraph 50 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 50 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 51 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 51.

52.     To the extent the allegations in Paragraph 52 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 52 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 52.

53.     To the extent the allegations in Paragraph 53 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 53 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 53.

54.     To the extent the allegations in Paragraph 54 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 54 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal

conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 54.

55. To the extent the allegations in Paragraph 55 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 55 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 55.

56. To the extent the allegations in Paragraph 56 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 56 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 56.

57. To the extent the allegations in Paragraph 57 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 57 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 57.

58. To the extent the allegations in Paragraph 58 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 58 contains Plaintiffs' characterization

of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 58.

59. To the extent the allegations in Paragraph 59 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 59 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 59.

60. To the extent the allegations in Paragraph 60 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 60 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 60.

61. To the extent the allegations in Paragraph 61 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 61 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 61.

62. To the extent the allegations in Paragraph 62 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and

therefore denies these allegations. To the extent Paragraph 62 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 62.

63. To the extent the allegations in Paragraph 63 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 63 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 63.

64. To the extent the allegations in Paragraph 64 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 64 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 64.

65. To the extent the allegations in Paragraph 65 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 65 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 65.

66.     To the extent the allegations in Paragraph 66 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 66 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 66.

67.     To the extent the allegations in Paragraph 67 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 67 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 67.

68.     To the extent the allegations in Paragraph 68 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 68 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 68.

69.     To the extent the allegations in Paragraph 69 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 69 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal

conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 69.

70. To the extent the allegations in Paragraph 70 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 70 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 70.

71. To the extent the allegations in Paragraph 71 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 71 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 71.

72. To the extent the allegations in Paragraph 72 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 72 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 72.

73. To the extent the allegations in Paragraph 73 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 73 contains Plaintiffs' characterization

of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 73.

74. To the extent the allegations in Paragraph 74 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 74 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 74.

75. To the extent the allegations in Paragraph 75 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 75 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 75.

76. To the extent the allegations in Paragraph 76 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 76 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 76.

77. To the extent the allegations in Paragraph 77 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and

therefore denies these allegations. To the extent Paragraph 77 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 77.

78. To the extent the allegations in Paragraph 78 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 78 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 78.

79. To the extent the allegations in Paragraph 79 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 79 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 79.

80. To the extent the allegations in Paragraph 80 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. To the extent Paragraph 80 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. Clemens denies the remaining allegations in Paragraph 80.

81.     To the extent the allegations in Paragraph 81 relate to Plaintiffs and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.  To the extent Paragraph 81 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required.  Clemens denies the remaining allegations in Paragraph 81.

82.     Clemens denies the allegations of conspiracy in Paragraph 82.  Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes.  To the extent the allegations in Paragraph 82 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.  To the extent the allegations in Paragraph 82 characterize or describe a 2016 Eli Lilly Earnings call, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 82.

83.     To the extent that the allegations in Paragraph 83 relate to other Defendants and/or third parties to this action and to conduct in the Pork industry, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies any remaining allegations in Paragraph 83.

84.     Clemens admits that Clemens Food Group, LLC is a limited-liability company with its principal place of business in Hatfield, Pennsylvania.  Clemens denies the remaining allegations in Paragraph 84.

85.     Clemens admits that that Clemens Family Corporation is a Pennsylvania corporation headquartered in Hatfield, Pennsylvania, and the parent company of Clemens Food Group, LLC.  Clemens denies the remaining allegations in Paragraph 85.

86.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes.  Clemens denies any remaining allegations in Paragraph 86.

87.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies them.

88.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies them.

89.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies them.

90.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

91.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

92.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies them.

93.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies them.

94.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies them.

95.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies them.

96.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies them.

97.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies them.

98.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies them.

## VI.     CO-CONSPIRATORS

99.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies them.

100.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies them.

101.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies them.

102.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies them.

103.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies them.

## VII.     TRADE AND COMMERCE

104.     Paragraph 104 consists of Plaintiffs' characterization of their claims, arguments subject to proof by expert testimony, and/or legal conclusions, to which no response is required. To the extent the allegations in Paragraph 104 may be deemed to require a response from Clemens,

Clemens admits that it sells Pork in interstate commerce of the United States and foreign commerce. To the extent the allegations in Paragraph 104 relate to Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies those allegations. Clemens denies any remaining allegations in Paragraph 104.

105. Paragraph 105 consists of Plaintiffs' characterization of their claims, arguments subject to proof by expert testimony, and/or legal conclusions, to which no response is required. To the extent the allegations in Paragraph 105 may be deemed to require a response from Clemens, Clemens denies the allegations in Paragraph 105.

## VIII. THE IMPORTANCE OF AGRI STATS TO THE UNLAWFUL CONSPIRACY ALLEGED IN THIS COMPLAINT

106. Clemens denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 106 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations. Clemens denies any remaining allegations in Paragraph 106.

107. To the extent the allegations in Paragraph 107 characterize or describe any USDA or CME reports or other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 107 relate to other Defendants and/or third parties and/or unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 107.

108. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.

To the extent the remaining allegations in Paragraph 108 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 108.

109. To the extent the allegations in Paragraph 109 characterize or describe a selected statement made by Agri Stats, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 109 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 109.

110. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 110 characterize or describe an article by Greg Bilbrey of Agri Stats, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies any remaining allegations in Paragraph 110.

111. To the extent the allegations in Paragraph 111 characterize or describe an article by Greg Bilbrey of Agri Stats, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies any remaining allegations in Paragraph 111.

112. To the extent the allegations in Paragraph 112 characterize or describe statements or presentations made by Greg Bilbrey of Agri Stats, Clemens notes that such source speaks for

itself and denies any characterization or description that is inconsistent therewith. Clemens denies any remaining allegations in Paragraph 112.

113.     Clemens denies the conspiracy alleged in Paragraph 113. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 113.

114.     Clemens admits that it made the unilateral decision to participate in Agri Stats, where Agri Stats collected some information from Clemens and reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens further admits that it identified Joshua Rennells in its initial disclosures. To the extent the remaining allegations in Paragraph 114 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 114.

115.     Clemens denies the conspiracy alleged in the Complaint and denies each allegation in Paragraph 115.

116.     Clemens denies the allegations in the first sentence of Paragraph 116 as to Clemens; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 116 characterize or describe statements and communications of Tyson executives and

Agri Stats, Clemens notes that such sources speaks for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 116.

117. To the extent the allegations in Paragraph 117 characterize or describe statements made by representatives of Eli Lilly and Co., Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 117 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 117.

118. To the extent the allegations in Paragraph 118 characterize or describe statements made in 2012 by Greg Bilbrey of Agri Stats and the London Swine Conference website, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 118 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 118.

119. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without

information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 119 characterize or describe documents and sources, including data prepared by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 119 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 119.

120. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 120 characterize or describe 2009 Agri Stats reports, and statements, presentations, or articles by Greg Bilbrey, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 120.

121. As the terms "forward-looking supply information" and "typical hog production cycle" are imprecise, Clemens is unable to form a belief as to the truth of the allegations in the first two sentences of Paragraph 121, and on that basis denies those allegations. Clemens denies the remaining allegations in Paragraph 121.

122. To the extent the allegations in Paragraph 122 characterize or describe a document entitled *Key Drivers to Farm Profitability* by Greg Bilbrey, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 122.

123.     Clemens denies the conspiracy alleged in the Complaint.  To the extent the allegations in Paragraph 123 characterize or describe the Agri Stats reports, a document entitled *Key Drivers to Farm Profitability* by Greg Bilbrey, and other unidentified documents and sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 123 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 123.

124.     To the extent the allegations in Paragraph 124 characterize or describe a Special Report from the Banff Pork Seminar in 2011, a presentation by Greg Bilbrey of Agri Stats and Tom Stein of MetaFarms, and/or an article describing such sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 124.

125.     To the extent the allegations in Paragraph 125 characterize or describe a report from the FTC, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the allegations in Paragraph 125.

126.     To the extent the allegations in Paragraph 126 characterize or describe a presentation prepared by Greg Bilbrey of Agri Stats, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent the remaining allegations in Paragraph 126 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 126.

127. To the extent the allegations in Paragraph 127 characterize or describe a presentation prepared by Greg Bilbrey of Agri Stats, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 127 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 127.

128. Clemens admits that, from time to time, Agri Stats' account managers visited its facility in Hatfield. As the term "substantial" is imprecise, Clemens is unable to form a belief as to the truth of the allegations in the third sentence of Paragraph 128, and on that basis denies those allegations. To the extent the allegations in Paragraph 128 characterize or describe an article by Greg Bilbrey, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 128 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 128.

129. Clemens admits that, from time to time, Agri Stats' account managers visited its facility in Hatfield. To the extent the allegations in Paragraph 129 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 129.

130. To the extent the allegations in Paragraph 130 characterize or describe a statement or presentation by Greg Bilbrey, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 130 relate to other Defendants and/or third parties, Clemens is without information

sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 130.

131. To the extent the allegations in Paragraph 131 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 131.

132. To the extent the allegations in Paragraph 132 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 132 characterize or describe a statement on EMI's website, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 132.

133. Clemens denies the conspiracy alleged in the Complaint. Clemens admits that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 133 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 133.

134. Clemens admits that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 134 characterize or describe Agri Stats' reports, Clemens notes that such sources speak for themselves and denies

any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 134 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 134.

135. Clemens admits that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 135 characterize or describe Agri Stats' reports, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 135.

136. Clemens admits that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes. To the extent the allegations in Paragraph 136 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 136.

137. Clemens admits that, from time to time, Agri Stats' account managers visited its facility in Hatfield. To the extent the allegations in Paragraph 137 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 137.

138. To the extent the allegations in Paragraph 138 characterize or describe a document from Tyson, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 138 relate to

other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 138.

139. To the extent the allegations in Paragraph 139 characterize or describe documents from Tyson, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 139 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 139.

140. To the extent the allegations in Paragraph 140 characterize or describe emails from employees of Tyson, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 140 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 140.

141. To the extent the allegations in Paragraph 141 characterize or describe an email from Steve Bresky of Seaboard and the deposition of Seaboard CEO Rod Brenneman, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 141 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 141.

142.     To the extent the allegations in Paragraph 142 characterize or describe an email from Rick Hoffman of Triumph, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 142 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 142.

143.     To the extent the allegations in Paragraph 143 characterize or describe an email and spreadsheet from Max England of Triumph, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 143 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 143.

144.     To the extent the allegations in Paragraph 144 characterize or describe a document prepared by Max England of Triumph, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 144 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 144.

145.     To the extent the allegations in Paragraph 145 characterize or describe a document from Smithfield, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 145 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief

as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 145.

146. To the extent the allegations in Paragraph 146 characterize or describe emails from Tyson employees and emails from Agri Stats employees, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 146 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 146.

147. To the extent the allegations in Paragraph 147 characterize or describe emails between Smithfield and Agri Stats employees, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 147 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 147.

148. Clemens denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 148 characterize or describe unidentified Clemens documents and the testimony of Joshua Rennells, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 148.

149. Clemens denies the conspiracy alleged in the Complaint. Clemens admits that it is a member of certain pork-industry trade associations, that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes, and that, from time to time, Agri Stats' account managers visited its facility in Hatfield; as to other

Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 149 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 149.

150. Clemens denies the conspiracy alleged in the Complaint and denies each allegation in Paragraph 150.

151. Clemens denies the conspiracy alleged in the Complaint and denies each allegation in Paragraph 151.

152. To the extent the allegations in Paragraph 152 characterize or describe expert testimony in a different case, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 152 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 152.

153. To the extent the allegations in Paragraph 153 characterize or describe a statement from an economist in a different case, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 153 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 153.

154. To the extent the allegations in Paragraph 154 characterize or describe an expert declaration in a different case, Clemens notes that such source speaks for itself and denies any

characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 154 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 154.

155. To the extent the allegations in Paragraph 155 characterize or describe an article titled *Is the Chicken Industry Rigged? Inside Agri Stats, the Poultry Business's Secretive Info-Sharing Service* by Bloomberg News, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 155 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 155.

156. Clemens denies the conspiracy alleged in the Complaint and denies each allegation in Paragraph 156.

## IX. THE MARKET FOR THE PRODUCTION AND SUPPLY OF PORK WAS CONDUCIVE TO COLLUSION

157. Paragraph 157 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Clemens denies such characterizations and/or conclusions. Clemens otherwise denies the allegations in Paragraph 157.

158. As the terms "commodity" and "commodity-like characteristics" in the first sentence of Paragraph 158 are imprecise, Clemens is unable to form a belief as to the truth of the allegations contained in that sentence and on this basis denies the allegations in the first two sentences of Paragraph 158. Clemens denies the remaining allegations in Paragraph 158.

159.     Clemens admits that Plaintiffs have defined "inelastic demand" as described in Paragraph 159, but denies the term necessarily has the specific meaning that Plaintiffs ascribes to it.    To the extent the allegations in Paragraph 159 characterize or describe the textbook *Microeconomics with Calculus* by Jeffrey M. Perloff, the article "The Dynamics of Price Elasticity of Demand in the Presence of Reference Price Effects" by Gadi Fibich *et al.*, and the Pork Slaughter and Processing Sector Facility-Level Model by Ronald L. Meekhof, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.    To the extent the allegations in Paragraph 159 relate to other Defendants and/or third parties and/or unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.    Clemens denies the remaining allegations in Paragraph 159.

160.     Clemens denies the allegation that its products are indistinguishable in all respects from other pork products.    To the extent the allegations in Paragraph 160 characterize or describe the report *Preventing and Detecting Bid Rigging, Price Fixing, and Market Allocation in Post-Disaster Rebuilding Projects*, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.    To the extent the allegations in Paragraph 160 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.    Clemens denies the remaining allegations in Paragraph 160.

161.     Clemens admits that certain Defendants, including Clemens, are suppliers of pork and that annual domestic pork sales are substantial, but is without information sufficient to form a belief as to the precise percentage of Pork sold by other Defendants and third-parties alleged in the second sentence, and on this basis denies the allegations in this sentence.    To the extent the

40

allegations in Paragraph 161 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 161.

162. To the extent the allegations in Paragraph 162 characterize or describe data published on a USDA website, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 162 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 162.

163. To the extent the allegations in Paragraph 163 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 163.

164. As the term "vertical integration" is imprecise, Clemens is unable to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies them. To the extent the allegations in Paragraph 164 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 164.

165. To the extent the allegations in Paragraph 165 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 165 characterize or describe documents and sources, including a 2009 document "Hog Production Contracts: the Grower-Integrator Relationship" by Allen Harper and a 2019 Hormel Annual Report, Clemens

notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 165.

166. Clemens admits that female hogs used for birthing piglets are called sows. Clemens admits that the number of piglets per litter and the number of times sows are able to farrow per year both depend on a number of different factors. Clemens admits from the birth to harvest generally takes approximately 25-27 weeks, and that the pigs may spend time at farrowing, nursery, and/or growing and finishing barns during this time. As the term "significant impact" in the final sentence of Paragraph 166 is imprecise, Clemens is unable to form a belief as to the truth of the allegations in that sentence and on this basis denies the allegations in that sentence. Clemens denies the remaining allegations in Paragraph 166.

167. Clemens admits that Plaintiffs purport to copy or create graphics based on information from an unknown source and refer to the contents thereof. Clemens denies the remaining allegations in Paragraph 167.

168. To the extent the allegations in Paragraph 168 characterize or describe a 2014 Annual Report produced by Smithfield, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 168 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 168.

169. To the extent the allegations in Paragraph 169 characterize or describe a 2009 Annual Report and a 2017 SEC 10-K report produced by Seaboard, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 169 relate to other Defendants and/or third parties, Clemens

is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 169.

170. Clemens admits the allegations in the first sentence of Paragraph 170. Clemens further admits that its subsidiary, Country View Family Farms, manages a network of over 250 independent farms raising hogs under contract. To the extent the allegations in Paragraph 170 characterize or describe pages on Clemens' website, Clemens notes that such sources speaks for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 170.

171. To the extent the allegations in Paragraph 171 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 171.

172. To the extent the allegations in Paragraph 172 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 172.

173. To the extent the allegations in Paragraph 173 characterize or describe a 2009 10-K Report produced by Tyson, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 173 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 173.

174. To the extent the allegations in Paragraph 174 characterize or describe a 2009 Annual Report and 10-K Report produced by Hormel, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent

the allegations in Paragraph 174 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 174.

175. To the extent the allegations in Paragraph 175 characterize or describe Indiana Packers' website, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 175 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 175.

176. To the extent the allegations in Paragraph 176 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 176.

177. Clemens admits it sells packaged pork under multiple name brands. To the extent the allegations in Paragraph 177 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 177.

178. As the term "very substantial" is imprecise, Clemens is unable to form a belief as to the truth of the allegations in Paragraph 178 and therefore denies them. To the extent the allegations in Paragraph 178 characterize or describe Smithfield and Tyson 10-K reports, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 178 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of

these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 178.

179. Clemens denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 179 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 179.

180. Clemens denies the allegations in Paragraph 180.

181. Clemens admits that Plaintiffs purport to copy or create graphics based on information from an unknown source and refer to the contents thereof. To the extent the allegations in Paragraph 181 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 181.

182. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and therefore denies them.

183. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and therefore denies them.

184. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and therefore denies them.

185. To the extent the allegations in Paragraph 185 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 185.

186. To the extent the allegations in Paragraph 186 characterize or describe data or figures from a March 7, 2017 document entitled "Globalization of Agriculture: An Ownership and

Market Perspective" by Ken Sullivan, including in the figure above, and a Department of Justice webpage, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 186 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 186.

187.    To the extent the allegations in Paragraph 187 characterize or describe a report from WH Group Limited, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the allegations in Paragraph 187.

188.    Clemens denies the conspiracy alleged in the Complaint and therefore denies the allegations in Paragraph 188.

189.    To the extent the allegations in Paragraph 189 characterize or describe information from the paper "Buyer Power in U.S. Hog Markets: A Critical Review of the Literature" by Timothy A. Wise and Sarah E. Trist, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 189 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 189.

190.    To the extent the allegations in Paragraph 190 characterize or describe data from Pork Checkoff and Hog Farmer, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 190.

191. Clemens admits that building a pork production facility from scratch could cost hundreds of millions of dollars. Clemens admits that it spent at least $300,000,000 building a pork production facility from scratch in Coldwater, Michigan which began operation in 2017. To the extent the allegations in Paragraph 191 characterize or describe the article *Anticompetitive Impacts of Proposed JBS-Cargill Pork Acquisition*, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 191 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 191.

## X. SELECT TRADE ASSOCIATIONS FACILIATED COLLUSION

192. Clemens admits that it is a member of certain pork-industry trade associations. Clemens denies the remainder of the first sentence of Paragraph 192 and the conspiracy alleged therein. To the extent the allegations in Paragraph 192 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 192.

193. Clemens admits that it is a member of certain pork-industry trade associations. Clemens denies the remainder of the first sentence of Paragraph 193 and the conspiracy alleged therein. To the extent the allegations in Paragraph 193 characterize or describe the article "Pork Checkoff names 2019-2020 officers," Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 193 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 193.

194. To the extent the allegations in Paragraph 194 characterize or describe a NPPC website, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 194 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 194.

195. To the extent the allegations in Paragraph 195 characterize or describe the National Pork Producers Council website, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 195 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 195.

196. To the extent the allegations in Paragraph 196 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 196.

197. To the extent the allegations in Paragraph 197 characterize or describe a National Pork Industry Conference ("NPIC") website and the testimony of Daniel Groff, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens admits that certain of its executives have attended certain NPIC events. Clemens denies that it discussed non-public, proprietary information at such events. To the extent the allegations in Paragraph 197 characterize or describe the NPIC Sponsors webpage, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 197 relate to other Defendants

and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 197.

198.    As the phrases "active participant" and "markets and outlook" are imprecise, Clemens is unable to form a belief as to the truth of the allegations in the first two sentences of Paragraph 191, and on that basis denies those allegations. To the extent the allegations in Paragraph 198 characterize or describe communications and testimony of Daniel Groff, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 105 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 198.

199.    To the extent the allegations in Paragraph 199 characterize or describe a Hog Farmer article and presentation by Mark Greenwood, and the Pork Checkoff website, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 199 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 199.

200.    Clemens admits that Dan Groff was a scheduled presenter at the NPIC event in 2014. To the extent the allegations in Paragraph 200 characterize or describe unidentified communications or other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the

allegations in Paragraph 200 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 200.

201. To the extent the allegations in Paragraph 201 characterize or describe an Agenda from NPIC, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 201 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 201.

202. To the extent the allegations in Paragraph 202 characterize or describe websites or other sources, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 202 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 202.

203. Clemens denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 203 characterize or describe statements by Larry Pope of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 203.

204. To the extent the allegations in Paragraph 204 characterize or describe statements by Corwyn Bollum of Hormel and Phil Clemens, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 204 relate to other Defendants and/or third parties, Clemens is without

information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 204.

205.    Clemens admits that certain executives have attended certain events sponsored by the Packer Processor Industry Council ("PPIC").  To the extent the allegations in Paragraph 205 characterize or describe a letter from PPIC, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 205 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 205.

206.    Clemens admits that certain executives have attended certain events sponsored by the North American Meat Institute ("NAMI") and/or the American Meat Institutes ("AMI").  To the extent the allegations in Paragraph 206 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 206.

207.    To the extent the allegations in Paragraph 207 characterize or describe websites created or maintained by AMI, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 207 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 207.

208.    To the extent the allegations in Paragraph 208 characterize or describe websites created or maintained by NAMI, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in

Paragraph 208 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 208.

209.     Clemens admits that it is and has been a member of AMI and NAMI, and that Doug Clemens and Phil Clemens have served on the AMI or NAMI Board of Directors at certain points in time. To the extent the allegations in Paragraph 209 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 209.

210.     Clemens admits that it is and has been a member of AMI and NAMI, and that Doug Clemens and Phil Clemens have served on the Executive Committees at certain points in time. Clemens admits that Phil Clemens previously served as Chairman of AMI for a certain period of time. To the extent the allegations in Paragraph 210 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 210.

211.     To the extent the allegations in Paragraph 211 characterize or describe websites or other sources, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 211 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 211.

212.     To the extent the allegations in Paragraph 212 characterize or describe presentations from the Annual Meat Conference, the "2015 AMC Brochure," "2016 AMC Brochure," and the "2017 AMC Brochure," Clemens states such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 212 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 212.

213. To the extent the allegations in Paragraph 213 characterize or describe sources or documents, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 213 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 213.

214. Clemens admits that Phil Clemens was a scheduled presenter at the NAMI Annual Meeting and Outlook Conference in September 2016. To the extent the allegations in Paragraph 214 characterize or describe sources or documents, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 214 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 214.

215. To the extent the allegations in Paragraph 215 characterize or describe sources or documents, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 215 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 215.

216. To the extent the allegations in Paragraph 216 characterize or describe the article *Nami Offers New Meat Summit*, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 216 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 216.

217. To the extent the allegations in Paragraph 217 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 217.

218. To the extent the allegations in Paragraph 218 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 218.

## XI. DEFENDANTS AND CO-CONSPIRATORS IMPLEMENTED COLLUSIVE, ANTICOMPETITIVE CAPACITY AND PROCESSING RESTRICTIONS

219. Paragraph 219 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Clemens denies such characterizations and/or conclusions. Clemens otherwise denies the allegations in Paragraph 219.

220. To the extent the allegations in Paragraph 220 characterize or describe the document "Pork Powerhouses 2007: Run-Up In Rations," Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 220.

221. Clemens denies the allegations in Paragraph 221.

222. To the extent the allegations in Paragraph 222 characterize or describe data purportedly from the U.S. I.T.C. Office of Industries' "Pork and Swine industry and Trade Summary," Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 222 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 222.

223. Clemens denies the conspiracy alleged in Paragraph 223. To the extent the allegations in Paragraph 223 characterize or describe the 2009 article "Big Boys Cut Back," Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 223.

224. Clemens denies the allegations in Paragraph 224.

225. To the extent the allegations in Paragraph 225 relate to other Defendants and/or third parties and to unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 225 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 225.

226. To the extent the allegations in Paragraph 226 characterize or describe a 2015 industry overview document, a 2016 "Merchandiser's Profit maximizer" report prepared by Steiner and Company, and the article "Expansion and Productivity Growth run Headlong Into Slaughter Capacity" by Kerns and Associates, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the

extent the allegations in Paragraph 226 relate to other Defendants and/or third parties and to unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 226.

227. Clemens denies the allegations in Paragraph 227.

228. To the extent the allegations in Paragraph 228 characterize or describe a transcript detailing a statement by the CEO of Tyson in 2012, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 228 relate to other Defendants and/or third parties and to unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 228.

229. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes, including information related to exports. To the extent the allegations in Paragraph 229 relate to other Defendants and/or third parties and to unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 229.

230. Clemens denies the conspiracy alleged in the Paragraph 230 and therefore denies the allegations in Paragraph 230.

231. To the extent the allegations in Paragraph 231 characterize or describe the article *Pork Powerhoues 2008: The Big Squeeze*, and the article *Smithfield Posts Loss, but Beats Forecasts*, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and therefore denies them.

232.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 232 and therefore denies them.

233.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 233 and therefore denies them.

234.     To the extent the allegations in Paragraph 234 characterize or describe transcripts or other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the remaining allegations, Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and therefore denies them.

235.     To the extent the allegations in Paragraph 235 characterize or describe documents or other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the remaining allegations, Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 235 and therefore denies them.

236.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 236 and therefore denies them.

237.     To the extent the allegations in Paragraph 237 characterize or describe transcripts or other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the remaining allegations, Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and therefore denies them.

238.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore denies them.

239. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and therefore denies them.

240. To the extent the allegations in Paragraph 240 characterize or describe the article "Tyson's Year Off to Good Start" by Chris Harris, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and therefore denies them.

241. To the extent the allegations in Paragraph 241 characterize or describe emails or other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the remaining allegations, Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and therefore denies them.

242. To the extent the allegations in Paragraph 242 characterize or describe emails or other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the remaining allegations, Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and therefore denies them.

243. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and therefore denies them.

244. To the extent the allegations in Paragraph 244 characterize or describe a 2016 JBS Annual Sustainability Report, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information

sufficient to form a belief as to the truth of the allegations in Paragraph 244 and therefore denies them.

245.    Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 245 and therefore denies them.

246.    Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and therefore denies them.

247.    To the extent the allegations in Paragraph 247 characterize or describe a transcript of a Q1 2009 Hormel Earnings Call, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 247 and therefore denies them.

248.    To the extent the allegations in Paragraph 248 characterize or describe documents or other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the remaining allegations, Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 248 and therefore denies them.

249.    Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 249 and therefore denies them.

250.    To the extent the allegations in Paragraph 250 characterize or describe a Seaboard 2013 Annual Report, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 250 and therefore denies them.

251. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 251 and therefore denies them.

252. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 252 and therefore denies them.

253. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 253 and therefore denies them.

254. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 254 and therefore denies them.

255. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 255 and therefore denies them.

256. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 256 and therefore denies them.

257. To the extent the allegations in Paragraph 257 characterize or describe emails or other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the remaining allegations, Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 257 and therefore denies them.

258. To the extent the allegations in Paragraph 258 characterize or describe the articles *Pork Powerhouses 2008: The Big Squeeze* and *Pork Powerhouses 2009: Big Boys Cutback* by Betsy Freese, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 258 and therefore denies them.

259.     To the extent the allegations in Paragraph 259 characterize or describe memos emailed by Phil Clemens and any other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 259.

260.     Clemens denies that its market share did not increase during the alleged class period—Clemens notes that its market share doubled during the class period.  Clemens denies the remaining allegations in Paragraph 260.

261.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 261 and therefore denies them.

262.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 262 and therefore denies them.

263.     Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 263 and therefore denies them.

264.     Clemens denies the conspiracy alleged in the Complaint and therefore denies the allegations in Paragraph 264.

265.     To the extent the allegations in Paragraph 265 relate to other Defendants and/or third parties and to unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 265.

266.     Clemens admits that Phil Clemens has served on the AMI or NAMI Board of Directors at certain points in time.  To the extent the allegations in Paragraph 266 characterize or describe meeting minutes, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in

Paragraph 266 relate to other Defendants and/or third parties and to unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 266.

267. To the extent the allegations in Paragraph 267 characterize or describe emails between Seaboard employees, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 267 relate to other Defendants and/or third parties and to unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 267.

268. To the extent the allegations in Paragraph 268 characterize or describe presentations and other sources, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 268 relate to other Defendants and/or third parties and to unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 268.

269. To the extent the allegations in Paragraph 269 characterize or describe selected statements made by Joe Szaloky and the article *Pork Powerhouses 2008: The Big Squeeze* by B. Freese, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 269.

270. To the extent the allegations in Paragraph 270 characterize or describe selected documents or emails made by Sandro Bassanini, Clemens states that the documents speak for

themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 270.

271.　To the extent the allegations in Paragraph 271 characterize or describe transcripts of Hormel and Tyson Earnings Calls and the selected statements made by Hormel CEO Jeffrey Ettinger and Tyson Foods President and CEO Dick Bond therein, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 271.

272.　To the extent the allegations in Paragraph 272 characterize or describe the Q1 2009 Hormel Earnings Call Transcript and selected statements made by Hormel CEO Jeffrey Ettinger and Hormel CFO Jody Feragen therein, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 272.

273.　To the extent the allegations in Paragraph 273 characterize or describe a Q1 2009 Tyson Foods Earnings Call and selected statements made by Tyson employees therein, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 273.

274.　To the extent the allegations in Paragraph 274 relate to other Defendants and/or third parties and to unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 274.

275.　To the extent the allegations in Paragraph 275 characterize or describe selected statements made by AgStar VP Mark Greenwood and the article *Industry's Stimulus Package – Cull Sows* by Dale Miller, Clemens states such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 275 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 275.

276. To the extent the allegations in Paragraph 276 characterize or describe a Q1 2009 Hormel Earnings Call and selected statements made by Hormel employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 276 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 276.

277. Clemens denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 277 characterize or describe an email from Seaboard employee Matt Geyer, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 277 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 277.

278. To the extent the allegations in Paragraph 278 characterize or describe selected statements made by Larry Pope, CEO of Smithfield, and other documents or presentations, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 278.

279. To the extent the allegations in Paragraph 279 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 279.

280. To the extent the allegations in Paragraph 280 characterize or describe communications between Seaboard CEO Rod Brenneman and Steve Weiss of the Pork Club, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 280 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 280.

281. To the extent the allegations in Paragraph 281 characterize or describe an email from Duke Sand of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 281 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 281.

282. To the extent the allegations in Paragraph 282 characterize or describe communications between Seaboard CEO Rod Brenneman and Larry Pope of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 282 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 282.

283.     To the extent the allegations in Paragraph 283 characterize or describe a Q4 2009 Smithfield Earnings Call and selected statements made by the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 283 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 283.

284.     To the extent the allegations in Paragraph 284 characterize or describe Q4 2009 Smithfield Earnings Call and selected statements made by the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 284 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 284.

285.     To the extent the allegations in Paragraph 285 characterize or describe a Q2 2009 Tyson Foods Earnings Call and selected statements made by Tyson employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 285 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 285.

286.     To the extent the allegations in Paragraph 286 characterize or describe a 2009 Tyson Foods 10-K Report and selected statements and documents made or maintained by Tyson

employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 286 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 286.

287.	To the extent the allegations in Paragraph 287 characterize or describe emails between Mel Davis of Seaboard and Steve Thompson of Tyson and testimony of Mel Davis, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 287 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 287.

288.	To the extent the allegations in Paragraph 288 characterize or describe documents or other sources from Tyson, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 288 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 288.

289.	To the extent the allegations in Paragraph 289 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 289.

290.	To the extent the allegations in Paragraph 290 characterize or describe selected statements from Clemens CEO Phil Clemens, Clemens states such sources speak for themselves

and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 290.

291. To the extent the allegations in Paragraph 291 characterize or describe communications of Smithfield and National Pork Board executives, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 291 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 291.

292. To the extent the allegations in Paragraph 292 characterize or describe Tyson documents or other sources, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 292 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 292.

293. To the extent the allegations in Paragraph 293 characterize or describe Tyson documents or other sources, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 293 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 293.

294. To the extent the allegations in Paragraph 294 characterize or describe selected statements made by Tyson Chief Operating Officer, James Lochner, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

To the extent the allegations in Paragraph 294 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 294.

295. To the extent the allegations in Paragraph 295 characterize or describe Tyson's 2009 10-K filing, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 295 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 295.

296. To the extent the allegations in Paragraph 296 characterize or describe Smithfield's 2009 annual report, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 296 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 296.

297. To the extent the allegations in Paragraph 297 characterize or describe a Q2 2008 JBS Earnings Call and selected statements made by Wesley Mendonca Batista, CEO of JBS USA, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 297 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 297.

298.     To the extent the allegations in Paragraph 298 characterize or describe Seaboard's 2010 Form 10-K, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 298 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 298.

299.     To the extent the allegations in Paragraph 299 characterize or describe selected statements and testimony made by Clemens CEO Phil Clemens and Steve Meyer, and other documents or sources, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 299 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 299.

300.     To the extent the allegations in Paragraph 300 characterize or describe selected communications between Steve Weiss of Pork Club and Rod Brenneman and Gary Louis of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 300 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 300.

301.     To the extent the allegations in Paragraph 301 characterize or describe an Event Brief of a Smithfield Earnings Call and selected statements made by the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description

that is inconsistent therewith. To the extent the allegations in Paragraph 301 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 301.

302. To the extent the allegations in Paragraph 302 characterize or describe selected statements made by Seaboard CEO Rod Brenneman, an October 2009 issue of Meat & Poultry Magazine, or other sources and documents, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 302 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 302.

303. To the extent the allegations in Paragraph 303 characterize or describe documents or other sources created or maintained by Smithfield CFO Robert Manly, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 303 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 303.

304. To the extent the allegations in Paragraph 304 characterize or describe testimony of Seaboard CEO Rod Brenneman, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 304 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 304.

305.     To the extent the allegations in Paragraph 305 characterize or describe a Q2 2010 Smithfield Earnings Call selected statements made by the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 305 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 305.

306.     To the extent the allegations in Paragraph 306 characterize or describe an unidentified January 2010 article, an Event Brief of Q3 2010 Smithfield Earnings Call, and selected statements made by the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 306 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 306.

307.     To the extent the allegations in Paragraph 307 characterize or describe an unidentified communication between AgStar and the National Pork Board, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 307.

308.     To the extent the allegations in Paragraph 308 characterize or describe a JBS Q4 2009 Earnings Call and selected statements from the CEO of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 308 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 308.

309. Clemens cannot ascertain the truth or falsity of the statistics alleged in Paragraph 309 based on a reasonable effort at this time, and therefore denies the allegations. To the extent the allegations in Paragraph 309 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 309.

310. To the extent the allegations in Paragraph 310 characterize or describe Tyson Q2 and Q3 2010 Earnings Calls and selected statements from Tyson employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 310 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 310.

311. To the extent the allegations in Paragraph 311 characterize or describe selected emails created or maintained by Tyson and JBS employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 311 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 311.

312. To the extent the allegations in Paragraph 312 characterize or describe a Smithfield press release and 10-Q Form, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 312 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 312.

313.     Clemens denies the allegation in the first sentence of Paragraph 313 as it relates to Clemens. To the extent the allegations in Paragraph 313 characterize or describe an Event Brief of a Q2 2011 Smithfield Earnings Call and selected statements made by Larry Pope, the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 313 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 313.

314.     To the extent the allegations in Paragraph 314 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 314.

315.     To the extent the allegations in Paragraph 315 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 315 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 315.

316.     To the extent the allegations in Paragraph 316 characterize or describe emails created or maintained by Indiana Packers employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 316 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 316.

317.    Clemens denies the allegations in Paragraph 317.

318.    To the extent the allegations in Paragraph 318 characterize or describe a Q1 2011 Tyson Earnings Call and selected statements made by Tyson's chief operating officer, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 318.

319.    To the extent the allegations in Paragraph 319 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 319.

320.    To the extent the allegations in Paragraph 320 characterize or describe an Event Brief of a Q3 2011 Smithfield Earnings Call and selected statements made by Larry Pope, Heather Jones, and Robert (Bo) Manly, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 320.

321.    To the extent the allegations in Paragraph 321 characterize or describe an Event Brief of a Q3 2011 Smithfield Earnings Call and the article *Pork packing capacity faces delays to growth*" by J. Deyoung, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 321 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 321.

322.    To the extent the allegations in Paragraph 322 characterize or describe selected emails created or maintained by Doug Lorenger of Indiana Packers, Brad Lorenger of JBS, and

Todd Neff of Tyson, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 322.

323.    To the extent the allegations in Paragraph 323 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 323.

324.    To the extent the allegations in Paragraph 324 characterize or describe selected statements and presentations made by VP of Finance and chief accounting officer of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 324.

325.    To the extent the allegations in Paragraph 325 characterize or describe selected statements made by Steve Meyer of Paragon Economics or other industry observers, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 325.

326.    To the extent the allegations in Paragraph 326 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 326.

327.    To the extent the allegations in Paragraph 327 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 327.

328. Clemens admits that its executives and employees have attended certain National Pork Board Events, but denies the remaining allegations in the first sentence of Paragraph 328. To the extent the allegations in Paragraph 328 characterize or describe selected documents or sources created by Dan Groff of Clemens, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 328.

329. To the extent the allegations in Paragraph 329 characterize or describe selected communications from Duke Sand of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 329.

330. To the extent the allegations in Paragraph 330 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 330.

331. To the extent the allegations in Paragraph 331 characterize or describe selected communications from Brian Taphorn of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 331.

332. To the extent the allegations in Paragraph 332 characterize or describe selected emails between Doug Lorenger of Indiana Packers and JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 332.

333. To the extent the allegations in Paragraph 333 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 333.

334. To the extent the allegations in Paragraph 334 characterize or describe selected communications from Brian Taphorn of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 334.

335. To the extent the allegations in Paragraph 335 characterize or describe selected communications and testimony from Brian Taphorn of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 335.

336. To the extent the allegations in Paragraph 336 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 336.

337. To the extent the allegations in Paragraph 337 characterize or describe a Q1 2014 JBS Earnings Call and selected statements by the CEO of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 337.

338. To the extent the allegations in Paragraph 338 characterize or describe selected statements by Joe Szaloky of Smithfield and the article *Pork Powerhouse 2013: Disease Hits, Growth Continues*, by Betsy Freese, Clemens states such sources speak for themselves and denies

any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 338.

339. To the extent the allegations in Paragraph 339 characterize or describe selected communications and testimony from Brian Taphorn of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 339 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 339.

340. To the extent the allegations in Paragraph 340 characterize or describe a Q2 2014 Smithfield Earnings call and selected statements made by Robert Manly of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 340.

341. To the extent the allegations in Paragraph 341 characterize or describe selected emails between employees of Indiana Packers and employees of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 341.

342. To the extent the allegations in Paragraph 342 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 342.

343. To the extent the allegations in Paragraph 343 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such

sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 343.

344. To the extent the allegations in Paragraph 344 characterize or describe selected communications from Brian Taphorn of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 344 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 344.

345. To the extent the allegations in Paragraph 345 characterize or describe selected emails between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 345.

346. To the extent the allegations in Paragraph 346 characterize or describe selected communications from Tim Uber of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 346.

347. To the extent the allegations in Paragraph 347 characterize or describe selected statements made by Eric Haman and the article *Pig Virus Has Ability to Affect Local Herds* by Kyle Bagentose, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies that its market share did not increase during the alleged class period—Clemens notes that its market share doubled during the class period. To the extent the allegations in the first sentence of Paragraph 347 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to

the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 347.

348.     Clemens denies the conspiracy alleged in the first sentence of Paragraph 348.  To the extent the allegations in Paragraph 348 characterize or describe the article *Pork Powerhouses 2014: High on the Hog* by Betsey Freese, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 348.

349.     To the extent the allegations in Paragraph 349 characterize or describe an unnamed source, document, or statement created by "Pig International," Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in the final sentence of Paragraph 349 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 349.

350.     To the extent the allegations in Paragraph 350 characterize or describe selected communications from Doug Lorenger of Indiana Packers, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 350 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 350.

351.     To the extent the allegations in Paragraph 351 characterize or describe selected communications from Cory Bollum of Hormel and Todd Neff of Tyson, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 351 relate to other Defendants and/or third

parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 351.

352. To the extent the allegations in Paragraph 352 characterize or describe selected communications of Russell Yearwood of Indiana Packers and Scott Saunders of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 352.

353. To the extent the allegations in Paragraph 353 characterize or describe selected communications of Russell Yearwood of Indiana Packers and Scott Saunders of Smithfield. To the extent the allegations in Paragraph 353 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 353.

354. To the extent the allegations in Paragraph 354 characterize or describe selected communications from Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 354.

355. To the extent the allegations in Paragraph 355 characterize or describe selected communications from Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 355.

356. To the extent the allegations in Paragraph 356 characterize or describe selected communications from Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 356.

357. To the extent the allegations in Paragraph 357 characterize or describe selected communications of employees of JBS and Indiana Packers, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 357 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 357.

358. To the extent the allegations in Paragraph 358 characterize or describe selected communications of employees of Daily's Premium Meats and Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 358 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 358.

359. To the extent the allegations in Paragraph 359 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 359.

360. To the extent the allegations in Paragraph 360 characterize or describe selected communications of employees of JBS and Indiana Packers, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 360 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 360.

361. To the extent the allegations in Paragraph 361 characterize or describe selected communications from Ronald Browning of Hormel, Clemens states such source speaks for itself

and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 361.

362. To the extent the allegations in Paragraph 362 characterize or describe selected communications from Brandon Welch of Smithfield, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 362.

363. To the extent the allegations in Paragraph 363 characterize or describe selected communications from between Smithfield employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 363.

364. Clemens denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 364 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 364.

365. Clemens denies the allegations in the first sentence of Paragraph 365 as to Clemens; to the extent the allegations relate to other Defendant and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 365 characterize of describe selected communications from Gary Jacobson of Indiana Packers, Clemens states such sources speak for themselves an denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 365.

366. To the extent the allegations in Paragraph 366 characterize or describe selected communications of Tyson employees, Clemens states such sources speak for themselves and

denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 366.

367.    To the extent the allegations in Paragraph 367 characterize or describe selected communications of Matt Johnson of Seaboard, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 367.

368.    To the extent the allegations in Paragraph 368 characterize or describe selected communications of JBS and Hormel employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 368.

369.    Clemens denies the Conspiracy alleged in the Complaint and therefore denies the allegations in Paragraph 369.

## XII.    ABNORMAL PRICING DURING THE CONSPIRACY DEMONSTRATES THE SUCCESS OF THE CONSPIRACY

370.    Clemens denies the Conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 370 characterize or describe selected communications of Tyson employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 370.

371.    To the extent the allegations in Paragraph 371 characterize or describe USDA data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 371 and therefore denies those allegations.

372. To the extent the allegations in Paragraph 372 characterize or describe unidentified data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 372 and therefore denies those allegations.

373. To the extent the allegations in Paragraph 373 characterize or describe unidentified data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 373 and therefore denies those allegations.

374. To the extent the allegations in Paragraph 374 characterize or describe selected communications of Seaboard executives, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in paragraph 374.

375. To the extent the allegations in Paragraph 375 characterize or describe unidentified data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 375 and therefore denies those allegations.

376. To the extent the allegations in Paragraph 376 characterize or describe unidentified data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 377 relate to

other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 376 and therefore denies those allegations.

377.     To the extent the allegations in Paragraph 377 characterize or describe unidentified data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent the allegations in Paragraph 377 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 377 and therefore denies those allegations.  Clemens denies the remaining allegations in Paragraph 377.

378.     Clemens denies the allegations in Paragraph 378.

## XIII.    THE CONSPIRACY WAS EFFECTIVE IN INCREASING THE PRICE OF PORK SOLD TO PLAINTIFFS AND OTHERS IN THE UNITED STATES

379.     Clemens denies the conspiracy alleged in the Complaint, and therefore denies the allegations in Paragraph 379.

380.     As the term "commodities" in the first sentence of Paragraph 380 is imprecise, Clemens is unable to form a belief as to the truth of the allegations contained in Paragraph 380 and on this basis denies the allegations in Paragraph 380.  To the extent the allegations in Paragraph 380 characterize or describe a selected statement of Tyson's COO, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 380.

381.     Clemens denies the allegations in the first sentence of Paragraph 381.  To the extent the allegations in the second sentence of Paragraph 381 characterize or describe a communication from Tyson's CEO, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 381.

382.     As the terms "U.S. commerce" and "enormous" in the first sentence of Paragraph 382 are imprecise, Clemens is unable to form a belief as to the truth of the allegations contained in that sentence and on this basis denies the allegations in the first sentence of Paragraph 382. Clemens is without information sufficient to form a belief as to the truth of the second sentence in Paragraph 382 and therefore denies those allegations. Clemens admits that it sells pork products each year, but as the term "very large" in the third sentence of Paragraph 382 is imprecise, Clemens is unable to form a belief as to the truth of the allegations contained in that sentence and on this basis denies the allegations in the third sentence of Paragraph 382. Clemens is without information sufficient to form a belief as to the truth of the fourth and fifth sentences in Paragraph 382 and therefore denies those allegations. Clemens denies the remaining allegations in Paragraph 382.

383.     To the extent the allegations in Paragraph 383 characterize or describe Producer Price Index data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 383 and therefore denies those allegations.

384.     To the extent the allegations in Paragraph 384 characterize or describe Consumer Price Index data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 384 and therefore denies those allegations.

385.     To the extent the allegations in Paragraph 385 characterize or describe Consumer Price Index data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 385 and therefore denies those allegations.

386. To the extent the allegations in Paragraph 386 characterize or describe Consumer Price Index data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 386 and therefore denies those allegations.

387. To the extent the allegations in Paragraph 387 characterize or describe Consumer Price Index data, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 387 and therefore denies those allegations.

## XIV. PLAINTIFFS' CLAIMS ARE TIMELY

388. Paragraph 388 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. Clemens denies the remaining allegations in Paragraph 388.

389. Paragraph 389 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required and the allegations in Paragraph 389 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 389.

390. Paragraph 390 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required and the allegations in Paragraph 390 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 390.

391. Clemens denies the allegations of conspiracy in Paragraph 391. To the extent that the allegations in Paragraph 391 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 391.

392. To the extent that the allegations in Paragraph 392 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 392.

393. To the extent the allegations in Paragraph 393 characterize or describe reports and other sources from the National pork Board and Bret Gretzel of Seaboard, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 393 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 393.

394. To the extent the allegations in Paragraph 394 characterize or describe a presentation created by Hormel, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 394 relate to other Defendants and/or third parties, Clemens is without information

sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 394.

395. To the extent the allegations in Paragraph 395 characterize or describe Q4 2011 and Q4 2012 Tyson Earnings Calls and selected statements from the CEO of Tyson, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 395.

396. To the extent the allegations in Paragraph 396 characterize or describe communications from Hormel employees, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 396 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 396.

397. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; Clemens denies the remaining allegations in the first sentence of Paragraph 397. To the extent the allegations in Paragraph 397 characterize or describe selected statements from Clemens CFO Joshua Rennells, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 397.

398. To the extent the allegations in Paragraph 398 characterize or describe selected statements from JBS employees, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 398.

399.     Clemens denies the allegations in the first sentence of Paragraph 399.  To the extent the allegations in Paragraph 399 characterize or describe selected statements from Seaboard employees, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 399.

400.     Clemens denies the allegations in Paragraph 400 as to Clemens; to the extent that the allegations in Paragraph 400 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies any remaining allegations in Paragraph 400.

401.     To the extent the allegations in Paragraph 401 characterize or describe communications from Tyson employees, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 401 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 401.

402.     To the extent that the allegations in Paragraph 402 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 402.

403.     To the extent the allegations in Paragraph 403 characterize or describe communications from an unidentified sales broker, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 403 relate to other Defendants and/or third parties, Clemens is without

information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 403.

404.     To the extent the allegations in Paragraph 404 characterize or describe communications from Tyson employees, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 404 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 404.

405.     To the extent the allegations in Paragraph 405 characterize or describe selected communications from Dan Groff, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 405.

406.     To the extent the allegations in Paragraph 406 characterize or describe selected communications from JBS employees, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  To the extent that the allegations in Paragraph 406 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 406.

407.     To the extent the allegations in Paragraph 407 characterize or describe selected communications from Seaboard employee Brian Taphorn, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 407.

408. To the extent the allegations in Paragraph 408 characterize or describe selected communications from Tyson VP Todd Neff, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 408.

409. To the extent the allegations in Paragraph 409 characterize or describe selected communications between Doug Lorenger of Indiana Packers and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 409.

410. To the extent that the allegations in Paragraph 410 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 410.

411. To the extent the allegations in Paragraph 411 characterize or describe selected communications between Smithfield employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 411.

412. To the extent the allegations in Paragraph 412 characterize or describe selected communications between Todd Neff of Tyson and Brad Lorenger of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 412 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 412.

413. Clemens denies the allegations in the first sentence of Paragraph 413 as to Clemens; to the extent the allegations in the first sentence of Paragraph 413 relate to other Defendants and/or

third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 413.

414.    To the extent the allegations in Paragraph 414 characterize or describe selected communications from Brian Taphorn of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 414.

415.    To the extent the allegations in Paragraph 415 characterize or describe selected communications from Brian Taphorn of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 415.

416.    To the extent the allegations in Paragraph 416 characterize or describe selected communications from Dan Groff of Clemens, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 416.

417.    To the extent the allegations in Paragraph 417 characterize or describe selected communications from Brian Taphorn of Seaboard, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 417.

418.    Clemens denies the allegations in the first sentence of Paragraph 418 as to Clemens; to the extent the allegations in the first sentence of Paragraph 418 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  To the extent the allegations in Paragraph 418 characterize or describe selected communications from Corwyn Bollum of Hormel, Clemens states such

sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 418.

419. To the extent the allegations in Paragraph 419 characterize or describe selected communications to Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 419.

420. To the extent the allegations in Paragraph 420 characterize or describe selected communications from Rob Bogaard of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 420.

421. Clemens denies the conspiracy alleged in Paragraph 421. Clemens admits that it built a pork production facility in Coldwater, Michigan which began operation in 2017. Clemens denies that it discussed non-public, proprietary information in relation to the opening of the Coldwater facility. Clemens denies the remaining allegations in Paragraph 421.

422. To the extent the allegations in Paragraph 422 characterize or describe selected communications of Shane Miller, Greg Schweitzer, and Jay Krehbiel of Tyson, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 422.

423. To the extent the allegations in Paragraph 423 characterize or describe selected communications of Dan Groff of Clemens, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 423.

424.    To the extent the allegations in Paragraph 424 characterize or describe selected statements from Tyson executives, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 424.

425.    To the extent the allegations in Paragraph 425 characterize or describe selected communications from Smithfield employees, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Clemens denies the remaining allegations in Paragraph 425.

426.    To the extent the allegations in Paragraph 426 characterize or describe a Hormel document or selected communications from John Sweeney from JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 426 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 426.

427.    To the extent the allegations in Paragraph 427 characterize or describe filings from *Affiliated Foods, Inc. v. Claxton Poultry Farms, Inc.*, and *In re Broilers*, Clemens specifically denies any characterization or description that is inconsistent with the referenced sources.  To the extent that the allegations in Paragraph 427 relate to other Defendants and/or third parties to this action, to unrelated lawsuits, and to conduct in the Broiler industry, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 427.

428.    To the extent the allegations in Paragraph 428 characterize or describe a Bloomberg Businessweek article, the *Affiliated Foods* Complaint, and filings in *In re Broilers*, Clemens

specifically denies any characterization or description that is inconsistent with the referenced sources. To the extent that the allegations in Paragraph 428 relate to other Defendants and/or third parties to this action, to unrelated lawsuits, and to conduct in the Broiler industry, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 428.

429. Clemens denies the conspiracy alleged in Paragraph 429. To the extent the allegations in Paragraph 429 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 429.

430. To the extent the allegations in Paragraph 430 characterize or describe selected Statements from Agri Stats president Blair Snyder, Clemens specifically denies any characterization or description that is inconsistent with the referenced sources. To the extent that the allegations in Paragraph 430 relate to other Defendants and/or third parties to this action, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 430.

431. Clemens denies the conspiracy alleged in the Complaint. To the extent that the allegations in Paragraph 431 relate to other Defendants and/or third parties to this action, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 431.

432. To the extent the allegations in Paragraph 432 characterize or describe selected Statements from Agri Stats president Blair Snyder, Clemens specifically denies any characterization or description that is inconsistent with the referenced sources. To the extent that the allegations in Paragraph 432 relate to other Defendants and/or third parties to this action,

Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 432.

433. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 433 characterize or describe selected statements from Agri Stats, Clemens specifically denies any characterization or description that is inconsistent with the referenced sources. To the extent that the allegations in Paragraph 433 relate to other Defendants and/or third parties to this action, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 433.

434. To the extent the allegations in Paragraph 434 characterize or describe selected communications between Tyson and Agri Stats, Clemens specifically denies any characterization or description that is inconsistent with the referenced sources. Clemens denies the remaining allegations in Paragraph 434.

435. To the extent the allegations in Paragraph 435 characterize or describe selected communications between Tyson and Agri Stats, Clemens specifically denies any characterization or description that is inconsistent with the referenced sources. Clemens denies any remaining allegations in Paragraph 435.

436. To the extent that the allegations in Paragraph 436 relate to other Defendants and/or third parties to this action, Clemens is without information sufficient to form a belief as to the truth

of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 436.

437. To the extent that the allegations in Paragraph 437 relate to other Defendants and/or third parties to this action, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 437.

438. To the extent the allegations in Paragraph 438 characterize or describe selected communications between JBS and Cargill, Clemens specifically denies any characterization or description that is inconsistent with the referenced sources. Clemens denies any remaining allegations in Paragraph 438.

439. Clemens denies the allegations in the first sentence of Paragraph 439. To the extent the allegations in Paragraph 439 characterize or describe a Q4 2012 Smithfield Earnings Call and selected statements made by Larry Pope and others, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 439.

440. Clemens denies the Conspiracy alleged in Paragraph 440. Clemens denies that its market share did not increase during the alleged class period—Clemens notes that its market share doubled during the class period. To the extent that the allegations in Paragraph 440 relate to other Defendants and/or third parties to this action, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 440.

441. Paragraph 441 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is

required. To the extent a response is required, Clemens denies such characterizations and/or conclusions and denies the conspiracy alleged in Paragraph 441. Clemens otherwise denies the allegations in Paragraph 441.

442. Paragraph 442 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent a response is required, Clemens denies such characterizations and/or conclusions and denies the conspiracy alleged in Paragraph 442. Clemens otherwise denies the allegations in Paragraph 442.

443. Paragraph 443 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent a response is required, Clemens denies such characterizations and/or conclusions and denies the conspiracy alleged in Paragraph 443. Clemens otherwise denies the allegations in Paragraph 443.

444. Paragraph 444 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent a response is required, Clemens denies such characterizations and/or conclusions and denies the conspiracy alleged in Paragraph 444. Clemens otherwise denies the allegations in Paragraph 444.

445. Paragraph 445 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Clemens denies such characterizations and/or conclusions and denies the conspiracy alleged in Paragraph 445. Clemens otherwise denies the allegations in Paragraph 445.

446.     Paragraph 446 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required.  To the extent a response is required, Clemens denies such characterizations and/or conclusions and denies the conspiracy alleged in Paragraph 446.  Clemens otherwise denies the allegations in Paragraph 446.

447.     Clemens denies the conspiracy alleged in Paragraph 447 and therefore denies the allegations in Paragraph 447.

448.     Paragraph 448 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required.  To the extent that a response is required and the allegations in Paragraph 448 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 448.

449.     Paragraph 449 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required.  To the extent that a response is required and the allegations in Paragraph 449 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 449.

## XV.     CLAIMS FOR RELIEF AND CAUSES OF ACTION

450.     Paragraph 451 contains no factual assertions to which a response is required.  To the extent that a response is required, Clemens denies the remaining allegations in Paragraph 450.

451.    Paragraph 451 contains no factual assertions to which a response is required. Paragraph 451 further contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens admits that the Sherman Act relates to competition, but denies that Plaintiffs have or can satisfy the requirements of the Sherman Act or are entitled to any relief requested in Paragraph 451 or elsewhere in their Complaint. Clemens denies any remaining allegations in Paragraph 451.

452.    Paragraph 452 contains no factual assertions to which a response is required. Paragraph 452 further contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens admits that the Sherman Act uses the term "restraint of trade", but denies that Plaintiffs have or can satisfy the requirements of the Sherman Act or are entitled to any relief requested in Paragraph 452 or elsewhere in their Complaint. Clemens denies any remaining allegations in Paragraph 452.

453.    Paragraph 453 contains no factual assertions to which a response is required. Paragraph 453 further contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens admits that the Sherman Act relates to competition, but denies that Plaintiffs have or can satisfy the requirements of the Sherman Act or are entitled to any relief requested in Paragraph 453 or elsewhere in their Complaint. Clemens denies any remaining allegations in Paragraph 453.

454.    Clemens denies the allegations in Paragraph 454.

455.    Clemens denies the allegations in Paragraph 455.

456. Clemens denies the allegations in Paragraph 456.

457. Clemens denies the allegations in Paragraph 457.

458. Clemens denies the allegations in Paragraph 458.

459. Clemens denies the allegations in Paragraph 459.

460. Paragraph 460 contains no factual assertions to which a response is required. Paragraph 460 further contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens admits that Plaintiffs claim a violation under the PSA, but denies that Plaintiffs have or can satisfy the requirements of the PSA or are entitled to any relief requested in Paragraph 460 or elsewhere in their Complaint. Clemens denies any remaining allegations in Paragraph 460.

461. Paragraph 461 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 461.

462. Paragraph 462 contains no factual assertions to which a response is required. Paragraph 462 further contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens admits that Plaintiffs claim a violation under the PSA, but denies that Plaintiffs have or can satisfy the requirements of the PSA or are entitled to any relief requested in Paragraph 462 or elsewhere in their Complaint. Clemens denies any remaining allegations in Paragraph 462.

463. Paragraph 463 contains no factual assertions to which a response is required. Paragraph 463 further contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens admits that Plaintiffs purport to quote the PSA's enacting regulations, but denies that Plaintiffs have or can satisfy the requirements of the PSA or are entitled to any relief requested in Paragraph 463 or elsewhere in their Complaint. Clemens denies any remaining allegations in Paragraph 463.

464. Paragraph 464 contains no factual assertions to which a response is required. Paragraph 464 further contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens admits that Plaintiffs purport to quote the PSA's enacting regulations, but denies that Plaintiffs have or can satisfy the requirements of the PSA or are entitled to any relief requested in Paragraph 464 or elsewhere in their Complaint. Clemens denies any remaining allegations in Paragraph 464.

465. Clemens denies the allegations in Paragraph 465.

466. Clemens denies the allegations in Paragraph 466.

467. Clemens denies the allegations in Paragraph 467.

468. Clemens denies the allegations in Paragraph 468.

469. Clemens denies the allegations in Paragraph 469.

470. Paragraph 470 contains no factual assertions to which a response is required. Paragraph 470 further contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens admits that Plaintiffs purport to claim

a violation under the PSA, but denies that Plaintiffs have or can satisfy the requirements of the PSA or are entitled to any relief requested in Paragraph 470 or elsewhere in their Complaint. Clemens denies any remaining allegations in Paragraph 470.

471.    Clemens denies the allegations in Paragraph 471.

## XVI.  PRAYER FOR RELIEF

Section XVI contains no factual assertions to which a response is required.  Section XVI further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required.  To the extent Section XVI is deemed to require a response, Clemens admits that Plaintiffs seek a joint and several judgment against Defendants and related damages and injunctive relief in Section XVI, but denies that Plaintiffs are entitled to any relief requested in Section XVI or elsewhere in their Complaint.  Clemens denies each and every allegation in Plaintiffs' Complaint except as expressly admitted and qualified above.  Clemens requests that Plaintiffs' Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of Clemens, and that the Court award Clemens its attorneys' fees, costs, and expenses, and such other and further relief as the Court deems just and proper.

## XVII.  JURY DEMAND

Section XVII contains no factual assertions to which a response is required.  Section XVII further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required.  To the extent Section XVII may be deemed to require a response, Clemens admits that Plaintiffs purport to demand a jury trial in Section XVII, but denies that Plaintiffs have stated claims that are triable.  Clemens denies any remaining allegations in Section XVII.

## AFFIRMATIVE DEFENSES

Clemens states the following defenses to Plaintiffs' Complaint. Each defense is asserted as to all claims against Clemens unless otherwise noted. By setting forth these affirmative defenses, Clemens does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Nothing herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations. Clemens incorporates and re-alleges teach of the above Answers as if fully set forth below.

As separate and distinct affirmative defenses, Clemens alleges as follows:

1.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver. Much of Clemens' alleged conduct, such as participation in trade group associations, was public well before these Plaintiffs or any others in these consolidated actions filed their complaints. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims, resulting in economic prejudice to Clemens. Clemens continued to invest in its relationships with direct pork-product purchasers while Plaintiffs delayed their claims alleging misconduct in Clemens' pork-related activities. This unreasonable lack of diligence in raising their claims bars them now. Additionally, Plaintiffs' conduct in continuing to purchase pork products under a system of allegedly artificially inflated pricing is evidence of Plaintiffs' waiver of any right to bring this suit. Plaintiffs' conduct was, and continues to be, inconsistent with any intention other than to waive their right to bring suit.

3.      Plaintiffs are precluded from recovering damages, in whole or in part, because and to the extent of, their failure to mitigate alleged damages, if any. If Plaintiffs believed that

Defendants were unfairly and anti-competitively raising prices for their direct purchasers through the use of Agri Stats and by conspiring at trade forums for approximately nine years or more before filing their Complaints, Plaintiffs had an obligation to switch to pork integrators that are not alleged to have been part of the alleged conspiracy, including but not limited to those that process specialty pork such as organic, pasture-raised and/or locally-sourced.

4.      Plaintiffs' claims under the Packers & Stockyards Act ("PSA") are barred on the ground that Plaintiffs lack standing because they have not suffered any alleged injury caused by the "purchase, sale, or handling of livestock" and, while Plaintiffs allege injury resulting from the sale of "meat food products" as defined by the PSA, the PSA does not grant a private right of action for injuries resulting from a violation of the Act in connection with the sale of "meat food products."[3]

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered an injury-in-fact or antitrust injury actually or proximately caused by Clemens' alleged conduct.

6.      Plaintiffs' claims are barred to the extent that they are subject to contractual arbitration and/or forum selection provisions. Plaintiffs' claims against Clemens are premised on the sale of pork products. When Clemens reviews the contracts of sales for those products, if they contain arbitration and/or forum selection provisions, those provisions may bar Plaintiffs' claims in this Court in whole or in part. *See, e.g.*, *Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603 (7th Cir. 2003); *J.D. Fields & Co., Inc. v. Nucor-Yamato Steel Co.*, 2016 WL 6156188, at *9 (E.D. Ark. Feb. 2, 2016).

---

[3]     Clemens asserts this defense against those Plaintiffs asserting claims under the Packers & Stockyards Act ("the PSA Plaintiffs").

7.      Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to impose liability on Clemens based on the exercise of any person or entity's right to petition federal, state and local legislative bodies, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution. To the extent that Plaintiffs seek to prove the existence of their alleged conspiracy by citing to lobbying and other protected activity, their claims are barred. *See, e.g.*, Sysco Compl. ¶ 14 (citing to Defendants' alleged participation in "Legislative Action conferences each spring and fall in Washington DC"). Protected activities include, without limitation, participation in trade associations seeking legislative and administrative remedies and lobbying activities related to the establishment of rules and procedures for USDA price reporting and the effect of ethanol requirements on grain prices.

8.      Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek damages that would constitute a duplicative recovery. To the extent that any Plaintiffs remain part of the class action litigations consolidated in *In re Pork Antitrust Litig.,* 18-cv-1776 (D.Minn.), that any Plaintiffs' damages would form part of the recovery by a State Attorney General in a suit brought under their *parens patriae* authority, including but not limited to *State of New Mexico v. Agri Stats, Inc.*, D-101-CV-2021-01478 (1st Jud. Distr. Ct. N.M.); and *State of Alaska v. Agri States, Inc.*, 3AN-21-07791CI (Super. Ct. Alaska), or that Plaintiffs' damages are otherwise duplicative of recovery in any other pending or future lawsuit, those damages are barred.

9.      Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, by Clemens' right to set off any amounts paid to Plaintiffs by any Defendants other than Clemens who have settled, or do settle, Plaintiffs' claims against them in this action.

10.     Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period set out in contracts and/or agreements executed by Plaintiffs.

11.     Plaintiffs fail, in whole or in part, to state a claim upon which relief could be granted.

12.     To the extent that Plaintiffs seek to collect compensatory damages, penalties, punitive damages, exemplary damages, attorneys' fees and expenses, and other monetary relief from Clemens, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

13.     Clemens engaged in no behavior that it knew to be, or could reasonably foresee would ever be found to be, improper of forbidden under the federal law alleged by Plaintiffs, and thus neither actual nor treble damages may be awarded against it.

14.     To the extent Plaintiffs claim that Clemens fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

15.     Plaintiffs' claims are barred, in whole or in part, because any alleged anti-competitive effects of the conduct alleged by Plaintiffs do not outweigh the pro-competitive benefits.

16.     Plaintiffs' claims are barred, in whole or in part, because Clemens' conduct did not cause harm to competition in any relevant market.

17.     Plaintiffs' claims are barred, in whole or in part, because Clemens' conduct was procompetitive, reasonable, and permissible, and was based upon independent, legitimate, and self-interested business and economic justifications.

18. Plaintiffs' claims are barred, in whole or in part, because any contracts or agreements between Clemens and any other person were lawful business arrangements and cannot support a claim that Clemens engaged in any unlawful conspiracy.

19. Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

20. Plaintiffs' claims are barred, in whole or in part, because Clemens did not act knowingly, willfully, or intentionally.

21. Plaintiffs' claims are barred in whole or in part, to the extent that Plaintiffs seek recovery for damages resulting from indirect purchases of pork or, in the alternative, such claims are barred in whole or in part by the pass-on defense.

22. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs entered into cost-plus contracts with parties who purchased from Plaintiffs before Plaintiffs began paying any purported overcharge.

23. Plaintiffs' claims under the PSA should be dismissed and referred to the Secretary of Agriculture under the Doctrine of Primary Jurisdiction.[4]

24. To the extent Plaintiffs have engaged in unconscionable, bad faith, or other actions that would preclude or limit part or all of their claims or remedies, Plaintiffs' claims or remedies are barred or limited by the doctrine of unclean hands and/or *in pari delicto*. For example, given Plaintiffs' allegations concerning Agri Stats, to the extent Plaintiffs themselves used Agri Stats, that use of the same benchmarking service Plaintiffs claim was used as a conspiratorial tool should preclude or limit part or all of their claims or remedies. Further, to the extent Plaintiffs claim that receiving market information from customers is a conspiratorial act, Plaintiffs' own acts of, *inter*

---

[4] Clemens asserts this defense against the PSA Plaintiffs only.

*alia*, obtaining such market information in the conduct of their own business, or sharing or purporting to share information from one Defendant with another Defendant or pork producer, require that Plaintiffs' claims or remedies should be barred or limited.

## JURY DEMAND

Pursuant to the Federal Rule of Civil Procedure 38, Clemens demands a trial by jury of all claims and defenses upon which it is entitled to a jury trial.

## PRAYER FOR RELIEF

Clemens requests that Plaintiffs' Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of Clemens, and that the Court award Clemens its attorneys' fees, costs, and expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

Dated: January 20, 2023

/s/ *Mark L. Johnson*

Mark L. Johnson (#0345520)
Davida S. McGhee (#0400175)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
dwilliams@greeneespel.com

Daniel E. Laytin, P.C. (*pro hac vice*)
Christa C. Cottrell, P.C. (*pro hac vice*)
Jenna Stupar *(pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
312-862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
jenna.stupar@kirkland.com

***Counsel for Clemens Food Group, LLC and The Clemens Family Corporation***