| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS BROUGHT BY DIRECT ACTION PLAINTIFFS | No. 0:18-cv-01776-JRT-JFD<br><br>**DEFENDANT SMITHFIELD FOODS, INC.'S ANSWER AND DEFENSES TO DIRECT ACTION PLAINTIFFS' CONSOLIDATED COMPLAINT** |

Defendant Smithfield Foods, Inc. ("Smithfield") answers the Direct Action Plaintiffs' ("Plaintiffs") Consolidated Complaint ("Complaint") as follows:

## ANSWER

In response to the Introduction and the Chart of Direct Action Plaintiffs, Defendants and Causes of Action (Sections I and II of the Complaint), Smithfield admits that Plaintiffs have filed suit against it and the other Defendants and seek various types of relief, but denies that Plaintiffs are entitled to any relief under applicable law.

1.     Smithfield denies the allegations in paragraph 1.[1]  As for footnote 3, Smithfield understands how Plaintiffs define the term Co-Conspirator, but Smithfield denies that it had any co-conspirators because Smithfield denies that the alleged conspiracy ever existed and denies its participation in any conspiracy.  As for footnote 4, Smithfield admits that Plaintiffs offer their own definition of pork but denies that it is proper to lump

---

[1]     On those occasions in the Complaint when Plaintiffs make allegations against all Defendants together, unless otherwise stated in this answer, Smithfield will answer for itself only, and any allegations directed against other Defendants will be denied. Smithfield incorporates this footnote by reference into its response to any paragraph in the Complaint that makes global allegations against Defendants as a group.

all of the listed products together and discuss them interchangeably and denies any other allegations.

2.      Smithfield denies the allegations in paragraph 2.

3.      Smithfield denies the allegations in paragraph 3.

4.      Smithfield denies the allegations in paragraph 4.

5.      As for paragraph 5, Smithfield (a) admits that at certain times, it has subscribed to certain Agri Stats reports and reported certain information to Agri Stats for legitimate benchmarking purposes, (b) lacks knowledge or information sufficient to form a belief about the truth of the allegations about other parties, (c) admits that it has had legitimate business dealings with AgStar Financial Services over time, and (d) denies the existence of any coordination or conspiracy and denies any remaining allegations.

6.      As for the first sentence in paragraph 6, Smithfield admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents, but denies the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield denies the allegations in the second sentence.

7.      As for the first sentence in paragraph 7, Smithfield admits that it is a member of certain pork industry trade associations, admits that the pork industry, like most other industries, has certain meetings where industry participants might see each other in-person, but denies any remaining allegations.  Smithfield denies the allegations in the second through ninth sentences in paragraph 7.

8.      As for paragraph 8, Smithfield (a) admits that at certain times, it has subscribed to certain Agri Stats reports and reported certain information to Agri Stats for legitimate benchmarking purposes, (b) lacks knowledge or information sufficient to form a belief about the truth of the allegations about the actions of other parties, and (c) denies the existence of any coordination or conspiracy and denies any remaining allegations.

9.      As for paragraph 9, Smithfield admits that at certain times, it has subscribed to certain Agri Stats reports for legitimate benchmarking purposes, but denies all other allegations.

10.      As for paragraph 10, Smithfield (a) admits that at certain times, it has subscribed to certain Agri Stats reports and reported certain information to Agri Stats for legitimate benchmarking purposes, (b) lacks knowledge or information sufficient to form a belief about the truth of the allegations about other parties, and (c) denies the existence of any conspiracy and denies any remaining allegations.

11.      Smithfield denies the allegations in paragraph 11.

12.      Smithfield denies the allegations in paragraph 12.

13.      Smithfield denies the allegations in paragraph 13.

14.      Smithfield denies the allegations in paragraph 14.

15.      Smithfield denies the allegations in paragraph 15.

16.      As for paragraph 16, Smithfield admits that Plaintiffs bring this case under certain federal statutes and seek various types of relief, but Smithfield denies that it violated the cited statutes and denies that Plaintiffs are entitled to any relief.

17.     As for paragraph 17, Smithfield admits that Plaintiffs bring this case under certain federal statutes and seek various types of relief, but Smithfield denies that it violated the cited statutes and denies that Plaintiffs are entitled to any relief.

18.     As for paragraph 18, Smithfield admits that Plaintiffs bring this case under certain federal statutes and seek various types of relief, but Smithfield denies that it violated the cited statutes and denies that Plaintiffs are entitled to any relief.

19.     Paragraph 19 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

20.     Paragraph 20 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

21.     Paragraph 21 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

22.     Smithfield admits that it sells various fresh and processed pork products in interstate commerce but denies any remaining allegations in paragraph 22.

23.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

24.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

25.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

26.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

27.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

28.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

29.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

30.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

31.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

32.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

33.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

34.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

35.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

36.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

37.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

38.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

39.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

40.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

41.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

42.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

43.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

44.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

45.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

46.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

47.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

48.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

49.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

50.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

51.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

52.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

53.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

54.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

55.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

56.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

57.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

58.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

59.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

60.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

61.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

62.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

63.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

64.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

65.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

66.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

67.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

68.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

69.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

70.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

71.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

72.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

73.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

74.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

75.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

76.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

77.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

78.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

79.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

80.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 but denies the existence of a conspiracy in the US pork industry and denies that Plaintiffs suffered any injury.

81. Paragraph 81 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

82. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.

85. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

88. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.

90. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

91. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91.

92.     As for the allegations in the first and second sentences in paragraph 92, Smithfield admits that it is incorporated in the Commonwealth of Virginia, admits that its principal place of business is in Smithfield, Virginia, admits that it is owned by WH Group Ltd, which is a company based in Hong Kong, not the People's Republic of China, and denies any other allegations. As for the third sentence in paragraph 92, admits that at certain times, it has subscribed to certain Agri Stats reports and reported certain information to Agri Stats for legitimate benchmarking purposes, but denies any remaining allegations. As for the fourth sentence in paragraph 92, Smithfield admits that it sold pork in interstate commerce to purchasers in the United States, but Smithfield denies the existence of any conspiracy and denies any remaining allegations.

93.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.

94.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.

95.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96.

97.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97.

98.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98.

99.     The Court dismissed all claims against Indiana Packers Corporation ("Indiana Packers") with prejudice.   Nevertheless, Smithfield responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99.

100.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100.

101.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101.

102.     Smithfield denies that a conspiracy existed, denies that it joined any conspiracy, and denies any remaining allegations in the first and second sentences in paragraph 102.  As for the third sentence, Smithfield understands how Plaintiffs define the term Co-Conspirator, but Smithfield denies that it had any co-conspirators because Smithfield denies that the alleged conspiracy ever existed, denies its participation in any conspiracy, and denies any other allegations.

103.     Smithfield denies that a conspiracy existed and denies any remaining allegations in paragraph 103.

104.     Smithfield denies the allegations in paragraph 104.

105.     Smithfield denies the allegations in paragraph 105.

106.     Smithfield denies that a conspiracy existed, denies that it joined any conspiracy, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106.

107.     Smithfield admits the allegations in paragraph 107.

108.    As for paragraph 108, Smithfield admits that it submitted certain types of information to Agri Stats at certain points in time and that the reports it received from Agri Stats were lawful and used for legitimate benchmarking activities; otherwise, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

109.    As for paragraph 109, Smithfield admits that benchmarking is a procompetitive business practice that is common in many U.S. industries and that allows companies to compare certain performance metrics against averages in the industry but denies any remaining allegations.  Smithfield also admits that it submitted certain types of information to Agri Stats at certain points in time and that the reports it received from Agri Stats were lawful and used for legitimate benchmarking activities.  Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

110.    As for paragraph 110, Smithfield admits that benchmarking is a procompetitive business practice that is common in many U.S. industries and that allows companies to compare certain performance metrics against averages in the industry but denies any remaining allegations.  Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

111.    As for paragraph 111, Smithfield denies that there was a conspiracy, admits that Plaintiffs quote excerpts from an article, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

112.    As for paragraph 112, Smithfield admits that Plaintiffs quote an excerpt from a presentation, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

113.    As for the first sentence in paragraph 113, Smithfield (a) admits that at certain times, it has subscribed to certain Agri Stats reports and reported certain information to Agri Stats for legitimate benchmarking purposes, (b) lacks knowledge or information sufficient to form a belief about the truth of the allegations about the actions of other parties, and (c) denies the existence of any coordination or conspiracy and denies any remaining allegations. Smithfield denies the allegations in the second sentence.

114.    As for paragraph 114, Smithfield admits that its disclosures listed certain people who had certain Agri Stats-related duties at certain times, but Smithfield lacks

knowledge or information sufficient to form a belief about the truth of the allegations as to other parties.

115.     Smithfield denies the allegations in paragraph 115.

116.     Smithfield denies the allegations in the first sentence in paragraph 116.  As for the remaining sentences, Plaintiffs appear to be quoting from unidentified sources, which speak for themselves and are the best evidence of their contents, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

117.     As for the first sentence in paragraph 117, Smithfield (a) admits that at certain times, it has subscribed to certain Agri Stats reports and reported certain information to Agri Stats for legitimate benchmarking purposes, (b) lacks knowledge or information sufficient to form a belief about the truth of the allegations about other parties, and (c) denies the existence of any conspiracy and denies any remaining allegations.  As for the second sentence, Smithfield admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield denies the allegations in the third sentence of paragraph 117.

118.     As for paragraph 118, Smithfield admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents, but otherwise

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

119. As for paragraph 119, Smithfield admits that it submitted certain types of information to Agri Stats at certain points in time, denies that a conspiracy existed or that Smithfield joined a conspiracy, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations about other parties. Smithfield further admits that Plaintiffs appear to have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

120. Smithfield denies the allegations in the first sentence of paragraph 120. As for the second, third, and fourth sentences, Smithfield responds that the unspecified Agri Stats reports vaguely referenced therein are documents that speak for themselves and are the best evidence of their contents, but Smithfield lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

121. Smithfield denies the allegations in paragraph 121.

122. As for paragraph 122, Smithfield admits that Plaintiffs purport to have re-produced an image of an excerpt from an Agri Stats report, responds that the report speaks

for itself and is the best evidence of its contents, but denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

123. Smithfield denies the allegations in the first and second sentences in paragraph 123. As for the third sentence, Smithfield admits that Plaintiffs purport to describe an excerpt from an Agri Stats report, but lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning an unidentified, hypothetical Agri Stats report, which (if it exists) is a document that speaks for itself and is the best evidence of its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield denies the allegations in the fourth and fifth sentences.

124. As for paragraph 124, Smithfield admits that Plaintiffs have quoted a portion of a report, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

125. Smithfield denies the allegations in the first sentence in paragraph 125. As for the second sentence, Smithfield denies that it exchanged current data on prices and costs with competitors and lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations. As for the third sentence, Smithfield admits that it does not share its confidential, proprietary information with competitors but otherwise denies all allegations.

126. Smithfield denies the allegations in the first sentence in paragraph 126. Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence. As for the third sentence, Smithfield admits that Plaintiffs refer to and characterize one slide from an Agri Stats presentation, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

127. As for paragraph 127, Smithfield admits that Plaintiffs quote excerpts from an Agri Stats presentation, which speaks for itself and is the best evidence of its contents, but Smithfield lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

128. As for paragraph 128, Smithfield admits that Plaintiffs quote an excerpt from an article, which speaks for itself and is the best evidence of its contents, but Smithfield lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

129. Smithfield denies that a conspiracy existed and denies the remaining allegations in paragraph 129.

130. As for paragraph 130, Smithfield admits that Plaintiffs quote excerpts from an Agri Stats presentation, which speaks for itself and is the best evidence of its contents,

but Smithfield lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

131. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131.

132. As for paragraph 132, Smithfield admits that Plaintiffs quoted a website that speaks for itself and is the best evidence of its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

133. Smithfield denies the allegations in paragraph 133.

134. Smithfield denies the allegations in paragraph 134.

135. The allegations in paragraph 135 are very general and high-level. Smithfield admits that the allegations are generally true for itself in most cases but cannot confirm that they would be true in literally every instance for itself or would be true for any other company. Smithfield further responds that Agri Stats reports speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

136. Smithfield admits the allegation in the first sentence in paragraph 136. As for the second and third sentences, Smithfield denies the allegations as to itself but is without knowledge or information sufficient to form a belief about the truth of the allegations as to other parties.

137.    As for the first sentence in paragraph 137, Smithfield denies the allegations as to itself but is without knowledge or information sufficient to form a belief about the truth of the allegations as to other parties.  Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences.  As for the fourth sentence, Smithfield denies the existence of a conspiracy but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

138.    As for paragraph 138, Smithfield admits that Plaintiffs quote portions of various sources, which are documents that speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

139.    As for paragraph 139, Smithfield admits that Plaintiffs quote portions of various sources, which are documents that speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

140.    Smithfield denies the allegations in the first sentence in paragraph 140.  As for the second through seventh sentences, Smithfield admits that Plaintiffs quote portions of various sources, which are documents that speak for themselves and are the best

evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

141. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

142. As for paragraph 142, Smithfield admits that Plaintiffs have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

143. As for the allegations in paragraph 143, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

144. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144. To the extent Plaintiffs' allegations quote

and/or rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

145. As for paragraph 145, Smithfield denies that Figure 6 in the Complaint "shows a June 2014 Smithfield analysis of deanonymized competitor exports using Agri Stats Data." As for the rest of paragraph 145, Smithfield admits that Plaintiffs have excerpted a portion of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

146. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146. To the extent Plaintiffs' allegations quote and/or rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

147. As for paragraph 147, Smithfield denies Plaintiffs' allegations in the first sentence as to itself, which are contradicted by the document quoted in the following sentences, but lacks knowledge or information to form a belief about the truth of allegations about other parties. As for the quotes in the ensuing sentences, Smithfield admits that Plaintiffs have quoted portions of an email chain, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document

or takes its contents out of context. Smithfield denies the allegations in the last sentence in paragraph 147 as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegations about other parties.

148.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

149.    Smithfield denies the allegations in paragraph 149.

150.    Smithfield denies that there was any conspiracy in the pork industry and denies that it ever joined a conspiracy, but Smithfield is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 150.

151.    Smithfield admits that, at certain times, it used certain Agri Stats reports for legitimate benchmarking purposes to increase efficiency and reduce costs, denies that there was any conspiracy in the pork industry, denies that it ever joined a conspiracy, and denies any remaining allegations in paragraph 151. Smithfield further responds that Agri Stats reports speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

152.    As for paragraph 152, Smithfield admits that Plaintiffs appear to be quoting from an unknown source, which speaks for itself and is the best evidence of its contents, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about

the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield further denies that any testimony from a supposed expert in some case about the chicken industry is somehow relevant to the pork industry or these pork cases.

153. As for paragraph 153, Smithfield admits that Plaintiffs appear to be quoting from an unknown source, which speaks for itself and is the best evidence of its contents, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield further denies that any testimony from a supposed expert in some case about the chicken industry is somehow relevant to the pork industry or these pork cases.

154. As for paragraph 154, Smithfield admits that Plaintiffs appear to be quoting from an unknown source, which speaks for itself and is the best evidence of its contents, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield further denies that any testimony from a supposed expert in FOIA litigation about "egg-farm reports" is somehow relevant to the pork industry or these pork cases.

155. As for paragraph 155, Smithfield admits that Plaintiffs quote an excerpt from a *Bloomberg* article about the chicken industry, which is an article that speaks for itself and is the best evidence of its contents, but Smithfield is without knowledge or information sufficient to form a belief about the truth of any remaining allegations. Smithfield denies

any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

156. Smithfield denies the allegations in paragraph 156.

157. Smithfield denies the allegations in paragraph 157.

158. Smithfield denies the allegations in the first, second, and fourth sentences in paragraph 158. As for the third sentence, the sentence is so vague and lacking in detail and context that Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield sold several hundred different fresh and processed pork products during the relevant time period, it regularly raised and lowered its prices on those products unilaterally, and the profitability of a price increase on any one of those products depended on a variety of factors not listed here.

159. Smithfield denies that the general economic concept referenced in paragraph 159 has any relevance to the U.S. hog, fresh pork, or processed pork industries. Smithfield admits that Plaintiffs describe general economic concepts adhered to by some economists but denies the existence of a conspiracy, denies that all fresh and processed pork products can be lumped together into one discussion of elasticity, and denies any other allegations.

160. Smithfield denies that the general economic concept referenced in the first sentence in paragraph 160 has any relevance to the U.S. hog, fresh pork, or processed pork industries. Smithfield admits the allegations in the second sentence. Smithfield denies the allegations in the third and fourth sentences.

161. As for the first sentence in paragraph 161, Smithfield understands that Plaintiffs purport to define a market but denies that Plaintiffs' proposed market is proper

and denies any other allegations. Smithfield denies the allegations in the second sentence in paragraph 161.

162. As for paragraph 162, Smithfield admits that Plaintiffs reference a USDA website, which is a document that speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

163. Smithfield denies the allegations in paragraph 163.

164. As for the first sentence in paragraph 164, Smithfield denies that vertical integration is pervasive in the pork industry, denies that pork integrator is a common term in the industry, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations. As for the second and third sentences, Smithfield admits that it makes its own decisions as to its own production of hogs and pork and as to how its own hogs are raised, fed, and prepared for slaughter, but Smithfield is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.

165. As for the highly generalized allegations in the first five sentences in paragraph 165 about pork-production contracts, Smithfield responds that it: has various different contracts with third parties that raise company-owned hogs for fees that are structured various ways, has had contracts with more than 1,000 external hog producers for decades, denies that these third parties somehow become Smithfield employees under these contracts, denies that these contracts allow Smithfield to control the supply of hogs

or pork, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. As for the first sentence, Smithfield also admits that Plaintiffs quote an article, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the sixth sentence. Smithfield denies the allegations in the seventh sentence. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

166. As for the first sentence in paragraph 166, Smithfield admits that farrowing is the term used to describe the sow giving birth but denies the remaining allegations. Smithfield admits the allegations in the second sentence. As for the third through seventh sentences, Smithfield denies that these incredibly broad generalizations are always or even often true for its operations, further responds that hog production is too complicated to be generalized in this manner, and lacks knowledge or information sufficient to form a belief about the truth of the allegations as far as other hog producers' operations. Smithfield denies the allegations in the eighth sentence.

167. Smithfield admits that the charts shown in paragraph 167 list several steps in the production of hogs, fresh pork, and packaged pork but denies that it necessarily includes every step. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

168.    As for the first sentence in paragraph 168, Smithfield admits that it was the largest producer and processor of pork in the US during the relevant time period but denies that there was a conspiracy or that it joined in any conspiracy.  As for the second, third, and fourth sentences, Smithfield denies that there was a conspiracy or that it joined in any conspiracy but admits that Plaintiffs quote a portion of an annual report from 2014, which speaks for itself and is the best evidence of its contents, and denies any remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

169.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169.

170.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170.

171.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171.

172.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172.

173.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173.

174.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174.

175.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175.  Smithfield also notes that the Court dismissed with prejudice all claims against Indiana Packers.

176.     Smithfield denies the allegations in paragraph 176.

177.     As for paragraph 177, Smithfield admits the allegation as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegation as to all other parties.

178.     As for the first sentence in paragraph 178, Smithfield admits that its sales of fresh pork and processed pork products reach into the billions of dollars each year, but it lacks knowledge or information sufficient to form a belief about the truth of the allegations about other defendants' sales.  Smithfield admits the allegations in the second sentence. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence.  Smithfield denies the allegations in the fourth sentence.

179.     Smithfield denies the allegations in paragraph 179.

180.     Smithfield denies the allegations in paragraph 180.

181.     Smithfield denies the allegations in the first sentence in paragraph 181. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.  As for the third sentence, Smithfield admits that Plaintiffs refer to a chart that estimates market share using an unknown methodology and that includes reference to a conspiracy that never existed, but otherwise denies the allegations.

182.    As for the first sentence in paragraph 182, Smithfield admits that it acquired Carroll's Foods, Inc., and its affiliates in 1999 but lacks knowledge or information sufficient to form a belief about the truth of the other allegations.  As for the second sentence, Smithfield admits that it acquired certain assets of Farmland Industries out of bankruptcy in 2003 but lacks knowledge or information sufficient to form a belief about the truth of the other allegations.  As for the third sentence, Smithfield admits that its acquisition of Clougherty Packing and its subsidiaries, which included hog-production facilities operating in three states, from Hormel closed in January of 2017, but Smithfield notes that it no longer operates any of the hog-production facilities that it acquired in that transaction.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

183.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

184.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184.

185.    As for paragraph 185, Smithfield admits that the listed dates for transactions involving Smithfield are accurate, denies that the timeline accurately describes the details

of its transactions, denies that the pork industry has seen increased concentration in recent years, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations about other companies' transactions.

186.    As for the first and second sentences in paragraph 186, Smithfield responds that the cited document speaks for itself and is the best evidence of its contents but denies any other allegations.  As for the third sentence, Smithfield admits that no single pork processor has market power but denies any remaining allegations.  Smithfield denies the allegations in the fourth sentence and notes that Plaintiffs rigged the HHI calculations to reach an inaccurate number.  As for the fifth sentence, Smithfield denies that it has colluded with any other company to restrict the supply of pork and otherwise denies the allegations. As for the sixth sentence, Smithfield admits that the 2016 chart that Plaintiffs pasted into their Complaint and then edited shows an HHI of 1537 for an unspecified market but otherwise denies the allegations.  As for footnote 40, Smithfield responds that Plaintiffs cite a government website, which speaks for itself and is the best evidence of its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

187.    Smithfield denies the allegations in the first and third sentences in paragraph 187.  As for the second sentence, Smithfield admits that Plaintiffs quote a portion of a WH Group Interim Report, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

188.    Smithfield denies the allegations in paragraph 188.

189.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 189.

190.    As for the first sentence of paragraph 190, Smithfield denies that there was a conspiracy in the pork industry but lacks knowledge or information sufficient to form a belief about the truth about the remaining allegations.  Smithfield denies the allegations in the second sentence.

191.    Smithfield denies the allegations in the first sentence of paragraph 191.  As for the allegations in the second, third, and fifth sentences, Smithfield responds that they might be true in certain circumstances as to certain companies but denies that they are always true as to all companies, denies that construction and entry costs can be generalized in this manner, and denies any remaining allegations.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth and sixth sentences.  To the extent Plaintiffs' allegations in this paragraph are based on a white paper by a third party, Smithfield responds that the document speaks for itself and is the best evidence of its contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

192.    As for the first sentence in paragraph 192, Smithfield admits that certain of its employees attended certain pork-industry meetings from time to time where people from other hog producers and pork processors and from retailers and other entities were also in attendance but denies all other allegations.  Smithfield denies the allegations in the second sentence.

193.    As for paragraph 193, Smithfield admits that certain of its employees attended certain pork-industry meetings from time to time where people from other hog producers and pork processors and from retailers and other entities were also in attendance, lacks knowledge or information sufficient to form a belief about the truth of the allegations about other entities' attendance at various meetings, and denies all other allegations.

194.    As for paragraph 194, Smithfield admits that Plaintiffs quote a website that speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

195.    As for the first two sentences of paragraph 195, Smithfield responds that: the National Pork Industry Forum occurs during a joint, separate meeting of the NPPC and the National Pork Board, the NPPC advertises its portion of the Forum, and it denies all other allegations.  Smithfield admits the allegations in the third sentence.

196.    As for paragraph 196, Smithfield denies that it is accurate to say that the National Pork Industry Forum is NPPC's Forum, admits that Smithfield representatives periodically attend industry meetings that others in the pork industry attend, admits the general descriptions of meetings in the bullet points are accurate, innocuous, and unsurprising, denies that Smithfield used any trade-association meeting as part of any conspiracy, denies that there was any conspiracy in the pork industry, and denies any other allegations.  To the extent that Plaintiffs' allegations are based upon quotes from documents, those documents speak for themselves and are the best evidence of their

contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

197. Smithfield admits the allegations in the first sentence of paragraph 197. As for the second and third sentences, Smithfield admits that Plaintiffs quote portions of various sources, which are documents that speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. As for the fourth and sixth sentences, Smithfield admits that Plaintiffs reference testimony by a Clemens witness but denies any other allegations. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fifth sentence. Smithfield denies any other allegations and specifically denies that there was a conspiracy in the pork industry and that it ever participated in any conspiracy.

198. As for the first and second sentences of paragraph 198, Smithfield lacks knowledge or information sufficient to form a belief about the truth about the allegations. As for the third and fourth sentences, Smithfield admits that Plaintiffs quote portions of various sources, which are documents that speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

199. As for paragraph 199, Smithfield admits that Plaintiffs quote portions of various sources, which are documents that speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

200. As for paragraph 200, Smithfield admits that Plaintiffs quote portions of various sources, which are documents that speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield denies the allegations in the last sentence.

201. As for paragraph 201, Smithfield admits that Plaintiffs quote from a source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

202. As for the first sentence in paragraph 202, Smithfield admits that Plaintiffs quote from a source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield

admits the allegations in the second sentence as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegations as to other parties.

203.     Smithfield denies the allegations in first and second sentences of paragraph 203.  As for the third sentence, Smithfield admits that Plaintiffs quote from an unknown source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield denies any other allegations and specifically denies that there was a conspiracy in the pork industry and that it ever participated in any conspiracy.

204.     Smithfield denies the allegations in the first sentence of paragraph 204. Smithfield admits the allegations in the second sentence.  Smithfield admits the allegation in the third sentence as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegation about other companies.  As for the fourth through seventh sentences, Smithfield admits that Plaintiffs refer to and quote from various non-Smithfield sources, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield denies any other allegations and specifically denies that there was a conspiracy in the pork industry and that it ever participated in any conspiracy.

205.     Smithfield admits the allegations in the first and fourth sentences in paragraph 205 as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegation as to other companies.  Smithfield admits the allegation in the second sentence.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegation in the third sentence.  As for the fifth, sixth, and seventh sentences, Smithfield admits that Plaintiffs refer to and quote from various non-Smithfield sources, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield denies any other allegations and specifically denies that there was a conspiracy in the pork industry and that it ever participated in any conspiracy.

206.     As for paragraph 206, Smithfield admits that the NAMI and AMI sometimes sponsor meetings, that certain Smithfield representatives sometimes attend those meetings, and that participants in the pork industry (including pork buyers like Plaintiffs) might see each other at these meetings, but denies that a conspiracy existed and denies any other allegations.

207.     As for the allegations in paragraph 207, Smithfield admits that Plaintiffs quote from various sources, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

208.    Smithfield admits the allegations in the first sentence of paragraph 208.  As for the second sentence, Smithfield admits that Plaintiffs quote from a website, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

209.    As for the first sentence of paragraph 209, Smithfield admits the AMI and NAMI allegation as to itself, denies that a conspiracy existed or that Smithfield participated in any conspiracy, but lacks knowledge or information sufficient to form a belief about the truth of the allegation as to other parties.  As for the second sentence, Smithfield admits that Larry Pope and Keira Lombardo served on the NAMI Board at certain points in time, denies that a conspiracy existed or that Smithfield participated in any conspiracy, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

210.    As for paragraph 210, Smithfield admits that certain of its representatives have served on the NAMI Executive Committee at certain points in time, denies that its representatives served as officers of NAMI, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

211.    As for the first two sentences in paragraph 211, Smithfield denies that there was a conspiracy in the pork industry or that Smithfield participated in any conspiracy but admits that Plaintiffs quote from various sources, which speak for themselves and are the best evidence of their contents, and otherwise lacks knowledge or information sufficient to

form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. As for the third sentence, Smithfield admits that certain of its executives have attended certain AMI meetings over time but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. As for the fourth sentence, Smithfield admits the allegations as to itself but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

212. As for the allegations in paragraph 212, Smithfield denies that there was a conspiracy in the pork industry or that Smithfield participated in any conspiracy but admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

213. As for the allegations in paragraph 213, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

214. As for the allegations in paragraph 214, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of

their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

215. As for the allegations in paragraph 215, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

216. As for the allegations in paragraph 216, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

217. As for the allegations in paragraph 217, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

218. As for the allegations in paragraph 218, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

219. Smithfield denies the allegations in paragraph 219.

220. Smithfield denies the allegations in the first sentence in paragraph 220. As for the second sentence, Smithfield admits that Plaintiffs quote from an article, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

221. Smithfield denies the allegations in paragraph 221.

222. Smithfield denies the allegations in paragraph 222.

223. Smithfield denies the allegations in the first sentence in paragraph 223. As for the second and third sentences, Smithfield admits that Plaintiffs quote from a source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

224. Smithfield denies the allegations in paragraph 224.

225.    Smithfield denies the allegations in the first and second sentences in paragraph 225.  As for the third sentence, Smithfield admits that Plaintiffs' chart, which cites no source, shows that pork exports as a percentage of US production went from less than 10% in 2000 up to 20% *before* Plaintiffs' supposed conspiracy started.  As for the fourth sentence, Smithfield admits that Plaintiffs' chart, which cites no source, shows that pork exports as a percentage of US production barely exceeded 20% in 2011 before dropping.  Smithfield denies the allegations in the fifth sentence.

226.    As for the allegations in paragraph 226, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

227.    Smithfield denies the allegations in paragraph 227.

228.    Smithfield denies the allegations in the first sentence in paragraph 228. As for the second sentence, Smithfield admits that Plaintiffs appear to be quoting from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

229.    Smithfield denies the allegations in the first sentence in paragraph 229. As for the second sentence, Smithfield denies that there was a conspiracy but otherwise lacks

knowledge or information sufficient to form a belief about the truth of the allegations. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

230. Smithfield denies the allegations in paragraph 230.

231. As for the first sentence in paragraph 231, Smithfield admits that it unilaterally started reducing its sows in 2008-09 as a rational response to massive and mounting losses in hog production but denies any other allegations. Smithfield denies the allegations in the second and third sentences. As for the fourth and fifth sentences, Smithfield notes that it still suffered a loss in the fourth quarter of 2009 but otherwise responds that Plaintiffs quote an article and apparently are referring to other documents, all of which speak for themselves and are the best evidence of their contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. As for the sixth sentence, Smithfield admits that its rational, unilateral business decisions – and improvement in several macroeconomic factors beyond the company's control (e.g., feed prices stabilizing, higher demand) – combined to improve its financial performance and otherwise denies any allegations.

232. Smithfield denies the allegations in paragraph 232. If Plaintiffs have quoted portions of a document, then that document speaks for itself and is the best evidence of its

contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

233. Smithfield denies the allegations in paragraph 233. To the extent that Plaintiffs have quoted portions of a document, that document speaks for itself and is the best evidence of its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

234. As for paragraph 234, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

235. As for paragraph 235, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

236. As for paragraph 236, Smithfield admits that Plaintiffs have quoted portions of various documents, which speak for themselves and are the best evidence of their contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

237.     As for paragraph 237, Smithfield admits that Plaintiffs have quoted portions of various documents, which speak for themselves and are the best evidence of their contents, but Smithfield denies all other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

238.     Smithfield denies the allegations in paragraph 238.

239.     Smithfield denies the allegations in paragraph 239.

240.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 240.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

241.     As for the allegations in paragraph 241, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

242.     As for the allegations in paragraph 242, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of

a document that contradicts the contents of the document or takes its contents out of context.

243. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 243. To the extent Plaintiffs' allegations quote and/or rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

244. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 244. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

245. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 245. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

246. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

247. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 247. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

248. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 248. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

249. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 249. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

250. As for the allegations in paragraph 250, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

251.    Smithfield denies the allegations in the first sentence in paragraph 251.  As for the rest of paragraph 251, Smithfield admits that Plaintiffs have quoted portions of various documents, which speak for themselves and are the best evidence of their contents, but Smithfield denies all other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

252.    As for paragraph 252, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

253.    As for paragraph 253, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

254.    As for paragraph 254, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

255. As for paragraph 255, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

256. As for paragraph 256, Smithfield admits that Plaintiffs have quoted portions of various documents, which speak for themselves and are the best evidence of their contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

257. As for the allegations in paragraph 257, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

258. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 258. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

259.     As for paragraph 259, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

260.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 260.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

261.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 261.  Smithfield also notes that the Court dismissed with prejudice all claims against Indiana Packers.

262.     As for the allegations in paragraph 262, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

263.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 263.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their

contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

264. Smithfield denies the allegations in paragraph 264.

265. As for paragraph 265, Smithfield admits that its leaders (as well as the USDA) came to the obvious conclusion in 2008-09 that there was an oversupply of hogs and excess pork production in the US, but Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations about other companies' leaders. Smithfield denies the allegations in the second-through-seventh sentences.

266. As for paragraph 266, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield denies that a conspiracy existed in the US pork industry and denies that it participated in any conspiracy.

267. As for paragraph 267, Smithfield admits that Plaintiffs have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

268. Smithfield denies the allegations against it in the first sentence in paragraph 268 but lacks knowledge or information sufficient to form a belief about the truth of the allegations about other companies. Smithfield admits the allegations in the second

sentence. Smithfield denies the allegations in the third, fourth, fifth, and seventh sentences. In the sixth sentence, Plaintiffs have quoted a portion of a slide show, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. As for the last sentence, Smithfield admits that Mr. Luckman told Mr. Pope about a call with Mr. Greenwood but denies Plaintiffs' characterization of that call and denies any other allegations.

269. As for the first sentence in paragraph 269, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations as to what other parties may have done but denies that any actions by other companies were linked to an internal email exchange between Smithfield people. As for the second sentence, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

270. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 270. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

271. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 271. To the extent Plaintiffs' allegations rely upon

documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

272. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 272. As for the second sentence, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

273. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 273. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

274. As for paragraph 274, Smithfield admits that in February of 2009, it announced that it planned to close six plants that calendar year and transfer their production to more efficient facilities, thereby increasing utilization rates.

275. Smithfield denies the allegations in the first sentence in paragraph 275. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences in paragraph 275. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best

evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

276. As for paragraph 276, Smithfield admits that Plaintiffs have quoted snippets from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

277. As for the first, second, and third sentences of paragraph 277, Smithfield denies the existence of a conspiracy and denies the allegations as to itself, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations as to other parties. As for the fourth sentence, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

278. Smithfield denies the allegations in the first sentence in paragraph 278. As for the second sentence, Smithfield admits that Plaintiffs have quoted a few sentences from a presentation, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

279. As for paragraph 279, Smithfield admits that Mr. Brenneman asked Mr. Pope to join an AMI meeting and subcommittee but denies that had anything to do with the

comments quoted in paragraph 278, denies the existence of a conspiracy in the pork industry, denies that Smithfield participated in any conspiracy, and denies any other allegations.

280.　As for paragraph 280, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.　Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

281.　As for paragraph 281, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations.　Smithfield also notes that Plaintiffs failed to quote the part of the document where Seaboard profanely dismisses the call from Smithfield. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.　Smithfield admits the allegations in the second sentence.

282.　As for paragraph 282, Plaintiffs take snippets of a document out of context. Smithfield admits that at the time of this email, Smithfield supplied hogs to Seaboard under a contract and that, as a courtesy, Smithfield gave Seaboard advance warning that Smithfield would soon change its production practices in a way that could affect Seaboard's supply of hogs.　Smithfield denies any other allegations in paragraph 282.　To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.　Smithfield denies any

characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

283.    As for paragraph 283, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

284.    As for paragraph 284, Smithfield admits that Plaintiffs have quoted snippets of a transcript, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

285.    As for paragraph 285, Smithfield admits that Plaintiffs have quoted snippets of a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

286.    As for paragraph 286, Smithfield admits that Plaintiffs have quoted a sentence from a 10-K, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

287.    As for the allegations in paragraph 287, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

288.    Smithfield denies the allegations in paragraph 288.

289.    Smithfield denies the allegations in paragraph 289.

290.    As for paragraph 290, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

291.    Smithfield denies the allegations in the first sentence in paragraph 291.  As for the remaining sentences, Smithfield admits that Plaintiffs have quoted portions of various documents, which speak for themselves and are the best evidence of their contents, but Smithfield denies all other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

292.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 292.  As for the remainder of paragraph 292, Smithfield admits that Plaintiffs have quoted portions of a document, which

speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

293.    As for paragraph 293, Smithfield admits that Plaintiffs have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

294.    As for paragraph 294, Smithfield admits that Plaintiffs have quoted snippets from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

295.    As for paragraph 295, Smithfield admits that Plaintiffs have quoted a snippet from a 10-K, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

296.    Smithfield denies the allegations in the first sentence in paragraph 296.  As for the remainder of the paragraph, Smithfield admits that Plaintiffs have quoted a few sentences from an Annual Report, which speaks for itself and is the best evidence of its

contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

297.    As for paragraph 297, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

298.    Smithfield denies the allegations in the first sentence in paragraph 298. As for the remaining sentences, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

299.    As for paragraph 299, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

300.    As for paragraph 300, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the

allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context and denies any other allegations.

301. As for paragraph 301, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

302. As for paragraph 302, Smithfield admits that Plaintiffs have quoted from one or more documents, each of which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

303. Smithfield admits the allegations in the first sentence in paragraph 303. As for the second and third sentences, Plaintiffs refer to and quote from a document, which speaks for itself and is the best evidence of its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. As for the fourth sentence, Smithfield admits the op-ed was never published but denies all other allegations.

304. As for paragraph 304, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

305. As for paragraph 305, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

306. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 306. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. As for the second sentence, Smithfield denies the allegations. As for the third sentence, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

307. As for paragraph 307, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

308.     As for paragraph 308, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

309.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 309.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

310.     As for paragraph 310, Smithfield admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

311.     As for paragraph 311, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

312.     As for paragraph 312, Smithfield admits that Plaintiffs have quoted a few sentences from a press release and an SEC filing, which speak for themselves and are the

best evidence of their contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

313. Smithfield denies the allegations in the first sentence in paragraph 313. As for the second sentence, Smithfield admits that Plaintiffs quote a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

314. Smithfield denies the allegations in paragraph 314.

315. As for the allegations in paragraph 315, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

316. As for the allegations in paragraph 316, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

317. Smithfield denies the allegations in paragraph 317.

318. As for paragraph 318, Smithfield admits that Plaintiffs purport to quote from an unidentified source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

319. As for the allegations in paragraph 319, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

320. Smithfield denies the allegations in paragraph 320 except it admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

321. Smithfield denies the allegations in paragraph 321.

322. As for the allegations in paragraph 322, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

323. As for the allegations in paragraph 323, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

324. As for paragraph 324, Smithfield admits that Plaintiffs have quoted a few sentences from a document, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

325. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 325. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

326. As for paragraph 326, Smithfield admits that Plaintiffs appear to have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

327.     As for the allegations in paragraph 327, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

328.     As for the allegations in paragraph 328, Smithfield admits that Plaintiffs have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

329.     As for the allegations in paragraph 329, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

330.     As for the allegations in paragraph 330, Smithfield admits that Plaintiffs have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description

of a document that contradicts the contents of the document or takes its contents out of context.

331. As for the allegations in paragraph 331, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

332. As for the allegations in paragraph 332, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

333. As for paragraph 333, Smithfield admits that Plaintiffs have quoted portions of various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

334. As for paragraph 334, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

335. As for paragraph 335, Smithfield admits that Plaintiffs have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

336. Smithfield denies the allegations in the first sentence in paragraph 336. As for the second through eighth sentences, Smithfield admits that Plaintiffs have quoted portions of various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield denies the allegations in the ninth sentence.

337. As for paragraph 337, Smithfield admits that Plaintiffs have quoted from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

338. As for paragraph 338, Smithfield admits that Plaintiffs refer to a document, which speaks for itself and is the best evidence of its contents. Smithfield denies any

characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

339. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 339. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

340. As for paragraph 340, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

341. As for the allegations in paragraph 341, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

342. As for the allegations in paragraph 342, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of

a document that contradicts the contents of the document or takes its contents out of context.

343.     As for the allegations in paragraph 343, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

344.     As for the allegations in paragraph 344, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

345.     As for paragraph 345, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

346.     As for paragraph 346, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

347. Smithfield denies the allegations in the first sentence of paragraph 347. As for the second through fifth sentences, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

348. Smithfield denies the existence of a conspiracy and denies the allegations in the first sentence in paragraph 348. As for the second and third sentences, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

349. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 349. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

350. As for paragraph 350, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

351. As for paragraph 351, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

352. As for the allegations in paragraph 352, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

353. As for paragraph 353, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

354. As for paragraph 354, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

355. As for paragraph 355, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

356. As for the allegations in paragraph 356, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

357. As for the allegations in paragraph 357, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

358. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 358. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their

contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

359. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 359. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

360. Smithfield denies the allegations in the first sentence in paragraph 360. As for the remaining allegations in paragraph 360, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

361. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 361. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

362. As for paragraph 362, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations. Smithfield denies any characterization or

description of a document that contradicts the contents of the document or takes its contents out of context.

363.    As for paragraph 363, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

364.    As for paragraph 364, Smithfield admits that at times, it had a supply agreement with IPC and admits that it necessarily had to talk to IPC about pricing and supply in connection with ordinary buy/sell transactions under that agreement, but Smithfield denies the existence of a conspiracy, denies that its buy/sell discussions with IPC were in furtherance of any conspiracy, and lacks knowledge or information sufficient to form a belief about the truth of the allegations about other parties.

365.    Smithfield denies the allegations in the first sentence in paragraph 365.   As for the second sentence, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations.   To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

366.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 366.   To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their

contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

367. As for paragraph 367, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

368. As for the allegations in paragraph 368, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

369. Smithfield denies the allegations in paragraph 369.

370. Smithfield denies the allegations in the first through fourth sentences in paragraph 370. As for the fifth sentence, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

371. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 371.

372.     Smithfield denies the allegations in paragraph 372.

373.     Smithfield denies the allegations in the first sentence in paragraph 373.  As for the second sentence, Smithfield responds that it is internally inconsistent in that it talks at one point about the "price for pork" but then uses as a supposed example an index for the price of live hogs, which is not a "price for pork."  Nevertheless, Smithfield admits that Plaintiffs purport to have performed an unspecified pricing analysis in unknown ways but otherwise denies the allegations in the second sentence.

374.     Smithfield denies the allegations in the first sentence of paragraph 374.  As for the allegations in the second, third, and fourth sentences, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

375.     As for the first sentence in paragraph 375, Smithfield admits Plaintiffs claim their experts examined certain factors in unspecified ways using unidentified data but otherwise denies the allegations.  Smithfield denies the allegations in the second sentence.

376.     As for paragraph 376, Smithfield admits that Plaintiffs claim their experts examined certain factors in unspecified ways using unidentified data but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

377.    As for paragraph 377, Smithfield admits that Plaintiffs claim their experts examined certain factors in unspecified ways using unidentified data but otherwise denies the allegations.

378.    As for paragraph 378, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations as to how Plaintiffs and their experts supposedly analyzed certain factors but otherwise denies the allegations.

379.    Smithfield denies the allegations in paragraph 379.

380.    Smithfield denies the allegations in the first sentence in paragraph 380.  As for the second sentence, Smithfield admits that supply and demand are two of many factors that affect the price of various pork products but otherwise denies the allegations.  As for the third sentence, Smithfield admits that Plaintiffs are quoting a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

381.    Smithfield denies the allegations in the first sentence in paragraph 381. As for the second sentence, Smithfield admits that Plaintiffs appear to be quoting from an unidentified source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

382. As for the first, second, and third sentences in paragraph 382, Smithfield denies there was a conspiracy in the pork industry, admits that a substantial volume of commerce flows through the U.S. pork industry each year, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield admits the allegations in the fourth sentence. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fifth sentence. Smithfield denies the allegations in the sixth sentence.

383. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 383. As for the second sentence, Smithfield admits that Plaintiffs refer to a chart but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

384. Smithfield admits the allegations in the first sentence in paragraph 384. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, and fourth sentences – except that Smithfield denies the existence of a conspiracy. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of

the document or takes its contents out of context. Smithfield denies the allegations in the fifth sentence.

385. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 385 – except that Smithfield denies the existence of a conspiracy. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

386. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 386 – except that Smithfield denies the existence of a conspiracy. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

387. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 387. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

388. Smithfield denies the allegations in paragraph 388.

389. Smithfield admits the allegations in the first and second sentences of paragraph 389. Smithfield denies the allegations in the third sentence.

390.     Smithfield denies the allegations in paragraph 390.

391.     Smithfield denies the allegations in paragraph 391.

392.     Smithfield denies the allegations in paragraph 392.

393.     Smithfield denies the allegations in the first sentence of paragraph 393.  As for the second, third, and fourth sentences, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

394.     As for paragraph 394, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

395.     As for paragraph 395, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

396.     As for paragraph 396, Smithfield admits that Plaintiffs have quoted portions of various documents, which speak for themselves and are the best evidence of their contents, but Smithfield denies all other allegations.  Smithfield denies any characterization

or description of a document that contradicts the contents of the document or takes its contents out of context.

397. As for paragraph 397, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

398. As for paragraph 398, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

399. Smithfield denies the allegations in the first sentence in paragraph 399. As for the remaining sentences in paragraph 399, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

400. Smithfield denies the allegations in paragraph 400.

401. As for paragraph 401, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

402. As for the first sentence in paragraph 402, Smithfield admits that its CEO necessarily had to communicate with Seaboard's CEO about the contract under which Smithfield supplied hogs to Seaboard, denies the insinuation that the CEOs communicated "under the auspices" of the hog-supply contract, and denies any other allegations. Smithfield denies the allegations in paragraph 402.

403. As for paragraph 403, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

404. As for paragraph 404, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

405. As for paragraph 405, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

406.     As for paragraph 406, Smithfield admits that Plaintiffs appear to have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

407.     As for paragraph 407, Smithfield admits that Plaintiffs have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

408.     As for paragraph 408, Smithfield admits that Plaintiffs have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

409.     As for the allegations in paragraph 409, 409(a)-(c), and 409(e)-(i), Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  As for paragraph 409(d), Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations.  Smithfield

denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

410.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 410.  Smithfield denies the allegations in the second sentence.  Smithfield admits the allegations in the third sentence. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

411.    As for the first sentence in paragraph 411, Smithfield admits that Mr. Thamodaran and Mr. Horsley tried to estimate slaughter numbers for the next few days but denies that estimates of other packers' potential slaughter volumes "could only possibly have come directly from competitors."  As for the second, third, and fourth sentences in paragraph 411, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but Smithfield denies all other allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

412.    As for paragraph 412, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

413.    As for paragraph 413, Smithfield denies the allegations in the first sentence as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegations about others.  Smithfield denies the allegations in the second sentence.

414.    As for paragraph 414, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

415.    As for paragraph 415, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

416.    As for paragraph 416, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

417.    As for paragraph 417, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

418. Smithfield denies the allegations in the first sentence in paragraph 418. As for the second sentence, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

419. As for paragraph 419, Smithfield admits that Plaintiffs have quoted a few sentences from a document, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

420. As for the first sentence in paragraph 420, Smithfield denies that the email in question referred to a call with a "Tyson hog buyer." As Plaintiffs know full well, the email they cite refers to a Tyson belly buyer who made a routine call trying to buy bellies from Smithfield. Smithfield further admits that during then-current market fluctuations, the supply of bellies apparently was temporarily low but denies any other allegations. As for the second sentence, Smithfield admits that the author of the email properly noted that its contents (which contained more than just a reference to the Tyson belly buyer trying to buy bellies) were confidential but denies any other allegations. Smithfield further responds that Plaintiffs quote from a document, which speaks for itself and is the best evidence of

its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

421. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 421 – except that Smithfield denies the existence of a conspiracy. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

422. As for the allegations in paragraph 422, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

423. As for paragraph 423, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

424. As for paragraph 424, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

425. As for paragraph 425, Smithfield admits that Plaintiffs have quoted a few sentences from a document, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

426. As for paragraph 426, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

427. Smithfield denies the allegations in paragraph 427.

428. Smithfield denies the allegations in paragraph 428.

429. As for paragraph 429, Smithfield denies that a conspiracy existed and denies the remaining allegations.

430. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 430. As for the second sentence, Smithfield admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

431.     Smithfield denies the allegations in paragraph 431.

432.     As for the first sentence in paragraph 432, Smithfield admits that Plaintiffs quote a sentence from a statement, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield denies the allegations in the second and third sentences.

433.     Smithfield denies the allegations in the first sentence in paragraph 433.  As for the allegations in the second, third, fourth, and fifth sentences, Smithfield admits that Plaintiffs appear quote from various sources, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield denies the allegations in the sixth sentence.

434.     As for paragraph 434, Smithfield admits that Plaintiffs have quoted a portion of a document, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

435.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 435.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

436.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 436.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

437.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 437.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

438.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 438.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

439.     As for the first sentence in paragraph 439, Smithfield admits that its officers truthfully answer market analysts' questions as to the many factors that affect supply,

demand, and pricing in the hog, fresh pork, and processed-pork industries but denies any other allegations. As for the second sentence, Smithfield admits that Plaintiffs quote a portion of a transcript, which speaks for itself and is the best evidence of its contents, but denies any other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

440. Smithfield denies that a conspiracy existed and denies the remaining allegations in paragraph 440 and its subpart (a). As for subparts (b) and (c), Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations. As for subpart (d), Smithfield denies that a conspiracy existed, denies that it ever coordinated with any other company on any exports, and denies the remaining allegations.

441. Smithfield denies that a conspiracy existed and denies the remaining allegations in paragraph 441.

442. Smithfield denies the allegations in paragraph 442.

443. Smithfield denies that a conspiracy existed and denies the remaining allegations in paragraph 443.

444. Smithfield denies that a conspiracy existed and denies the remaining allegations in paragraph 444.

445. As for paragraph 445, Smithfield denies that the conspiracy Plaintiffs allege existed but further responds that through the exercise of reasonable diligence, Plaintiffs could have discovered the facts they allege in their Complaint because, as shown on the face of the complaint, those facts were public and not concealed. Smithfield denies the remaining allegations in paragraph 445.

446.     Smithfield denies that a conspiracy existed and denies the remaining allegations in paragraph 446.

447.     Smithfield denies that a conspiracy existed and denies the remaining allegations in paragraph 447.

448.     Smithfield denies that a conspiracy existed, but Smithfield lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 448.

449.     Smithfield denies the allegations in paragraph 449.

450.     Smithfield incorporates by reference its prior responses.

451.     Paragraph 451 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

452.     Paragraph 452 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

453.     Paragraph 453 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

454.     Smithfield denies the allegations in paragraph 454.

455.     Smithfield denies the allegations in paragraph 455.

456.     Smithfield denies the allegations in paragraph 456.

457.     Smithfield denies the allegations in paragraph 457.

458.     Smithfield denies the allegations in paragraph 458.

459.     Smithfield denies the allegations in paragraph 459.

460. Paragraph 460 states various legal conclusions to which no response is required. To the extent a response is required, Smithfield denies the allegations.[2]

461. Paragraph 461 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations.

462. Paragraph 462 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

463. Paragraph 463 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

464. Paragraph 464 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

465. Paragraph 465 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

466. Smithfield denies the allegations in paragraph 466.

467. Smithfield denies the allegations in paragraph 467.

468. Smithfield denies the allegations in paragraph 468.

469. Smithfield denies the allegations in paragraph 469.

---

[2] Concurrently with filing this Answer, Smithfield is also filing a motion to dismiss the DAPs' PSA claim for lack of standing. The PSA affords a private right of action only for entities that purchase, sell, or handle livestock. The DAPs never purchased, sold, or handled livestock, which means that the DAPs have no standing to assert a PSA claim. Without waiving its motion to dismiss, Smithfield nevertheless provides this answer to the legally deficient PSA claim.

470. Paragraph 470 states a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

471. Smithfield denies the allegations in paragraph 471.

Smithfield denies any and all allegations contained in Plaintiffs' Prayer for Relief, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Smithfield.

As for Plaintiffs' Jury Demand, Smithfield admits that Plaintiffs requested a trial by jury but denies that Plaintiffs have stated a claim and denies that they are entitled to a trial.

## DEFENDANT'S AFFIRMATIVE DEFENSES

In asserting these affirmative defenses, Smithfield does not concede that it has the burden of proof on any of the defenses listed below. Further, Smithfield reserves the right to assert and rely upon such additional affirmative defenses as may become available or apparent in the event of any future change in the nature or scope of this litigation. Smithfield hereby asserts the following affirmative defenses:

1. DAPs' complaints each fail to state a claim upon which relief may be granted.

2. DAPs' claims are barred, in whole or in part, because the conduct of Smithfield at all times was procompetitive, reasonable, and based upon independent, legitimate business justifications.

3. DAPs' claims are barred to the extent that DAPs seek recovery for damages resulting from indirect purchases of pork.

4. DAPs' claims are barred, in whole or in part, because DAPs failed to mitigate any damages they may have suffered. DAPs allege that Smithfield participated in an alleged conspiracy beginning as far back as 2009, almost twelve years before DAPs filed their initial complaints. In support the allegation of the purported conspiracy, DAPs' amended complaints reference statements made by Smithfield in earnings calls and other public documents, as well as public statements by other companies alleged to be participants in the alleged conspiracy. Again, many of these alleged statements and communications occurred early in the alleged conspiracy period, many years before DAPs field their initial complaints. Moreover, that some or all of the defendants participated in industry trade associations and benchmarking reports was also publicly available information throughout the alleged conspiracy period. If DAPs believed that, as alleged in the amended complaints, these statements show the existence of a purported conspiracy pursuant to which Smithfield and other defendants were raising prices to their direct purchasers to supracompetitive levels because of the alleged conspiracy, DAPs were obligated to switch to pork integrators that are not alleged to have been part of the alleged conspiracy.

5. DAPs' claims are barred, in whole or in part, by the applicable statutes of limitations. DAPs have not adequately alleged any conduct or event that would toll any applicable limitations period.

6. Plaintiffs' Claims under the Packers & Stockyards Act ("PSA") are barred on the ground that Plaintiffs lack standing because they have not suffered any alleged injury caused by the "purchase, sale, or handling of livestock" and, while Plaintiffs allege

injury resulting from the sale of "meat food products" as defined by the PSA, the PSA does not grant a private right of action for injuries resulting from a violation of the Act in connection with the sale of "meat food products."

7.     DAPs' claims are barred, in whole or in part, by the right of Smithfield to set off any amounts paid to DAPs by any Defendants other than Smithfield who have settled, or do settle, DAPs' claims against them in these or related actions.

8.     DAPs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, specifically, the class action litigations consolidated in *In re Pork Antitrust Litig.*, 18-cv-1776 (D. Minn.); *State of New Mexico v. Agri Stats, Inc.*, D-101-CV-2021-01478 (1st Jud. District Court N.M.); and *State of Alaska v. Agri Stats, Inc.*, 3AN-21-07791CI (Super. Ct. Alaska), in violation of antitrust law and the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

9.     DAPs' claims are barred, in whole or in part, because their alleged damages, if any, are too speculative and uncertain.

10.     To the extent that DAPs seek to collect compensatory damages, penalties, punitive damages, exemplary damages, attorneys' fees and expenses, treble damages, and other monetary relief from Smithfield, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Smithfield Foods, Inc. denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Smithfield Foods, Inc. such other and further relief to which it may be justly entitled.

Dated: January 20, 2023

*/s/ Richard Parker*
Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian E. Robison (*pro hac vice*)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
(972) 707-1809
brian@brownfoxlaw.com

John A. Cotter (134296)
John A. Kvinge (0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 896-3340
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

*Counsel for Smithfield Foods, Inc.*