# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-JFD) |
| | **DECLARATION OF SHANA E. SCARLETT IN SUPPORT OF CONSUMER INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| *This Document Relates to:* | |
| All Consumer Indirect Purchaser Plaintiff Actions | |

- 1 -

I, Shana E. Scarlett, state under oath, as follows:

1.      I am a partner at Hagens Berman Sobol Shapiro LLP. I am admitted to this Court *pro hac vice*, and am one of the Interim Co-Lead Counsel (along with Gustafson Gluek PLLC) for the Consumer Indirect Purchaser Plaintiffs ("Consumer IPPs") appointed by the Court to represent the Consumer IPPs in this litigation. I submit this declaration in support of the Consumer IPPs' Motion for an Award of Attorney's Fees and Expenses. I have full knowledge of the matters stated herein and would testify to these facts if called upon.

2.      This case began when a small team of lawyers at my firm started investigating the pork industry for potential antitrust violations in January 2018. We have now litigated this case for five years, working on a contingency basis. Counsel has invested significant time and resources into developing this case, even without any certainties of their investigation's outcome—or even that Hagens Berman and Gustafson Gluek would be appointed as lead counsel.

3.      Since the first complaint was filed, we have continued to keep the prosecution of this case limited to a few attorneys who know the intricacies of the facts well. Interim Co-Lead Counsel has worked with the other classes and led the prosecution of the class plaintiffs' claims. To avoid increasing costs to the class, even when it meant increasing the risk to their firms, Counsel kept the pre-filing investigation limited to just a few attorneys who now intimately know the intricacies of the pork processing market. These same attorneys were involved in writing every briefing and filing every motion, including the recent motions in support of class certification.

4.     Counsel took the lead on negotiating much of the discovery, including taking the lead on drafting many other interrogatories and requests for production served on Defendants. Following the Direct Purchaser Plaintiffs' settlement with Smithfield, Class Counsel took the lead in litigation against Smithfield on behalf of the classes. Class Counsel negotiated the terms of supplemental discovery from Smithfield and led depositions of Smithfield witnesses, including Mark Copa and Dhamu Thamodaran. Attorneys for the three classes, including many attorneys representing the Consumer IPPs, have reviewed, catalogued, and distilled over 3.8 million documents produced by Defendants. In addition, Counsel subpoenaed 79 non-parties for structured data and information relating to their claims and data to perform an analysis of the pass-through of overcharges to the consumer class. Counsel then led meet and confers with third parties to negotiate the production of structured data.

5.     Counsel for the Consumer IPPs have also been deeply involved in developing the facts of this case as Defendants' and third parties' document productions have rolled in. Several individuals have worked full time to review hundreds of thousands of Defendants' and third parties' documents and compile the best documents for Defendants' and third parties' depositions. Counsel have drafted detailed interrogatory responses to over 25 interrogatories served by the Defendants, with updated drafts due on January 25, 2023.

6.     Over 175 depositions have been taken of Defendant employees, their alleged co-conspirators, and third parties—many of which were led by the attorneys at Hagens Berman and Gustafson Gluek. During the discovery process, there have been

many weeks where multiple depositions were scheduled on the same day, and back-to-back each week. The lean team of attorneys working on this case often had to prepare for and attend several depositions each week, every week, for months at a time. Moreover, the time difference caused these attorneys to regularly begin their days with a deposition at 6:00 A.M., before spending the rest of the day preparing for the next deposition. Fact discovery has now closed, although one remaining deposition remains pending, of Sumio Matsumoto, a Tyson employee currently residing in Canada.

7.     Preparing for these depositions took significant time and effort. Staff attorneys, associates, and partners at each respective firm spent hundreds of hours combing through documents, selecting exhibits and preparing to ask questions at these depositions, many of which will be used as trial testimony in this action. Consumer IPP Counsel led many of the depositions of Tyson and Agri Stats witnesses in particular. Consumer IPP Counsel also led questioning at several third-party depositions. Defendants deposed each of the named class representatives whom were all prepared for deposition and defended by Consumer IPP Counsel.

8.     Counsel have also spent a significant time and effort preparing and filing the pending motion for class certification. The Consumer IPPs' expert witness, Dr. Hal Singer, has submitted over 300 pages of testimony. The Consumer IPPs submitted nearly 300 exhibits in support of their motion. Defendants have also filed a motion to strike the testimony of Dr. Singer, which was opposed by Consumer IPPs. In addition, Defendants filed a sur-reply opposing class certification, necessitating the filing of a sur-rebuttal brief by the classes jointly.

9.     Further, Counsel worked extensively with the Consumer IPPs' expert, Dr. Hal J. Singer, to explain the economic mechanisms in this market and empirically demonstrate the overcharge. Demonstrative of the staggering amount of work behind this litigation, in his opening declaration, Dr. Singer relied upon approximately 856 gigabytes of raw data (6 gigabytes from Agri Stats, 164 gigabytes from Defendants, and 686 gigabytes from non-parties for regressions measuring pass-through). To put this vast amount of data in context, it would take over 1,220 standard CD-ROMs to fit all of this data, or over 590,000 standard 3.5" floppy disks.

10.     Counsel worked closely with the named class representatives, including reviewing class representatives' documents and responding to Defendants' discovery requests. To respond to Defendants' interrogatories and requests for production, hundreds of thousands of personal emails for each class representative were searched. Counsel reviewed every single plaintiff document turned over to Defendants. Counsel also helped the class representatives prepare for, and defended them at, their depositions. Class representatives sat through more than 87 hours of depositions—an average of three hours for each for the 29 total depositions.

11.     Each class representative spent as many as 50 hours understanding the complaint and preparing for depositions. All of the class representatives' depositions were attended by multiple defense counsel, and at some depositions, partners—some of whom have more than 25 years of litigation experience—led the questioning.

12.     In addition to these tasks, attorneys for the Consumer IPPs have conducted the following work:

- Drafting and revising the amended complaints and preparing to argue on behalf of the classes at the Court's hearings on the same

- Drafting and negotiating the third-party productions of data from retailers and others in the consumer distribution chain to obtain evidence of pass-through

- Reviewing and analyzing Defendants' public statements for evidence of collusion and parallel conduct, such as earnings calls, statements made via press releases, and published newsletters from industry conferences

- Consulting with economic experts to assess market structure, liability evidence, market data and pass-through evidence

- Drafting and revising the classes' proposed search terms for Defendants' documents

- Drafting and revising the classes' proposed discovery requests for documents and interrogatories

- Negotiating the production of the Defendants' and third parties' structured data

- Negotiating the production of Defendant employees' text messages, in addition to the traditional document sources

- Preparing for hearings and arguing before the Court on behalf of the Consumer IPPs and all class plaintiffs

- Reviewing and analyzing, in conjunction with other plaintiff groups, hundreds of thousands of Defendants' documents

- Preparing deposition chronologies using Defendants' best documents and preparing chronologies of documents likely to be used by experts and at class certification

- Updating class representatives and seeking their documents in response to Defendants' discovery

- Preparing letters to Defendants to memorialize Plaintiffs' positions regarding discovery issues after meet-and-confer sessions

- Attending meetings with lead counsel for the Direct Purchasers and Commercial Purchasers to organize assignments and avoid duplication among the classes

- Drafting settlement demands, organizing mediation, and preparing documents for settlement

- Drafting the settlement agreement, preliminary approval motions, and managing the notice process

- Working with each class representative in obtaining their declarations

- Defending each class representative during depositions

- Negotiating the production of the third parties' structured data

- Preparing for and attending over 175 Defendant and third party depositions

- Responding to Defendants' requests for interrogatories

- Drafting the Consumer IPPs' Motion for class certification

- Drafting the Consumer IPPs' reply in support of their motion for class certification

- Drafting opposition to Defendants' joint motion to exclude the expert report and testimony of Dr. Singer

- Working with the expert on his reply declaration in support of class certification

13.    Like many antitrust cases, this case is complex; the allegations involve years of misconduct by many Defendants. Because Defendants are some of the largest national and international companies in the meat production business, they have the resources to hire some of the best defense lawyers in the country.

14.    The settlement with Defendant Smithfield Foods, Inc. ("Smithfield") awards the Consumer IPPs $75 million cash. Based on our estimates, using publicly available data, this recovery represents a $2.36 million valuation for each point of Smithfield's market share in the consumer pork market—an increase from the

approximately $1 million valuation for each point of JBS's market share in the first settlement. The more than double increase in the amount per point of market share in the Smithfield settlement will serve to increase pressure on the six remaining Defendants in future settlements. If similar or better results are achieved against the remaining Defendants, the Consumer IPPs now stand to recover well over $200 million.

15.     Smithfield is estimated to have an adjusted market share of 32% of the pork processing market. Smithfield and JBS together constitute about half of the existing market (54.5 percent on an adjusted basis).

16.      As of the date of this declaration, no class member has filed notice that they intend to object to the settlement. However, the opt-out deadline has not passed. Counsel is filing this Motion ahead of the opt-out deadline and will make these briefs available on the settlement website (www.overchargedforpork.com) so interested class members will have an opportunity to review and comment.

17.     Antitrust litigation can often last years before consumers recover any compensation for their damages. The Smithfield settlement ensures that consumers will obtain some relief for their claims. The settlement also provides non-cash compensation in the form of cooperation as we continue to prosecute this case against the remaining Defendants.

18.     This settlement was the product of an arms-length negotiation between the Consumer IPPs and Smithfield. Smithfield and the Consumer IPPs first discussed settlement in August 2021. Discussions quickly stalled, but resumed again in March 2022. A mediation was held before the Honorable Layn Phillips (Ret.), founder of

Phillips ADR Enterprises, on April 18, 2022. An agreement upon terms was reached on the same day. The settlement agreement was signed by both parties on August 4, 2022.

19. Counsel for the Consumer IPPs has expended significant time and resources to achieve this benefit for the class. From the case's inception through December 31, 2022, Counsel expended more than 38,823 hours pursuing these claims. The vast majority of the work undertaken in this case has been performed by the Interim Co-Lead Counsel. Less than 2% of hours have been billed by outside firms. In contrast, Interim Co-Lead Counsel has billed approximately 98.7% of the hours billed to date in this litigation. Most of non-lead counsel's work to date has involved communicating with named plaintiffs who retained counsel and gathering their documents to respond to Defendants' discovery requests. The table below illustrates the time spent by Interim Co-Lead Counsel versus the time spent by all other firms:

| Hours Expended on Behalf of Consumer IPPs (Inception through December 31, 2022) | |
| --- | --- |
| **Firm** | **Hours Expended** |
| Hagens Berman (Co-Lead Counsel) | 20,513.70 |
| Gustafson Gluek (Co-Lead Counsel) | 17,807.50 |
| All Other Firms | 502.50 |
| **TOTAL:** | **38,823.70** |

20. Even from July 1, 2021 through December 31, 2022, the vast majority of the work undertaken in this case continued to be performed by the Interim Co-Lead Counsel. During this time period, Counsel expended more than 29,835 hours pursuing these claims. Again, less than 2% of hours have been billed by outside firms, and Interim Co-Lead Counsel has billed 98.7% of the hours. The table below illustrates the time spent

by Interim Co-Lead Counsel versus the time spent by all other firms beginning July 1, 2021 through December 31, 2022:

| Hours Expended on Behalf of Consumer IPPs (July 1, 2021 through December 31, 2022) | |
|---|---|
| **Firm** | **Hours Expended** |
| Hagens Berman (Co-Lead Counsel) | 15,595.40 |
| Gustafson Gluek (Co-Lead Counsel) | 13,865.00 |
| All Other Firms | 375.20 |
| **TOTAL:** | **29,835.60** |

21.     For an antitrust case of this size and complexity, Counsel for the Consumer IPPs have worked hard to keep the team relatively small—a core team of experienced lawyers have been working on this case since the beginning and these lawyers have drafted all briefing. The same lawyers who conducted the extensive pre-filing investigation have drafted much of the briefing, negotiated the discovery, conducted the depositions, worked with experts and class representatives, and drafted the motions related to class certification. Our small team knows the case well and understands the complexity and nuances of this litigation.

22.     Counsel have continued to work with the other class plaintiffs to split assignments wherever possible, thereby avoiding duplication of efforts. For the document review undertaken on behalf of the Consumer IPPs, Counsel conducted its portion of the document review using a small team of attorneys experienced in reviewing troves of corporate communications for antitrust cases.

23.     From inception of this case through December 31, 2022, the total number of hours reasonably expended on this litigation by my firm, Hagens Berman, is 20,513.70

with a lodestar of $10,232,833.50. From July 1, 2021 through December 31, 2022, the total number of hours expended by my firm is 15,595.40, with a lodestar for this period of $7,711,678.50. Expense items are billed separately and are not duplicated in my firm's lodestar. Updated calculations of time spent and lodestar since the prior settlement show a *de minimis* revision of $15,750 to the time spent and lodestar that were provided in the submissions that were previously made to the Court as part of the approval of the Consumer IPP's settlement with JBS. The figures submitted in this motion are based on these revised figures. A detailed breakdown of the hours expended by each employee at my firm and their hourly rate is attached hereto as **Exhibit A.**

24.     The time records submitted to Hagens Berman and Gustafson Gluek, PLLC by Wolf Haldenstein Alder Freeman & Herz LLP, Taus Cebulash & Landau LLP, Saltz Mongeluzzi & Bendesky PC, Paul LLP, Goldman Scarlato & Penny PC, Edelson Lechtzin LLP, and NastLaw LLC, demonstrate that Counsel for the Consumer IPPs has worked for five years and devoted 502.50 hours to this litigation (through December 31, 2022). Applying the rates customarily charged by those attorneys and legal professionals to the hours expended yields a lodestar of $224,338.00 (through December 31, 2022). From July 1, 2021 through December 31, 2022, Counsel for the Consumer IPPs devoted 375.20 hours to this litigation, with a lodestar of $144,033.00.

25.     Concurrently filed herewith is the Declaration of Daniel C. Hedlund ("Hedlund Decl.") on behalf of Gustafson Gluek, as well as declarations from non-lead

counsel attesting that the time and expenses they reported to Interim Co-Lead Counsel

are true, accurate, and comply with the Time and Expense Protocol.[1]

26.     The table below provides an aggregated summary of the lodestar for

Interim Co-Lead Counsel for the Consumer IPPs **from the inception of the case** through

December 31, 2022:

| Lodestar for Consumer IPP Counsel (Inception through December 31, 2022) | | | |
|---|---|---|---|
| **Category of Timekeeper** | **Number of Hours** | **Mean Hourly Rate** | **Lodestar** |
| Partner | 7,997.7 | $827 | $6,614,066.00 |
| Associate | 6,693.0 | $514 | $3,442,060.00 |
| Staff/Contract Attorney | 19,530.2 | $365 | $7,121,702.50 |
| Law Clerk | 45.8 | $224 | $10,260.00 |
| Case Investigator | 57.5 | $200 | $11,500.00 |
| Non-Attorney Reviewer | 845.9 | $205 | $173,777.50 |
| Paralegal | 3147.8 | $320 | $1,009,067.50 |
| Legal Assistant | 3.3 | $175 | $577.50 |
| Non-Lead Counsel | 520.5 | $446 | $224,338.00 |
| **Total** | **38,823.70** | | **$18,607,349.00** |

---

[1] *See* the Declaration of Marc H. Edelson in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses and attached exhibits; the Declaration of Kevin Landau in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses and attached exhibits; the Declaration of Carl V. Malmstrom in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses and attached exhibits; the Declaration of Dianne M. Nast in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses and attached exhibit; the Declaration of Simon B. Paris in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses and attached exhibit; the Declaration of Brian D. Penny in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses and attached exhibit; the Declaration of Ashlea Schwarz in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses and attached exhibits, concurrently filed herewith.

27.     The table below provides an aggregated summary of the lodestar for Interim Co-Lead Counsel for the Consumer IPPs **from July 1, 2021** through December 31, 2022:

| Lodestar for Consumer IPP Counsel (July 1, 2021 through December 31, 2022) | | | |
|---|---|---|---|
| **Category of Timekeeper** | **Number of Hours** | **Mean Hourly Rate** | **Lodestar** |
| Partner | 4,832.7 | $888 | $4,289,538.50 |
| Associate | 5,319.8 | $521 | $2,770,952.50 |
| Staff/Contract Attorney | 16,744.2 | $367 | $6,146,602.50 |
| Law Clerk | 44.0 | $225 | $9,900.00 |
| Case Investigator | -- | -- | -- |
| Non-Attorney Reviewer | 514.9 | $225 | $115,852.50 |
| Paralegal | 2,004.8 | $332 | $665,062.50 |
| Legal Assistant | -- | -- | -- |
| Non-Lead Counsel | 375.2 | $384 | $144,033.00 |
| **Total** | **29,835.6** | | **$14,141,941.50** |

28.     Counsel for the Consumer IPPs have invested significant resources into this case, including by dedicating thousands of attorney and staff hours to this litigation. These attorneys and staff have devoted their time to this case even when they could have worked on other cases.

29.     Counsel have worked to maximize efficiency and minimize unnecessary or duplicative billing. All firms who have performed work on behalf of the Consumer IPPs have been instructed by Interim Co-Lead Counsel to keep detailed time and expense records, including what time would be considered for reimbursement and how expense requests must be recorded.

30.     In addition to the hours expended, Counsel for the Consumer IPPs has paid a total of $2,526,958.37 of their own money to fund the expenses associated with this litigation. Each firm provided a summary describing these expenses.

31.     As Interim Co-Lead Counsel for the Consumer IPPs, Hagens Berman and Gustafson Gluek established a common fund that would be used to pay certain large expenses in June 2021. My law firm has maintained that fund and recorded and documented the legal expenses paid out of that fund. Between July 1, 2021, and December 31, 2022, a total of $1,839,112.95 has been paid from that fund, and these payments are included in the total above. A detailed breakdown of these expenses paid from the common fund is attached hereto as **Exhibit B**. These expenses were paid by Interim Co-Lead Counsel, with no guarantee that they would ultimately be recovered. Most of those expenses are associated with hosting the documents in this case in an online database and retaining our experts. Some costs have also been incurred to obtain structured data from third parties.

32.     My firm, Hagens Berman, has advanced and incurred an additional $217,883.51 in unreimbursed litigation costs from July 1, 2021 through December 31, 2022. These are reasonable litigation costs that were incurred in this case for the benefit of the settlement class members. A detailed breakdown of these expenses paid by Hagens Berman is attached hereto as **Exhibit C.** The $217,883.51 is included in the total costs above.

33.     The named plaintiffs have fulfilled their duties as class representatives by actively participating in the litigation. Each representative has approved the terms of this

- 13 -

settlement and remains apprised of the status of the case. All class representatives sat for depositions, which totaled more than 87 hours; read the complaint and other filings; responded to interrogatories and other discovery requests; remained informed of updates in the case; and importantly, gave their approval of this settlement. Most of these named plaintiffs were able to submit signed declarations in support of this settlement, which are attached hereto as **Exhibit D**.

34.     The class noticed published for this settlement has informed class members that Counsel would seek: (1) no more than 33.3% of the settlement fund or $24,975,000; (2) total costs not to exceed $5,200,000; (3) expenses to administer the settlement; and (4) $2,000 service awards for each of the named plaintiffs.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: January 24, 2023

_____*/s/ Shana E. Scarlett*_____
SHANA E. SCARLETT

**EXHIBIT A - LODESTAR SUMMARY TABLES**

**EXHIBIT A**
**SUMMARY OF TIME AND LODESTAR FOR**
**HAGENS BERMAN SOBOL SHAPIRO LLP**
REPORTED HOURS AND LODESTAR
INCEPTION THROUGH DECEMBER 31, 2022

| Name | Inception through June 30, 2021 | | | July 1, 2021, through December 31, 2022 | | | Inception through June 30, 2021 | |
|---|---|---|---|---|---|---|---|---|
| | 2021 Hourly Rate | Hours Worked This Period | 2021 Lodestar | Current Hourly Rate | Hours Worked This Period | Lodestar This Period | Total Hours Worked on Case | Total Lodestar |
| Steve Berman (P) | $1,125.00 | 97.40 | $109,575.00 | $1,285.00 | 16.50 | $21,202.50 | 113.90 | $130,777.50 |
| Shana Scarlett (P) | $800.00 | 809.90 | $647,920.00 | $935.00 | 884.60 | $827,101.00 | 1694.50 | $1,475,021.00 |
| Elaine Byszewski (P) | $700.00 | 68.00 | $47,600.00 | $850.00 | 1098.30 | $933,555.00 | 1166.30 | $981,155.00 |
| Andrew Volk (P) | $800.00 | 16.10 | $12,880.00 | $935.00 | 369.00 | $345,015.00 | 385.10 | $357,895.00 |
| Elizabeth Fegan (P) | $750.00 | 3.00 | $2,250.00 | | | | 3.00 | $2,250.00 |
| Chris O'Hara (P) | $675.00 | 52.50 | $35,437.50 | $750.00 | 77.50 | $58,125.00 | 130.00 | $93,562.50 |
| Dan Kurowski (P) | $650.00 | 1.20 | $780.00 | | | | 1.20 | $780.00 |
| Ben Harrington (P) | $700.00 | 114.90 | $80,430.00 | | | | 114.90 | $80,430.00 |
| Rio Pierce (P) | $700.00 | 752.00 | $526,400.00 | $800.00 | 259.30 | $207,440.00 | 1011.30 | $733,840.00 |
| Jessica Thompson (A) | $425.00 | 47.50 | $20,187.50 | $650.00 | 499.90 | $324,935.00 | 547.40 | $345,122.50 |
| Joey Kingerski (A) | | | | $350.00 | 57.00 | $19,950.00 | 57.00 | $19,950.00 |
| Abigail Pershing (A) | | | | $350.00 | 685.00 | $239,750.00 | 685.00 | $239,750.00 |
| Allison Berk (A) | | | | $450.00 | 156.70 | $70,515.00 | 156.70 | $70,515.00 |
| Breanna Van Engelen (A) | $500.00 | 529.60 | $264,800.00 | $650.00 | 1379.00 | $896,350.00 | 1908.60 | $1,161,150.00 |
| Hannah Song (A) | | | | $475.00 | 218.40 | $103,740.00 | 218.40 | $103,740.00 |
| Nia Reese (A) | | | | $350.00 | 152.80 | $53,480.00 | 152.80 | $53,480.00 |
| Stephanie Verdoia (A) | | | | $350.00 | 34.90 | $12,215.00 | 34.90 | $12,215.00 |
| Helen Hsu (SA) | $350.00 | 249.10 | $87,185.00 | $400.00 | 1872.30 | $748,920.00 | 2121.40 | $836,105.00 |
| Jongguk Choi (SA) | $350.00 | 297.90 | $104,265.00 | $400.00 | 1904.90 | $761,960.00 | 2202.80 | $866,225.00 |
| Jay Mitchell (SA) | $350.00 | 128.40 | $44,940.00 | | | | 128.40 | $44,940.00 |
| Laura Pedersen (SA) | | | | $400.00 | 94.30 | $37,720.00 | 94.30 | $37,720.00 |
| Patrick Ryan (SA) | $350.00 | 485.00 | $169,750.00 | | | | 485.00 | $169,750.00 |
| Matthew Arnold (C) | | | | $375.00 | 1338.10 | $501,787.50 | 1338.10 | $501,787.50 |
| Robert Willard (C) | | | | $375.00 | 668.00 | $250,500.00 | 668.00 | $250,500.00 |
| Erica Lee (C) | | | | $375.00 | 1649.20 | $618,450.00 | 1649.20 | $618,450.00 |
| Tiffani Fox (C) | | | | $375.00 | 47.00 | $17,625.00 | 47.00 | $17,625.00 |
| Brian Miller (PL) | $350.00 | 249.40 | $87,290.00 | $400.00 | 223.80 | $89,520.00 | 473.20 | $176,810.00 |
| Dianne Grant (PL) | | | | $375.00 | 140.30 | $52,612.50 | 140.30 | $52,612.50 |
| Jennifer Conte (PL) | $300.00 | 41.30 | $12,390.00 | $375.00 | 536.40 | $201,150.00 | 577.70 | $213,540.00 |
| Lisa Lin (PL) | $265.00 | 0.50 | $132.50 | | | | 0.50 | $132.50 |
| Jeaneth Decena (PL) | $350.00 | 542.40 | $189,840.00 | | | | 542.40 | $189,840.00 |
| Megan Meyers (PL) | $250.00 | 0.40 | $100.00 | $325.00 | 35.10 | $11,407.50 | 35.50 | $11,507.50 |
| Adrian Garcia (PL) | $175.00 | 4.00 | $700.00 | | | | 4.00 | $700.00 |
| Noreen Andersen (PL) | $175.00 | 32.80 | $5,740.00 | | | | 32.80 | $5,740.00 |
| Radha Kerzan (PL) | | | | $325.00 | 37.50 | $12,187.50 | 37.50 | $12,187.50 |
| Shelby Taylor (PL) | | | | $325.00 | 32.40 | $10,530.00 | 32.40 | $10,530.00 |
| Bill Stevens (PL) | | | | $375.00 | 202.10 | $75,787.50 | 202.10 | $75,787.50 |
| Chan Lovell (PA) | $175.00 | 3.20 | $560.00 | $225.00 | 410.20 | $92,295.00 | 413.40 | $92,855.00 |
| Chad Schaaf (LA) | $175.00 | 3.30 | $577.50 | | | | 3.30 | $577.50 |
| Amy Elder (T) | $175.00 | 331.00 | $57,925.00 | $225.00 | 514.90 | $115,852.50 | 845.90 | $173,777.50 |
| Matt Isaacs (I) | $200.00 | 57.50 | $11,500.00 | | | | 57.50 | $11,500.00 |
| **TOTALS:** | | **4918.30** | **$ 2,521,155.00** | | **15595.40** | **$ 7,711,678.50** | **20513.70** | **$ 10,232,833.50** |

Partner/Shareholder (P)   Associate (A)   Staff Attorney (SA)   Contract Attorney (C)   Paralegal (PL)   Paralegal Assistant (PA)   Investigator (I)   Translator (T)   Legal Assistant (LA)

**EXHIBIT B – LITIGATION FUND
EXPENSES SUMMARY**

Firm: Common Fund
      Established by Gustafson Gluek, LLP
      and Hagens Berman Sobol Shapiro, LLP

Reporting Period: July 1, 2021 to December 31, 2022

| Expense | Amount |
|---|---|
| Expert/Consultants/Data | $1,589,153.66 |
| Deposition Costs | $52,671.25 |
| Postage/FedEx/Messenger/Process Server | $102.13 |
| Records/Clerical | $10,000.00 |
| Online Services/Document Hosting | $187,185.91 |
| **TOTAL** | **$1,839,112.95** |

**EXHIBIT C – HAGENS BERMAN**
**EXPENSES SUMMARY**

# EXHIBIT C - HAGENS BERMAN
# EXPENSES SUMMARY

Firm: Hagens Berman Sobol Shapiro LLP
Reporting Period: July 1, 2021, to December 31, 2022

| Expense Category | Amount |
|---|---|
| Court Reporters/Depositions | $395.10 |
| Expert Fees | $154,597.66 |
| Overnight Shipping | $5,807.13 |
| Court Fees/Filing Fees | $20.00 |
| Online Services/Legal Research | $24,239.24 |
| Messenger/Process Service | $946.00 |
| Mediation | $7,750.00 |
| Airfare | $5,606.03 |
| Hotel | $1,358.96 |
| Meals | $626.75 |
| Transportation/Travel Expenses | $354.47 |
| Parking | $246.13 |
| Internal Copies/Prints | $12,814.25 |
| Postage | $150.00 |
| Miscellaneous Costs | $2,971.79 |
| **TOTAL EXPENSES:** | **$217,883.51** |

**EXHIBIT D – DECLARATIONS OF CERTAIN NAMED PLAINTIFFS**

# EXHIBIT D1

DocuSign Envelope ID: A74D7E70-E56E-46CD-B425-754F5BD13225

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

_This Document Relates to:_

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF JEFFREY
ALLISON IN SUPPORT OF THE
CONSUMER INDIRECT
PURCHASER PLAINTIFFS'
SETTLEMENT WITH
DEFENDANT SMITHFIELD
FOODS, INC.**

I, Jeffrey Allison, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18.

I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in _In re Pork Antitrust Litigation._, Case No. 0:18-

cv-01776, filed in the United States District Court for District of Minnesota.  I submit this

affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect

Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and

in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be

informed of the work done by my attorneys on the case and make my own judgment about

the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any

promises regarding being awarded compensation for my service, and I have acted with the

understanding that I may not be compensated for the time I spent participating in this case.

I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: A74D7E70-F56E-46CD-8425-754F5BD13225

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent between 23–33 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed.  There will be no reversion of unclaimed funds to any Defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial.  I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length.  Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2022, in Brooklyn, New York City, New York.

DocuSign Envelope ID: A74D7E70-F56E-46CD-B425-754F5BD13226

DocuSigned by:

_____
470CDS86D19B4E2...

Jeffrey Allison

# EXHIBIT D2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF MICHAEL ANDERSON IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Michael Anderson, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 7D6A38DE-EA40-49AB-A908-8D6A4BF08FA4

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6. In total, I estimate that I have spent 65 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.    I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.    I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2022, in Peoria, Arizona.

DocuSign Envelope ID: 7D6A33DF-EAA0-49AB-A909-8D6A4BF08FA4

DocuSigned by:

3DA09C355BBC4FA

Michael Anderson

# EXHIBIT D3

DocuSign Envelope ID: 737A56BF-14D8-4972-A5B7-FBD176907739

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF ISABELLE BELL IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Isabelle Bell, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 737A56BF-14D8-4972-A5B7-FBD176907739

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6. In total, I estimate that I have spent between 27–37 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2022, in Pulaski, Tennessee.

DocuSign Envelope ID: 737A56BF-14D8-4972-A5B7-FBD176907739

DocuSigned by:

Isabelle Bell

8D48FC227CEA4FA

Isabelle Bell

# EXHIBIT D4

DocuSign Envelope ID: 285E5CA4-0538-4E7A-B365-4E66BB3525DC

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF DUNCAN BIRCH IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Duncan Birch, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 285E5CA4-0538-4E7A-B365-4E668B3525DC

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2022, in Scarborough, Maine.

DocuSigned by:

BFEF367024F445B...

Duncan Birch

# EXHIBIT D5

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

*This Document Relates to:*

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF KORY BIRD
IN SUPPORT OF THE CONSUMER
INDIRECT PURCHASER
PLAINTIFFS' SETTLEMENT
WITH DEFENDANT SMITHFIELD
FOODS, INC.**

I, Kory Bird, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6. In total, I estimate that I have spent between 30–40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

DocuSign Envelope ID: 098D6440-E630-427A-AF88-7B4E577A95E16

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed.  There will be no reversion of unclaimed funds to any Defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial.  I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length.  Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2022, in Des Moines, Iowa.

DocuSigned by:

0371403DD4934D0...

Kory Bird

# EXHIBIT D6

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF EDWIN BLAKEY IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Edwin Blakey, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent between 30–40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.    I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.    I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022, in New Windsor, New York.

DocuSigned by:

*Edwin Blakey*

E7099315D1A04C1...

Edwin Blakey

# EXHIBIT D7

DocuSign Envelope ID: DAC75491-73E6-4932-9F82-9E8A5E7032E6

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

_This Document Relates to:_

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF THOMAS COSGROVE IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.**

I, Thomas Cosgrove, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in _In re Pork Antitrust Litigation._, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own.  I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative.  Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery.  This included time responding to Defendants' discovery requests.  By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.  I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent 60 hours performing all of the above-described duties on behalf of the class over the past few years.  My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class.  Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2022, in Vergennes, Vermont.

DocuSigned by:

Thomas Cosgrove

29BBC340D7E341E...

Thomas Cosgrove

# EXHIBIT D8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF CHRIS DEERY IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Chris Deery, state under oath, as follows:

1.    I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.    I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.    As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6. In total, I estimate that I have spent between 40–50 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.    I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.    I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022 in Fargo, North Dakota.

DocuSigned by:

Chris Deery

# EXHIBIT D9

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF WANDA DURYEA IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Wanda Duryea, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6. In total, I estimate that I have spent between 30–35 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022, in Farmington, New Hampshire.

DocuSigned by:

*Wanda Duryea*

B40602SE077242C...

Wanda Duryea

# EXHIBIT D10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF CHARLES "RICH" DYE IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Charles "Rich" Dye, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own.  I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative.  Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery.  This included time responding to Defendants' discovery requests.  By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.  I have also prepared for, and sat for, a deposition.

6.     In total, I estimate that I have spent between 40–50 hours performing all of the above-described duties on behalf of the class over the past few years.  My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class.  Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.    I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.    I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022, in Mount Lookout, West Virginia.

DocuSigned by:

88F6D792ABEE44B

Charles "Rich" Dye

# EXHIBIT D11

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB)<br><br>**DECLARATION OF ROBERT ECCLES IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:*<br><br>The Consumer Indirect Purchaser Actions | |

I, Robert Eccles, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 0A5B2475-29D1-4C1C-8093-AA73C4E26455

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.     In total, I estimate that I have spent 25 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

- 2 -

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2022, in Carleton, Michigan.

DocuSigned by:

8C2AE40556864A0...

Robert Eccles

# EXHIBIT D12

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

This Document Relates to:

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF SARAH ISOLA
IN SUPPORT OF THE CONSUMER
INDIRECT PURCHASER
PLAINTIFFS' SETTLEMENT
WITH DEFENDANT SMITHFIELD
FOODS, INC.**

I, Sarah Isola, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: E484AF97-0E4A-4645-8E1B-60F72E97DC95

the interests of all members of the Class, as well as my own.  I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative.  Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery.  This included time responding to Defendants' discovery requests.  By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.  I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent 40 hours performing all of the above-described duties on behalf of the class over the past few years.  My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class.  Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022, in Sandy Valley, Nevada.

DocuSigned by:

Sarah Isola

7203FC85880240E...

Sarah Isola

# EXHIBIT D13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE PORK ANTITRUST
LITIGATION

_This Document Relates to:_

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF KENNETH KING IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.**

I, Kenneth King, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in _In re Pork Antitrust Litigation._, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6. In total, I estimate that I have spent between 15–20 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

- 2 -

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8. I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9. I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2022, in Winfield, Missouri.

DocuSigned by:

Kenneth King

# EXHIBIT D14

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF RYAN KUTIL IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Ryan Kutil, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own.  I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative.  Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery.  This included time responding to Defendants' discovery requests.  By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.  I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent between 40–50 hours performing all of the above-described duties on behalf of the class over the past few years.  My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class.  Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2022, in Champaign, Illinois.

DocuSigned by:

Ryan Kutil

# EXHIBIT D15

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF DAVID LOOK IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, David Look, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: B980B4E6-53F8-42CD-B620-5394B028EC06

the interests of all members of the Class, as well as my own.  I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative.  Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery.  This included time responding to Defendants' discovery requests.  By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.  I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent between 15–20 hours performing all of the above-described duties on behalf of the class over the past few years.  My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class.  Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022, in Honolulu, Hawaii.

DocuSigned by:

_David Look_

E2A895A5896F484...
_____

David Look

# EXHIBIT D16

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF KENNETH NEAL IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Kenneth Neal, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.   Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.   Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.   In total, I estimate that I have spent between 40–60 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.   I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2022, in Salisbury, North Carolina.

DocuSigned by:

Kenneth Neal

# EXHIBIT D17

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF CHAD NODLAND IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Chad Nodland, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own.  I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative.  Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery.  This included time responding to Defendants' discovery requests.  By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.  I have also prepared for, and sat for, a deposition.

6.     In total, I estimate that I have spent between 30–35 hours performing all of the above-described duties on behalf of the class over the past few years.  My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class.  Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed.  There will be no reversion of unclaimed funds to any Defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial.  I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length.  Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2022, in Bismark, North Dakota.

DocuSigned by:

*Chad Nodland*

718B40A930E8459...

Chad Nodland

# EXHIBIT D18

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF MICHAEL PICKETT IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Michael Pickett, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 4B3BAE76-66A7-4D63-B558-36AA73997F84

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent 20 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.  I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.  I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022, in Washington, District of Columbia.

DocuSigned by:

Michael Pickett

Michael Pickett

# EXHIBIT D19

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF JOSEPH REALDINE IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Joseph Realdine, state under oath, as follows:

1.    I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.    I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.    As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent between 30–40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 8, 2022, in Haleiwa, Hawaii.

DocuSigned by:

_Joseph Realdine_

52974C1D1C76454...

Joseph Realdine

# EXHIBIT D20

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF MICHAEL REILLY IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Michael Reilly, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 8BC36E48-2EB1-4F48-8D3D-221F8E01176B

the interests of all members of the Class, as well as my own.  I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative.  Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery.  This included time responding to Defendants' discovery requests.  By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.  I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent between 30–40 hours performing all of the above-described duties on behalf of the class over the past few years.  My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class.  Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022, in Albuquerque, New Mexico.

DocuSign Envelope ID: 8BC26E48-2EB1-4F48-8D3D-221F8F011Z6B

DocuSigned by:

*Michael P Reilly*

31BE89B23A9D451...

Michael Reilly

# EXHIBIT D21

DocuSign Envelope ID: 82685DE8-5C20-4DA7-B56A-9730016A6B9E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF ERIC SCHAUB IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Eric Schaub, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 82685BE8-5C29-4DA7-B56A-9730016A6B9E

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

DocuSign Envelope ID: 82585BE8-5C29-4DA7-B56A-0730016A6B9E

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed.  There will be no reversion of unclaimed funds to any Defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial.  I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length.  Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022, in Pembroke Pines, Florida.

DocuSigned by:

*Eric Schaub*

013FDBC885A040D...

Eric Schaub

# EXHIBIT D22

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

_This Document Relates to:_

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF KATE SMITH
IN SUPPORT OF THE CONSUMER
INDIRECT PURCHASER
PLAINTIFFS' SETTLEMENT
WITH DEFENDANT SMITHFIELD
FOODS, INC.**

I, Kate Smith, state under oath, as follows:

1.    I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.    I am a class representative in _In re Pork Antitrust Litigation._, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.    As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.    Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.    Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.    In total, I estimate that I have spent 15 hours performing all of the above-described duties on behalf of the class over the past year. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.    I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

DocuSign Envelope ID: 716C4B80-7368-4BF0-9BCF-CF0364446186

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 9, 2022, in Bellevue, Nebraska.

DocuSign Envelope ID: 716C4B80-7368-4BF0-BBCF-CF0364446186

DocuSigned by:

Kate Smith

# EXHIBIT D23

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

_This Document Relates to:_

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF SANDRA STEFFEN IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.**

I, Sandra Steffen, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in _In re Pork Antitrust Litigation._, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent between 30–40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 15, 2022, in Camarillo, California.

DocuSigned by:

*Sandra Steffen*

C6SEFBBDFE6C4B8...

Sandra Steffen

# EXHIBIT D24

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF JENNIFER SULLIVAN IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Jennifer Sullivan, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: 45DBA915-7E7B-4905-BB1A-500A7E5625C0

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process. I have also prepared for, and sat for, a deposition.

6.      In total, I estimate that I have spent between 40–50 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any Defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 8, 2022, in Elk River, Minnesota.

DocuSigned by:

4C4DB2128B6F47B...

Jennifer Sullivan

# EXHIBIT D25

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF STACY TROUPE IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Stacy Troupe, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

the interests of all members of the Class, as well as my own.  I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative.  Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery.  This included time responding to Defendants' discovery requests.  By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.  I have also prepared for, and sat for, a deposition.

6.     In total, I estimate that I have spent between 45–50 hours performing all of the above-described duties on behalf of the class over the past few years.  My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class.  Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed.  There will be no reversion of unclaimed funds to any Defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial.  I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length.  Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2022, in Fremont, California.

DocuSigned by:

FC8C6DE35B14464...

Stacy Troupe

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF LAURA WHEELER IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT SMITHFIELD FOODS, INC.** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Laura Wheeler, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlement with Defendant Smithfield Foods, Inc.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: 4C77FEF477BC-4B36-B5D8-7610DF11234

the interests of all members of the Class, as well as my own.  I am free to disagree with my attorneys about the merits of a settlement and make my views known to the Court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 4 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative.  Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery.  This included time responding to Defendants' discovery requests.  By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.  I have also prepared for, and sat for, a deposition.

6.     In total, I estimate that I have spent between 40–50 hours performing all of the above-described duties on behalf of the class over the past few years.  My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlement with Defendant Smithfield Foods, Inc., discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlement, as it affects me and the members of the Class.  Based upon this reading and my discussions with Class Counsel, I understand that Defendant Smithfield

Foods, Inc. agrees to pay $75 million into a fund to be distributed to the Settlement Class. I understand in general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed.  There will be no reversion of unclaimed funds to any Defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial.  I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to Defendant Smithfield Foods, Inc. The proposed settlement also permits an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreement between Defendant Smithfield Foods, Inc. and Class Counsel were reached at arms' length.  Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlement is fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 1, 2022, in Middletown, Rhode Island.

# EXHIBIT D26

Laura Wheeler