**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | Case No. 0:18-cv-01776-JRT-JFD |
| This Document Relates To: ALL ACTIONS | **JOINT MOTION REGARDING CONTINUED SEALING** |

Documents have been filed under temporary seal in connection with the following motion:

| | |
|---|---|
| Commercial and Institutional Indirect Purchaser Plaintiffs' Motion to Certify Class | Doc. No. 1334 |

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

1

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 1428 | 1338 | Commercial and Institutional Indirect Purchaser Plaintiffs' Memorandum in Support of Motion for Class Certification and Appointment of Lead Counsel and Plaintiffs' Steering Committee | The Parties agree that the redacted information should remain redacted. | | Redacted portions of the document contain and/or discuss confidential business information and methods of parties and third-parties. |

2

| 1429 | N/A | Exhibits 5-6 to the Declaration of Blaine Finley in Support of Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | CIIPPs' position: A redacted copy should be filed with only minimal redactions. Those redactions are limited to discussions of confidential data produced by third parties.<br><br>Defendants' position: The document should remain sealed. | | CIIPPs' Position: Redactions of third party data is manageable, and due to the passage of time, information initially designated as confidential by Defendants is no longer confidential. CIIPPs' proposed redactions are attached as Exhibit A.<br><br>Defendants' position: The exhibit contains a significant volume of citations to and discussion of documents and testimony that contains confidential business information and methods of parties and third parties, including sales data for both. Given the voluminous citations and extensive discussion, redactions are impractical. |

3

| 1429-1 | N/A | Exhibits 9-14 to the Declaration of Blaine Finley in Support of Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | CIIPPs' position: The document should be unsealed in its entirety.<br><br>Defendants' position: The document should remain sealed, as it is a compilation of exhibits that contains and/or discusses confidential business information and methods of parties and third-parties, and redaction is impracticable. | | CIIPPs' Position: Due to the passage of time, information initially designated as confidential is no longer confidential.<br><br>Defendants' position: The compilation of exhibits contains and/or discusses confidential business information and methods of parties and third-parties, and redaction is impracticable. |
|---|---|---|---|---|---|
| 1429-2 | N/A | Exhibits 19-20 to the Declaration of Blaine Finley in Support of Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should be unsealed. | | The document should be unsealed in its entirety. |
| 1429-3 | N/A | Exhibits 22-23 to the Declaration of Blaine Finley in Support of Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should be unsealed. | | The document should be unsealed in its entirety. |

4

| | | | | | |
|---|---|---|---|---|---|
| 1429-4 | N/A | Exhibits 25-28 to the Declaration of Blaine Finley in Support of Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | CIIPPs' Position: The document should be unsealed in its entirety.<br><br>Defendants' position: The document should remain sealed, as it is a compilation of exhibits that contains and/or discusses confidential business information and methods of parties and third-parties, and redaction is impracticable. | | CIIPPs' Position: Due to the passage of time, information initially designated as confidential is no longer confidential.<br><br>Defendants' position: The compilation of exhibits contains and/or discusses confidential business information and methods of parties and third-parties, and redaction is impracticable. |
| 1429-5 | N/A | Exhibits 30-69 to the Declaration of Blaine Finley in Support of Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | CIIPPs' Position: The document should be unsealed in its entirety.<br><br>Defendants' position: The document should remain sealed, as it is a compilation of exhibits that contains and/or discusses confidential business information and methods of parties and third-parties, and redaction is impracticable. | | CIIPPs' Position: Due to the passage of time, information initially designated as confidential is no longer confidential.<br><br>Defendants' position: The compilation of exhibits contains and/or discusses confidential business information and methods of parties and third-parties, and redaction is impracticable. |

CORE/3508162.0002/180103058.1

| 1429-6 | N/A | Exhibits 71-84 to the Declaration of Blaine Finley in Support of Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | CIIPPs' Position: The document should be unsealed in its entirety.<br><br>Defendants' position: The document should remain sealed, as it is a compilation of exhibits that contains and/or discusses confidential business information and methods of parties and third-parties, and redaction is impracticable. | | CIIPPs' Position: Due to the passage of time, information initially designated as confidential is no longer confidential.<br><br>Defendants' position: The compilation of exhibits contains and/or discusses confidential business information and methods of parties and third-parties, and redaction is impracticable. |
| --- | --- | --- | --- | --- | --- |
| 1473 | N/A | Opposition to Motion Certify Class | Parties agree that the documents should remain sealed, but a redacted copy should be filed with only minimal redactions. Those redactions are limited to discussions of confidential data produced by third parties. | | Documents should be unsealed except portions discussing confidential business information of third parties. |
| 1480 | N/A | Sealed Exhibit List to the Declaration of Peter J. Schwingler in Support of Memorandum in Opposition to Motion for Class Certification | Parties agree document should be unsealed. | | The declaration should be unsealed as the exhibits thereto will be either unsealed or remain sealed as described below in entries 1480-1 through 1480-9. |

6

| 1480-1 | N/A | Exhibit 1 to the Declaration of Peter J. Schwingler in Opposition to Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should remain sealed. | The Distribution Group d/b/a Van Eerden Food Service | Exhibit consists of excerpts of deposition transcript designated as highly confidential by third party. |
|---|---|---|---|---|---|
| 1480-2 | N/A | Exhibit 2 to the Declaration of Peter J. Schwingler in Opposition to Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should be unsealed. | | Parties agree document should be unsealed. |
| 1480-3 | N/A | Exhibit 3 to the Declaration of Peter J. Schwingler in Opposition to Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should be unsealed. | | Parties agree document should be unsealed. |
| 1480-4 | N/A | Exhibit 4 to the Declaration of Peter J. Schwingler in Opposition to Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should be unsealed. | | Parties agree document should be unsealed. |

CORE/3508162.0002/180103058.1

| 1480-5 | N/A | Exhibit 5 to the Declaration of Peter J. Schwingler in Opposition to Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should be unsealed. | | Parties agree document should be unsealed. |
|---|---|---|---|---|---|
| 1480-6 | N/A | Exhibit 6 to the Declaration of Peter J. Schwingler in Opposition to Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should be unsealed. | | Parties agree document should be unsealed. |
| 1480-7 | N/A | Exhibit 7 to the Declaration of Peter J. Schwingler in Opposition to Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should remain sealed. | The Distribution Group d/b/a Van Eerden Food Service | Exhibit consists of excerpts of deposition transcript designated as highly confidential by third party. |
| 1480-8 | N/A | Exhibit 8 to the Declaration of Peter J. Schwingler in Opposition to Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree that the document should remain sealed, but a redacted copy should be filed with only minimal redactions.  Those redactions are limited to discussions of confidential data produced by a third party. | | Exhibit consists of excerpts of deposition transcript which contains discussions of confidential data produced by a third party. |

8

| 1480-9 | N/A | Exhibit 9 to the Declaration of Peter J. Schwingler in Opposition to Commercial and Institutional Indirect Purchaser Plaintiffs Motion to Certify Class | Parties agree document should be unsealed. | | Parties agree document should be unsealed. |
|---|---|---|---|---|---|
| 1632 | 1633 | Reply Memorandum in Support of Commercial and Institutional Purchaser Plaintiffs' Motion for Class Certification | The Parties agree that the redacted information should remain redacted. | | Redacted portions of the document contain and/or discuss confidential business information and methods of parties and third parties. |

9

CORE/3508162.0002/180103058.1

| 1635 | N/A | Exhibit 1 to the Declaration of Blaine Finley in Support of Commercial and Institutional Purchaser Plaintiffs' Reply in Support of Motion to Certify Class | CIIPPs' position: A redacted copy should be filed with only minimal redactions. Those redactions are limited to discussions of confidential data produced by third parties.<br><br>Defendants' position: The document should remain sealed. | | CIIPPs' Position: Redactions of third party data is manageable, and due to the passage of time, information initially designated as confidential by Defendants is no longer confidential. CIIPPs' proposed redactions are attached as Exhibit B.<br><br>Defendants' position: The exhibit contains a significant volume of citations to and discussion of documents and testimony that contains confidential business information and methods of parties and third parties, including sales data for both. Given the voluminous citations and extensive discussion, redactions are impractical. |
| --- | --- | --- | --- | --- | --- |
| 1635-1 | N/A | Exhibit 12 to the Declaration of Blaine Finley in Support of Commercial and Institutional Purchaser Plaintiffs' Reply in Support of Motion to Certify Class | Parties agree document should remain sealed. | Pacific Foods Distributors | Exhibit consists of excerpts of deposition transcript designated as Attorneys Eyes Only by third party. |

| 1778 | N/A | Errata to Expert Reply Report of Michael A. Williams, Ph.D. Dated November 18, 2022 | CIIPPs' position: Document should be unsealed in its entirety.<br><br>Defendants' position: The document should remain sealed, but a redacted copy should be filed with only minimal redactions. Those redactions are limited to discussions of confidential data produced by third parties. | | CIIPPs' Position: Due to the passage of time, information initially designated as confidential by Defendants is no longer confidential.<br><br>Defendants' position: Document should be unsealed except portions discussing or quoting confidential business information of third parties. Defendants' proposed redactions are attached as Exhibit C. |

CORE/3508162.0002/180103058.1

Dated: February 10, 2023

By: *Sterling Aldridge*
Don Barrett
Katherine Barrett Riley
Sterling Aldridge
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com

*Steering Committee Member for*
*Commercial and Institutional Indirect*
*Purchaser Plaintiffs*

Respectfully submitted,

By: */s/ William D. Thomson*
Peter J. Schwingler (#0388909)
William L. Greene (#0198730)
William D. Thomson (#0396743)
Jon W. Ripa (#0402069)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
william.thomson@stinson.com
jon.ripa@stinson.com

J. Nicci Warr (pro hac vice)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

*Counsel for Seaboard Foods LLC and*
*Seaboard Corporation*

Jonathan W. Cuneo (pro hac vice)
Joel Davidow (pro hac vice)
Blaine Finley (pro hac vice)
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Ave. NW
Suite 200
Washington, DC 20016
Telephone: 202.789.3960
Facsimile: 202.589.1813
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com

/s/ Shawn M. Raiter
Shawn M. Raiter (MN#240424)
LARSON · KING LLP

12

30 East Seventh Street Suite
2800 St. Paul, MN 55101
Telephone: (651)312-6518 sraiter@larsonking.com

*Interim Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs*

13