UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: Pork Antitrust Litigation

Case No. 0:18-cv-01776-JRT-JFD

This Document Relates To:

All Consumer Indirect Purchaser
Plaintiffs Actions

**JOINT MOTION REGARDING CONTINUED SEALING**

Documents have been filed under temporary seal in connection with the following motion:

| *Defendants' Motion to Exclude the Testimony of Dr. Hal Singer* | *Doc No. 1466* |

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

1

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 1470 | N/A | Memorandum of Law in Support of Defendants' Joint Motion to Exclude the Expert Report and Testimony of Dr. Hal Singer | The Parties agree to unseal certain portions of this brief, which is reflected in the filed attachment. The parties disagree as to the scope of redactions, and the attachment are those redactions that Defendants propose. Plaintiffs propose fewer redactions, which they file under separate cover. | | Plaintiffs: Except for confidential Third-Party data and documents, Plaintiffs propose unsealing the entire document because this case is of public significance, the proposed absent class members have due process interests in the evidence of defendants' wrongdoing, and the information is not a trade secret and does not appear to be commercially sensitive now in 2023. Defendants: Redactions cover confidential business information and methods of parties and third parties. Those redactions are limited to (1) discussion of confidential data produced by the parties and third parties; and (2) quotes or descriptions of confidential documents. |
| 1474 | N/A | Index to Exhibits Filed Under Seal | The parties agree that this document can be unsealed. | | |

US.355758611.01

| 1474-1 | N/A | Exhibit A to the Declaration of Craig Coleman in Support of Defendants' Memorandum of Law in Support of Defendants' Joint Motion to Exclude the Expert Report and Testimony of Dr. Hal Singer ("Coleman Singer Decl.") | The parties disagree as to whether this document should remain sealed. Defendants contend that the entire document should remain sealed. Plaintiffs contend that the document should be unsealed except for documents and data provided by third parties. | | Plaintiffs: Except for confidential Third-Party data and documents, Plaintiffs oppose sealing as this case is of public significance, the proposed absent class members have due process interests in the evidence of defendants' wrongdoing, and the document is not a trade secret and does not appear to be commercially sensitive now in 2023.<br><br>Defendants: The Declaration contains a significant volume of citations to and discussion of documents and testimony that contains confidential business information and methods of parties and third parties, including sales data for both. Given the voluminous citations and extensive discussion, redactions are impractical. References to the Declaration contained in the parties' briefing is generally higher level and not redacted. |
|---|---|---|---|---|---|
| 1474-2 | N/A | Exhibit B to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |
| 1474-3 | N/A | Exhibit D to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |

| | | | | | |
|---|---|---|---|---|---|
| 1474-4 | N/A | Exhibit E to the Coleman Singer Decl. | Plaintiffs' position is that this document should be unsealed.<br><br>Defendants' position is that this document should remain sealed. | | Plaintiffs: Plaintiffs oppose sealing as this case is of public significance, the proposed absent class members have due process interests in the evidence of defendants' wrongdoing, and the document is not a trade secret and does not appear to be commercially sensitive now in 2023.<br><br>Defendants: Contains information regarding confidential business methods and analysis. |
| 1474-5 | N/A | Exhibit G to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |
| 1474-6 | N/A | Exhibit H to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |
| 1474-7 | N/A | Exhibit I to the Coleman Singer Decl. | Plaintiffs' position is that this document should be unsealed.<br><br>Defendants' position is that this document should remain sealed. | | Plaintiffs: Plaintiffs oppose sealing as this case is of public significance, the proposed absent class members have due process interests in the evidence of defendants' wrongdoing, and the document is not a trade secret and does not appear to be commercially sensitive now in 2023.<br><br>Defendants: Contains information regarding confidential business methods and analysis. |
| 1474-8 | N/A | Exhibit J to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |

| 1474-9 | N/A | Exhibit K to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |
| 1474-10 | N/A | Exhibit L to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |
| 1474-11 | N/A | Exhibit M to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |
| 1474-12 | N/A | Exhibit N to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |
| 1474-13 | N/A | Exhibit O to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |
| 1474-14 | N/A | Exhibit P to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |
| 1474-15 | N/A | Exhibit Q to the Coleman Singer Decl. | The parties agree that this document can be unsealed. | | |

| 1625 | N/A | Consumer Indirect Purchaser Plaintiffs' Opposition to Defendants' Joint Motion to Exclude the Expert Report and Testimony of Dr. Hal Singer | The Parties agree to unseal certain portions of this brief, which is reflected in the filed attachment. The parties disagree as to the scope of redactions, and the attachment are those redactions that Defendants propose. Plaintiffs propose fewer redactions, which they file under separate cover. | | Plaintiffs: Except for confidential Third-Party data and documents, Plaintiffs propose unsealing the entire document because this case is of public significance, the proposed absent class members have due process interests in the evidence of defendants' wrongdoing, and the information is not a trade secret and does not appear to be commercially sensitive now in 2023. Defendants: Redactions cover confidential business information and methods of parties and third parties. Those redactions are limited to (1) discussion of confidential data produced by the parties and third parties; and (2) quotes or descriptions of confidential documents. |

US.355758611.01

| 1730 | N/A | Reply Memorandum in Support of Defendants' Joint Motion to Exclude the Expert Report and Testimony of Dr. Hal J. Singer | The Parties agree to unseal certain portions of this brief, which is reflected in the filed attachment.<br><br>The parties disagree as to the scope of redactions, and the attachment are those redactions that Defendants propose. Plaintiffs propose that the entirety of the document be unsealed, which they file under separate cover. | | Plaintiffs: Except for confidential Third-Party data and documents, Plaintiffs propose unsealing the entire document because this case is of public significance, the proposed absent class members have due process interests in the evidence of defendants' wrongdoing, and the information is not a trade secret and does not appear to be commercially sensitive now in 2023.<br><br>Defendants: Redactions cover confidential business information and methods of parties and third parties. Those redactions are limited to (1) discussion of confidential data produced by the parties and third parties; and (2) quotes or descriptions of confidential documents. |

7

| Dated: February 10, 2023 | Respectfully submitted, |
|---|---|
| /s/ *Tiffany Rider Rohrbaugh* | /s/ *Craig. S. Coleman* |
| Tiffany Rider Rohrbaugh (*pro hac vice*) | Richard A. Duncan (#0192983) |
| Rachel J. Adcox (*pro hac vice*) | Aaron D. Van Oort (#0315539) |
| Lindsey Strang Aberg (*pro hac vice*) | Craig S. Coleman (#0325491) |
| Allison Vissichelli (*pro hac vice*) | Emily E. Chow (#0388239) |
| AXINN, VELTROP & HARKRIDER LLP | Isaac B. Hall (#0395398) |
| 1901 L Street NW | FAEGRE DRINKER BIDDLE & REATH LLP |
| Washington, DC 20036 | 2200 Wells Fargo Center |
| (202) 912-4700 | 90 South Seventh Street |
| trider@axinn.com | Minneapolis, MN 55402-3901 |
| radcox@axinn.com | (612) 766-7000 |
| lstrang@axinn.com | richard.duncan@faegredrinker.com |
| avissichelli@axinn.com | aaron.vanoort@faegredrinker.com |
| | craig.coleman@faegredrinker.com |
| Jarod Taylor (*pro hac vice*) | emily.chow@faegredrinker.com |
| AXINN, VELTROP & HARKRIDER LLP | isaac.hall@faegredrinker.com |
| 90 State House Square | |
| Hartford, CT 06103 | |
| (860) 275-8109 | Jacob D. Bylund (*pro hac vice*) |
| jtaylor@axinn.com | Stephanie A. Koltookian (*pro hac vice*) |
| | Robert C. Gallup (#0399100) |
| Craig M. Reiser (*pro hac vice*) | FAEGRE DRINKER BIDDLE & REATH LLP |
| Kail Jethmalani (*pro hac vice*) | 801 Grand Ave., 33rd Floor |
| AXINN, VELTROP & HARKRIDER LLP | Des Moines, IA 50309 |
| 114 West 47th Street | |

US.355758611.01

New York, NY 10036  
(212) 728-2200  
creiser@axinn.com  
kjethmalani@axinn.com  

David P. Graham (#0185462)  
DYKEMA GOSSETT PLLC  
4000 Wells Fargo Center  
90 South Seventh Street  
Minneapolis, MN 55402  
(612) 486-1521  
dgraham@dykema.com  

**Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.**

/s/ Christopher A. Smith  
Aaron Chapin (#0386606)  
Christopher A. Smith (*pro hac vice*)  
Tessa K. Jacob (*pro hac vice*)  
A. James Spung (*pro hac vice*)  
Jason Husgen (*pro hac vice*)  
Sarah L. Zimmerman (*pro hac vice filed*)  
HUSCH BLACKWELL LLP  

(515) 248-9000  
jacob.bylund@faegredrinker.com  
stephanie.koltookian@faegredrinker.com  
robert.gallup@faegredrinker.com  

Jonathan H. Todt (*pro hac vice*)  
FAEGRE DRINKER BIDDLE & REATH LLP  
1500 K Street NW, Suite 1100  
Washington, DC 20005  
(202) 842-8800  
jonathan.todt@faegredrinker.com  

John S. Yi (*pro hac vice*)  
FAEGRE DRINKER BIDDLE & REATH LLP  
One Logan Square, Suite 2200  
Philadelphia, PA 19103  
(215) 988-2700  
john.yi@faegredrinker.com  

**Counsel for Hormel Foods Corporation**

190 Carondelet Plaza, Ste 600
St. Louis, MO 63105
Telephone: (314) 480-1500
aaron.chapin@huschblackwell.com
chris.smith@huschblackwell.com
tessa.jacob@huschblackwell.com
james.spung@huschblackwell.com
jason.husgen@huschblackwell.com
sarah.zimmerman@huschblackwell.com
kate.ledden@huschblackwell.com
tanner.cook@huschblackwell.com

**Counsel for Triumph Foods, LLC**

/s/ *Peter H. Walsh*
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
(612) 402-3000
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW

/s/ *Mark L. Johnson*
Mark L. Johnson (#0345520)
Davida S. McGhee (#0400175)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
dwilliams@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com

**Counsel for Clemens Food Group, LLC and The Clemens Family Corporation**

10
US.355758611.01

Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

**Counsel for Agri Stats, Inc.**

/s/ William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
william.thomson@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC and Seaboard Corporation**

US.355758611.01

Dated: February 10, 2023

*/s/ Shana E. Scarlett*
Shana E. Scarlett
Rio Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.om

Steve W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Abigail D. Pershing
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Ave, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

abigailp@hbsslaw.com

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Joshua J. Rissman (#391500)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com

***Counsel for Consumer Indirect Purchaser Plaintiffs***