# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS BROUGHT BY DIRECT ACTION PLAINTIFFS | Case No. 18–cv–01776–JRT–JFD<br><br>Honorable John R. Tunheim<br><br>**DEFENDANT TRIUMPH FOODS, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED ANSWER TO DIRECT ACTION PLAINTIFFS' COMPLAINT** |

Pursuant to Rule 16(b)(4), Triumph Foods, LLC moves for leave to amend its Answer to Direct Action Plaintiffs' ("DAPs") Consolidated Complaint ("Complaint") to do one simple thing: attach its Affirmative Defenses. To be clear, Triumph views this as a "housekeeping" item and is not seeking to add or change anything. Triumph served its Affirmative Defenses on DAPs, at their request, in June 2022. Triumph filed its Answer in January 2023. Triumph is not requesting leave to change anything about its Affirmative Defenses, nor is it requesting leave to change anything about its Answer. Triumph seeks leave merely to attach its Affirmative Defenses to its Answer on the Court's docket.

A request this minor barely merits the Court's brief attention, but because DAPs have insisted that Triumph move for leave to amend rather than accepting Triumph's Corrected Answer (Doc. 1804), Triumph now brings this Motion. For their part, ***DAPs take no position in response to this Motion***.

1

## I. RELEVANT BACKGROUND

As the Court may recall, Defendants served their affirmative defenses on DAPs in May 2022 pursuant to the Court's May 10, 2022 order. (Doc. 1355.) After meeting and conferring with counsel for DAPs, many Defendants (including Triumph) served amended affirmative defenses on June 30, 2022. Triumph even provided a redline against the May 2022 set. Ex. C.

DAPs then filed their Complaint five months later, in December 2022 (Doc. 1659), and Defendants filed their answers to the Complaint on January 20, 2023 (*e.g.*, Doc. 1748). Having previously provided DAPs with its affirmative defenses, Triumph did not restate them in its Answer. (*See id.*)

Two business days later, after seeing that other Defendants had restated their affirmative defenses, Triumph's counsel contacted DAPs' liaison counsel as a matter of course and asked if DAPs would oppose Triumph's re-filing, and followed up on February 1, 2023, after getting no response. Ex. D. Counsel then met by phone, where DAPs expressed neither collective consent nor collective opposition to re-filing. Triumph filed its Corrected Answer (including its Affirmative Defenses) on February 7, 2023. (Doc. 1804.) Notably, on January 25, 2023, Triumph had also responded to DAPs' interrogatories stating factual bases where applicable for these same Affirmative Defenses.

Triumph assumed the matter had been resolved. But three weeks later, on February 28, 2023, DAPs demanded that Triumph withdraw its Corrected Answer both because DAPs believed (inaccurately) Triumph had materially altered its Affirmative Defenses and because Triumph did not request leave to amend. Ex. E. Of course, Triumph had not

2

altered its Affirmative Defenses—DAPs had simply forgotten about the June 2022 set from Triumph. Triumph's counsel immediately reminded DAPs' counsel of that and then provided redlines demonstrating the Corrected Answer's Affirmative Defenses matched the June 2022 set. (*Id.*) On March 8, 2023, DAPs continued to insist that Triumph had "filed a new pleading without court permission," which they contended was "improper and reserve[d] all rights." (*Id.*) Triumph's counsel responded that day by asking whether DAPs opposed leave to amend or took no position. (*Id.*) DAPs responded nearly a week later, on March 14 (the day before the date of this filing), confirming they take no position on Triumph's request. (*Id.*)

## II. ANALYSIS

Triumph filed its Answer in accordance with the Court's November 1, 2022 scheduling order. (Doc. 1571.) Triumph now seeks to amend its Answer solely to attach its Affirmative Defenses. Under Rule 16(b)(4), a schedule may be modified "for good cause and with the judge's consent." Good cause is measured in several ways; primarily, by "the movant's diligence in attempting to meet the order's requirements," but also by factors including (but not limited to) whether "the opposing party would be prejudiced by a modification," "what explanation the movant offers to justify the amendment," or "the importance of the amendment." *Marks v. Bauer*, 2021 WL 6050309, at *2 (D. Minn. Dec. 21, 2021). This determination is a discretionary one for the Court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Good cause exists here. First, Triumph met the Court's scheduling order deadline by filing its Answer on January 20, 2023; it simply did not restate its already-served

3

Affirmative Defenses immediately following it. Second, Triumph has promptly and diligently acted to amend its submission by contacting DAPs' counsel immediately following the deadline; filing its Corrected Answer immediately after discussing with DAPs; and filing this Motion promptly upon obtaining DAPs' revised position after they declined to accept the Corrected Answer. Third, neither DAPs nor any other party would be prejudiced by permitting Triumph's Amended Answer. DAPs had Triumph's Affirmative Defenses six months before Triumph filed its Answer, and received Triumph's interrogatory response incorporating its Affirmative Defenses five days after the Answer was served; they can claim no surprise or prejudice in Triumph's maintenance of those same Affirmative Defenses. Indeed, DAPs have confirmed they take no position (and thus neither oppose nor join) this Motion. And third, Triumph did not re-state its Affirmative Defenses in its Answer because it had already served them half a year before according to this Court's prior order (and according to DAPs' agreement), and now submits this Motion as a housekeeping item to maintain consistency with other Defendants and because DAPs refused to accept Triumph's Corrected Answer.

### III. CONCLUSION

Triumph respectfully requests that its motion for leave to file amended answer be granted and it be permitted to file the attached Amended Answer to DAPs' Complaint.[1]

---

[1] Pursuant to D. Minn. LR 15.1, Triumph's Amended Answer is attached as Exhibit A and a redlined copy showing how the proposed amended pleading differs from the operative pleading, Triumph's Answer (ECF No. 1748), is attached as Exhibit B.

Dated: March 15, 2023                    Respectfully submitted,

*/s/ A. James Spung*
Aaron Chapin (#0386606)
Christopher A. Smith (*pro hac vice*)
Tessa K. Jacob (*pro hac vice*)
A. James Spung (*pro hac vice*)
Jason Husgen (*pro hac vice*)
Sarah L. Zimmerman (MDL registered)
Kate Ledden (MDL registered)
Tanner Cook (MDL registered)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Ste 600
St. Louis, MO 63105
Telephone: (314) 480-1500
aaron.chapin@huschblackwell.com
chris.smith@huschblackwell.com
tessa.jacob@huschblackwell.com
james.spung@huschblackwell.com
jason.husgen@huschblackwell.com
sarah.zimmerman@huschblackwell.com
kate.ledden@huschblackwell.com
tanner.cook@huschblackwell.com

**Counsel for Triumph Foods, LLC**