UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS BROUGHT BY DIRECT ACTION PLAINTIFFS | Civil No. 18-cv-1776-JRT-JFD<br><br>The Honorable Judge John R. Tunheim |

**DEFENDANTS' RESPONSE TO SYSCO CORPORATION'S
MOTION FOR A LIMITED STAY**

On March 10, 2023, Direct-Action Plaintiff Sysco Corporation ("Sysco") filed a Motion for a Limited Stay (the "Motion") (Dkt. 1843). Defendants oppose the Motion to the extent it would have the effect of derailing the Court's Scheduling Order. However, Defendants are willing to explore appropriate accommodations that might become necessary as Sysco resolves issues related to its representation. All Defendants hereby file this response:

In its Motion, Sysco has requested a limited stay for 60 days. Defendants could not tell from the Motion and the accompanying proposed order what exactly Sysco wants to stay. At the time of filing, March 10, there were no deadlines in the Scheduling Order that required Sysco to do anything in the next 60 days. *See* Dkt. 1651, Order on Proposed Schedule for Merits Expert Discovery, Dispositive Motions, and Certain Evidentiary Issues ("Scheduling Order"). In subsequent calls with new counsel for Sysco, Defendants learned that the Motion was not directed at any particular deadline but was more of a protective measure. Counsel for Sysco explained that, for an unknown amount of time, Sysco would be without antitrust counsel. If a new deadline emerged within that time period that required

1

action by Sysco, Sysco did not want any party to contend that Sysco waived a right or missed a deadline because it did not have antitrust counsel to take a position, and Sysco wants the parties and the Court to give it some accommodation so it could take a position on that issue later once it retained new antitrust counsel.

Defendants understand that Sysco is in a tough spot. Although it is impossible to predict what deadline might emerge during the unknown amount of time that Sysco is without antitrust counsel, Defendants do not oppose the general concept that the Court might give Sysco some sort of leeway in meeting a deadline that arises in the 60 days after March 10. However, Sysco's Motion raises three other concerns that Defendants believe warrant the Court's attention.

First, there is no guarantee that Sysco will be able to retain new antitrust counsel in 60 days. According to Sysco's public filings in a new case in Illinois, Sysco is embroiled in a dispute with Burford Capital ("Burford"), a litigation funder that Sysco claims is interfering with Sysco's ability to settle cases. *Sysco Corp. v. Glaz LLC*, Case No. 1:23-cv-01451 (N. D. Ill) ("*Illinois Case*"). According to Sysco, Burford asserts that it has veto power over Sysco's settlement decisions, and this asserted veto power is preventing Sysco from finalizing settlements with certain defendants in various antitrust cases and from retaining new antitrust counsel for Sysco's case in this Pork MDL. *Illinois Case*, Amended Petition to Vacate Arbitration Award ("Amended Petition"), Dkt. 18, at p. 2, 8, 20, 30, 32, 34. In addition, Sysco and Burford are currently involved in an arbitration proceeding in which an arbitration panel has issued a Temporary Injunction in favor of Burford that prevents Sysco from finalizing settlements, without Burford's consent, with certain defendants in the various

protein antitrust cases. *Id*. at p. 27-32. The Temporary Injunction in the arbitration will apparently be in place "at least until late 2023, and likely beyond." *Id*. at p. 29. Thus, it seems unlikely that the dispute between Burford and Sysco will be resolved in the next 60 days, which means that Sysco may not be able to retain new antitrust counsel for the *Pork* case in the next 60 days.

Second, this uncertainty raises questions about the June 5 date for all plaintiffs to serve their expert reports. *See* Scheduling Order, Dkt. 1651, at 1. It is unclear whether Sysco believes it will be able to serve its expert reports on June 5th with all other plaintiffs, or if it claims that it cannot work with its experts right now because it does not have antitrust counsel and thus will need to serve expert reports at some unknown time after June 5. The Court spent considerable time designing a schedule that put all cases (other than late-filed DAP cases) on the same schedule (for expert discovery, *Daubert* motions, and summary judgment), and Defendants oppose any arrangement that would set different dates for different groups of plaintiffs to serve expert reports.

Third, Sysco's most recent filings in Illinois raise serious case-management concerns that Defendants believe the Court has the power to address and should address. For example, in a filing in Illinois on March 20, Sysco alleged that Burford had taken the position that Burford could dictate not only settlement strategy but also retention of new counsel and which motions Sysco could file in the *Pork* MDL. *Illinois Case*, Amended Petition, at p. 32-35. Specifically, Sysco attached a letter from Burford's counsel arguing that Sysco had breached the parties' litigation-funding agreement by firing Sysco's prior counsel, Boies Schiller, and by filing the Motion. *Id*. at Exh. U (March 17, 2023, letter). In

3

that letter, counsel for Burford demanded that Sysco retain new counsel by March 24 and withdraw its Motion. Otherwise, Burford would declare a Remedy Event, which, Sysco claims, could allow Burford to take "complete control" of this litigation. *Id*. at p. 33 and Exh. U.

The idea that a litigation funder – not a party to any case in this MDL – claims that it has such power over the course of a party's litigation raises serious questions about the real-party-in-interest under Federal Rule 17. These concerns affect how these cases proceed and who Defendants' opponents in this MDL really are. This Court need not write on a blank slate to address these issues, as a number of courts have issued orders to address them. For example, in the District of Delaware, Chief Judge Colm Connolly has issued a standing order, attached as Exhibit A, requiring parties to file disclosures relating to any third-party funders so that all parties know with whom they are dealing. In the opioid litigation, Judge Dan Polster in the Northern District of Ohio entered an order requiring any plaintiff using a funder to submit *ex parte*, *in camera* information on whether the funding agreement purported to allow the funder to dictate settlement decisions. *In re National Prescription Opiate Litig.*, 2018 WL 2127807, Case No. 1:17-MD-2804 (N.D. Ohio May 5, 2018). Judge Polster declared any funding agreement that purported to allow a funder "any control over litigation strategy or settlement decisions" was unenforceable.

For the foregoing reasons, Defendants oppose the broad relief in Sysco's proposed order, while understanding the need for the Court to give Sysco some leeway in meeting any deadlines that emerge within 60 days of March 10. Defendants respectfully request that the Court keep all plaintiffs on the same expert-discovery schedule and address the case-

management concerns raised above.

Dated: March 24, 2023 /s/ Rich Parker
Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN &CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
(972) 707-1809
brian@brownfoxlaw.com

John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

***Counsel for Smithfield Foods, Inc.***

/s/ *Daniel E. Laytin, P.C.*
Mark L. Johnson (#0345520)
Davida S. McGhee (#0400175)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
dwilliams@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
Jenna M. Stupar (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
Jenna.stupar@kirkland.com

**Counsel for Clemens Food Group, LLC and The Clemens Family Corporation**

/s/ *Craig S. Coleman*
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com

Jacob D. Bylund (*pro hac vice*)
Stephanie A. Koltookian (*pro hac vice*)
Robert C. Gallup (#0399100)
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Ave., 33rd Floor
Des Moines, IA 50309
(515) 248-9000
jacob.bylund@faegredrinker.com
stephanie.koltookian@faegredrinker.com
robert.gallup@faegredrinker.com

John S. Yi (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2200
Philadelphia, PA 19103
(215) 988-2700
john.yi@faegredrinker.com

Jonathan H. Todt (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
(202) 842-8800
jonathan.todt@faegredrinker.com

**Counsel for Hormel Foods Corporation and Hormel Foods, LLC**

/s/ Sami H. Rashid
Sami H. Rashid (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
David B. Adler (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
samirashid@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
davidadler@quinnemanuel.com

Donald G. Heeman (#0286023)
Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
SPENCER FANE LLP
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402-4206
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

**Counsel for JBS USA Food Company**

/s/ William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
William D. Thomson (#0396743)
Jon W. Ripa (#0402069)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
william.thomson@stinson.com
jon.ripa@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC**

| | |
|---|---|
| */s/ Christopher A. Smith* | */s/ Tiffany Rider Rohrbaugh* |

Aaron Chapin (#0386606)
Christopher A. Smith (*pro hac vice*)
Tessa K. Jacob (*pro hac vice*)
A. James Spung (*pro hac vice*)
Jason Husgen (*pro hac vice*)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Telephone: (314) 480-1500
aaron.chapin@huschblackwell.com
chris.smith@huschblackwell.com
tessa.jacob@huschblackwell.com
james.spung@huschblackwell.com
jason.husgen@huschblackwell.com

**Counsel for Triumph Foods, LLC**

Tiffany Rider Rohrbaugh (*pro hac vice*)
Rachel J. Adcox (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
trider@axinn.com
radcox@axinn.com

Jarod Taylor (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8109
jtaylor@axinn.com

David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

**Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.**

<u>*/s/ William L. Monts III*</u>
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
(612) 402-3000
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

**Counsel for Agri Stats, Inc.**

106201313.7