## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE: PORK ANTITRUST LITIGATION* | Case No. 18-CV-1776 (JRT/JFD) |
| This Document Relates To:<br>*Sysco Corporation v. Agri Stats, Inc.,*<br>*et al.*<br>Case No. 21-CV-1374 | **SYSCO CORPORATION'S**<br>**MEMORANDUM REGARDING**<br>**BOIES SCHILLER FLEXNER LLP'S**<br>**MOTION TO WITHDRAW** |

Plaintiff, Sysco Corporation ("Sysco"), hereby submits this memorandum relating to Boies Schiller Flexner LLP's ("BSF") motion to withdraw as counsel for Sysco. Given Sysco's clear, written discharge of BSF as its counsel, and the breakdown in the attorney-client relationship between Sysco and BSF, there is good cause to permit BSF to withdraw as Sysco's counsel. Accordingly, Sysco respectfully requests that this Court grant BSF's motion to withdraw, while preserving Sysco's right to establish in later proceedings that BSF was terminated for cause and therefore is not entitled to fees.[1]

## BACKGROUND

In 2017, Sysco retained BSF to represent it in connection with antitrust claims against producers of certain food products (the "Antitrust Litigations"). After BSF was retained, it introduced Sysco to Burford Capital Limited ("Burford"), a multi-billion dollar litigation funding firm, and as a result, Burford invested in Sysco's claims in the Antitrust Litigations. (*See* Decl. of Barrett G. Flynn in Support of Motion to Permit Withdrawal of

---

[1] Relatedly, Sysco has separately moved for a limited stay of the proceedings, which is necessary to allow Sysco sufficient time to retain new counsel once BSF is relieved as counsel.

Counsel ¶¶ 3–5 (March 24, 2023) ("Flynn Decl.").)  Burford and Sysco restructured their relationship in March of 2022 through an amendment to their operative funding agreement (which otherwise remains in place); as part of that restructuring, Burford gained a limited consent right over settlements in the Antitrust Litigations.  (Flynn Decl. ¶¶ 5–6.)

Beginning in late 2021 and into 2022, Sysco engaged in settlement discussions with several antitrust defendants. After many months, and two full-day mediation sessions, in August 2022, Sysco reached agreements in principle with certain suppliers to settle Sysco's claims against them, including in the above-captioned litigation.  (Flynn Decl. ¶ 7.)  BSF—specifically, partner Scott Gant—was heavily involved in these discussions, and helped get the parties to an agreed settlement.  (Flynn Decl. ¶ 8.)

In late August and early September 2022, Sysco communicated with Burford by email and phone regarding the proposed settlements.  (Flynn Decl. ¶ 9.)  On September 2, Burford informed Sysco that it did not consent to the proposed settlements, and scheduled a call for the following week to discuss further.  (*Id.*)  Sysco subsequently learned that, between September 2 and the scheduled phone call, a secret telephone call took place between Burford and BSF (specifically, Mr. Gant), from which Sysco was excluded.  On that call, Mr. Gant made several statements (summarized in writing after the call by a Burford employee) that were inconsistent with the advice he had provided to Sysco, inaccurate, and violated his fiduciary obligations to Sysco; his statements even encouraged litigation *against* Sysco.  (*Id.* ¶¶ 10–12.)  At no point did Mr. Gant ever disclose to Sysco the occurrence or contents of the secret call between himself and Burford.  (*Id.* ¶ 13.)

2

Sysco, BSF and Burford then had the planned telephone call on September 6. During that conversation, Mr. Gant made numerous surprising statements that were inconsistent with his prior statements to Sysco regarding the proposed settlements, and that undermined Sysco's position with respect to Burford, all while Burford was on the call. (Flynn Decl. ¶¶ 16–20.)  Just days later, Burford initiated an arbitration against Sysco in which Burford sought (and has since received from a divided panel) a preliminary injunction blocking Sysco from executing the proposed settlements.  (*Id*. ¶¶ 22–23.) Burford relied heavily on Mr. Gant's statements in seeking the injunction, and the majority that granted it referred to them as one basis for their ruling.  *See Sysco Corp. v. Glaz LLC et al.*, No. 23-cv-1451, ECF No. 19-3 at ¶ 217 (N.D. Ill.) (Tribunal majority noting that "even Sysco's outside counsel expressed the view that the *Broilers* settlement value was too low").

Sysco did not learn of Mr. Gant's secret call with Burford until January 2023, when it received Burford's document production in the arbitration proceeding, which included Burford's internal summary of that September 2 call.  (Flynn Decl. ¶ 24.)  In subsequent communications with Mr. Gant, Sysco attempted to learn more information about the secret call, but was not provided with candid disclosures.  (*Id.* ¶ 24.)  After investigating the matter further, and after consultation and careful consideration, Sysco concluded that it had no choice but to discharge BSF for cause.  Upon reaching this conclusion, Sysco promptly informed BSF of its decision in writing on February 23, 2023.  (*Id.* ¶ 25.)  Sysco did not make this decision lightly.  Although Sysco has not yet been able to secure replacement

counsel, it simply could not continue with BSF given its serious breaches of fiduciary duty, and Sysco's accompanying loss of trust and confidence in the firm.  (*Id.*)

On March 10, 2023, Sysco—through its undersigned counsel, appearing in a limited capacity on Sysco's behalf—submitted a stipulation and proposed order for withdrawal of BSF as Sysco's counsel.  (*See* ECF Nos. 1841–1842.)  Sysco also submitted a motion for a limited stay of any deadlines relating to Sysco for 60 days until it is able find replacement counsel.  (*See* ECF Nos. 1843–1849.)  On March 22, 2023, the Court held a status conference in this matter; during that status conference, the Court indicated that it would deny the stipulation to withdraw[2] and would instead require BSF—consistent with the local rules—to file a motion to withdraw as counsel.[3]  (*See* Court Minutes re Status Conference (dated March 22, 2023), ECF No. 1874.)

BSF has now submitted its motion to withdraw as counsel (the "Motion").  (*See* ECF 1882.)  The Motion misleadingly implies that Sysco never informed BSF of the reasons for its termination for cause*.  See id.* ¶ 1 (stating that Sysco's February 23, 2023 email notifying BSF that it was terminated for cause "did not identify the purported 'cause'" but failing to disclose that the grounds for termination were set forth in detail in a subsequent March 3 letter).  Sysco also notes that BSF continues to be responsible for protecting Sysco's interests in the litigation until it is formally relieved as counsel, which

---

[2] The Court denied the stipulation in an order issued after the status conference.  (*See* ECF No. 1872).

[3] The Court also directed the undersigned counsel to submit a letter clarifying the nature of their limited appearance.  Sysco has done so contemporaneously with this filing.

includes meeting any court-ordered deadlines, notwithstanding BSF's complaint that Sysco "clearly already views BSF as its *former* counsel." *Id.* at ¶ 4 (emphasis in original).

BSF has also submitted what it characterizes as a "Response to ECF 1871." (*See* ECF 1883.)  BSF states that its submission is in "response to the Court's Order directing that 'the deadline for responses to [Sysco's] Motion for a Limited Stay [1843] is extended to Friday, 3/24/2023," ECF 1871, and following up discussion with the Court during the March 22, 2023 Case Management Conference." *See id* at 1.  Although BSF characterizes its submission as a "response," it is clearly part and parcel of its motion for leave to withdraw as Sysco's counsel—it does not contain any substantive response to Sysco's stay request, but rather focuses on BSF's discharge.

BSF's submission contains a false representation regarding its communications with attorney Nicole Hyland, Sysco's professional responsibility counsel, which we are compelled to correct in order to ensure that the Court is presented with an accurate record. Specifically, BSF states that "[a]pproximately 90 minutes after the [March 22, 2023 conference], Nicole Hyland . . . sent an email to BSF's Scott Gant objecting to *any BSF filing responding to the underlying facts in Sysco's stay motion*, even if under seal, and reserving all rights against BSF if it does so." *Id.* (emphasis added).  This is false.  A copy of the email that Ms. Hyland sent to Mr. Gant is attached as Exhibit A to the Declaration of Nicole Hyland (dated March 24, 2023) ("Hyland Decl.").  It states, in relevant part: "We reiterate that BSF continues to be bound by its ethical obligations towards Sysco and we reserve all rights should BSF breach such obligations.  To be clear, we do not consider sealing to excuse any such breaches."  (Hyland Decl., Ex. A.)  Contrary to BSF's statement

to this Court, Ms. Hyland never stated that BSF objected to "any BSF filing." Rather, Ms. Hyland's email was entirely consistent with her statements during the March 22 conference that Sysco is not waiving confidentiality and BSF should determine in its professional judgment how to respond to Sysco's allegations, within the bounds of the ethics rules. (*See* Tr. of 3/22/23 Status Hearing at 10:23-11:3; 14:9-12 (Hyland Decl., Ex. B.)  BSF's false and misleading statements to this Court are the latest in a pattern of misconduct that led Sysco to the inevitable conclusion that BSF must be terminated for cause.

## ARGUMENT

Sysco respectfully requests that the Court grant BSF's motion to withdraw as Sysco's counsel, while preserving Sysco's right to establish in later proceedings that BSF was properly terminated for cause and, therefore, is not entitled to fees.  Under D. Minn. L.R. 83.7(c), "[a]n attorney who seeks to withdraw otherwise than under LR 83.7(a) or (b) must move to withdraw and must show good cause.  The attorney must notify his or her client of the motion."

"What constitutes 'good cause' for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." *Allstate Ins. Co. v. Nguyen*, No. CV 17-223 (PAM/BRT), 2022 WL 4378981, at *1 (D. Minn. Jan. 24, 2022) (quoting *Cabo Holdings, LLC v. Englehart*, Civ. No. 07-3524 (PJS/RLE), 2008 WL 4831757, at *4 (D. Minn. Nov. 3, 2008)).  Part and parcel of this standard is consideration of the applicable rules of professional conduct.  In matters before this Court, the Minnesota Rules of Professional Conduct apply.  *Knox. v. State Farm Fire*

*& Casualty Co.*, No. 17-cv-5351 (DWF/TNL), 2018 WL 11417446 (D. Minn. Feb. 6, 2018)

(Leung, Mag. J.).

This Court has, in the past, found that good cause exists where "counsel cannot adequately represent the client without traversing the governing Rules of Professional Conduct, or where a degree of fractiousness, between the client and counsel, has developed which inhibits 'the just, speedy, and inexpensive determination of [the] action.' " *Cabo Holdings, LLC*, 2008 WL 4831757, at *4 (citations omitted). Consistently, where counsel has been discharged by a client, this Court has recognized that withdrawal of counsel is appropriate. *See, e.g.*, *LOL Finance Co. v. Faison*, No. 09-cv-741 (JRT/RLE), 2010 WL 11646583, at *2 (D. Minn. May 3, 2010) (Erickson, Chief Mag. J.) (observing that counsel must adhere to the governing rules of professional conduct which, subject to following the relevant rules of the court in which counsel is appearing, "recognize circumstances which mandatorily commend the withdrawal of counsel"); *Scherber Cos. LLC v. T. Scherber Demolition & Excavating L.L.C.*, No. 19-cv-02407 (DWF/KMM), 2020 WL 1816037, at *1 (D. Minn. Apr. 10, 2020) (Menendez, Mag. J.) (noting that under Minn. R. Prof. Conduct 1.16(a)(3), a lawyer "shall withdraw" from representation of a client if the lawyer has been discharged, and—because that was the situation in which the law firm at issue found itself—ordering counsel to file a motion to withdraw for good cause under D. Minn. L.R. 83.7(c)); *Praxair Distribution, Inc. v. Irish Oxygen Co.*, No. 18-cv-1321 (WMW/SER), 2019 WL 13145441, at *2 (D. Minn. Sept. 12, 2019) (Rau, Mag. J.) (finding good cause to permit withdrawal without substitute counsel in place where, among other

factors, the client had "affirmatively discharged counsel" from representing it in the matter before the court).

Here, good cause exists to permit BSF's withdrawal.  Sysco has discharged BSF as its counsel in this litigation, which on its own bars BSF from continuing to serve as Sysco's counsel.  (Flynn Decl. ¶ 25); *see also* Minn. R Prof. Conduct 1.16(a)(3) ("[A] lawyer shall not represent a client, or where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer is discharged"); *Cabo Holdings, LLC*, 2008 WL 4831757, at *4 (finding good cause to withdraw where continued representation would "travers[e] the governing Rules of Professional Conduct"); *see also LOL Finance Co.*, 2010 WL 11646583, at *2; *Scherber Cos. LLC*, 2020 WL 1816037, at *1; *Praxair Distribution, Inc.*, 2019 WL 13145441, at *2.  While BSF disagrees that it should have been discharged "for cause," that does not affect the analysis as to whether to permit them to withdraw.

Given BSF's breaches of its fiduciary duties and ethical obligations to Sysco, Sysco has lost all trust and confidence that it had in the firm to represent it in its antitrust claims in this dispute, and cannot effectively work with BSF moving forward.  (Flynn Decl. ¶ 25.) The "degree of fractiousness[] between the client and counsel" has reached a point where, absent withdrawal, it will "inhibit[] 'the just, speedy, and inexpensive determination of [the] action.' " *Cabo Holdings, LLC*, 2008 WL 4831757, at *4 (internal citation omitted).

Sysco acknowledges it does not yet have replacement antitrust counsel.  However, Sysco is working diligently to find new counsel and has spoken to multiple firms, which discussions and efforts are ongoing; these efforts have been impeded by Burford's assertion

of a veto right over settlements (which has presented an obstacle to engaging two of the firms already involved in these antitrust cases), and because Burford has refused, to date, to consent to fee arrangements with potential replacement counsel.  (Flynn Decl. ¶ 26.)  It is unclear exactly how long it will take for Sysco to find new counsel, and it has therefore retained counsel (the undersigned) to represent it in a limited capacity before this Court in the interim.

To be clear, Sysco generally agrees with the relief sought by BSF in its motion to withdraw as counsel for Sysco: *i.e.* for BSF to be relieved as counsel of record for Sysco. Indeed, Sysco has told BSF on a number of occasions that BSF has been terminated for cause from this representation, and the reasons why BSF has been terminated. Accordingly, BSF's motion to terminate should be granted, with the caveat that Sysco's right to establish in later proceedings that BSF was terminated for cause and therefore is not entitled to fees should be preserved.

## <u>CONCLUSION</u>

For the foregoing reasons, Sysco respectfully requests that the Court grant BSF's withdrawal motion, and permit BSF to withdraw as Sysco's counsel without prejudice to Sysco's right in later proceedings to establish that BSF was terminated for cause and is not entitled to fees.

Dated:  March 24, 2023

**ANTHONY OSTLUND LOUWAGIE DRESSEN & BOYLAN P.A.**

*s/ Arthur G. Boylan*

Arthur G. Boylan (#338229)
aboylan@anthonyostlund.com
Joseph R. Richie (#400615)
jrichie@anthonyostlund.com
Joseph T. Janochoski (#399952)
jjanochoski@anthonyostlund.com
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:  (612) 349-6969
Facsimile:  (612) 349-6996

Ronald C. Minkoff
Nicole I. Hyland
Amanda B. Barkin
**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
28 Liberty Street, 35th Fl.
New York, NY 10005
Tel.:  (212) 980-0120
rminkoff@fkks.com
nhyland@fkks.com
abarkin@fkks.com

***Attorneys in Limited Capacity for Plaintiff Sysco Corporation***