UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Sysco Corp. v. Agri Stats, Inc., et al.*,<br>Case No. 21-cv-1374 (D. Minn.) | Civil Action No. 18-cv-01776<br><br>Honorable John R. Tunheim<br>Honorable John F. Docherty |

**JOINT MOTION FOR SUBSTITUTION OF PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 17(a)(3) and 25(c), Sysco Corporation ("Sysco") and Carina Ventures LLC ("Carina") hereby move for Carina to be substituted as the Plaintiff in this action. Under the terms of the assignment agreement attached hereto as Exhibit A, Sysco fully assigned its claims and causes of action arising in, or related to, this action to Carina, an affiliate of Burford Capital LLC, and therefore Carina is now the real party in interest. For this reason, the Court should substitute Carina as the Plaintiff in the above-captioned action, remove Sysco from the docket and all ECF notices as a party, and the action should proceed as if it had been originally commenced by Carina.

Dated: June 29, 2023                                             Respectfully submitted,


/s/ *Scott E. Gant*                                                  /s/ *Christopher P. Wilson*
Scott E. Gant                                                         Michael Calhoon
BOIES SCHILLER FLEXNER LLP                      Julie B. Rubenstein
1401 New York Avenue, NW                           Brian C. Kerr
Washington, DC 20005                                      Christopher P. Wilson
Tel: (202) 237-2727                                              Danielle Morello
Fax: (202) 237-6131                                             Wyatt M. Carlock
Email: sgant@bsfllp.com                                  BAKER BOTTS L.L.P.
                                                                              700 K Street NW
Colleen A. Harrison                                           Washington, DC 20001
BOIES SCHILLER FLEXNER LLP                      Telephone: (202) 639-7739
333 Main Street                                                   Facsimile: (202) 585-1058
Armonk, NY 10504                                             michael.calhoon@bakerbotts.com
Tel: (914) 749-8204                                             julie.rubenstein@bakerbotts.com
Email: charrison@bsfllp.com                           brian.kerr@bakerbotts.com
                                                                              christopher.wilson@bakerbotts.com
*Counsel for Carina Ventures LLC*                 danielle.morello@bakerbotts.com
                                                                              wyatt.carlock@bakerbotts.com

                                                                              *Counsel for Sysco Corporation*

# Exhibit A

## ASSIGNMENT AND NOVATION AGREEMENT

THIS ASSIGNMENT AND NOVATION AGREEMENT (the "**Agreement**"), dated as of June 28, 2023, is entered into between Sysco Corporation, a Delaware corporation ("**Assignor**"), Carina Ventures LLC, a Delaware limited liability company ("**Assignee**"), and each of Glaz LLC, Posen Investments LP and Kenosha Investments LP, as the remaining parties under the CPA (as defined below) ("**Remaining Parties**").

WHEREAS, Assignor owns the Claims (as defined in Schedule 1 hereto) and the other Transferred Assets (as defined in Schedule 1 hereto), which derive from the Claims; and

WHEREAS, Assignor desires to sell, assign and transfer, and Assignee desires to purchase and accept the assignment of, the Transferred Assets; and

WHEREAS, Assignor desires to novate, and Assignee desires to accept novation of, Assignor's rights and obligations arising out of that certain Second Amended and Restated Capital Provision Agreement, dated as of December 12, 2020, as amended by Amendment No. 1 to Second Amended and Restated Capital Provision Agreement, dated as of March 31, 2022 (as amended, the "**CPA**").

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. <u>Definitions</u>. Capitalized terms not defined above have the meanings given thereto in Schedule 1.

2. <u>Assignment</u>. Assignor hereby unconditionally sells, assigns and transfers to Assignee, and Assignee hereby unconditionally accepts, all of Assignor's right, title and interest in the Transferred Assets.

3. <u>Novation Agreement</u>. Assignee is a party in substitution for Assignor in respect of the CPA and as such, in a full novation thereof, shall be substituted for Assignor in the CPA and shall acquire all the rights and become obligated to perform all the duties of Assignor thereunder, which rights and duties are hereby fully assigned and delegated to Assignee. Assignee undertakes full performance of the CPA in the place of Assignor and makes a separate promise to faithfully and fully so perform.

4. <u>Rights of Assignee</u>. Pursuant to the assignment and novation (as applicable) described in Sections 2 and 3 hereof, and without intending to limit or exclude any other rights Assignee has or may have as a result of such assignment and novation, Assignee possesses all rights to prosecute, enforce and collect the Claims, including any Claim Resolutions, and to exercise and enjoy the benefit of the other Transferred Assets, to the exclusion of the Assignor, which shall retain no rights to do so.

5. <u>Release of Assignor from Liabilities Under CPA</u>. In consideration of the novation set forth herein, Assignor shall be relieved of all obligations to perform under the CPA and shall

be fully relieved of liability to any other party to this Assignment and Novation Agreement arising out of the CPA.

6. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

7. <u>Governing Law</u>. This Agreement shall be construed in accordance with, and this Agreement and all matters arising out of or relating in any way whatsoever to this Agreement (whether in contract, tort or otherwise) shall be governed by, the law of the State of Illinois (without reference to any conflict of law principles or choice of law doctrine that would have the effect of causing any of this Agreement to be construed in accordance with or governed by the law of any other jurisdiction).

8. <u>Dispute Resolution</u>.

(a) Any dispute, controversy or claim arising out of or related to this Agreement will be resolved in the U.S. District Court for the Southern District of New York or, to the extent that Court lacks jurisdiction, the state courts located in the Borough of Manhattan of the State of New York.

(b) BY EXECUTING AND DELIVERING THIS AGREEMENT, EACH PARTY HERETO HEREBY IRREVOCABLY (I) ACCEPTS GENERALLY AND UNCONDITIONALLY THE EXCLUSIVE JURISDICTION AND VENUE OF SUCH COURTS; (II) WAIVES ANY DEFENSE OF FORUM NON CONVENIENS; (III) AGREES THAT SERVICE OF ALL PROCESS IN ANY SUCH PROCEEDING IN ANY SUCH COURT MAY BE MADE BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TO THE PARTY BEING SERVED AT ITS ADDRESS PROVIDED IN THIS AGREEMENT, AND (IV) AGREES THAT SERVICE AS PROVIDED IN THE PRECEDING CLAUSE (III) IS SUFFICIENT TO CONFER PERSONAL JURISDICTION OVER THE APPLICABLE PARTY IN ANY SUCH PROCEEDING IN ANY SUCH COURT, AND OTHERWISE CONSTITUTES EFFECTIVE AND BINDING SERVICE IN EVERY RESPECT.

(c) EACH PARTY HERETO HEREBY AGREES TO WAIVE ITS RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING HEREUNDER OR ANY DEALINGS BETWEEN THEM RELATING TO THE SUBJECT MATTER HEREOF AND AGREES TO WAIVE ANY CLAIM FOR SPECIAL, PUNITIVE, OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR RELATING TO THIS AGREEMENT. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER HEREOF, INCLUDING CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. EACH PARTY HERETO ACKNOWLEDGES THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO ENTER INTO A BUSINESS RELATIONSHIP, THAT EACH HAS ALREADY RELIED ON THIS WAIVER IN ENTERING INTO THIS AGREEMENT, AND

THAT EACH WILL CONTINUE TO RELY ON THIS WAIVER IN ITS RELATED FUTURE DEALINGS. EACH PARTY HERETO FURTHER WARRANTS AND REPRESENTS THAT IT HAS REVIEWED THIS WAIVER WITH COUNSEL AND THAT IT KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH COUNSEL. THIS WAIVER IS IRREVOCABLE, MEANING THAT IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING OTHER THAN BY A MUTUAL WRITTEN WAIVER SPECIFICALLY REFERRING TO THIS SECTION AND EXECUTED BY EACH OF THE PARTIES HERETO, AND THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS HERETO. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

(SIGNATURE PAGE FOLLOWS)

IN WITNESS WHEREOF, the parties hereto have caused this Assignment and Novation Agreement to be executed as of the date first above written by their respective representatives thereunto duly authorized.

**ASSIGNOR:**

SYSCO CORPORATION

By: _____
Name: Eve McFadden
Title: SVP, Legal, General Counsel & Corporate Secretary

**ASSIGNEE:**

CARINA VENTURES LLC

By: _____
Name: Kelly Daley
Title: Secretary

**REMAINING PARTIES:**

GLAZ LLC

By: _____
Name: Aviva O. Will
Title: Authorized Signatory

POSEN INVESTMENTS LP

By: Chicago Onshore Funding Limited, its General Partner

By: _____
Name: Aviva O. Will
Title: Director

KENOSHA INVESTMENTS LP

By: Green Bay GP LLC, its General Partner

By: _____
Name: Aviva O. Will
Title: Authorized Signatory

4

## SCHEDULE 1

"**Transferred Assets**" means:

(a) each and every claim or counterclaim (each, a "**Claim**," and collectively, the "**Claims**") made or that could have been made by the Assignor in, or any action arising from or related to the facts and claims asserted in the following actions:

(i) Sysco Corporation v. Tyson Foods, Inc. et al, Docket No. 1:18-cv-00700 (N.D. Ill. Jan 30, 2018) (chickens Claims);

(ii) the matter captioned Sysco Corporation v. Agri Stats Inc et al, Docket No. 4:21-cv-00773 (S.D. Tex. Mar 08, 2021); as transferred to the MDL captioned Sysco Corporation v. Agri Stats Inc et al, Docket No. 0:21-cv-01374 (D. Minn. Jun 10, 2021); (pork Claims);

(iii) the matter captioned Sysco Corporation v. Cargill Inc. et al, Docket No. 4:22-cv-02049 (S.D. Tex. Jun 24, 2022) on Jul 11, 2022; as transferred to the MDL captioned Sysco Corporation v. Cargill Inc. et al, Docket No. 0:22-cv-01750 (D. Minn. Jul 12, 2022) (beef Claims);

(iv) an opt-out direct action to be filed in Olean Wholesale Grocery Cooperative v. Agri Stats, Inc., 19-cv-8318 (N.D. Ill.) (turkey Claims); and

(v) an opt-out direct action to be filed in In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation, 14-md-2542 (S.D.N.Y.) (Keurig Claims).

(b) Claims include any settlement of or award or judgment entered on any Claim (each, a "**Claim Resolution**"). For avoidance of doubt, in the event Assignor failed to timely opt-out of a class settlement in any of the foregoing class actions, then the Claims include Assignor's claims and counterclaims as a class member therein. Each Claim also includes any variations or expansions of the above claims by the addition of any claims and/or parties from time to time, as well as the following:

(i) any and all related pre- and post-trial proceedings or processes (or pre- and post-hearing proceedings or processes, where applicable) in or in connection with such claim(s), including the pursuit of costs or post-judgment or post-arbitral award remedies;

(ii) all proceedings seeking to appeal, challenge, confirm, enforce, modify, correct, vacate, or annul a judgment or award, as well as proceedings on remand or retrial or rehearing;

(iii) all ancillary, parallel, or alternative dispute resolution proceedings and processes arising out of or related to the acts or occurrences alleged in such claim(s) (including conciliation or mediation or court filings seeking discovery for or filed in aid of a contemplated or pending arbitration);

(iv) remands, re-filings or parallel filings of such claim(s), and any other legal, diplomatic, or administrative proceedings or processes founded on the same or related underlying facts giving rise to or forming a basis for such claim(s);

(v) ancillary or enforcement proceedings related to the facts or claims alleged from time to time or that could have been alleged in such claim(s) at any time;

(vi) all arrangements, settlements, negotiations, or compromises made between the Assignor and any adverse party having the effect of resolving any of the Assignor's claims against any adverse party that are or could be or could have been brought in such claim(s); and

(vii) all rights of the Assignor to collect any damages or awards or otherwise exercise remedies in connection with any of the foregoing;

(viii) all rights to prosecute, mediate, arbitrate, compromise, settle, or otherwise deal with the Claims, including the right to retain counsel, advisors and other representatives of Assignee's own choice, all at Assignee's sole and absolute discretion;

(ix) all rights to assert and defend Assignee's indefeasible ownership interest in the Claims against any competing holder or alleged holder of any Claims.