# EXHIBIT A

# Exhibit G

CASE 0:18-cv-02480-PJS-JFD Doc. 138 Filed 06/12/23 Page 3 of 4
CASE 0:18-cv-02480-PJS-JFD Doc. 137-1 Filed 07/21/23 Page 25 of 34
Highly Confidential

| | |
|---|---|
| **From:** | Jonathan Molot <jmolot@burfordcapital.com> |
| **Sent:** | Friday, September 2, 2022 5:48 PM |
| **To:** | Kelly Daley; Christopher P. Bogart; Christopher D. Catalano |
| **Cc:** | Mark Klein |
| **Subject:** | Re: P&C/AWP -- Conversation with Scott Gant |

I had spared others because of Burford week, but thinking about it again, I am copying Chris Catalano as well, because he will want this background ahead of Tuesday.

Jonathan T. Molot
Chief Investment Officer
O: +1 212 235 6835
M: +1 202 486 6373
Burford Capital
www.burfordcapital.com

**From:** Jonathan Molot
**Sent:** Friday, September 2, 2022 4:28:45 PM
**To:** Kelly Daley <KDaley@burfordcapital.com>; Christopher P. Bogart <cbogart@burfordcapital.com>
**Cc:** Mark Klein <mklein@burfordcapital.com>
**Subject:** P&C/AWP -- Conversation with Scott Gant

I just spoke with Scott Gant and wanted to write down a summary of our conversation and share it with you.

First, I noted that in prior conversations he had expressed his belief that a settlement at the levels being currently discussed with ▮▮▮▮▮▮▮▮▮▮ would be unreasonably low and asked him if anything had changed in the case that would change his view. He said no, nothing had changed. He said looking at the litigation alone, he would advise his client not to accept these settlements. He said ▮▮▮ which has no business considerations would not be wise to accept such a settlement.

He said that Sysco had not asked him that question – i.e., had not asked for his opinion on whether the settlement was appropriate at these levels. If they had – or if they do – he will tell them the numbers are too low. Instead, Sysco has told him that they have separate business considerations that are leading them to want to dispose of these cases. And, he mentioned, under the terms of our deal, the bulk of the economics from settlements are not going to Sysco. He believes Sysco is proceeding to settle these cases at this level based entirely on their business considerations and not on the merits of the suits or what could be recovered if the cases were to proceed. He said that because they are his client, he doesn't feel it is his place to second-guess their business judgment about the true costs to them as a business matter from leaving the disputes outstanding. But he also wouldn't be in a position to render a professional judgment on those costs. He can only give his professional opinion on the value of the litigations as a legal matter; and on that question, he believes the proposed settlements are too low.

I pointed out that Sysco is creating an enormous problem for themselves. He said he agrees and that they are buying a lawsuit with Burford. But he said Sysco seems to view that risk differently from how he would view it. He intimated that they do not seem as concerned about it as he believed they

1

should be. He said he's a big boy and will continue on with the case even if we and Sysco are in a dispute.

When I observed that it's a bad dynamic Sysco has set up by negotiating with the other side without him, and wondered how big a problem it would create if, having failed to procure our consent, they now said no to a settlement at these levels, he said that my characterization of the ▮▮▮▮▮ ▮▮▮ settlement as nearly complete was an understatement. He suggested that Sysco considers the deal largely done and only in need of being papered. He said they are prepared to settle a bunch of other matters as well.

He asked what happened with the possibility of an assignment which it sounds like he had discussed with Kelly. I said that we were discussing it internally and that even though it would create some problems for us, we would try to make it work if it would create peace. He suggested that it would have the advantage of taking the pressure off of Sysco in business negotiations because they could say the cases aren't theirs to settle. He also said he was not overly concerned about how defendants would use an assignment in the litigation. He reminded me that lots of other claims had been assigned – a great number from direct to indirect purchasers. While defendants might move for discovery he seemed to think that the magistrate would not give them a lot of leeway on that and the district judge would likely agree.

Jon

Burford

**Jonathan T. Molot | Chief Investment Officer**

O: +1 212 235 6835
M: +1 202 486 6373

Burford Capital
www.burfordcapital.com