# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | Case No. 18-cv-1776-JRT-JFD <br> MDL No. 2998 |
| THIS DOCUMENT RELATES TO: <br> *Sysco Corp. v. Agri Stats Inc. et al.* | Case No. 21-cv-01374-JRT-JFD |

## SYSCO CORPORATION'S REPLY IN SUPPORT OF MOTION FOR SUBSTITUTION

# TABLE OF CONTENTS

**INTRODUCTION** ..................................................................................................... 1

**ARGUMENT** ............................................................................................................ 2

   I.  CARINA IS NOW THE REAL PARTY IN INTEREST AND SHOULD THEREFORE BE SUBSTITUTED IN FOR SYSCO ............................................. 2

   II. THE HISTORY OF THE SYSCO-BURFORD DISPUTE IS IRRELEVANT ....... 4

   III. THERE IS NO REASON TO TREAT SYSCO'S ASSIGNMENT TO CARINA DIFFERENTLY FROM OTHER FREELY ASSIGNABLE CLAIMS .................. 5

   IV. GRANTING SUBSTITUTION WILL NOT DIMINISH DEFENDANTS' RIGHTS NOR COMPLICATE THE LITIGATION ............................................... 7

   V. THE COURT SHOULD NOT CONDITION RESOLUTION OF THE MOTION ON DISCOVERY OF CARINA AND SYSCO ................................................... 12

**CONCLUSION** ...................................................................................................... 14

**INTRODUCTION**

The Joint Motion for Substitution of Plaintiff filed by Carina Ventures LLC ("Carina") and Sysco Corporation ("Sysco"), ECF No. 1940 ("Motion"), presents a straightforward procedural issue for resolution by the Court. But from reading Defendants' Opposition, ECF No. 1971, one would think that the parties are instead litigating a motion to dismiss or for summary judgment, in addition to hosting a referendum on litigation funding. The Court should decline to engage in an unnecessary excursion into premature and irrelevant issues and grant the Motion.

The Federal Rules mandate that an action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The real party in interest is now Carina, because currently-named plaintiff Sysco transferred all interest in its claims in this case via the Assignment and Novation Agreement ("Assignment"), and Carina now possesses the sole right to prosecute them. *See* ECF No. 1940 at 4-9. The Motion thus makes a routine request for the ordinary procedure applied in cases where claims are assigned. In all their hand-wringing, Defendants gloss over the key point: substitution does nothing to diminish their substantive rights in this case, nor deprive them of any defenses or arguments they could otherwise have advanced. *See* 25 Fed. Proc. L. Ed. § 59:433 ("Substitution of parties pursuant to Rule 25(c) is a procedural mechanism designed to facilitate the continuation of an action when an interest in the lawsuit is transferred and does not affect substantive rights of parties and is not designed to create new relationship among parties to a suit."). Defendants' protestations therefore do not defeat a motion for substitution, but rather

1

should be considered by the Court only *after* substitution and *if* Defendants still wish to challenge Carina's case.

The Motion presents a straightforward application of Rule 25(c), and Defendants' Opposition does nothing but distract from the simple question at hand. The Motion should be granted.

## **ARGUMENT**

**I.  CARINA IS NOW THE REAL PARTY IN INTEREST AND SHOULD THEREFORE BE SUBSTITUTED IN FOR SYSCO**

The Motion presents a simple question: whether substitution of Sysco by Carina is appropriate now that Sysco has assigned its claims to Carina and no longer has any interest in the case. That simple question is answered in the affirmative by Federal Rules 17 and 25 and by the Assignment itself, which was filed publicly with the Motion.

Federal Rule of Civil Procedure 17 directs that an action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). This important procedural requirement ensures that the person who possesses "the right sought to be enforced" is the party prosecuting the action. *United Healthcare Corp. v. Am. Trade Ins. Co., Ltd*., 88 F.3d 563, 569 (8th Cir. 1996) (citing *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977)). It is not uncommon, including in lengthy and complex federal litigation like this one, for interests in an action to be transferred during its pendency. When such a transfer occurs, Federal Rule of Civil Procedure 25(c) provides the vehicle for the Court to substitute parties to ensure that the new owner of the transferred interest is the party prosecuting the action, consistent with Rule 17's command. *See* Fed. R. Civ. P.

25(c).[1] And substitution under Rule 25(c) is "classically employed" when, as here, "an individual litigant assigns his rights or obligations to a third party[.]" Shaun P. Martin, *Substitution*, 73 Tenn. L. Rev. 545, 548-49 (2006).

As evidenced by the Assignment, Sysco assigned all of its claims in this case to Carina. The Assignment is a valid contract between two sophisticated business entities that contains all the requisite elements of an enforceable agreement. The Assignment unambiguously provides that Sysco unconditionally "assigns" and "transfers" to Carina, and Carina unconditionally accepts, all of Sysco's right, title and interest in each and every claim that Sysco has in this case. *See* Motion at Ex. A § 2 and Schedule 1. The Assignment also clearly states that Carina "possesses all rights to prosecute, enforce and collect" on such claims going forward. *Id.* § 4. Accordingly, as a contractual matter, Sysco no longer has any rights, interest, or claims left in this litigation. Carina does.

Defendants have presented no reason for the Court to depart from the ordinary course provided by Federal Rules 17(a)(1) and 25(c) and force Sysco to continue as a named party in a case in which it has no current rights or interests, causing it to bear associated litigation costs and burdens. *See, e.g.*, *Fischer Bros. Aviation, Inc. v. NWA, Inc.*,

---

[1] Defendants note that Rule 25(c) does not mandate substitution in every case where there has been a transfer of interest and emphasize that substitution is within the discretion of the Court, but there is a practical reason for this: Certain transfers may not change the real party in interest, in which case substitution could impact the orderly progress of the litigation. *See* Opp. at 14. But that is not the case here, where there is no question that Carina is now the real party in interest. So there is no basis for the Court to exercise its discretion in a way that ignores Rule 17's command. *See, e.g., Fischer Bros. Aviation, Inc. v. NWA, Inc.*, 117 F.R.D. 144, 147 (D. Minn. 1987).

117 F.R.D. 144, 147 (D. Minn. 1987) (granting substitution under Rule 25(c) in light of post-filing assignment of antitrust claims at issue and rejecting many of the same arguments advanced by Defendants here, including that substitution would "be tantamount to allowing any stranger to purchase . . . a claim on the open market"). That ends the straightforward inquiry presented by the Motion.

II. **THE HISTORY OF THE SYSCO-BURFORD DISPUTE IS IRRELEVANT**

Although Defendants devote dozens of pages of their Opposition and multiple exhibits to the (now-resolved) dispute between Sysco and its litigation funder Burford (with whom Carina is affiliated), that dispute is simply not relevant to the straightforward issue here. What matters for purposes of this Motion is not the play-by-play of that separate dispute, but rather that the Assignment itself is a part of the settlement of that dispute, as a result of which Carina has become the real party in interest and desires, with Sysco's full support, to control the claims it now owns. Indeed, because the Assignment is a product of that settlement, it is entitled to deference given the strong federal policy favoring enforcement of settlements. *See, e.g.*, *Soderstrom v. MSP Crossroads Apartments LLC*, No. CV 16-233 ADM/KMM, 2018 WL 692912, at *3 (D. Minn. Feb. 2, 2018) ("The Eighth Circuit recognizes that "'strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.'") (*quoting Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999)); *Coester v. H.H.B. Co.*, 447 F. Supp. 372, 377 (D.S.D. 1978) (noting, in antitrust case that "[r]eleases, generally, have been enforced by the courts in their continued respect for the sanctity of contracts entered into fairly between consenting, knowledgeable parties"). Denial of substitution now would deprive the parties

of the benefit of their settlement bargain, frustrating this important policy. *See Jeffries v. Gillitzer*, 225 N.W.2d 17, 20 (Minn. 1975) ("When parties intend that their differences be terminated, the law must provide them with complete assurance that the matter is final.").

In their Opposition, Defendants focus on and quote extensively from statements Sysco made during its now-settled dispute with Burford. But those statements do not apply to the changed circumstances following the Assignment. Defendants' arguments misleadingly conflate those two distinct periods in time. Previously, Sysco was litigating the claims it owned as plaintiff, and its dispute with Burford arose because Sysco was resisting Burford's attempt to exercise control over Sysco's settlement and prosecution of those claims, in which Burford had merely invested. Now, however, Sysco has assigned those claims to Carina completely—and so Carina, not Sysco, has the exclusive right to pursue, litigate, or settle those claims at its own discretion. Sysco's consistent position throughout has been that only the entity that owns the claims has the right to control litigation and settlement.

Because Sysco and Burford—represented by highly competent counsel on both sides—resolved to end their separate dispute via the settlement and Assignment, the claims in this litigation now belong to Carina, and there is no basis to deprive Carina of the appropriate title of "plaintiff."

## III. THERE IS NO REASON TO TREAT SYSCO'S ASSIGNMENT TO CARINA DIFFERENTLY FROM OTHER FREELY ASSIGNABLE CLAIMS

Antitrust claims are freely assignable, and Defendants fail to provide a sound basis for treating Sysco's assignment of its antitrust claims differently. *See Fischer Bros.*, 117

F.R.D. at 146; *see also In re Fine Paper Litigation*, 632 F.2d 1081, 1090 (3d Cir. 1980) (collecting cases); *D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 647 (2d Cir. 1967) (same). Defendants assert, without *any* caselaw support, that a real party in interest cannot assign its claims to a litigation funder or special-purpose vehicle that was created during the pendency of a claim. *See* Opp. at 18-19. But this position flatly ignores ample caselaw approving of assignments to special-purpose vehicles. *See, e.g.*, *Copelan v. Techtronics Indus. Co., Ltd.*, 95 F. Supp. 3d 1230, 1240 (S.D. Cal. 2015) (allowing Rule 25(c) substitution of bankruptcy trustee for plaintiff in personal injury suit and finding change of parties was "merely formal and [did] not alter the factual allegations in the lawsuit as to the events or the participants"); *Bauer v. Com. Union Bank,* 859 F.2d 438, 441–42 (6th Cir. 1988) (finding that district court did not abuse discretion by permitting the substitution of the bankruptcy trustee in the place of the bankrupt party). Defendants' position likewise ignores numerous assignments in this very matter and the related protein cases—including by Sysco itself—about which Defendants have not complained.[2] Such assignments include those from claimants to bankruptcy trusts and other entities, like Carina, that have been formed to prosecute the claims, in addition to intra-corporate assignments to facilitate the efficient prosecution of claims and standard assignments from distributors to their

---

[2] *See, e.g.*, Buffalo Wild Wings, Inc. Am. Compl. (ECF No. 1303) at ¶ 20; CKE Restaurant Holdings, Inc. Am. Compl. (ECF No. 1309) at ¶¶ 20-21; Compass Group USA, Inc. Am. Compl. (ECF No. 1422) at ¶ 20; Jimmy John's Buying Group SPV, LLC Am. Compl. (ECF No. 1307) at ¶ 20; Restaurant Services, Inc. Am. Compl. (ECF No. 1297) at ¶¶ 20-22; Sonic Industries Services Inc. Am. Compl. (ECF No. 1305) at ¶¶ 20-22; Subway Protein Litigation Corp. (ECF No. 1299) at ¶¶ 20-22; *see also In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637 (N.D. Ill.) ECF 5456 at 59-114 (enumerating several plaintiffs bringing claims pursuant to assignments in related Broilers antitrust litigation).

customers. Defendants here have not previously raised any objection to such assignments and, indeed, the Court has already approved class settlements including assigned claims on multiple occasions. *See* ECF Nos. 838, 1140, 1154; *In re Cattle & Beef Antitrust Litig.*, No. 22-md-03031 (JRT/JFD) (D. Minn.), ECF No. 254. There is no reason, on a straightforward substitution motion, to treat this particular assignment by Sysco to Carina any differently.

## IV. <u>GRANTING SUBSTITUTION WILL NOT DIMINISH DEFENDANTS' RIGHTS NOR COMPLICATE THE LITIGATION</u>

Contrary to Defendants' protestations, substituting Carina for Sysco as the plaintiff will not alter Defendants' rights or otherwise complicate the litigation. From a substantive perspective, granting substitution would not deprive Defendants of their ability to challenge Carina's claims, should they choose to do so. For example, Defendants would remain free following substitution to move to dismiss or to seek summary judgment against Carina's claims, and could raise some or all of the arguments and issues previewed in the Opposition.[3] This procedure is precisely the vehicle that the defendants recently used to raise a nearly identical issue in a related protein litigation. *See In re Turkey Antitrust Litig.*, No. 1:19-cv-8318, ECF No. 796 (N.D. Ill. July 14, 2023) (challenging the validity of an

---

[3] Defendants' (incomplete and misleading) recitation of discovery obtained from Sysco in this matter, Opp. at 6-7, is also irrelevant to the only question presented here: whether substitution is proper. Evidence of the existence of Defendants' antitrust conspiracy can and should be considered at summary judgment, not on a motion for substitution. Granting the Motion would not deprive Defendants of the ability to rely, at that stage, on discovery obtained from Sysco. Nor, as discussed below, would granting the Motion deprive Defendants of access to Sysco.

assignment of antitrust claims to a Burford affiliate[4]). Defendants are free to do the same here, and such a motion would be the proper vehicle for the Court to consider Defendants' arguments related to the validity of the assignment.[5]

Moreover, contrary to Defendants' suppositions, Opp. at 22, substitution will not meaningfully alter Defendants' access to Sysco. As Sysco has explained to Defendants, it will not take the position that substitution relieves it of any discovery obligation which it would otherwise have as a party, nor will it resist making witnesses available to testify at

---

[4] Sysco has no reason to doubt the validity of this assignment.

[5] Defendants cite a single out-of-circuit case for the proposition that Sysco and Carina must establish the validity of the assignment as a prerequisite to substitution. *See* Opp. at 21 (citing *Nationstar Mortg. LLC v. Fiesta Del Norte Homeowners Assoc.*, No. 2:16-cv-00497, 2020 WL 10787496, at *2 (D. Nev. May 13, 2020)). Sysco is aware of no Eighth Circuit case imposing such a requirement, and Defendants cite none. In fact, the Eighth Circuit has affirmed a district court's decision to grant substitution of a plaintiff without an evidentiary hearing on the defendant's argument that the underlying assignment was invalid. *Columbian Bank & Trust Co. v. Miller*, 384 Fed. Appx. 524, 524-25 (8th Cir. 2010).

Similarly, Defendants cite two cases in support of their argument that "substitution is generally denied where uncertainty about the nature or legal sufficiency of the transfer agreement exists." Opp. at 31 (citing *Great W. Cas. Co. v. Kirsch Transp. Servs., Inc.*, No. 1:18-CV-00012-SHL, 2022 WL 4182377, at *3 (S.D. Iowa June 3, 2022); *ISI Int'l v. Borden Ladner Gervais, LLP*, No. 98 C 7614, 2002 WL 230904, at *3 (N.D. Ill. Feb. 15, 2002)). Both are inapposite. In *Great Western Casualty*, the Court permitted substitution as to claims being prosecuted by the assignor and only denied substitution as to counter-claims that are not at issue here. 2022 WL 4182377, at *3. In *ISI*, which involved complex issues of foreign successor liability not present here, the court denied substitution in favor of joinder under Rule 25(c). 2002 WL 230904, at *3. Such a result is not a viable solution here. Joinder of Carina (while retaining Sysco as a plaintiff) makes no procedural sense because, as a result of the Assignment, Sysco no longer has standing to litigate its claims. It thus cannot act or be treated as a party for all purposes—for example, by filing dispositive or *Daubert* motions or serving further expert reports. Forcing Sysco to continue as a named Plaintiff is therefore procedurally improper, and would also prejudice Sysco by subjecting it to needless litigation expenses and burdens.

trial to the same extent as it would as a party.[6] Among other things, Sysco will continue to comply with litigation holds, follow agreed protocols (such as ESI protocols), and produce documents and witnesses to the same extent required as if Sysco were still a party. Although Defendants seek a variety of assurances related to admissibility of evidence at trial, such issues are premature at this consolidated pre-trial stage, and Defendants would not be entitled to such assurances from Sysco at this juncture even if Sysco remained a plaintiff. For these reasons, Defendants' argument that substitution should be denied because "Sysco, not Carina, possesses the documents, information, and witnesses relevant to this litigation," Opp. at 23, are unavailing.

The cases Defendants rely on to support any assertion otherwise are inapposite on their facts. For example, in *Great W. Cas. Co. v. Kirsch Transp. Servs., Inc.*, No. 1:18-CV-00012-SHL, 2022 WL 4182377 (S.D. Iowa June 3, 2022), the court denied substitution only with respect to cross-claims—which are not at issue here—but allowed substitution with respect to the claim being prosecuted, as here, by the assignor. *Id.* at *3. Similarly, Defendants' citation to *Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D. 355 (S.D.N.Y. 2010), is unconvincing. There, the Southern District of New York was fixated on the fact that the proposed substitution would have a new party stand in defendant's shoes as a counter-claimant but not for the purposes of plaintiff's affirmative

---

[6] Defendants misleadingly state that Sysco only represented that it would "make *some* witnesses available for trial." *See* Opp. at 13; Coleman Decl. (ECF 1973) ¶ 3. To the contrary, Sysco stated during the meet and confer call and reiterates here that it agrees to make witnesses available at trial to the same extent it would if it were still the plaintiff at the time of trial. Sysco of course does not agree to make *more* witnesses available than it would as a party, but also does not intend to make *fewer* witnesses available.

claims against Defendant. *Advanced Mktg.,* 269 F.R.D. at 359. But no counter-claims exist in this case, such that there is no reason to think substitution would unnecessarily complicate the litigation.

Defendants' reliance on *Eastman Chem. Co. v. Alphabet Inc.*, No. CV 09-971-LPS-CJB, 2011 WL 13054223, at *5 (D. Del. Dec. 9, 2011) (an out-of-circuit case) is also misplaced because there, discovery had not yet commenced (indeed, the assignor had not yet even provided initial disclosures to the defendant) and the assignor agreed only to comply with discovery obligations under Rule 45 and not to act—as Sysco has agreed—like a party with respect to any future discovery. Lastly, another out-of-circuit case, *Bullets2Bandages, LLC v. Caliber Corp.*, No. 318CV00669GPCKSC, 2019 WL 5684400 (S.D. Cal. Nov. 1, 2019) is also inapposite. Defendants note that the court there was concerned that substitution would turn the original plaintiff into a "non-party participant which creates an additional hurdle for not only discovery but also for trial." *Id.* at *4. But that concern does not exist here, because Sysco has already agreed to act like a party for these purposes. Further differentiating the case, the Court specifically denied substitution because of questions regarding successor liability with respect to a cross-claim that do not exist here. *See id.* at *3. Because Defendants cite no authority on all fours with the situation presented here and because Sysco has already affirmed that it will continue to act like a party for the purposes of any future discovery and/or producing trial witnesses, the Court should reject their arguments.

Defendants' additional complaint that substitution would only "lengthen and complicate" the case, Opp. at 25, is also unpersuasive. The deadline for summary judgment

10

is not until May 2024, and Defendants have already taken discovery from Sysco. There is no threat to the overall case schedule. Defendants also assume that substitution will lengthen the case because (according to them) "Sysco wants to resolve these claims and Burford (Carina's owner) does not." Opp. at 26. This is misleading at best. First, Sysco was never prepared to immediately resolve *all* of its claims—only claims as to certain Defendants. *See* ECF No. 1845 at 2 ("In late August 2022, Sysco negotiated what it considers to be reasonable (indeed, favorable) settlements with *certain* defendants in the Antitrust Litigations . . .") (emphasis added)); *In re Cattle & Beef Antitrust Litig.*, No. 22-md-03031 (JRT/JFD) (D. Minn.), ECF No. 166 (same). Moreover, Defendants' arguments are based on past circumstances and ignore that the litigation has progressed, additional discovery has occurred, and Sysco is now represented by new counsel. Whatever Defendants believe Sysco's position to be on settlement is pure speculation, and the Court should certainly not deny substitution based on guesswork.

Thus, far from making this case harder to manage, substitution would allow this case to proceed in the same orderly fashion that it has since the outset, which would result in no harm or prejudice to Defendants. *See PW Stoelting, L.L.C. v. Levine*, No. 1:16-cv-00381, 2018 WL 6603874, at *3 (E.D. Wis. Dec. 17, 2018) (Rule 25(c) substitution proper where "there is no prejudice or harm to the defendants").[7]

---

[7] Defendants cite a single out-of-circuit case purporting to place on movants the burden of establishing that replacing Sysco with Carina will "'facilitate the conduct of this litigation.'" Opp. at 21 (citing *Nationstar*, 2020 WL 10787496, at *2). Defendants have not pointed to any controlling authority placing that burden on movants, and Sysco is aware of none. Notably, however, Defendants also rely on *Jalin Realty Cap. Advisors, LLC v. A Better Wireless, NISP, LLC*, where the court found that "[a]s [Defendant/assignor] retains

11

## V. THE COURT SHOULD NOT CONDITION RESOLUTION OF THE MOTION ON DISCOVERY OF CARINA AND SYSCO

Defendants propose, as an alternative to denying the Motion outright, that the Court should hold the Motion in abeyance in order to permit Defendants to conduct discovery into Carina, the Assignment, and "the future conduct of the case with Carina as a potential plaintiff." Opp. at 29-30. Sysco respectfully submits, however, that under the circumstances, discovery is not needed for the Court to rule on this Motion, and also because Defendants have not come close to establishing that the discovery they hope to pursue is in fact relevant, or proportional, or appropriate.

As pertinent to Sysco, Defendants articulate at least four broad areas for discovery that they propose to explore before the Court resolves the Motion: (1) "information related to the underlying agreement between Sysco and Burford"; (2) "the terms of the assignment between Sysco and Carina"; (3) "any rights retained by Sysco"; and (4) "updated discovery regarding Sysco's assessment of its claims and rationale for assigning them away." But none of this is relevant or necessary to the Court's resolution of this Motion.

First, the Assignment and its terms have been made available to Defendants (and the public) as part of the Motion. Defendants do not need more than the Assignment itself, nor is the Assignment "unclear." Opp. at 31. In fact, the Assignment directly responds to

---

no interest in the present case and [assignee] has the sole interest in the present case, allowing substitution *would* facilitate the conduct of the remaining litigation." No. 11-CV-165 (JRT/LIB), 2017 WL 1968285, at *3 (D. Minn. Apr. 18, 2017) (emphasis added). The same is true here; thus, Sysco has met the burden Defendants wish to place on it to prove substitution would facilitate the action. Regardless, it is certainly the case, for the reasons stated above, that Defendants will not be prejudiced by substitution.

a number of the issues Defendants purport to seek to explore through discovery. The Assignment unambiguously provides that Sysco unconditionally "assigns" and "transfers" to Carina, and Carina unconditionally accepts, all of Sysco's right, title and interest in each and every claim that Sysco has in this case. *See* Motion at Ex. A § 2 and Schedule 1. The Assignment also clearly states that Carina "possesses all rights to prosecute, enforce and collect" on such claims going forward. *Id*. § 4. Accordingly, as a contractual matter, Sysco has no right, interest, or claims left in this litigation anymore.

Second, to the extent Defendants propose to seek discovery regarding the confidential terms of the settlement of the dispute between Sysco and Carina, they have failed to demonstrate why such discovery is relevant or proportional under the Federal Rules. *See, e.g.*, *Lyons v. Sonus-USA, Inc.*, No. 07-cv-7227, 2008 WL 11349809, at *3 (D. Minn. Nov. 24, 2008) (denying discovery of settlement agreement between Plaintiff and a third-party). If, however, the Court is persuaded that there is some relevance to the settlement agreement, Sysco respectfully submits that the proper course of action is for the Court to review it *in camera* rather than ordering its production to Defendants.

Finally, it is not clear (and Defendants do not explain) why Defendants would be entitled to discovery regarding "Sysco's assessment of its claims and rationale for assigning them away." Opp. at 30. That information is undoubtedly privileged and not subject to discovery. Fed. R. Civ. P. 26(b)(3)(A) (without showing substantial need for the material, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[, including the other party's attorney or agent]"); *see also Taction Tech., Inc. v. Apple Inc.*, No. 21-

13

CV-00812-TWR-JLB, 2022 WL 18781396, at *7 (S.D. Cal. Mar. 16, 2022) (holding various memoranda and spreadsheets regarding valuations of case protected by work product doctrine).

Accordingly, Defendants have failed to demonstrate that discovery is necessary, relevant, or appropriate in order for the Court to rule on this Motion.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Joint Motion for Substitution of Plaintiff.

Dated: August 7, 2023                      Respectfully submitted,

                                               /s/ *Julie B. Rubenstein*

                                               Michael Calhoon
                                               Julie B. Rubenstein
                                               Brian C. Kerr
                                               Christopher P. Wilson
                                               Wyatt M. Carlock
                                               BAKER BOTTS L.L.P.
                                               700 K Street NW
                                               Washington, DC 20001
                                               Telephone: (202) 639-7739
                                               Facsimile: (202) 585-1058
                                               michael.calhoon@bakerbotts.com
                                               julie.rubenstein@bakerbotts.com
                                               brian.kerr@bakerbotts.com
                                               christopher.wilson@bakerbotts.com
                                               wyatt.carlock@bakerbotts.com

                                               *Counsel for Sysco Corporation*