**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776-JRT-JFD |
| This Document Relates To: | |
| ALL ACTIONS BROUGHT BY COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF CLASS, CONSUMER INDIRECT PURCHASER PLAINTIFF CLASS, AND THE COMMONWEALTH OF PUERTO RICO | **MEMORANDUM IN SUPPORT OF DEFENDANT SEABOARD FOODS LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWERS TO CIIPP, CIPP, AND PUERTO RICO COMPLAINTS** |

## INTRODUCTION

Defendant Seaboard Foods LLC ("Seaboard") respectfully moves the Court for an order permitting it to amend its answers to the complaints filed by the Consumer and Commercial Class Plaintiffs ("Class Plaintiffs") and the Commonwealth of Puerto Rico (collectively, "Plaintiffs") to add a *Noerr-Pennington* defense. Such an amendment is necessary to address allegations Plaintiffs made, for the first time, in responding to contention interrogatories after the close of discovery. Plaintiffs do not oppose the relief Seaboard requests.[1]

The *Noerr-Pennington* doctrine provides that "those who petition any department of the government for redress are generally immune from statutory liability for their

---

[1] Although Plaintiffs do not oppose the requested relief, they do not join, adopt, or concede any of the factual assertions or legal arguments in this memorandum.

1

petitioning conduct."  16A Am. Jur. 2d *Constitutional Law* § 574.  Plaintiffs' complaints do not include allegations relating to Defendants petitioning the government.  Accordingly, there was no occasion for Seaboard to include a *Noerr-Pennington* defense in its answers to those complaints.  On January 25, 2023, however, Plaintiffs served answers to Defendants' long-pending contention interrogatories.  Class Plaintiffs' answers disclosed that Class Plaintiffs intend to prove their alleged conspiracy in part by pointing to testimony before Congress in which Seaboard's then-CEO described the plight of the pork industry and urged action by the federal government.  And although Puerto Rico's contention-interrogatory responses did not include a similar disclosure, Puerto Rico has declined to disclaim reliance on the same conduct in making its case.

In light of these disclosures, Seaboard wishes to amend its answers to assert a *Noerr-Pennington* defense.  *See* Exs. 1–4 (proposed amendments to affirmative defenses).  The amendment is warranted because Seaboard has been diligent and no party will be prejudiced.

## BACKGROUND

Plaintiffs—the Commercial and Institutional Purchaser Plaintiffs (CIIPPs), Consumer Indirect Purchaser Plaintiffs (CIPPs), and the Commonwealth of Puerto Rico—filed their initial complaints in 2018 and 2019.  These complaints have been amended several times, with the latest amendments occurring in June 2021 (for CIIPPs), January 2022 (for CIPPs), and January 2020 (for Puerto Rico).  *See* CIIPPs' 4th Am. Compl., ECF No. 808; CIPPs' 4th Am. Compl., ECF No. 1110; P.R. 3d Am. Compl., Case No. 19-cv-2723, ECF No. 103.  Plaintiffs' complaints generally allege that Defendants conspired to

184083393

raise the price of pork in the United States, and assert several mechanisms through which this conspiracy purportedly took place.  Importantly, petitioning the government is not one of them—Plaintiffs' complaints contain no allegations regarding petitioning or lobbying of governmental entities.  Because of the absence of such allegations, there was no occasion for Seaboard to include a *Noerr-Pennington* defense among its affirmative defenses when it filed its answers in December 2020.  *See* Seaboard's Answer to CIIPPs' 3d Am. Compl., ECF No. 591 at 85-88; Seaboard's Answer to CIPPs' 2d Am. Compl., ECF No. 590 at 85-88; Seaboard's Answer to P.R.'s 3d Am. Compl., Case No. 19-cv-2723, ECF No. 176 at 40-43.

In January 2021, Defendants served interrogatories on Plaintiffs that asked them, among other things, to explain the bases of their claims, including in particular to "identify all public statement(s) that You contend the Defendants . . . made in furtherance of the alleged conspiracy."  Plaintiffs objected to these interrogatories as premature contention interrogatories, and stated they would answer at the close of fact discovery.[2]  Fact discovery closed on October 31, 2022, *see* ECF No. 1397 at 2, and on November 4, 2022, the Court ordered the parties to provide answers to outstanding contention interrogatories by January 18, 2023, *see* ECF No. 1582 at 3.  This deadline was subsequently extended to January 25, 2023.  *See* ECF No. 1777.

---

[2] *See* Ex. 5, CIPPs' Resp. and Obj. to Defs.' 1st Set of Interrogatories at 8-9; Ex. 6, CIIPPs' Obj. and Resp. to Defs.' 1st Set of Interrogatories at 6; Ex. 7, P.R. Resp. and Obj. to Defs.' 1st Set of Interrogatories at 8-9.

184083393

Consistent with these orders, on January 25, Plaintiffs provided amended answers to certain of Defendants' interrogatories.  Class Plaintiffs' answers disclosed that Class Plaintiffs contend Defendants' alleged conspiracy was carried out, at least in part, through petitioning of the government.  Specifically, the Class Plaintiffs now intend to rely on October 2009 testimony by then-Seaboard CEO Rod Brenneman before the Congressional House Committee on Agriculture Subcommittee on Livestock, Dairy and Poultry during which Mr. Brenneman discussed the "many challenges facing the economic viability of the pork industry" and recommended specific actions to address those challenges that he urged the subcommittee to "pursue immediately."  Ex. 11, *Hearing to Review the Economic Conditions Facing the Pork Industry: Hearing Before the Subcommittee on Livestock, Dairy, and Poultry of the Committee on Agriculture*, 111th Cong. 56-58 (2009) (statement of Rod K. Brenneman).  The interrogatory responses disclose that Class Plaintiffs intend to rely on Mr. Brenneman's testimony in support of their conspiracy claim against Seaboard.[3]  *See* Ex. 8, CIPPs' Resp. to Defs.' 1st, 2d, & 3d Set of Interrogatories at 9; Ex. 9, CIIPPs' Supplemental Obj. and Resp. to Defs.' 1st Set of Interrogatories at 7-8.

In light of these disclosures, and out of an abundance of caution, Seaboard informed Plaintiffs in March 2023 that it intended to amend its answers to assert a *Noerr-Pennington* defense.  Specifically, Seaboard proposed to add a defense reading: "Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to impose liability on Seaboard

---

[3] Puerto Rico's interrogatory responses did not disclose a similar intention to rely on Defendants' conduct in petitioning the government.  *See* Ex. 10, P.R.'s Resp. to Defs.' 1st & 2d Sets of Interrogatories.  Nonetheless, after serving its interrogatory responses, Puerto Rico declined to disclaim reliance on that conduct in making its case.

184083393

based on the exercise of any person or entity's right to petition federal, state, and local legislative bodies, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution."  After extensive correspondence between the parties,[4] the Class Plaintiffs and Puerto Rico agreed—on July 25, 2023, and August 21, 2023, respectively—not to oppose Seaboard's proposed amendment.  Accordingly, Seaboard now brings this unopposed motion to amend.

## ARGUMENT

Because Seaboard's motion comes after the June 1, 2021, deadline to amend the pleadings, *see* ECF No. 658 at 2, Seaboard must both (1) establish "good cause" for permitting the amendment under Rule 16(b), and (2) "explain the proposed modification's effect on any deadlines."  *Benner v. St. Paul Pub. Sch., I.S.D. #625*, 407 F. Supp. 3d 819, 824 (D. Minn. 2019); LR 16.3(b).  The "primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements."  *Benner*, 407 F. Supp. 3d at 824 (quotation omitted).  Other factors courts may consider in assessing good cause include "whether—and to what extent—the opposing party would be prejudiced by a modification"; "what explanation the movant offers to justify the amendment"; "the importance of the amendment"; "whether, even with reasonable diligence, parties still could not meet the deadlines"; and "whether the modification is necessitated by the

---

[4] Initially, counsel for the Direct Purchaser Plaintiffs ("DPPs") responded to Seaboard's communications to all of the classes on this issue.  When the DPPs and Seaboard announced a settlement in early June, it was necessary for the other classes to identify a different spokesperson.

184083393

opposing party's actions."  *Marks v. Bauer*, No. 20-CV-1913 (ADM/JFD), 2021 WL 6050309, at *2 (D. Minn. Dec. 21, 2021).

## I.    Seaboard Has Good Cause for Amending.

Seaboard has good cause for its proposed amendment.  First, Seaboard has acted diligently.  Affirmative defenses are necessarily pleaded *in response* to a plaintiff's allegations.  In other words, Seaboard cannot plead a defense until Plaintiffs have made plain their intention to raise issues necessitating the defense.  When *other* plaintiffs invoked Mr. Brenneman's testimony before Congress in their complaints, Seaboard pled a *Noerr-Pennington* defense.  *See* Seaboard's Answer to DAPs' Consolidated Complaint, ECF 1746 at 80.  Here, however, Plaintiffs did not mention petitioning activity in their complaints.  It was not until Class Plaintiffs answered Defendants' contention interrogatories on January 25, 2023—long after the deadline to amend had passed—that they formally stated their intention to rely on Defendants' petitioning of Congress as a basis for their claims.  Accordingly, it was only at that point that Seaboard's need for a *Noerr-Pennington* defense became apparent.  *See Green Plains Otter Tail, LLC v. Pro-Environmental, Inc.*, Case No. 16-cv-370, 2017 WL 9885436 at *5-9 (D. Minn. Dec. 21, 2017) (granting motion to amend answer where "Defendant did not receive the documents in discovery which alerted it to a potential affirmative defense of failure to mitigate damages until well *after*" the deadline to amend).  Seaboard subsequently acted diligently to raise the issue with Plaintiffs, and then spent the succeeding months negotiating with the Plaintiffs in an effort to avoid the need for a contested motion.

184083393

Second, Plaintiffs will not be prejudiced by Seaboard's amendment. Notably, Plaintiffs do not oppose the amendment, demonstrating their lack of prejudice. Moreover, Plaintiffs control which issues to focus on in support of their claims, and thus have always been able to conduct discovery on Defendants' petitioning activity if they wish. Moreover, Plaintiffs' interrogatory responses identify no disputed facts regarding Defendants' petitioning activity that would require further discovery, anyway: the content of Mr. Brenneman's testimony, as reflected in a transcript, is undisputed.

Third, Seaboard's *Noerr-Pennington* defense is both important and not futile. *See Synovis Life Techs., Inc. v. W.L. Gore & Assoc., Inc.*, Case No. 07-CV-1396, 2009 WL 10711753 at *5 (D. Minn. March 19, 2009) (a motion to amend should be denied as futile "only if it asserts clearly frivolous claims or defenses" (quotation omitted)). It is important because it provides a complete defense to any claim that the conspiracy was carried out through governmental petitioning. *See Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 499 (1988) ("those urging [] governmental action enjoy absolute immunity from antitrust liability for" any resulting "anticompetitive restraint"). Although a case can be made that *Noerr-Pennington* is not an affirmative defense, but rather a doctrine that precludes any finding of a restraint of trade in the first instance, it is in all parties' interests to avoid any procedural dispute later in the litigation. And it is not futile because the conduct Class Plaintiffs allege—testimony to Congress in an attempt to obtain aid—is quintessential activity protected by *Noerr-Pennington*. *See E. R. R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135 (1961) ("no violation of the [Sherman] Act can be predicated upon mere attempts to influence the passage or enforcement of laws").

7

**II.     Seaboard's Proposed Amendment Will Not Affect Any Case Deadlines.**

In addition to good cause, Seaboard's proposed amendment will not upset any deadline in this case.  As explained above, Plaintiffs have had a sufficient opportunity to take discovery concerning petitioning activity.  There is, therefore no need to re-open fact discovery on this issue.  And the next significant deadline in this case—the deadline for Defendants' expert disclosures—is not until December 11, and should not be impacted by this motion.

## <u>CONCLUSION</u>

For the foregoing reasons, Seaboard respectfully requests that the Court grant its unopposed motion to amend to add a *Noerr-Pennington* defense.

Dated: August 29, 2023                    Respectfully submitted,

<u>/s/ William D. Thomson</u>
Peter J. Schwingler (#0388909)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
(612) 217-8800
pschwingler@jonesday.com

Jordan M. Baumann
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH  43215-2673
(614) 469-3939
jbaumann@jonesday.com

184083393

William L. Greene (#0198730)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
william.thomson@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC**

184083393