# EXHIBIT 6

## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776-JRT-HB |
| This document relates to: | **COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |
| All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") Sandee's Bakery, Confetti's, Francis T. Enterprises d/b/a Erbert & Gerbert's, Joe Lopez, d/b/a Joe's Steak and Leaf, Longhorn's Steakhouse, Betty's Eat Shop, Ziggy's BBQ Smokehouse & Ice Cream Parlor, LLC, The Grady Corporation, and Mcmjoynt LLC d/b/a The Breakfast Joynt hereby respond to Defendants' First Set of Interrogatories to the CIIPPs dated January 26, 2021 (the "interrogatories") as follows:

## I.    GENERAL RESPONSES AND OBJECTIONS

1.    CIIPPs will interpret the interrogatories reasonably and in good faith in accordance with English usage as supplemented by CIIPPs' understanding of the common means of terms and phrases in the Pork industry and consistent with the Federal Rules of Civil Procedure, the Local Rules of United States District Court for the District of Minnesota, or any other applicable rules.

2.     CIIPPs state that CIIPPs' Responses are based on their present state of recollection, knowledge, information, and belief. CIIPPs expressly reserve the right to amend, correct, revise, supplement, modify, or clarify its responses as additional information is discovered. CIIPPs further reserve the right at any time to assert additional objections to the interrogatories.

3.     General Objection No. 1 - Premature Contention Interrogatory. CIIPPs object to contention interrogatories served before the record of the case is fully developed as premature. CIIPPs incorporate General Objection No. 1 as set forth in CIIPPs' Specific Responses and Objections below.

4.     General Objection No. 2 - Privileged or Otherwise Protected Information. CIIPPs object to interrogatories seeking information protected from disclosure pursuant to the attorney-client privilege, work-product doctrine, or any other applicable privilege. CIIPPs incorporate General Objection No. 2 as set forth in CIIPPs' Specific Responses and Objections below.

5.     General Objection No. 3 - Downstream Data. CIIPPs will not provide downstream information in response to Defendants' interrogatories absent an order from the Court. Court decisions holds that downstream data in price-fixing cases is not only irrelevant, but that allowing such discovery would undermine the deterrent

effect of the antitrust laws.[1]   Courts in this District have recognized the "long-held

precedent of proscribing downstream discovery in antitrust litigation." *In re Plasma-*

*Derivative Protein Therapies Antitrust Litig.*, 2012 WL 1533221, at *3 (N.D. Ill. April

27, 2012).   In such cases, plaintiffs' downstream data is "irrelevant to the question

---

[1] *See In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2018 WL 999899, at *5 (N.D. Ill. Feb. 21, 2018) (disallowing downstream discovery as to a group of commercial and institutional indirect purchaser plaintiffs and noting that "CIIPPs' downstream information cannot be relevant to show whether any overcharge was passed on by either of the putative IPP classes because CIIPPs are not upstream from either EUCPs [End User Consumer Purchasers] or anyone else in the distribution chain . . . CIIPPs' claims in this case seem to be based on their purchases of Broilers as, in effect, commercial end-users of Broilers, not on their resale of Broilers to other consumers downstream from them"). Courts prohibit discovery of plaintiffs' downstream sales data where the defendant seeks it to defend against liability for a price fixing conspiracy. *See In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 497 (M.D. Pa. 2005); *In re Plastics Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743591, at *16 (E.D. Pa. Nov. 29, 2004). "The vast majority of courts that have entertained discovery disputes concerning discovery of such downstream information have declined to compel plaintiffs to produce discovery about those matters, finding them to be irrelevant and therefore beyond the scope of permissible discovery." *Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12-CV-1180-J-32JBT, 2014 WL 12617575, at *4–5 (M.D. Fla. Sept. 11, 2014) (internal quotations omitted). "[I]t is important to note that the Supreme Court has cautioned that the effectiveness of antitrust actions may be substantially reduced if defendants are allowed to pursue an inquiry into downstream activities and the massive discovery that such an inquiry would entail." *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. at 498 (M.D. Pa. 2005). The prohibition on downstream discovery has been extended to cases where no pass-on defense is at issue. *See In re Auto. Refinishing Paint Antitrust Litig.*, MDL 1426, 2006 WL 1479819, at *7–8 (E.D. Pa. May 26, 2006) (collecting cases).

.

3

whether those buyers actually paid higher prices as a result of the alleged conspiracy

. . . ." *In re Folding Carton Antitrust Litig.*, MDL No. 250, 1978 U.S. Dist. LEXIS

20409, at \*5 (N.D. Ill. May 5, 1978).

## II.   SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1: Describe in detail the "anticompetitive agreement" that You contend the Defendants entered into, see Compl. ¶ 38, including a description of (a) what the Defendants allegedly agreed to do or not do (e.g., was it an agreement to limit hog production, and if so what was agreed to; was it an agreement involving pork processing facilities, and if so what was agreed to; was it an agreement to fix prices of some product at a certain level, and if so what was agreed to; was it an agreement involving exports, and if so what was agreed to; etc.); (b) the product(s) that were subject to the alleged agreement (e.g., was it an agreement relating to sows, or hogs more generally; if it was an agreement relating to the prices or production levels of pork products, which product(s) were subject to the agreement; if it was an export agreement, which product(s) were subject to the agreement); (c) the facilities and/or geographic area(s) covered by the alleged agreement (e.g., if You allege an agreement to limit hog production, was it a nationwide agreement, a global agreement, or was it focused on hog production in a particular area; or if You allege an agreement relating to pork processing, which plants or geographic areas were involved); (d) the date when the agreement was allegedly formed; and (e) the identity of all entities that You contend participated in the alleged conspiracy, whether or not named as a Defendant in this Action.**

RESPONSE:  CIIPPs objects to this interrogatory as compound because it

combines multiple requests for information into a single interrogatory and therefore

should be considered multiple requests under Federal Rule of Civil Procedure 33(a).

CIIPPs incorporate General Objection Nos. 1 and 2. CIIPPs will provide a

substantive response to this premature contention interrogatory before the date for

completion of fact discovery. *See* Pretrial Scheduling Order (ECF No. 658)

("Scheduling Order") at 4. Further, CIIPPs object to this Interrogatory as premature to the extent that it is seeks expert discovery that will be produced in accordance with the Court's deadlines for expert discovery. *See* Scheduling Order at 3. Finally, pursuant to Federal Rule of Civil Procedure 33(d), CIIPPs will produce non-privileged information responsive to Defendants' First Request for Production to the CIIPPs No. 22 if they locate any within the parties' agreed-upon or Court-ordered document sources.

**INTERROGATORY NO. 2: Describe in detail Your contention that Agri Stats reports were used in connection with the alleged conspiracy, see Compl. at ¶¶ 49-70, including (a) the specific Agri Stats report(s) that You contend were allegedly used in connection with the alleged conspiracy; (b) the specific type or category of information in those reports that You contend was allegedly used in connection with the alleged conspiracy; and (c) detailed explanation of how such information was allegedly used in connection with the alleged conspiracy (e.g., if You contend that the information was used to monitor the alleged conspiracy, what information was used and how that information was used to monitor the alleged conspiracy).**

**RESPONSE:** CIIPPs object to this interrogatory as compound because it combines multiple requests for information into a single interrogatory and therefore should be considered multiple requests under Federal Rule of Civil Procedure 33(a). CIIPPs incorporate General Objection Nos. 1 and 2. CIIPPs will provide a substantive response to this premature contention interrogatory before the date for completion of fact discovery. *See* Scheduling Order at 4. Further, CIIPPs object to this Interrogatory as premature to the extent that it is seeks expert discovery that will

be produced in accordance with the Court's deadlines for expert discovery. *See id.*

at 3.

**INTERROGATORY NO. 3: Identify with specificity all public statement(s) that You contend the Defendants (including anyone speaking on behalf of the Defendants) made in furtherance of the alleged conspiracy, including the date, time, location, the speaker, the content and the circumstances of the statement(s) made.**

RESPONSE: CIIPPs incorporate General Objection No. 1. CIIPPs will

provide a substantive response to this premature contention interrogatory before the

date for completion of fact discovery. *See* Scheduling Order at 4. Further, pursuant

to Federal Rule of Civil Procedure 33(d), CIIPPs will produce non-privileged

information in response to Defendants' First Request for Production to the CIIPPs

Nos. 22 and 28 if they locate any within agreed-upon or Court-ordered document

sources.

**INTERROGATORY NO. 4: Identify and Describe in detail all data and/or analyses upon which Your allegations are based, including but not limited to data and/or analyses underlying (a) Figures 2-17 of the Complaint; (b) Your allegation that the combined market share of the Defendants "is well above the threshold for highly-concentrated markets," Compl. ¶ 96; (c) Your allegation that "individual [D]efendant's market share was largely stable" throughout the alleged conspiracy period, see Compl. ¶ 92; (d) Your allegation that "the demand for pork is inelastic," see Compl. ¶ 100; (e) Your allegation that "[b]eginning in 2009, the pork industry showed abnormal price movements," Compl. ¶ 168; and (e) Your allegation that the spread between Defendants' revenues and costs increased during the alleged conspiracy period, see Compl. ¶ 172.**

RESPONSE: CIIPPs incorporate General Objection No. 2. CIIPPs object to

this interrogatory as compound because it combines multiple requests for

6

information into a single interrogatory and therefore should be considered multiple requests under Federal Rule of Civil Procedure 33(a). Further, CIIPPs object to the phrase "in detail" as vague and ambiguous. Finally, CIIPPs object to this interrogatory as premature to the extent that it is seeks expert discovery that will be produced in accordance with the Court's deadlines for expert discovery. *See* Scheduling Order at 3. CIIPPs object to this Request to the extent is seeks information protected from disclosure pursuant to the common-interest and work-product doctrines and/or attorney-client privilege, including intangible information related to the mental impressions, conclusions, opinions, and/or legal theories of CIIPPs' counsel and/or CIIPPs' experts, which are protected from disclosure pursuant to the work-product doctrine.

**INTERROGATORY NO. 5: Describe in detail Your contention that, during the alleged conspiracy period, increases in the consumer prices of pork products "were not the result of retailers' desire to move prices upward," see Compl. ¶ 183, including the prices charged by retailers and/or other distributors of pork products during the alleged conspiracy period and how the retailers and/or other distributors determined the prices they charged the consumers.**

**RESPONSE:** CIIPPs incorporate General Objection Nos. l -3. CIIPPs object and will not supply information in response to this interrogatory to the extent it seeks downstream sales and market information, as such information has no plausible relevance to CIIPPs' claims and because the limited value, if any, of the information does not outweigh the significant burden on CIIPPs to produce this information.

Further, CIIPPs object to this interrogatory as premature to the extent that it is seeks expert discovery that will be produced in accordance with the Court's deadlines for expert discovery. *See* Scheduling Order at 3.

Subject to and without waiving the foregoing objections, CIIPPs will provide a substantive response to this premature contention interrogatory before the date for completion of fact discovery. *See id.* at 4.

**INTERROGATORY NO. 6: Identify and Describe in detail each transaction in which You purchased any pork products that You contend was impacted by the alleged conspiracy, including (a) the identity of all persons or entities from whom You purchased any pork products; (b) a description of the product(s) You purchased; (c) the amount purchased; (d) the prices You paid, including any discounts, rebates or promotions You received; and (e) the date(s) of the purchase.**

**RESPONSE:**  CIIPPs object to this interrogatory as compound because it combines multiple requests for information into a single interrogatory and therefore should be considered multiple requests under Federal Rule of Civil Procedure 33(a). CIIPPs incorporate General Objection Nos. 1 and 2. CIIPPs object to this request to the extent it seeks information outside CIIPPs' possession, custody, and control. CIIPPs object to the term "impacted" and the phrase "in detail" as vague and ambiguous. CIIPPs also object to the demand that they identify and describe in detail each transaction impacted by the alleged conspiracy over an almost 10-year period as overly broad and unduly burdensome. Further, CIIPPs object to this Interrogatory as premature to the extent that it is seeks expert discovery that will be produced in

8

accordance with the Court's deadlines for expert discovery. *See* Scheduling Order at 3. Finally, CIIPPs object to this interrogatory, in accordance with Federal Rule of Civil Procedure 33(d), to the extent that the response to this interrogatory may be determined by examining Defendants' and/or third parties' invoices or other business records that evidence Defendants' and third parties' Pork sales.

Subject to and without waiving the foregoing objections, CIIPPs will provide a substantive response to this premature contention interrogatory before the date for completion of fact discovery. *See id.* at 4. Further, pursuant to Federal Rule of Civil Procedure 33(d), CIIPPs will non-privilege documents responsive to Defendants' First Request for Production to CIIPPs, No. 7 if they locate any within agreed-upon or Court-ordered document sources.

**INTERROGATORY NO. 7: For each transaction described in response to Interrogatory No. 6, Identify (a) the hog producer that produced the hog from which the product You purchased was derived and (b) the pork processor that processed the pork product You purchased.**

**RESPONSE:** CIIPPs object to this interrogatory as compound because it combines multiple requests for information into a single interrogatory and therefore should be considered multiple requests under Federal Rule of Civil Procedure 33(a). CIIPPs incorporates General Objection No. 1. CIIPPs object to this interrogatory as duplicative of Interrogatory No. 6. CIIPPs object to this interrogatory to the extent it seeks information outside of CIIPPs' possession, custody, and control. CIIPPs also object to this interrogatory to the extent it seeks information already in Defendants'

possession. Further, CIIPPs object to this interrogatory to the extent Defendants are in a better position to supply responsive information. Finally, CIIPPs object to this interrogatory as overly broad and unduly burdensome to the extent it seeks to impose on CIIPPs duties and obligations beyond those required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, CIIPPs will provide a substantive response to this premature contention interrogatory before the date for completion of fact discovery. *See* Scheduling Order at 4.

**INTERROGATORY NO. 8: Explain the process by which You purchased pork products during the alleged conspiracy period, including any role You (or anyone acting on Your behalf) had in negotiating the terms of the purchase and the name and title all persons involved in the purchasing process (including all persons involved on Your behalf and all persons involved on behalf of any seller to You).**

**RESPONSE:** CIIPPs object to the terms "role," "negotiation" and phrases "explain the process" and "all persons involved in" as vague and ambiguous. Further, CIIPPs object to the request that it provide the names and titles of "all persons involved" for a period of almost 10 years as overbroad, unduly burdensome, and disproportionate to the needs of the case. Finally, CIIPPs object to this interrogatory to the extent it seeks information outside of its possession, custody, and control.

Subject to and without waiving the foregoing objections. CIIPPs will provide a substantive response to this interrogatory before the date for completion of fact discovery.

**INTERROGATORY NO. 9: Identify all Persons in the chain of distribution between the Defendants and You, including all direct purchasers and intermediaries who purchased and resold Defendants' pork products.**

**RESPONSE:** CIIPPs object to this interrogatory as compound because it combines multiple requests for information into a single interrogatory and therefore should be considered multiple requests under Federal Rule of Civil Procedure 33(a). CIIPPs incorporates General Objection Nos. 1 and 2. CIIPPs object to this interrogatory as duplicative of Interrogatory No. 6. CIIPPs object to this interrogatory to the extent it seeks information outside of CIIPPs' possession, custody, and control. CIIPPs also object to this interrogatory to the extent it seeks information already in Defendants' possession. Finally, CIIPPs object to this interrogatory as overly broad and unduly burdensome to the extent it seeks to impose on CIIPPs duties and obligations beyond those required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, CIIPPs will provide a substantive response to this premature contention interrogatory before the date for completion of fact discovery. *See* Scheduling Order at 4.

**INTERROGATORY NO. 10: Describe in detail all bases for Your contention that "the overcharge due to Defendants' anticompetitive agreement to**

11

artificially increase and stabilize the price and supply of pork was borne in large part by Plaintiffs and the Plaintiff Class," Compl. 432 ¶ 184, including the amount of the alleged overcharge that were passed on to You by each person or entity in the chain of distribution between the Defendants and You, a description of all analysis that You (or anyone acting on Your behalf) undertook to determine the amount of overcharge passed on to You, the information underlying such analysis, and the source of the information.

RESPONSE:  CIIPPs object to this interrogatory as compound because it combines multiple requests for information into a single interrogatory and therefore should be considered multiple requests under Federal Rule of Civil Procedure 33(a). CIIPPs incorporates General Objection Nos. 1 and 2. CIIPPs object to this interrogatory to the extent it seeks information currently outside of CIIPPs' possession, custody, and control. CIIPPs also object to this interrogatory to the extent it seeks information already in Defendants' possession. Finally, CIIPPs object to this interrogatory as overly broad and unduly burdensome to the extent it seeks to impose on CIIPPs duties and obligations beyond those required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, CIIPPs will provide a substantive response to this premature contention interrogatory before the date for completion of fact discovery. *See* Scheduling Order at 4.

**INTERROGATORY NO. 11: Describe in detail how the members of the putative class may be identified, including a description of all records supporting Your membership in the putative class.**

**RESPONSE:**   CIIPPs object to this interrogatory as compound because it combines multiple requests for information into a single interrogatory and therefore should be considered multiple requests under Federal Rule of Civil Procedure 33(a). CIIPPs incorporates General Objection Nos. 1 and 2. CIIPPs object to this interrogatory to the extent it seeks information currently outside of CIIPPs' possession, custody, and control. CIIPPs also object to this interrogatory to the extent it seeks information already in Defendants' possession. Finally, CIIPPs object to this interrogatory as overly broad and unduly burdensome to the extent it seeks to impose on CIIPPs duties and obligations beyond those required by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, CIIPPs will provide a substantive response to this premature contention interrogatory before the date for completion of fact discovery. *See* Scheduling Order at 4.

Dated: March 29, 2021

*s/ Blaine Finley*

Jonathan W. Cuneo
Blaine Finley
Evelyn Li
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave. NW
Suite 200
Washington, DC 20016
Telephone: 202.789.3960
Facsimile: 202.589.1813
jonc@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cuneolaw.com

Shawn M. Raiter (MN#240424)
**LARSON · KING LLP**
30 East Seventh Street
Suite 2800
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

*Interim Co-Lead Counsel for Commercial
and Institutional Indirect Purchaser
Plaintiffs*

Don Barrett
Katherine Barrett Riley
Sterling Starns
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
sstarns@barrettlawgroup.com

14

Jon Tostrud
Anthony Carter
**TOSTRUD LAW GROUP, PC**
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

J. Gordon Rudd, Jr.
David M. Cialkowski
Alia Abdi
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
T: 612.341.0400
gordon.rudd@zimmreed.com
david.cialkowski@zimmreed.com
alia.abdi@zimmreed.com

Marcus Bozeman
**BOZEMAN LAW FIRM P.A.**
400 W. Capitol Avenue, Ste. 1700
Little Rock, AR 72201
mbozeman@bozemanfirm.com

*Commercial and Institutional Indirect
Purchaser Plaintiff Steering Committee*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that, on March 29, 2021, a true

and correct copy of the foregoing was served on all lead counsel of record via email.

*s/ Blaine Finley*
Blaine Finley

16