# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS BROUGHT BY THE COMMONWEALTH OF PUERTO RICO | Case No. 0:18-cv-01776-JRT-JFD<br><br>**DEFENDANT SEABOARD FOODS LLC'S AMENDED AFFIRMATIVE DEFENSES TO PUERTO RICO COMPLAINT** |

## AFFIRMATIVE DEFENSES

Seaboard does not concede that it has the burden of proof on any defense set forth below. Seaboard reserves the right to assert any additional affirmative or avoidance defenses as may become applicable and apparent during the course of this action.

## FIRST DEFENSE

Plaintiff fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Defendants and/or were caused, if at all, solely and proximately by the conduct of Plaintiff itself or third parties including, without limitations, the prior, intervening or superseding conduct of such Plaintiff or third parties.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any damages it may have suffered.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to the ratification of, and consent to, the conduct of Seaboard.

**NINTH DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying same, Plaintiff's claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiff by any Defendants who have settled, or do settle, Plaintiff's claims against them in this action.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Seaboard's conduct did not cause harm to competition in any relevant market.

**TWELFTH DEFENSE**

To the extent Plaintiff claims that Seaboard fraudulently concealed any actions, Plaintiff has failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged anti-competitive effects of the conduct alleged by Plaintiff do not outweigh the pro-competitive benefits.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of the *Copperweld* doctrine.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Seaboard acted unilaterally, in furtherance of its independent business interests.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any contracts or agreements between Seaboard and any other person were lawful business arrangements and cannot support a claim that Seaboard engaged in any unlawful conspiracy.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because it did not suffer antitrust injury or injury-in-fact.

**EIGHTEENTH DEFENSE**

Plaintiff's damages claims are barred, in whole or in part, because it has suffered no damages or because the damages it seeks are speculative and uncertain.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

**TWENTIETH DEFENSE**

Seaboard adopts by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth in this Answer.

**TWENTY-FIRST DEFENSE**

Seaboard reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to impose liability on Seaboard based on the exercise of any person or entity's right to petition federal, state, and local legislative bodies, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution.

183965564

Dated: September 1, 2023

Respectfully submitted,

*/s/ William D. Thomson*
Peter J. Schwingler (#0388909)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
(612) 217-8800
pschwingler@jonesday.com

Jordan M. Baumann
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215-2673
(614) 469-3939
jbaumann@jonesday.com

William L. Greene (#0198730)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
william.thomson@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC**